UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO,<br><br>                 Plaintiffs,<br>vs.<br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                 Defendant. | Case No.  3:15-cv-00425-VLB<br><br><br><br>JUNE 29, 2015 |

### DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, Defendant World Wrestling Entertainment, Inc. ("WWE") hereby moves to dismiss the Second Amended Complaint filed by Plaintiffs Evan Singleton and Vito Lograsso ("Plaintiffs") in its entirety for failure to state a claim upon which relief can be granted.

Plaintiffs are former professional wrestlers who allege that, during the limited time that Plaintiffs performed for WWE, they suffered head injuries, which Plaintiffs admit arise from the risks inherent in their chosen profession, and further allege that WWE concealed unspecified information about the alleged consequences of such injuries, which Plaintiffs admit was publicly available.  As set forth more fully in the accompanying Memorandum of Law in support of this motion, the Second Amended Complaint must be dismissed for several reasons.

**First**, Plaintiff Lograsso's claims must be dismissed because they are all time-barred by the applicable Connecticut statutes of limitations and repose.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

**Second**, Plaintiffs' negligence-based claims (Counts V, VI, IX, X, XI and XII) must be dismissed because there was no duty of care to protect Plaintiffs from alleged injuries from the inherent risks of professional wrestling and within the normal expectations of professional wrestlers.

**Third**, Plaintiffs' fraud claims (Counts I, II, III and IV), negligent misrepresentation claims (Counts V and VI) and deceit claims (Counts VII and VIII) must be dismissed because they fail to comply with the heightened pleading requirements of Rule 9(b).  Those claims also must be dismissed because they fail to allege the misrepresentation or omission of a past or present material fact.

**Fourth**, Plaintiffs' fraudulent omission claims must be dismissed because they fail to plead any facts that would give rise to a duty to disclose and no such claim can be based on information that is publicly available.

**Fifth**, to the extent that Counts I and II purport to assert claims for fraudulent concealment, they do not state a cognizable cause of action under Connecticut law.

**Sixth**, Plaintiffs' medical monitoring claims (Counts XI and XII) must be dismissed because medical monitoring is not a cause of action under Connecticut law.

WHEREFORE, the Court should grant WWE's motion to dismiss the Second Amended Complaint in its entirety with prejudice.

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,**

By: __/s/ *Jerry S. McDevitt*_____
    **Jerry S. McDevitt (*pro hac vice*)**
    **Terry Budd (*pro hac vice*)**
    **Curtis B. Krasik *(pro hac vice*)**
    **K&L GATES LLP**
    **K&L Gates Center**
    **210 Sixth Avenue**
    **Pittsburgh, PA 15222**
    **Phone: (412) 355-6500**
    **Fax: (412) 355-6501**
    **Email: jerry.mcdevitt@klgates.com**
    **Email: terry.budd@klgates.com**
    **Email: curtis.krasik@klgates.com**

    **Thomas D. Goldberg (ct04386)**
    **Jonathan B. Tropp (ct11295)**
    **Jeffrey P. Mueller (ct27870)**
    **DAY PITNEY LLP**
    **242 Trumbull Street**
    **Hartford, CT 06103**
    **Phone: (860) 275-0100**
    **Fax: (860) 275-0343**
    **Email: tgoldberg@daypitney.com**
    **Email: jbtropp@daypitney.com**
    **Email: jmueller@daypitney.com**

    **Its Attorneys**

**CERTIFICATION**

  I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

               */s/ Jeffrey P. Mueller*
                Jeffrey P. Mueller (ct27870)