UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>　　　　　　　Defendant. | Case No.  3:15-cv-01074-VLB<br><br><br><br><br><br><br>AUGUST 6, 2015 |

**WORLD WRESTLING ENTERTAINMENT, INC.'S NOTICE OF INTENT REGARDING THE MOTION TO DISMISS THE CLAIMS OF EVAN SINGLETON AND VITO LOGRASSO FILED BY WORLD WRESTLING ENTERTAINMENT, INC. IN 3:15-CV-00425-VLB AND THE MOTION TO DISMISS THE CLAIMS OF WILLIAM ALBERT HAYNES FILED AT 3:15-CV-01156-VLB**

**Thomas D. Goldberg (ct04386)**
**Jonathan B. Tropp (ct11295)**
**Jeffrey P. Mueller (ct27870)**
**DAY PITNEY LLP**
242 Trumbull Street
Hartford, CT 06103
Phone:  (860) 275-0343
Fax:  (860) 275-0343
Email:  tgoldberg@daypitney.com
Email:  jbtropp@daypitney.com
Email:  jmueller@daypitney.com

**Jerry S. McDevitt (pro hac vice)**
**Terry Budd (pro hac vice)**
**Curtis B. Krasik (pro hac vice)**
**K&L GATES LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 355-6500
Facsimile:  (412) 355-6501
Email:  jerry.mcdevitt@klgates.com
Email:  terry.budd@klgates.com
Email:  curtis.krasik@klgates.com

**Counsel for Defendant**
**World Wrestling Entertainment, Inc.**

**NOW COMES WORLD WRESTLING ENTERTAINMENT, INC. ("WWE")** to comply with this Court's Consolidation Orders (Docs. 41 and 75) to state as follows:

1. On July 23, 2015, this Court entered an order consolidating this case with *Singleton et al v. World Wrestling Entertainment, Inc.*, 3:15-CV-00425-VLB ("the *Singleton* case") and *World Wrestling Entertainment, Inc. v. Windham et al*, 3:15-CV-00994-VLB ("the *Windham* case"). Doc. 41. ("the First Consolidation Order").

2. Prior to the First Consolidation Order, WWE filed a Motion to Dismiss the *Singleton* case in its entirety, together with a Brief in Support of the Motion to Dismiss (Docs 74 and 74-1).

3. Plaintiffs in the *Singleton* case sought and received an extension to respond to the Motion to Dismiss, which the Court granted on July 15, 2015. (Doc. 76). By that order, the Court granted plaintiffs an extension to respond to the Motion to Dismiss the *Singleton* case until August 10, 2015.

4. In the First Consolidation Order, the Court directed WWE to file a notice of intent to rely on its Motion to Dismiss in the *Singleton* case by August 6, 2015. (Doc. 41). WWE hereby provides such notice to the Court that it intends to rely on its Motion to Dismiss and Supporting Brief as against the claims asserted by Evan Singleton and Vito Lograsso in the case originally docketed at 3:15-CV-00425-VLB. WWE advised plaintiffs counsel of its

intent to do so shortly after the Court issued its First Consolidation Order. Thus, as understood by WWE, plaintiffs are to file their response to the pending Motion to Dismiss on the claims set forth in the *Singleton* case by August 10, 2015.

5. As to the claims set forth by the three plaintiffs in the *McCullough* Complaint wrongfully filed in California and subsequently transferred to this Court, WWE will rely on many of the same arguments for dismissal of the claims set forth in that Complaint as were set forth in the Motion to Dismiss the *Singleton* case.

6. The three named plaintiffs in the *McCullough* case last performed for WWE in 2001, 2004, and 2005 respectively. WWE maintains that all of the claims of the three named plaintiffs are barred by the three-year statute of repose governing all tort claims under Connecticut law, and that the claims are defective for other reasons, most of which are set forth in the Motion to Dismiss and Supporting Brief filed by WWE regarding the claims set forth in the *Singleton* case.

7. As understood by WWE, the Motion to Dismiss the claims in the *McCullough* Complaint is due by August 27, 2015 under the First Consolidation Order.

8. Since the First Consolidation Order issued, the only attorney to enter an appearance in the *McCullough* case is William Bloss ("Bloss"). The attorney believed by WWE to be the lead attorney in that matter,

**Konstantine Kyros ("Kyros") has not yet entered an appearance in that matter.**

9. **Following the First Consolidation Order, WWE's counsel repeatedly asked Kyros, Bloss and the other attorneys in the *Singleton* case to identify the attorneys who would be entering an appearance in the *McCullough* case; whether they intended to pursue the time-barred claims of the three plaintiffs in *McCullough*; and whether they intended to amend that Complaint. Such information is necessary in order to comply with the deadlines in the First Consolidation Order; prepare the appropriate motions; and avoid the time and expense of drafting motions and briefs regarding a Complaint which plaintiffs counsel intend to amend.**

10. **To date, neither Bloss, Kyros, nor any of the other attorneys have indicated who else will be entering an appearance in the *McCullough* case, but on July 30th Bloss did advise that it was his understanding "that an amended complaint in McCullough will be filed." He did not, however, advise as to who would be doing so or when such an Amended Complaint would be filed.**

11. **On July 30, 2015, WWE's counsel requested clarification as to when any amendment to the *McCullough* Complaint would be made and for responses to other outstanding issues affecting the administration of the consolidated cases. (Exh. A). As of the date of the filing, WWE received no**

responses whatsoever, necessitating the request for a conference with the Court which WWE will be filing.

