# EXHIBIT A

-----Original Message-----
From: McDevitt, Jerry
Sent: Thursday, July 30, 2015 2:47 PM
To: Bill Bloss
Cc: Erica Mirabella; Robert K. Shelquist; <charles@cuneolaw.com> LaDuca; Konstantine Kyros
Subject: RE: WWE matters

Mr. Bloss,
Although I thank you for making some response to the outstanding questions, your response does not indicate when the Amended Complaint in McCullough will be filed, nor disclose anything about the nature of the proposed amendment. As you know, Judge Bryant has set firm deadlines for when we must respond to that suit. I am quite sure that the Court will want to have established deadlines for when you must amend and when we must move on any amended complaint that is filed. Thus, please advise when you propose to file an amended complaint and who else will be entering an appearance. Such information will be needed to jointly move the court if we can agree on a schedule for the McCullough matter. By asking you for such information or jointly moving the Court, if we do, we obviously are not waiving, and specifically reserve, our argument that all the claims in that case are badly time-barred and that it violates Rule 11 to attempt to prosecute those claims.
 Next, as to your suggestion that you will need even more time to respond to the Windham complaint, I note that the court denied your recent motion for an extension as moot because the deadline already set by the Court of Aug 27th coincided with the extension you were seeking. Your email does not identify any reason why more time is needed, and most importantly again fails to answer the question of whether Mr. Kyros will agree to voluntarily disclose all persons who have signed retainer agreements with him for alleged injuries while performing for WWE. As I trust you know, the law is clear that neither the identity of a client nor a retainer agreement is privileged. Please respond as to whether this information will be provided so that all proper parties can be named and the suit proceed without further delay. Quite frankly, it appears to us that the strategy now being employed and directed by Mr. Kyros is to delay as long as possible the progress of the cases in Connecticut in the hope that either the Court in Tennessee or Texas rules contrary to the four federal jurists who have already ruled that these claims belong before the federal court in Connecticut. Indeed, we were told as much previously by Mr. Kyros' co-counsel in those two matters. We adhere to the view that it is highly improper to do so, especially since all the issues have been litigated and decided three times already. We again would ask that the other two cases be withdrawn and refiled, if at all, in Conn.
 We would ask for your complete response to these questions so we know how to proceed and whether it will be necessary to ask the court for a conference. Absent a full response by the close of business tomorrow, we will be requesting a conference with the Court to address these matters.

-----Original Message-----
From: Bill Bloss [mailto:BBloss@KOSKOFF.com]
Sent: Thursday, July 30, 2015 12:48 PM
To: McDevitt, Jerry
Cc: Erica Mirabella; Robert K. Shelquist; <charles@cuneolaw.com> LaDuca; Konstantine Kyros
Subject: RE: WWE matters

1

Dear Mr. McDevitt: My understanding is that an amended complaint in McCullough will be filed, and of course would have no objection to extending the response deadline out from August 27. We will need more time to respond to the Windham complaint after August 27 but do, subject to review of the fourth return of service, intend to respond on behalf of the four named defendants.   Bill

---

From: McDevitt, Jerry [Jerry.McDevitt@klgates.com]
Sent: Monday, July 27, 2015 7:55 PM
To: Bill Bloss
Cc: Erica Mirabella; Robert K. Shelquist; <charles@cuneolaw.com> LaDuca; Konstantine Kyros
Subject: Re: WWE matters

Bill,
 When will the "others" be responding to the outstanding questions? Is there any disagreement as to the dates for responses in Lograsso, McCullough and Windham as set forth in my prior email as to how we interpret the judges orders?
 Moreover, as you all probably know, the Haynes case will now be transferred back to Connecticut as a result of the affirmance of the magistrates decision today. Since it is a related case, it would appear that case will also be assigned to Judge Bryant.
 If there is a disagreement about due dates, please advise so we can get clarity from the Court.
 Lastly, I don't know the point of your remark about Connecticut having no John Doe statute. State procedure does not govern in federal court, and there is ample federal authority regarding expedited discovery to determine the identity of John Doe defendants when efforts to obtain such information voluntarily have not been successful. It is for that reason that I have asked whether Mr. kyros will disclose that information now so that the issues and parties can be joined. Three purported class actions have now been transferred to Conn. Windham and the other named defendants, and the John Does, are all members of the purported class in all three of those class actions. At this point, I fail to see any point in objecting to the jurisdiction or venue of the federal court over windham or any other member of the proposed class, and would again ask that you and your co- counsel cease all efforts at avoiding the jurisdiction of the federal court in Connecticut.
 We await your response.

