# Exhibit A



Matthew H. Haverstick
*Attorney at Law*
Direct Dial: 215.523.8325
Direct Fax: 215.523.9725
mhaverstick@conradobrien.com

March 19, 2015

**VIA FACSIMILE (267) 299-5068**
Honorable Lawrence F. Stengel
U.S. District Court
Eastern District of Pennsylvania
3809 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

        RE:    Evan Singleton and Vito Lograsso, et al. v.
                  World Wrestling Entertainment, Inc.
                  Civil Action No. 15-223

Dear Judge Stengel:

       Defendant World Wrestling Entertainment, Inc. ("WWE"), writes to respectfully request an extension to serve a responsive pleading in light of its presently pending and unopposed Motion to Transfer Venue (Doc. 6).

       By way of background, WWE moved on February 27, 2015 to transfer venue based on the agreements between both plaintiffs and WWE which contained a mandatory forum-selection provision establishing the U.S. District Court for the District of Connecticut as the exclusive forum for any disputes arising out of or related in any way to the contracts for professional wrestling services between the parties. Allowing for an additional three days service by electronic means, the opposition to the motion was due March 16, 2015. No opposition has been served on WWE or been filed on the Court's CM/ECF system. As such, the motion is unopposed. Prior to the filing of the formal motion, counsel for plaintiffs agreed that transfer to Connecticut was appropriate in correspondence attached to our motion, but did not appear to agree that transfer was due to forum selection clauses. Thus, we filed the motion seeking an order that such a transfer was due to such clauses as it bears on choice-of-law issues which will govern future proceedings.

       WWE has until March 30, 2015 to file and serve a responsive pleading or move to dismiss. However, the decision on the substantive law governing disposition of this case—and therefore the precise arguments and averments in a motion to dismiss—hinges on the disposition of the motion to transfer venue. This is so, because the Supreme Court, in *Atlantic Marine Construction Co., Inc. v. United States Dist. Ct. for W. Dist. of. Texas*,

1500 Market Street, Centre Square | West Tower, Suite 3900 | Philadelphia, PA 19102-2100
Tel: 215.864.9600 | Fax: 215.864.9620 | www.conradobrien.com

**CONRAD O'BRIEN PC**

Honorable Lawrence F. Stengel
March 19, 2015
Page 2

---

34 S. Ct. 568 (2013), held that "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." 134 S. Ct. at 582. In light of that issue (raised in WWE's motion), WWE requests that the Court convene a telephonic status conference among all parties to discuss disposition of the transfer motion with respect to the timing of any motion to dismiss (or other responsive pleading) WWE may file. In the alternative, WWE requests the Court enter an order adjourning the date WWE's responsive pleading or motion to dismiss is due until the Court decides the motion to transfer venue.

Please contact undersigned counsel if Your Honor would prefer this request be made by formal motion via CM/ECF.

Respectfully,

Matthew H. Haverstick

MHH/jrw
Enclosure
cc:      All counsel (via electronic mail)