UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated, | : LEAD CONSOLIDATED CASE NO.<br>: 3:15-CV-01074-VLB<br>:<br>:<br>: |
| Plaintiffs, | : |
| VS. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., | : |
| Defendant. | : AUGUST 17, 2015 |

---

| | |
|---|---|
| CASSANDRA FRAZIER, individually and as next of kin to her deceased husband, NELSON LEE FRAZIER, JR. a/k/a "MABEL" a/k/a "VISCERA" a/k/a "BIG DADDY V" a/k/a "KING MABEL," and as personal representative of THE ESTATE OF NELSON LEE FRAZIER, JR., DECEASED, | : CASE NO. 3:15-CV-01229-RNC |
| Plaintiff, | : |
| VS. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., | : |
| Defendant. | : AUGUST 17, 2015 |

---

### NOTICE OF RELATED CASES

Pursuant to Local Rule of Civil Procedure 40(b)(2), World Wrestling Entertainment, Inc. ("WWE") hereby provides notice that the case styled

*Cassandra Frazier, individually and as next of kin to her deceased husband,*

*Nelson Lee Frazier, Jr., and as personal representative of the Estate of Nelson Lee Frazier, Jr., deceased v. World Wrestling Entertainment Inc.,* No. 3:15-CV-01229-RNC (the "*Frazier* Suit"), which was transferred to the District of Connecticut on August 17, 2015, is related to four pending cases (including two putative class actions) which have been consolidated before the Honorable Vanessa L. Bryant pursuant to orders dated July 23, 2015 and July 28, 2015:  the lead case of *Russ McCullough a/k/a "Big Russ McCullough," Ryan Sakoda, and Matthew R. Wiese a/k/a "Luther Reigns," individually, and on behalf of all other similarly situated v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-01074-VLB (the "*McCullough* Suit") and the related cases of *Evan Singleton and Vito LoGrasso v. World Wrestling Entertainment, Inc.,* No. 3:15-cv-00425-VLB (the "*Singleton* Suit"); *World Wrestling Entertainment, Inc. v. Robert Windham, Thomas Billington, James Ware, Oreal Perras, and Various John Doe's*, No. 3:15-cv-00994-VLB (the "*Windham* Suit"); and *William Albert Haynes III, individually, and on behalf of all others similarly situated v. World Wrestling Entertainment Inc.,* No. 3:15-cv-01156-VLB (the "*Haynes* Suit").[1]

    These cases are related because they all involve virtually identical allegations and claims by former WWE performers that they suffered traumatic brain injuries and that WWE is liable for such alleged injuries.  All of these cases present the same issue of whether the claims by the former WWE performers are barred by the applicable statutes of limitations and statutes of repose.  In addition, all of the former WWE performers involved in each case are represented

---

[1] **Pursuant to Local Rule of Civil Procedure 40(b)(2), WWE is filing this notice in all related cases pending in this District.**

by the same lead counsel, Attorney Konstantine Kyros ("Kyros"), and other attorneys working in concert with him.

Accordingly, in accordance Local Rule of Civil Procedure 40(b)(2), it is respectfully submitted that the *Frazier* Suit should be transferred to Judge Bryant and consolidated with the four related cases already pending before Judge Bryant on the *McCullough* docket (Case No. 3:15-cv-01074-VLB).

## BACKGROUND

1.  The *Singleton* Suit was filed as a putative class action by Kyros on January 16, 2015 in the Eastern District of Pennsylvania. On February 27, 2015, WWE filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Due to the Forum-Selection Clauses in the Contracts between the Parties, which was not opposed by the plaintiffs. On March 23, 2015, the Court granted WWE's motion and transferred the case to the District of Connecticut. The *Singleton* Suit was assigned to Judge Bryant. On June 8, 2015, Judge Bryant held a status conference at which she ordered the plaintiffs to file a Second Amended Complaint due to pleading deficiencies in the First Amended Complaint. On June 29, 2015, WWE filed a Motion to Dismiss the Second Amended Complaint, which is currently pending before Judge Bryant.

2.  During the status conference held on June 8, 2015, counsel for WWE informed Judge Bryant that, at that time, there were three similar actions filed by or on behalf of Kyros in other jurisdictions which WWE had moved to transfer to the District of Connecticut: a virtually identical putative class action filed on October 23, 2014 in the District of Oregon (the *Haynes* Suit); another nearly

-3-

identical putative class action filed on April 9, 2015 in the Central District of California (the *McCullough* Suit); and a similar action filed on February 18, 2015 in the Western District of Tennessee (the *Frazier* Suit). At the status conference, counsel for WWE advised Judge Bryant that all of the plaintiffs in all of lawsuits that had been filed (with the exception of Haynes) had mandatory forum selection clauses in their contracts requiring that such actions be brought in this District.

      3.      On June 25, 2015, a United States Magistrate Judge in Oregon issued an order granting WWE's motion to transfer the *Haynes* Suit to this District pursuant to 28 U.S.C. § 1404(a) after finding evidence of forum shopping by Kyros and that many of the putative class members had signed contracts with mandatory forum selection clauses requiring their claims to be litigated in Connecticut. (*See* Exhibit A.)

