# EXHIBIT 1

*Singleton et al. v. World Wrestling Entertainment, Inc.*

| Case | Page No. | Proposition Cited For |
|---|---|---|
| **Connecticut cases WWE cited in MTD SAC that Plaintiffs did not mention in their Opposition** | | |
| **Connecticut Supreme Court Cases** | | |
| *Bartholomew v. Warner*, 32 Conn. 98 (1864) | 40 | A person cannot conceptually be accused of concealment of something unless called upon to produce it. |
| *Baxter v. Sturm, Ruger & Co.*, 230 Conn. 335 (1994) | 21, 22 | *Page 21*- Repose statutes prevent stale and fraudulent claims<br><br>*Page 22*- The repose statute at times operates to bar an action even before it accrues |
| *Creelman v. Rogowski*, 152 Conn. 382 (1965) | 41 | Fraud can be based on nondisclosure only in exceptional circumstances |
| *Doe v. City of Stamford*, 241 Conn. 692 (1997) | 44 | Medical monitoring is limited to claims under the Connecticut Workers' Compensation Act |
| *Dubay v. Irish*, 207 Conn. 518 (1988) | 32 | Recklessness is more than negligence and more than gross negligence, and requires both the action producing the injury and the resulting injury to have been intentional. |
| *Duksa v. City of Middletown*, 173 Conn. 124 (1977) | 41, 43 | *Page 41*- Mere silence is not actionable where the parties deal at arm's length, unless the circumstances or existence of a confidential relationship gives rise to a duty to speak.<br><br>*Page 43*- Silence cannot give rise to an action for fraud with respect "to all facts which are open to discovery upon reasonable inquiry." |
| *Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84 (2007) | 26 | Listing elements of fraudulent concealment as a tolling doctrine under 52-595 |
| *Franchey v. Hannes*, 152 Conn. 372 (1965) | 41 | Mere silence is not actionable where the parties deal at arm's length, unless the circumstances or existence of a confidential relationship gives rise to a duty to speak. |
| *Gayne v. Smith*, 104 Conn. 650 (1926) | 40 | A person cannot conceptually be accused of concealment of something unless called upon to produce it. |
| *Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, | 42 | An arms-length contractual relationship is not such a |

| Connecticut cases WWE cited in MTD SAC that Plaintiffs did not mention in their Opposition | | |
|---|---|---|
| **Case** | **Page No.** | **Proposition Cited For** |
| 255 Conn. 20 (2000) | | confidential or special relationship. |
| *Kilduff v. Adams, Inc.*, 219 Conn. 314 (1991) | 35 | Elements of a fraud claim |
| *Konover Dev. Corp. v. Zeller*, 228 Conn. 206 (1994) | 41-42 | Defining a fiduciary or confidential relationship |
| *Leonard v. Comm'r of Revenue Servs.*, 264 Conn. 286 (2003) | 35 | Elements of a fraud claim |
| *Macri v. Torello*, 105 Conn. 631 (1927) | 35 | Elements of a deceit claim |
| *Merly v. State*, 211 Conn. 199 (1989) | 21 | Under 52-584 the harm need not have reached its fullest manifestation before the statute begins to run. |
| *Miller v. Appleby*, 183 Conn. 51 (1981) | 35 | Elements of a fraud claim |
| *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619 (2006) | 20 | Allegations that the defendants "knew or should have known" do not satisfy the first two elements of common law fraud in Connecticut |
| *Neuhaus v. DeCholnoky*, 280 Conn. 190 (2006) | 21, 22 | *Page 21*- Repose statutes prevent stale and fraudulent claims. *Page 22*- The time limits of § 52-584 are to be respected in all but the most exceptional cases because any tolling of the statute compromises the goal of the statute. |
| *Watertown Sav. Bank v. Mattoon*, 78 Conn. 388 (1905) | 41 | A person cannot conceptually be accused of concealment of something unless called upon to produce it. |
| **Connecticut Appellate Court Cases** | | |
| *Kidder v. Read*, 150 Conn. App. 720 (Conn. App. 2014) | 22 | The three year period begins when the negligent conduct occurs and not the date when plaintiff sustains damage or discovers his injury. |
| *LaBow v. Rubin*, 95 Conn. App. 454 (Conn. App. 2006) | 22 | The only material facts to a decision on repose are the date of the wrongful conduct alleged in the Complaint and the date the action was filed |
| *Pospisil v. Pospisil*, 59 Conn. App. 446 | 41 | Fraudulent nondisclosure requires a failure of a "disclosure |

