UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>vs.<br>WORLD WRESTLING ENTERTAINMENT, INC.,<br>　　　　　　　Defendant. | LEAD CONSOLIDATED CASE NO. 3:15-cv-01074-VLB<br><br><br><br><br><br><br>AUGUST 28, 2015 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY AS TO THE IDENTITIES OF JOHN DOE DEFENDANTS IN THE WINDHAM ACTION**

World Wrestling Entertainment, Inc. ("WWE") respectfully this memorandum of law in support of its motion for expedited discovery as to the identities of John Doe Defendants in the Windham Action.

## BACKGROUND

On June 29, 2015, WWE filed the declaratory judgment action styled *World Wrestling Entertainment, Inc. v. Windham et al.*, Case Number 3:15-cv-00994-VLB (the "Windham Action") against four named defendants and various John Doe Defendants who have retained Attorney Konstantine Kyros to prosecute claims related to alleged traumatic brain injuries ("TBIs") or other tort claims against WWE. WWE filed suit in response to receiving letters from Kyros on behalf of the four named defendants threatening litigation against WWE. Given Kyros' past practices, WWE legitimately was concerned that Kyros would improperly file such

1

threatened lawsuits outside of Connecticut to further his forum shopping in circumvention of this Court's jurisdiction.

Defendants Windham, Ware and Perras, each of whom reside in the United States, have been served with process and proofs of service have been filed with the Court. Defendant Billington resides in Great Britain. Pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) and this Court's Instructions for Service of Process on a Foreign Defendant, the pleadings were sent by registered mail to Defendant Billington by the Clerk of Court. The U.S. Postal Service tracking number indicates that the package was delivered on July 27, 2015; however, the Clerk of Court has not yet received the return of service. Defendants' responses to the complaint are due on or before September 20, 2015.

WWE has attempted to aggressively prosecute this action by seeking to amend its complaint to name the John Doe Defendants, but Kyros has repeatedly refused WWE's requests to identify all of the current or former-WWE performers whom he represents. Specifically, WWE's counsel has asked Kyros and his associates on five separate occasions — in written correspondence attached as Exhibits A-C, in a telephone conference with Kyros and Attorney Christopher Gilreath on August 17, 2015, and in a telephone conference with Attorney William Bloss on August 20, 2015 — to disclose the identities of current or former-WWE performers who have signed retainer agreements with Kyros so that all proper parties can be joined in this consolidated action and the action can proceed without further delay. WWE received no response to its written requests and, in the telephone conference on August 17, Kyros squarely refused to identify his

2

clients stating that he believed the requested information is protected by the attorney-client privilege.

Attorney Kyros is wrong. It is well-established that a client's identity and retainer agreement are not privileged. Moreover, courts in this District have permitted expedited discovery to determine the identity of John Doe Defendants when efforts to obtain such information voluntarily have been unsuccessful.

## ARGUMENT

A.  **WWE Is Entitled to Expedited Discovery As to the Identities of the John Doe Defendants**

Courts in this District have applied a "good cause" standard in determining whether to grant a motion for expedited discovery prior to a Rule 26(f) conference. *See Directory Assistants, Inc. v. Doe*, No. 3:10-CV-548, 2010 WL 10128887, at *1 (D. Conn. Apr. 28, 2010) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005). "Good cause" exists where, as here, "the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena." *Admarketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635(LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013).

In *Directory Assistants, Inc. v. Doe*, the Court (Droney, J.) granted a motion for expedited discovery and permitted the plaintiff to issue a third-party subpoena to determine the identity of a John Doe defendant in a libel and tortious interference action. The Court found that the plaintiff had demonstrated good cause for its request for expedited discovery because it "has made numerous attempts to discover the identity of the defendant, but has been unable to do so thus far" and "[t]his case cannot progress unless and until the defendant is

3

identified." *Directory Assistants*, 2010 WL 10128887, at *1. The Court also noted that "the plaintiff's request is reasonable and limited in scope, seeking only basic identifying information." *Id.*

Likewise, in *Arista Records LLC v. Does 1-4*, the Court (Arterton, J.) granted a motion for expedited discovery and allowed the plaintiff to serve a subpoena on third-parties for the purpose of identifying multiple John Doe defendants in a copyright infringement case. 589 F. Supp. 2d 151, 153 (D. Conn. 2008). The Court held that the plaintiff demonstrated a need for expedited discovery "[b]ecause learning the true identities of the pseudonymous individuals alleged to have violated Plaintiffs' copyrights is essential to the prosecution of this litigation." *Id.* The Court further concluded that there would be minimal prejudice to the defendants because the discovery would be restricted to their names and addresses. *Id.*

As in the cases cited above, there is "good cause" for expedited discovery in the Windham Action. First, WWE cannot identify the John Doe Defendants by other means because their counsel have refused to provide their identities and the claims against them cannot proceed unless and until they are identified to be joined in this consolidated action. Second, as demonstrated by the proposed subpoena duces tecum attached as Exhibit D, WWE's request is sufficiently specific because it seeks only basic identifying information about the John Doe Defendants reflected in their retainer agreements with Kyros sufficient to enable WWE to amend its complaint in the Windham Action and serve the additional defendants.

