UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

RUSS McCULLOUGH, a/k/a "Big Russ McCullough", RYAN SAKODA, and MATTHEW R. WEISE, a/k/a "Luther Reigns," individually and on behalf of all Others similarly situated,

        Plaintiffs,

v.

WORLD WRESTLING ENTERTAINMENT, INC.,

        Defendant.

No. 3:15-cv-01074-VLB

---

### DEFENDANTS' MOTION TO DISMISS

Defendants Robert Windham, Thomas Billington, James Ware, Oreal Perras, and Various John Does, by and through their undersigned counsel, move to dismiss Plaintiff's Complaint, *World Wrestling Federation v. Windham*, Case No. 3:15-cv-00994-(VLB), under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) as there is no case or controversy nor are there issues ripe for adjudication. In support of its Motion to Dismiss, Defendants state:

1. Plaintiff World Wrestling Entertainment, Inc. ("WWE") seeks a declaration that Defendants are governed by Connecticut law and forum and that Defendants' future claims are time-barred by Connecticut's Statutes of Limitations and Repose.

2. Plaintiff's claims lack substantive facts creating an actual case or controversy which this Court could adjudicate because three of the four named

1

**Defendants do not have Booking Contracts restricting them to Connecticut law and forum, nor is there any evidence that the unnamed "Various John Doe" parties have Booking Contracts restricting them to Connecticut law and forum. Any assertions by WWE throughout its Complaint are theoretical, failing to describe concrete legal issues, present in actual cases, and failing to provide the Court with tangible means of conclusively settling any purported case or controversy.**

3. **The Declaratory Judgments Act was not designed to enable a prospective negligence defendant such as WWE to obtain a declaration of nonliability.**

4. **Alleging "Various John Doe" defendants do not adequately provide notice or proper joinder under Fed. R. Civ. P. 19 considering the overly broad and theoretical swathe of wrestlers WWE hopes to restrict by this declaratory judgment.**

5. **WWE fails to particularize the harm it would suffer were such future claims brought against WWE once ripe for adjudication. Absent tangible facts providing a framework for this Court's declaratory judgment and absent evidence of actual harm, this action must be dismissed.**

6. **WWE has continued its salacious and improper statements against Attorney Kyros which should be stricken as irrelevant and slanderous pursuant to Fed. R. Civ. P. 12(f).**

7. **WWE's claims are unripe for adjudication because there is no actual, present controversy between WWE and the Defendants. The purported assertions by WWE are uncertain and contingent events that may or may not occur as WWE**

**Defendants do not have Booking Contracts restricting them to Connecticut law and forum, nor is there any evidence that the unnamed "Various John Doe" parties have Booking Contracts restricting them to Connecticut law and forum. Any assertions by WWE throughout its Complaint are theoretical, failing to describe concrete legal issues, present in actual cases, and failing to provide the Court with tangible means of conclusively settling any purported case or controversy.**

3. **The Declaratory Judgments Act was not designed to enable a prospective negligence defendant such as WWE to obtain a declaration of nonliability.**

4. **Alleging "Various John Doe" defendants do not adequately provide notice or proper joinder under Fed. R. Civ. P. 19 considering the overly broad and theoretical swathe of wrestlers WWE hopes to restrict by this declaratory judgment.**

5. **WWE fails to particularize the harm it would suffer were such future claims brought against WWE once ripe for adjudication. Absent tangible facts providing a framework for this Court's declaratory judgment and absent evidence of actual harm, this action must be dismissed.**

6. **WWE has continued its salacious and improper statements against Attorney Kyros which should be stricken as irrelevant and slanderous pursuant to Fed. R. Civ. P. 12(f).**

7. **WWE's claims are unripe for adjudication because there is no actual, present controversy between WWE and the Defendants. The purported assertions by WWE are uncertain and contingent events that may or may not occur as WWE**

anticipates and are theoretical conclusions that facilitate premature adjudication of abstract agreements.

8. The fact-intensive analysis required to determine whether traumatic brain injuries in WWE events are present in each wrestler, and whether WWE is liable, is far too theoretical for a declaratory judgment.

9. The double contingency situation WWE seeks this Court to answer is too theoretical for a declaratory judgment and as such is too speculative for this Court to maintain federal jurisdiction. It is impossible for the Court to determine whether injured wrestlers who might bring a claim against WWE in the future are governed by Connecticut law and time-barred by Connecticut Statutes of Limitations and Repose. Therefore, this action is futile, unripe, and moot lending itself only to a waste of judicial economy. In the Court's discretion, this action should be dismissed.

10. The Defendants have had to spend time and money defending this futile, salacious, and unripe claim and as such, costs should be attributed to WWE.

WHEREFORE, Defendants Robert Windham, Thomas Billington, James Ware, Oreal Perras, and Various John Does, respectfully requests this Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), as there is no case or controversy and the purported issues are not ripe, to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) as WWE has failed to allege a case or controversy, to strike WWE's irrelevant and inflammatory statements pursuant to Fed. R. Civ. P. 12(f), and to attribute costs to WWE.

**DATED: September 21, 2015**

                              **Respectfully submitted,**

                              **/s/ William M. Bloss**
                              **William M. Bloss**
**Federal Bar No: CT01008**
**Koskoff, Koskoff & Bieder**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Telephone: 203-336-4421**
**Facsimile: 203-368-3244**

**Konstantine W. Kyros**
**KYROS LAW OFFICES**
**17 Miles Rd.**
**Hingham, MA 02043**
**Telephone: (800) 934-2921**
**Facsimile: 617-583-1905**
**kon@kyroslaw.com**

**Charles J. LaDuca**
**Brendan Thompson**
**CUNEO GILBERT & LADUCA, LLP**
**8120 Woodmont Avenue, Suite 810**
**Bethesda, MD 20814**
**Telephone: (202) 789-3960**
**Facsimile: (202) 789-1813**
**charles@cuneolaw.com**
**brendant@cuneolaw.com**

**Robert K. Shelquist**
**Scott Moriarity**
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
**100 Washington Ave., S., Suite 2200**
**Minneapolis, MN 55401-2179**
**Telephone: (612) 339-6900**
**Facsimile: (612) 339-0981**
**rkshelquist@locklaw.com**
**samoriarity@locklaw.com**

**Harris L. Pogust, Esquire**
**Pogust Braslow & Millrood,LLC**
**Eight Tower Bridge**
**161 Washington Street Suite 940**

**Conshohocken, PA 19428**
**Telephone: (610) 941-4204**
**Facsimile: (610) 941-4245**
**hpogust@pbmattorneys.com**

**Erica Mirabella**
**CT Fed. Bar #: phv07432**
**MIRABELLA LAW LLC**
**132 Boylston Street, 5th Floor**
**Boston, MA 02116**
**Telephone: 617-580-8270**
**Facsimile: 617-593-1905**
**Erica@mirabellaLLC.com**

**R. Christopher Gilreath**
**GILREATH & ASSOCIATES, PLLC**
**200 Jefferson Avenue, Suite 711**
**Memphis, TN 38103**
**Telephone: (901) 527-0511**
**Facsimile: (901) 527-0514**
**chrisgil@sidgilreath.com**

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day September, 2015, a copy of foregoing Motion to Dismiss and accompanying Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

            */s/ William M. Bloss*
            **William M. Bloss**