12. On July 29, 2015, the case styled as *Haynes v. World Wrestling Entertainment, Inc.* was transferred to this Court from the District of Oregon and assigned case number 3:15-CV-01156-VAB (*Haynes* Case Doc. 68) ("the *Haynes* case").

13. The *Haynes* case was the first purported class action case filed against WWE by Konstantine Kyros, and was followed by the *Singleton* case and then the *McCullough* case. All three purported class actions filed by or at the direction of Kyros have now been transferred to Connecticut.

14. On July 31, 2015, the *Haynes* case was reassigned to the Honorable Vanessa Bryant since it was a related case.

15. After being reassigned to the Honorable Vanessa Bryant, the *Haynes* case was consolidated with the *McCullough* case and the parties were ordered to make all future filings only to that docket sheet. Doc. 49. ("the Second Consolidation Order").

16. The Second Consolidation Order further ordered that "WWE shall file notice of its intent to rely on its Motion to Dismiss filed in 3:15-CV-60425-VLB by August 6, 2015."

17. As of the time the *Haynes* case was transferred to this Court, WWE had fully briefed a Motion to Dismiss the case entirely under Oregon law which,

5

like Connecticut, has a strong repose statute. Like Connecticut, Oregon's repose statute prohibits actions brought after a certain time has lapsed following "the act or omission complained of." Oregon provides repose after ten years, whereas Connecticut provides repose after three years. *Haynes* last performed for WWE in 1988, and WWE argued that Oregon's ten year repose statute served to bar all of *Haynes* claims not later than 1998. If barred by Oregon's ten year repose statute, *Haynes* claims would all also be barred by Connecticut's three year repose statute.

18. All briefing on WWE's Motion to Dismiss under Oregon law principles was completed and ready for disposition. The disposition of the Motion to Dismiss was left for this Court to decide in the Order and Opinion transferring the case to Connecticut, which was subsequently affirmed despite objections by *Haynes.* (Exh. B & C).

19. Unlike all the other named plaintiffs, *Haynes* did not agree to a forum selection clause. Thus, the rule of *Atlantic Marine Constr. Co. v. United States District Ct. for W. Dist. of Tex*, 134 S. Ct. 568 (2013) that the law of the transferee state applies when Courts enforce a forum selection clause may not apply. If *Atlantic Marine* does not apply to *Haynes* claims, then the choice of law principles of Oregon law apply. *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (transferee Court applies choice of law rules of transferor Court following a change of venue not based on forum selection clause).

20. Under the proper analysis of Oregon's Conflict of Laws, however, there is a substantial likelihood that Connecticut law would apply to *Haynes* claims. Under Oregon law, the limitations period is provided by the state which supplies the substantive law, and Connecticut substantive law arguably governs *Haynes* claims, especially in light of the findings in the transfer order. *See Orange Street Partners et al v. Ciarcia*, 179 F.3d 656 (9th Cir. 1999) (applying Connecticut limitations to bar claim of Oregon resident after determining that Connecticut substantive law applies).

21. WWE respectfully requests permission to submit supplemental briefing to the Court on the choice of law issue regarding *Haynes.* Since Connecticut law governs the limitations for all other named plaintiffs under *Atlantic Marine*, there is a decided interest in uniformity on that issue in these consolidated cases.

22. As WWE has previously advised the Court, it is WWE's legal position that all of the claims of former performers are time-barred under Connecticut law except the claims of Evan Singleton, which are substantively defective for the reasons set forth in WWE's Motion to Dismiss and Supporting Brief previously filed in that matter.  Doc. 43.

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,**

By: */s/ Jerry S. McDevitt*
**Jerry S. McDevitt (*pro hac vice*)**
**Terry Budd (*pro hac vice*)**
**Curtis B. Krasik (*pro hac vice*)**
**K&L GATES LLP**
**K&L Gates Center**
**210 Sixth Avenue**
**Pittsburgh, PA 15222**
**Phone: (412) 355-6500**
**Fax: (412) 355-6501**
**Email: jerry.mcdevitt@klgates.com**
**Email: terry.budd@klgates.com**
**Email: curtis.krasik@klgates.com**

**Thomas D. Goldberg (ct04386)**
**Jonathan B. Tropp (ct11295)**
**Jeffrey P. Mueller (ct27870)**
**DAY PITNEY LLP**
**242 Trumbull Street**
**Hartford, CT 06103**
**Phone: (860) 275-0100**
**Fax: (860) 275-0343**
**Email: tgoldberg@daypitney.com**
**Email: jbtropp@daypitney.com**
**Email: jmueller@daypitney.com**

**Its Attorneys.**

## CERTIFICATION

I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

  */s/ Jeffrey P. Mueller*
**Jeffrey P. Mueller (ct27870)**