Sent from my iPad

On Jul 27, 2015, at 5:30 PM, Bill Bloss <BBloss@KOSKOFF.com<mailto:BBloss@KOSKOFF.com>> wrote:

Dear Mr. McDevitt:

I filed the extension in the Windham case properly, in due course.  I could not file it at first in the proper case at first because the clerk's office originally had failed to export the defendants in the Windham case to the master docket, so it couldn't be filed there.  The clerk's office has now corrected that and the motion was then filed in the master case.

It was not clear to me that the response date for Windham is August 27 under the consolidation order; however, that would be the same as the requested 30 day extension.  Given that today or tomorrow is the last date for one or more of the defendants to respond in Windham I did not think it was prudent to fail to file a motion for extension.

I will reserve comment on the fourth defendant in Windham until review of the return of service.

I will allow others to answer your more substantive questions on the motion to dismiss process.

I will further allow others to answer your question about "John Doe" defendants; however, I would note that to the extent that Connecticut law controls this issue "Connecticut has no statutory provision for suing an unidentified 'John Doe' defendant."  Tarnowsky v. Socci, 271 Conn. 284, 292 (2004).    Bill

2

From: McDevitt, Jerry [mailto:Jerry.McDevitt@klgates.com]
Sent: Monday, July 27, 2015 4:49 PM
To: Bill Bloss; Konstantine Kyros; <charles@cuneolaw.com<mailto:charles@cuneolaw.com>> LaDuca; Robert K. Shelquist; Erica Mirabella
Subject: Re: WWE matters

I was traveling today, and only now saw your email. I also see that you filed a motion in the windham case without waiting for a response from us to your request.
 First of all, the Judge last week issued orders consolidating the cases and ordering that filings be made to the McCullough case caption and number. You have filed your motion to the wrong number.
 Second, the court issued orders on scheduling already as we understand it. Based on our understanding of the operative orders, we are to advise the court on Aug 6th if we intend to rely on the pending motion to dismiss in Lograsso. We will be relying on that and as matters now stand will advise the court of that on Aug 6th. By virtue of your prior motion for an extension and the courts order issued before consolidation, we understand that any opposition to that MTD will be due from you on Aug 10th.
 The court last week also indicated that any additional responsive pleadings in the consolidated cases were to be filed by Aug 27th. It is our understanding that is the date you must move or answer in the Windham matter and we must move or answer to the McCullogh complaint. That is why I asked this past Saturday whether your side intended to pursue those claims and, if so, whether you intended to amend since that complaint includes claims dropped in prior complaints as well as time barred claims. We would appreciate an answer to our inquiry as we will incur time and expense drafting a MTD to that complaint which are avoidable if you intend to amend or not pursue those claims.
I am advised that service was made today on the last defendant in the Windham case, so I assume whatever date you wish to respond will be for all four of those defendants. Please confirm that to be the case.
 If your side has a different view of the operative orders, or needs a different time to respond to Windham beyond Aug 27th, please advise so that we may all seek clarification from the court should that be necessary.
Lastly, by this email, I am requesting that Mr. kyros disclose all other former performers who have signed a retainer agreement with him so that we can amend to add them and remove the John Doe designations. This will eliminate further delay in the matter.

Sent from my iPad

On Jul 27, 2015, at 2:07 PM, Bill Bloss <BBloss@KOSKOFF.com<mailto:BBloss@KOSKOFF.com>> wrote:
Mr. McDevitt: I sent the email below to local counsel; he is apparently out of the office.  I intend to ask the Clerk for 30 days to respond to the WWE v. Windham action under our local rule - at least for the three who were reportedly served - and would like to report your position on that request.  Bill Bloss

From: Bill Bloss
Sent: Monday, July 27, 2015 2:04 PM
To: Mueller, Jeffrey P. (jmueller@daypitney.com<mailto:jmueller@daypitney.com>)
Subject: WWE matters

Jeff: I'm filing my appearance today in the WWE v. Windham action, as well as in the McCullough v. WWE matter, in anticipation of others filing appearances in one or the other.  I intend to ask the Clerk for 30 days to respond to the WWE v. Windham complaint under Local Rule 7(b)1...What should I report is your position on that?  Thanks.  Bill