      4.      The very next day, on June 26, 2015, a new action was filed by Kyros against WWE in the United States District Court for the Northern District of Texas styled *Michelle James, as mother and next friend of Matthew Osborne, a minor child and Teagan Osborne, a minor child v. World Wrestling Entertainment Inc.*, No. 3:15-CV-02146-L (the "*Osborne* Suit"). The plaintiff in that case is a Pennsylvania resident and the former girlfriend of Matthew Osborne, a former performer for WWE, who died of a drug overdose approximately two decades after he last regularly performed for WWE. WWE has filed a pending motion to

-4-

transfer the *Osborne* Suit to this District based on the mandatory forum selection clause contained in Osborne's contract.[2]

5.  On June 29, 2015, WWE filed the *Windham* Suit in this District after being threatened with additional litigation by Kyros on behalf of several former performers. WWE seeks a "declaration that claims relating to alleged traumatic brain injuries and/or other tort claims defendants have threatened against WWE are time-barred by the applicable statutes of limitations/statutes of repose under Connecticut law." The *Windham* Suit was initially assigned to the Honorable Stefan R. Underhill.

6.  On July 14, 2015, the District Court in the Central District of California transferred the *McCullough* Suit to this District after finding that the forum selection clauses in the plaintiffs' contracts with WWE were valid and enforceable. (*See* Exhibit B.) The *McCullough* Suit was initially assigned to the Honorable Victor A. Bolden.

7.  On July 22, 2015, the *McCullough* Suit and the *Windham* Suit were transferred to Judge Bryant for all further proceedings.

8.  On July 23, 2015, Judge Bryant entered the following order consolidating the cases:

> This case [*McCullough et al. v. World Wrestling Entertainment, Inc.*, 3:15-cv-01074] shall be consolidated with *Singleton et al v. World Wrestling Entertainment Inc.*, 3:15-CV-00425-VLB, and *World Wrestling Entertainment, Inc. v. Windham et al*, 3:15-CV-00994-VLB.

---

[2] WWE's motion to transfer venue based on the mandatory forum selection clause in the *Osborne* case remains pending, and Kyros has refused to re-file that case, if at all, in this Court. The plaintiff in *Osborne* is a member of the purported class in the two putative class actions which have now been transferred to this Court and assigned to Judge Bryant.

> **This case shall be the lead case, and all future filings should be docketed ONLY on this docket sheet.  Defendant WWE shall file notice of intent to rely on its Motion to Dismiss filed in 3:15-CV-00425-VLB by 8/6/15.  Any and all additional responsive pleadings in this consolidated action are due by 8/27/15.**

**First Consolidation Order (Doc. No. 41).**

9.  On July 23, 2015, Judge Bryant also entered an order requiring **Kyros to "SHOW CAUSE why, in light of the forum selection provision in WWE's employment contracts resulting in multiple orders of transfer, these actions should continue to be filed in other jurisdictions." (Doc. No. 42).**

10.  On July 27, 2015, a United States District Judge in the District of Oregon affirmed the Magistrate Judge's previous order granting WWE's motion to transfer the *Haynes* Suit to the District of Connecticut.  (*See* Exhibit C.)

11.  On July 28, 2015, the *Haynes* Suit was transferred to the District of Connecticut.  The *Haynes* Suit was initially assigned to Judge Bolden.

12.  On July 31, 2015, the *Haynes* Suit was transferred to Judge Bryant for all further proceedings.

13.  On August 4, 2015, Judge Bryant entered a second order consolidating the cases which provided:

> **This case [*Haynes v. World Wrestling Entertainment Inc.*, No. 3:15-cv-01156-VLB] shall be consolidated with *McCullough et al v. World Wrestling Entertainment Inc.*, 3:15-CV-01074-VLB.  That case shall be the lead case, and all future filings should be docketed ONLY on that docket sheet.  Defendant WWE shall file notice of its intent to rely on its Motion to Dismiss filed in 3:15-CV-00425-VLB by 8/6/15.  Any and all additional responsive pleadings in this consolidated action are due by 8/27/15.**

**Second Consolidation Order (Doc. No. 75).**

-7-

14.     On August 11, 2015, a United States District Judge in the Western District of Tennessee granted WWE's motion to transfer the *Frazier* Suit to this District after finding that the forum selection clauses in the decedent's contracts with WWE were valid and enforceable and that the plaintiff's arguments to the contrary were without merit.  (*See* Exhibit D.)

15.     On August 17, 2015, the *Frazier* Suit was transferred to the District of Connecticut and docketed as Case No. 3:15-CV-01229-RNC.  The *Frazier* Suit was initially assigned to the Honorable Robert N. Chatigny.

Pursuant to Local Rule of Civil Procedure 40(b)(1), the *Frazier* Suit should be transferred to Judge Bryant and consolidated with the other four related cases already pending before Judge Bryant on the *McCullough* docket (Case No. 3:15-cv-01074-VLB).

-7-

WORLD WRESTLING ENTERTAINMENT, INC.,

By: */s/ Jeffrey P. Mueller*
    **Jerry S. McDevitt (*pro hac vice*)**
    **Terry Budd (*pro hac vice*)**
    **Curtis B. Krasik** *(pro hac vice)*
    **K&L GATES LLP**
    **K&L Gates Center**
    **210 Sixth Avenue**
    **Pittsburgh, PA 15222**
    **Phone: (412) 355-6500**
    **Fax: (412) 355-6501**
    **Email: jerry.mcdevitt@klgates.com**
    **Email: terry.budd@klgates.com**
    **Email: curtis.krasik@klgates.com**

    **Thomas D. Goldberg (ct04386)**
    **Jonathan B. Tropp (ct11295)**
    **Jeffrey P. Mueller (ct27870)**
    **DAY PITNEY LLP**
    **242 Trumbull Street**
    **Hartford, CT 06103**
    **Phone: (860) 275-0100**
    **Fax: (860) 275-0343**
    **Email: tgoldberg@daypitney.com**
    **Email: jbtropp@daypitney.com**
    **Email: jmueller@daypitney.com**

## CERTIFICATION

    I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                      */s/ Jeffrey P. Mueller*
                      **Jeffrey P. Mueller (ct27870)**