| Connecticut cases WWE cited in MTD SAC that Plaintiffs did not mention in their Opposition | | |
|---|---|---|
| **Case** | **Page No.** | **Proposition Cited For** |
| (Conn. App. 2000) | | of known facts." |
| **Connecticut Superior Court Cases** | | |
| *Advest Grp v. Arthur Andersen, LLP*, No. CV 970571417, 1998 Conn. Super. LEXIS 2137 (Conn. Super. July 20, 1998) | 35 | Elements of a deceit claim |
| *Baldwin v. Vill. Walk Condo, Inc.*, No. FSTCV085007925S, 2010 WL 5095319 (Conn. Super. Nov.19, 2010) | 40 | There is no cause of action for fraudulent concealment under Connecticut law |
| *Cheshire v. Lockwood*, No. 122135, 2005 WL 1634776 (Conn. Super. June 9, 2005) | 42 | An arms-length contractual relationship is not a confidential or special relationship |
| *Johnson v. Wadia*, No. CV 85 0075560 S, 1991 WL 50291 (Conn. Super. Mar. 28, 1991) | 26, 27 | *Page 26-* In order to take advantage of fraudulent concealment, plaintiffs have to plead facts explaining why due diligence did not lead, or could not have led, to discovery of the facts<br><br>*Page 27-* Fraudulent concealment for tolling purposes requires some affirmative act or statement |
| *Martinez v. Yale-New Haven Hosp.*, No. X02CV0404001227S, 2005 WL 2364901 (Conn. Super. Sept. 1, 2005) | 20 | The "knew or should have known" formulation is not sufficient for fraud |
| *Thompson v. Home Depot, U.S.A., Inc.*, No. CV065006389, 2007 WL 2036467 (Conn. Super. June 22, 2007) | 20 | The "knew or should have known" formulation is not sufficient for fraud |
| **District of Connecticut** | | |
| *Alliance Grp. Servs. Inc. v. Grassi & Co.*, 406 F. Supp. 2d 157 (D. Conn. 2005) | 38 | In order to take advantage of fraudulent concealment, Plaintiffs must show that the representations made by WWE were knowingly false when made |
| *Allstate Ins. Co. v. Advanced Health Prof'ls, P.C.*, 256 F.R.D. 49 (D. Conn. 2008) | 18 | Fed. R. Civ. P. 9(b) applies to fraud, negligent misrepresentation, and deceit claims |

| Connecticut cases WWE cited in MTD SAC that Plaintiffs did not mention in their Opposition | | |
|---|---|---|
| **Case** | **Page No.** | **Proposition Cited For** |
| *AT Engine Controls Ltd. v. Goodrich Pump & Engine Control Sys., Inc.*, No. 3:10-cv-01539 (JAM), 2014 WL 7270160 (D. Conn. Dec. 18, 2014) | 26, 40 | *Page 26-* Fed. R. Civ. P. 9(b) applies to fraudulent concealment<br><br>*Page 40-* Connecticut does not recognize a cause of action for fraudulent concealment |
| *Bilodeau v. Vlack*, Civil Action No. 07-CV-1178(JCH), 2009 WL 1505571 (D. Conn. May 20, 2009) | 20 | In Connecticut, "the law of the forum state governs on matters of procedure." |
| *City of New Britain v. Law Eng'g & Envtl. Servs., Inc.*, Civil Action No. 3:10-CV-31 (JCH), 2012 WL 124597 (D. Conn. Jan. 17, 2012) | 22, 23 n. 9 | *Page 22-* The only material facts to a decision on repose are the date of the wrongful conduct alleged in the Complaint and the date the action was filed<br><br>*Page 23 n. 9-* Certain courts have applied § 52-577 to claims for negligent misrepresentation |
| *Eno Farms Coop. Ass'n, Inc. v. Corp. for Indep. Living*, Civ. No. 3:06cv1983 (AHN), 2007 WL 3308016 (D. Conn. Nov. 13, 2007) | 27 | Alleged misrepresentations to support fraudulent concealment tolling must occur within tolling period. |
| *Estate of Axelrod v. Flannery*, 476 F. Supp. 2d 188 (D. Conn. 2007) | 21, 23, 36 | *Page 21-* All common law tort claims in Connecticut, including fraud and negligent misrepresentation are subject to § 52-577.<br><br>*Page 23-* C.G.S. § 52-577 applies to the fraud and deceit claims<br><br>*Page 36-* Rule 9(b) exists to protect against strike suits, and against harm caused by unfounded allegations of fraud.<br><br>Elements of fraud by omission claim |
| *Hubbard-Hall, Inc. v. Monsanto, Co.*, No. 3:13-cv-104 (RNC), 2015 WL 1456835 (D. Conn. Mar. 29, 2015) | 22 | Connecticut's statutes of repose are not subject to equitable tolling |
| *MacDermid Printing Solutions, Inc. v. Cortron Corp.*, No. 3:08cv1649 (MPS), 2014 WL 3943629 (D. Conn. Aug. 12, 2014) | 10, 19, 40 | *Page 10-* Statements of opinion are not actionable.<br><br>*Page 19-* Same<br><br>*Page 40-* Differing points of view on a subject suggests a statement is opinion |
| *Marchese v. Marchant Ladder, Inc.*, | 20 | Connecticut limitations statute applies in diversity matter |