**B.     The Information WWE Seeks By Expedited Discovery Is Not Protected By Attorney-Client Privilege**

**Kyros has refused to disclose the identities of current or former-WWE performers who have signed retainer agreements with him based on his belief that such information is protected by the attorney-client privilege. Kyros' belief is legally unfounded. It is well-established that "absent special circumstances, client identity and fee information are not privileged."** *In re Grand Jury Subpoena Served upon Doe*, **781 F.2d 238, 247 (2d Cir. 1986). Similarly, an engagement letter or retainer agreement is not privileged because "the privilege does not extend to the general nature of the legal services a lawyer is retained to perform or to the terms and conditions of a lawyer's engagement."** *Yancey v. Hooten*, **180 F.R.D. 203, 212-13 (D. Conn. 1998);** *see also Cabala v. Morris*, **No. 3:09-cv-651(VLB), 2012 WL 3656364, at \*3 (D. Conn. Aug. 24, 2012) (Bryant, J.) (quoting** *Duttle v. Bandler & Kass*, **127 F.R.D. 46, 52 (S.D.N.Y. 1989) ("Attorneys' bills and communications regarding retainer agreements are not privileged.").**

**Thus, Connecticut federal and state courts have uniformly found the identities of clients and retainer agreements to be discoverable.** *See Bernstein v. Mafcote*, **43 F. Supp. 2d 109, 114 (D. Conn. 2014) (quoting** *In re Grand Jury Subpoena Served Upon Doe*, **781 F.2d at 247-48) ("The Second Circuit has 'consistently held that, absent special circumstances, client identity and fee information are not privileged . . . While consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously.'");** *Yancey*, **180 F.R.D. at 212-13;** *Sony Corp.*

*of Amer. v. Soundview Corp. of Amer.*, No. 3:00 CV 754(JBA), 2001 WL 1772920, at *3 (D. Conn. Oct. 23, 2001) ([R]evealing an attorney-client fee arrangement with his attorney does not prejudice those confidential communications necessary to obtain informed legal advice and advocacy."); *accord New Haven v. Freedom of Information Commission*, 4 Conn. App. 216, 220 (1985) ("[Q]uestions propounded to any attorney seeking the client's name and the capacity in which the attorney was employed" are not within the attorney-client privilege.); *Resha v. Hawkins*, No. CV126027042S, 2015 WL 2473179, at *4 (Conn. Super. Ct. Apr. 27, 2015) (quoting *In re Two Grand Jury Subpoena Duces Tecum*, 793 F.2d 69, 71-72 (2d Cir. 1986) ("Absent special circumstances, client identity and fee information are not privileged."); *Pryor v. Pryor*, No. FA084026674S, 2010 WL 654753, at *2 (Conn. Super. Ct. Jan 22, 2010) (quoting *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d at 247) ("The United States Court of Appeals for the Second Circuit similarly held that records relating to law firm's fee arrangements with . . . their clients were not protected by the attorney-client privilege.  The court explained that '[w]e consistently have held that, absent special circumstances, client identity and fee information are not privileged.'"); *Olson v. Accessory Controls & Equip. Corp.*, No. CV 93525839, 1997 WL 149327, at *2 (Conn. Super. Ct. Mar. 17, 1997) ("An attorney may properly be required to testify by whom he is employed and in what capacity. . . . Absent special circumstances where disclosure would in effect reveal confidential communications, client identity and fee information are not privileged.") (citations omitted); *Heyman v. Zoning Bd. Of Appeals of Darien*, Nos. CV 94 0138800, CV 94 0140366, 1995 WL 217429, at *2 (Conn. Super.

6

Ct. Jan. 3, 1995) (quoting *New Haven*, 4 Conn. App. at 220) ("[T]he court indicates clearly that 'seeking the client's name and the capacity in which the attorney was employed' are not within the attorney-client privilege.  The attorney cannot be forced to discuss what legal advice was sought or given, but is obliged to disclose the client's name and the capacity in which he or she was employed.")

Accordingly, Kyros lacks any legitimate basis to refuse to disclose the identities of his clients and his retention agreements with them in response to a subpoena duces tecum substantially in the form attached as Exhibit D.

## CONCLUSION

For all of the foregoing reasons, WWE is entitled to expedited discovery as to the identities of current or former-WWE performers who have signed retainer agreements with Kyros to enable WWE to amend its complaint in the Windham Action and serve the additional defendants.

        **WORLD WRESTLING ENTERTAINMENT, INC.,**

**By: /s/ Jerry S. McDevitt**
    **Jerry S. McDevitt (*pro hac vice*)**
    **Terry Budd (*pro hac vice*)**
    **Curtis B. Krasik (*pro hac vice*)**
    **K&L GATES LLP**
    **K&L Gates Center**
    **210 Sixth Avenue**
    **Pittsburgh, PA 15222**
    **Phone: (412) 355-6500**
    **Fax: (412) 355-6501**
    **Email: jerry.mcdevitt@klgates.com**
    **Email: terry.budd@klgates.com**
    **Email: curtis.krasik@klgates.com**

    **Thomas D. Goldberg (ct04386)**
    **Jonathan B. Tropp (ct11295)**
    **Jeffrey P. Mueller (ct27870)**
    **DAY PITNEY LLP**
    **242 Trumbull Street**
    **Hartford, CT 06103**
    **Phone: (860) 275-0100**
    **Fax: (860) 275-0343**
    **Email: tgoldberg@daypitney.com**
    **Email: jbtropp@daypitney.com**
    **Email: jmueller@daypitney.com**

**CERTIFICATION**

     I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                           */s/ Jeffrey P. Mueller*
                                                           **Jeffrey P. Mueller (ct27870)**