From: CMECF@ctd.uscourts.gov<mailto:CMECF@ctd.uscourts.gov> [mailto:CMECF@ctd.uscourts.gov]
Sent: Thursday, July 23, 2015 2:54 PM
To: CMECF@ctd.uscourts.gov<mailto:CMECF@ctd.uscourts.gov>
Subject: Activity in Case Create Case Association

3

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

United States District Court for the District of Connecticut Notice of Electronic Filing

The following transaction was entered on 7/23/2015 at 2:53 PM EDT and filed on 7/23/2015 Case Name:

Singleton et al v. World Wrestling Entertainment, Inc

Case Number:

3:15-cv-00425-VLB<https://ecf.ctd.uscourts.gov/cgi-bin/DktRpt.pl?107685>

Filer:

Document Number:

No document attached


Docket Text:
Cases associated. Create association to 3:15-cv-01074-VLB. (Grady, B.)

3:15-cv-00425-VLB Notice has been electronically mailed to:

William M. Bloss     bbloss@koskoff.com<mailto:bbloss@koskoff.com>, gparrilla@koskoff.com<mailto:gparrilla@koskoff.com>, lgrossberg@koskoff.com<mailto:lgrossberg@koskoff.com>

Thomas D. Goldberg     tdgoldberg@daypitney.com<mailto:tdgoldberg@daypitney.com>, astrada@daypitney.com<mailto:astrada@daypitney.com>, managingclerk@daypitney.com<mailto:managingclerk@daypitney.com>

Jonathan B. Tropp     jbtropp@daypitney.com<mailto:jbtropp@daypitney.com>, sprice@daypitney.com<mailto:sprice@daypitney.com>

Jerry S. McDevitt     jerry.mcdevitt@klgates.com<mailto:jerry.mcdevitt@klgates.com>, klgateseservice@klgates.com<mailto:klgateseservice@klgates.com>, luanne.wee@klgates.com<mailto:luanne.wee@klgates.com>, rachael.sobolak@klgates.com<mailto:rachael.sobolak@klgates.com>

Terry Budd     terry.budd@klgates.com<mailto:terry.budd@klgates.com>

Curtis B. Krasik     curtis.krasik@klgates.com<mailto:curtis.krasik@klgates.com>, klgateseservice@klgates.com<mailto:klgateseservice@klgates.com>

Jeffrey Mueller    jpmueller@daypitney.com<mailto:jpmueller@daypitney.com>, kboardway@daypitney.com<mailto:kboardway@daypitney.com>

Harris L. Pogust    hpogust@pbmattorneys.com<mailto:hpogust@pbmattorneys.com>

Charles LaDuca    charles@cuneolaw.com<mailto:charles@cuneolaw.com>

Konstantine Kyros    kon@kyroslaw.com<mailto:kon@kyroslaw.com>

Erica Mirabella    Erica@mirabellaLLC.com<mailto:Erica@mirabellaLLC.com>

Robert K. Shelquist    rkshelquist@locklaw.com<mailto:rkshelquist@locklaw.com>, bgilles@locklaw.com<mailto:bgilles@locklaw.com>, kjleroy@locklaw.com<mailto:kjleroy@locklaw.com>

Kevin Michael O'Brien    kobrien@pbmattorneys.com<mailto:kobrien@pbmattorneys.com>

Scott A. Moriarity    samoriarity@locklaw.com<mailto:samoriarity@locklaw.com>

3:15-cv-00425-VLB Notice has been delivered by other means to:


KK&B
Koskoff, Koskoff & Bieder, PC
350 Fairfield Ave.
Bridgeport, CT 06604
203.336.4421
www.koskoff.com<http://www.koskoff.com>

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jerry.McDevitt@klgates.com<mailto:Jerry.McDevitt@klgates.com>.-4
KK&B
Koskoff, Koskoff & Bieder, PC
350 Fairfield Ave.
Bridgeport, CT 06604
203.336.4421
www.koskoff.com<http://www.koskoff.com>

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note

that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jerry.McDevitt@klgates.com<mailto:Jerry.McDevitt@klgates.com>.-4
KK&B
Koskoff, Koskoff & Bieder, PC
350 Fairfield Ave.
Bridgeport, CT 06604
203.336.4421
www.koskoff.com<http://www.koskoff.com>

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jerry.McDevitt@klgates.com<mailto:Jerry.McDevitt@klgates.com>.-4