| Connecticut cases WWE cited in MTD SAC that Plaintiffs did not mention in their Opposition ||| 
|---|---|---|
| **Case** | **Page No.** | **Proposition Cited For** |
| Civ. No. 3:11cv337(PCD), 2011 WL 4433680 (D. Conn. Sept. 22, 2011) | | and is properly presented in a motion to dismiss. |
| *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 10 F. Supp. 2d 138 (D. Conn. 1998) | 27 | To take advantage of fraudulent concealment plaintiff must show affirmative act absent a fiduciary relationship |
| *Mercier v. Greenwich Acad.*, Civil Action No. 3:13-CV-4 (JCH), 2013 WL 3874511 (D. Conn. July 25, 2013) | 31, 33 | *Page 31-* Negligence concepts do not apply in sporting type situations<br><br>*Page 33- Mercier* cited *Karas v. Stevell*, 884 N.E. 2d 122 (Ill. 2008) which distinguished between full-contact sports, where a conscious disregard for the safety of opposing players is an inherent part of the activity, and situations where physical contact is just an unavoidable and incidental by-product of the activity, such as soccer or basketball |
| *MM Global Servs., Inc. v. Dow Chem. Co.*, 283 F. Supp. 2d 689 (D. Conn. 2003) | 41, 42 | *Page 41-* The key element in a case of fraudulent non-disclosure is that there must be circumstances which impose a duty to speak.<br><br>*Page 42-* An arms-length contractual relationship is not a confidential or special relationship. |
| *OBG Technical Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490 (D. Conn. 2007) | 25, 26 | *Page 25-* the plaintiff "has the burden of pleading facts sufficient to establish that the statutes of limitations should be tolled" where a claim is time-barred on the face of the complaint.<br><br>*Page 26-* Fed. R. Civ. P. 9(b) applies to fraudulent concealment |
| *Pearsall Holdings, LP v. Mountain High Funding, LLC,* No. 3:13cv437 (JBA), 2014 WL 7270334 (D. Conn. Dec. 18, 2014) | passim | Mainly cited for Fed. R. Civ. P. 9(b) pleading standards and the fact that Fed. R. Civ. P. 9(b) applies to claims for fraud and negligent misrepresentation |
| *Protegrity Corp. v. Paymetric, Inc.*, Civil Action No. 3:13-CV-01549 (VLB), 2014 WL 3849972 (D. Conn. Aug. 5, 2014) | 17, 18 n. 8 | Cited for the standard of review |
| *Slekis v. Nat'l R.R. Passenger Corp.*, 56 F. Supp. 2d 202 (D. Conn. 1999) | 21 | *Page 21-* The "injury" which triggers the running of the two year limitations portion of C.G.S. § 52-584 occurs when |

| Connecticut cases WWE cited in MTD SAC that Plaintiffs did not mention in their Opposition | | |
|---|---|---|
| **Case** | **Page No.** | **Proposition Cited For** |
| | | plaintiff discovers or should have discovered that he suffered "some" physical injury. |
| *Trujillo v. Yeager*, 642 F. Supp. 2d 86 (D. Conn. 2009) | 31-32 | Negligence concepts do not apply in sporting type situations |
| | | Judge Hall interpreted *Jaworski* as establishing that "the normal and reasonable expectations of participants in contact team sports include the potential for injuries." Thus, Judge Hall ruled that the appropriate standard of care where the contact is incidental to the activity, but not an essential part of the activity, is the duty to refrain from reckless or intentional conduct standard of Jaworski. |
| *USA ex rel. Monda v. Sikorsky Aircraft Corp.*, No. Civ. 3:99CV1026 (JBA), 2005 WL 1925903 (D. Conn. Aug. 11, 2005) | 36 | Detailing pleading requirements of Fed. R. Civ. P. 9(b) |