# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

**RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WEISE, a/k/a "Luther Reigns," individually and on behalf of all Others similarly situated,**

                                                            No. 3:15-cv-01074-VAB

        **Plaintiffs,**

**v.**

**WORLD WRESTLING ENTERTAINMENT, INC.,**

        **Defendant.**

---

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

---

### I.  INTRODUCTION

Defendants Robert Windham, Thomas Billington, James Ware,[1] Oreal Perras, and Various John Does submit this Memorandum in Support of their Motion to Dismiss the declaratory judgment action filed by WWE, *World Wrestling Federation v. Windham*, Case No. 3:15-cv-00994-(VLB).   This Complaint is yet another salvo by WWE's counsel to invade privileges and frustrate wrestlers' Constitutional rights to speak freely and invoke the judicial system.  WWE's counsel's fixation on discovering the names of wrestlers contemplating suit against the WWE leads the injured wrestlers' counsel to conclude that intimidation, tampering, or some other motive is driving this "declaratory judgment action" and other legal maneuvering.

---

[1] Although WWE has brought an action against a "James Ware," upon information and belief WWE meant to bring an action against JW Ware, a.k.a. Koko B. Ware.

Plaintiff WWE's action for declaratory judgment should be dismissed for lack of subject matter jurisdiction as the purported controversy it seeks to adjudicate is not ripe and is too theoretical. There are insufficient facts to support federal jurisdiction as WWE has not provided any Booking Contracts for the named former wrestlers or various John Does limiting either their choice of law or forum to Connecticut. In fact, the lack of evidence restricting the named former wrestlers and various John Does to Connecticut exemplify the nebulousness and impropriety of this action. Further, there is no actual case or controversy which the Court can provide declaratory relief for at this time as the facts are hypothetical and judgment would not conclude the controversy, warranting dismissal for failure to state a claim.

WWE seemingly hopes to fabricate a factual record in an attempt to restrict all former wrestlers who might have a claim against WWE – regardless of their circumstances – by roping them all together as "Various John Does." Seeking to circumvent the judicial process, WWE aims to obtain a ruling on the substance of the actions already filed against it by requesting a declaration that "TBI-related and/or other tort claims" be both governed by Connecticut law and time-barred. The evidence, which will be propounded during discovery and at trial following proper procedure and judicial avenues, shall show such claims are not barred by Connecticut Statutes of Limitations and Repose (or other states as may control in some cases), and WWE is liable for the severe, long-term injuries its wrestlers have suffered.

In an inexplicable maneuver to obtain an injunction against its former wrestlers who *might seek* to hold WWE responsible *in the future* for its negligent and fraudulent conduct, WWE filed this action for declaratory judgment with no substantiated factual record.  Instead, WWE took another opportunity to throw salacious and irrelevant allegations of misconduct at Attorney Kyros to generate a false sense of urgency. In fact, there is no reason for the Court to provide WWE with relief from Attorney Kyros' hypothetical filings on behalf of severely injured and disabled former wrestlers.

However, these allegations cannot lead to declaratory relief. *See American Dietaids, Co. v. Celebrezze*, 317 F.2d 658 (2d Cir. 1963) (denying declaratory judgment where plaintiff who suffered a past wrong was not entitled to declaration that he should not be wronged in the future); *see also Esposito v. Shultz*, 366 F. Supp. 1059 (N.D. Cal. 1973) (noting declaratory relief was inappropriate where repetition of plaintiff's alleged injuries were too remote, insubstantial, and speculative in nature).  Besides its inappropriateness, the majority of WWE's Complaint is irrelevant as to whether there is proper jurisdiction to bring this action in federal court and whether a declaratory judgment provides the proper relief for these named wrestlers and "Various John Does." *Davis v. Romney*, 490 F.2d 1360 (3rd. Cir. 1974) (requiring an issue central to an immediate, legal dispute between the parties to sustain declaratory judgment).

At this time it is impossible for the Court to determine the applicability of Connecticut law and the Connecticut Statute of Limitations and Repose on the named injured wrestlers' claims, let alone unnamed, hypothetical injured wrestlers.

3

Such determination would be based on two distinct hypothetical steps, rendering it inappropriate for declaratory judgment. *See Twin City Fire Ins. Co. v. Innovative Aftermarket Sys., L.P.*, 597 F. Supp. 2d 295, 300 (D. Conn. 2009) (denying federal jurisdiction for declaratory judgment where the case involved a double contingency of speculation where even if one question might be answered, the second layer of speculation promulgated too theoretical a determination for declaratory judgment).

Even if the Court could determine the applicability of Connecticut law to the named injured wrestlers and the hypothetical injured wrestlers, the Court would then have the additional question of the "John Does:" are there in fact injured parties whose claims are time-barred by Connecticut Statutes of Limitations and Repose? In turn, that would require a complicated factual determinations, better suited for formal court action.  Given the doubly contingent premise of this action, federal jurisdiction is too theoretical. *Id.*

For these and the following reasons, WWE's action for declaratory relief should be dismissed, WWE's irrelevant and inflammatory statements stricken pursuant to Fed. R. Civ. P. 12(f), and costs attributed to WWE as this was an unnecessary, superfluous, and entirely inappropriate use of the declaratory judgment procedural tool.

II.    FACTUAL RECORD

   A. This Case

WWE brought this action against its own injured wrestlers, two of whom are confined to wheel chairs in foreign jurisdictions, in an attempt to strip its former

4

talent of any state law claims where they reside and drag them into a Connecticut court.  None of the named injured wrestlers are residents of Connecticut and so the factual record must support personal jurisdiction over them to maintain this action.  There is no evidence the wrestlers should be pulled into a Connecticut forum as no employment contract signed by the named injured wrestlers, let alone by the unnamed hypothetical John Doe injured wrestlers, have been alleged or produced.  The injured wrestlers' Counsel believes three of the wrestlers did not have booking contracts with WWE, a fact supported by WWE's own affidavits, the years they wrestled for WWE, and the declaration by WWE that the forum selection clauses were introduced at a very late stage in the history of WWE - sometime around 1991 and fully integrated in 2000.   WWE relies on the letters of representation and preservation sent to WWE as basis for this action, yet as more fully set forth below, neither these letters, nor other actions brought on behalf of other wrestlers with different facts and injuries, provide a substantiated basis for declaratory judgment.

## B.  Robert Windham

Robert Windham, a.k.a. Blackjack Mulligan is a resident of Groveland, Florida, is fully disabled and confined to a wheelchair.  Having been diagnosed with Alzheimer's disease, dementia, and inoperable blood clots in his brain, Mr. Windham has a fifty percent blockage of oxygen to his brain.  Neither Counsel's investigation, nor Mr. Windham's memory, provide any support for the existence of a Booking Contract with WWE.  Therefore, he did not agree to any choice of law provision requiring him to litigate claims under Connecticut law or in Connecticut.

Further, the contracts WWE entered into during the years Mr. Windham wrestled admittedly did not contain any forum selection clauses.

### C. Thomas Billington

Thomas Billington, a.k.a Dynamite Kid, never signed a Booking Contract with WWE and never agreed to a forum selection clause provision or choice of law provision whatsoever. Once considered one of the greatest wrestlers ever to perform in the squared circle, today, Mr. Billington is disabled and confined to a wheelchair resulting from a stroke along with traumatic brain injuries and severe spinal cord and neck injuries. He sustained these during WWE events. Yet, despite his residence in London, Hertfordshire, England and lack of contractual provisions requiring Connecticut law be applied, WWE has brought this action against the disabled and permanently injured Mr. Billington in hopes to circumvent and stifle his legal rights.

### D. James Ware aka Koko B Ware

WWE has brought this action against James Ware, a.ka. Koko B. Ware. However, this is incorrect as Koko B. Ware's legal name is JW Ware. A resident of Collierville, Tennessee, Mr. Ware wrestled for WWF between 1986 and 1994. He has obtained WWE Hall of Fame status and has suffered post-concussive syndrome. Despite residing in Tennessee with no ties to Connecticut, WWE has brought this action against him seeking to remove his rights to bring a future claim against them.

### E.  Oreal Perras

WWE has asserted that Oreal Perras, a.ka. Ivan Koloff, a.ka. The Russian Bear, never wrestled for WWE or its predecessors.  However, this is just one more example of WWE's routine fabrication and storytelling to fit its desired purpose. Not only did Mr. Perras wrestle for WWE, he was the heavy weight champion in 1971 for WWWF after he beat Bruno Sammartino.[2]  A resident of Winterville, North Carolina, Mr. Perras never had a Booking Contract with WWE or its predecessors and never agreed to a forum selection clause or choice of law provision limiting his rights to Connecticut jurisdiction and law.

### F.  "Various John Doe's"

In another brazen attempt to obtain privileged information, WWE added John Doe defendants hoping to bypass judicial process to acquire the names of clients Defendants' Counsel may or may not have been retained by.  These added hypothetical defendants would extend indefinitely into the future each time a client retains counsel to investigate potential claims.  WWE hopes for a declaratory judgment limiting such future named injured wrestlers to be governed by Connecticut law whether or not the factual record supports such restrictions. However, to provide such declaratory relief, there must be tangible parties restricted by such determination. *Ellis v. Dyson*, 421 US 426, 44 L. Ed. 2d. 274, 95 S. Ct. 1691 (1975); *Wisconsin State Employees Asso. v. Wisconsin Natural Resources, Bd*., 298 F. Supp. 339 (WD Wis. 1969) (demanding proper parties so that

---

[2] *See* Bixenspan, David, "WWE Sues Hall of Famers And Other Legends," WrestlingInc.com, *available at* http://www.wrestlinginc.com/wi/news/2015/0701/597872/wwe-sues-hall-of-famers-and-other-legends-in-extension-of/ (last visited September 20, 2015).

federal courts will not be asked to decide ill-defined controversies over constitutional issues or case which is of hypothetical or abstract character).

These "Various John Doe" parties are beyond speculative and hypothetical. There is no evidence outlining the years these wrestlers performed for WWE, the contracts the wrestlers signed with WWE, the location the contracts were consummated in, the injuries the wrestlers sustained, nor even the harm WWE would suffer were the wrestlers to bring a claim in the future. *See Twin City Fire Ins. Co. v. Innovative Aftermarket Sys., L.P.*, 597 F. Supp. 2d 295, 300 (D. Conn. 2009) (Arterton, J.).

Further, the fact-intensive analysis required to determine whether traumatic brain injuries in WWE events are present in each wrestler, and whether WWE is liable is far too theoretical for a declaratory judgment. Yet that is exactly what WWE is asking the Court to determine on an all-encompassing judgment right now absent any facts regarding these hypothetical wrestlers. This is a clear violation of these injured wrestlers' constitutional rights. *See Cafano v. Cimmino*, 501 F. Supp. 397 (D. Conn. 1980), *aff'd without op*, 636 F.2d. 1200 (2d. Conn. 1980) (noting before the court will make a judgment under 28 USCS § 2201 declaring a particular action illegal, the person threatening the action must be made party to the lawsuit and be given opportunity to present to the court reasons why his proposed actions should not be illegal). It is impossible for the Court to determine whether hypothetical injured wrestlers who might bring a claim in the future against WWE are governed by Connecticut law and are time-barred by Connecticut Statute of Limitations and Repose. Since these hypothetical injured wrestlers are being

considered parties to the suit, but have not been actually joined, this Complaint should be dismissed for failure to join indispensable parties under Fed. R. Civ. P. 19 as to provide relief under this Complaint would unconstitutionally undermine these injured wrestlers' rights. *See Paul Mason & Assocs. v.Cordero (In re Felipe)*, 319 B.R. 730 (Bankr. S.D. Fla. 2005).

## III.   ARGUMENT

### A.   WWE's Complaint Should Be Dismissed For Failing To Allege An Actual Case Or Controversy Ripe For Adjudication.

Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013)*.* In order to qualify as a justiciable "case or controversy" under Article III, "[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).

Relief can be granted under the Declaratory Judgment Act, 28 U.S.C.S. § 2201, only if the case presents actual controversy in a constitutional sense and one appropriate for judicial determination. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

> For adjudication of constitutional issues, 'concrete legal issues, present in actual cases, not abstractions,' are requisite.  This is true of declaratory judgments as any other field…. The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible to fashion a precise a test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment*.

*Id.* at 273. (*emphasis added*).

"Courts should decide only a real, substantial controversy, not a mere hypothetical question." *AMSAT Cable Ltd. v. Cablevision of Conn. Ltd.*, 6 F.3d 867, 872 (2d Cir. 1993) (internal citation omitted); *see also, Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); *Dow Jones & Co. Inc. v. Harrods, Ltd.*, 346 F.3d 357 (2d Cir. 2003). In order to satisfy the controversy requirement of Article III of the Constitution, the case must present a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Public Service Com. V. Wycoff Co.*, 344 U.S. 237, 242 (1952).

The "case or controversy" requirement is not satisfied by a "difference or a dispute of a hypothetical or abstract character." *Aetna Life Ins. Co., 300 U.S. at 240.* The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The party seeking declaratory relief bears the burden of proving that the district court has jurisdiction to hear the matter. *E.R. Squibb & Sons v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2nd Cir. 2001).

To obtain *prospective* relief, a plaintiff must show, *inter alia*, "a sufficient likelihood that he [or she] will again be wronged in a similar way." *Marcavage v. City of New York*, 689 F.3d 98, 103 (2nd Cir. 2012). That is, a plaintiff must demonstrate a "certainly impending" future injury. *Id.* A party seeking declaratory

10

relief from a prospective violation of the party's rights must show that the grievance is real and immediate, rather than merely conjectural. *Golden v. Zwickler,* 394 U.S. 103 *(1969); Lillback v. Conn. Dep't of Educ.,* 397 F.3d 77, 86-88 (2nd Cir. 2005).

      Here, WWE has not provided a factual record substantiating controversy, but only posed a hypothetical scenario, and seeks a ruling on unripe state-law claims. WWE bases its suit on four former wrestlers who engaged the services of an attorney, who then sent letters of representation and preservation to WWE.  Such letters did not institute litigation, nor did the letters provide sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  For one thing, no definitive legal claims were asserted in the letters:

> The "undersigned have been retained by [former wrestler]… and who was allegedly injured as a result of WWE's negligent and fraudulent conduct. In light of the possible litigation involving this matter, we would like to remind you and the WWE…. to refrain from both communicating directly with our client and from allowing any spoliation of evidence…."

*See Notice of Representation of Former WWE Wrestler* Letters, p. 1.

      The letter itself provides for the possibility litigation would never be initiated, and does not state what claims might be brought against WWE.  For the Court to provide declaratory relief, such claims must be stated with particularity to provide "immediacy and reality" of litigation. *See Kegler v. United States DOJ*, 436 F. Supp. 2d 1204 (D. Wyo. 2006) (finding a lacking standing to bring declaratory judgment action where putative injury would only occur under the hypothetical where an individual would seek to obtain and possess a firearm at some imprecise point in the future, but feared that he would risk imminent prosecution).

WWE has defined "Various John Does" to include all former WWE wrestlers "who have not performed for WWE within three years and who have signed, or do sign, with Mr. Kyros or any other attorney working in concert with Kyros, to assert tort claims against WWE." *Complaint*, p. 3, para. 7.  This is clearly overreaching on WWE's part.

Additionally, the pendency of similar cases prevents this Court from providing declaratory relief.  Declaratory judgments are inappropriate where such relief would alter the factual issues disputed in pending cases. *See Travelers Indem. Co. v. Bally Total Fitness Holding Corp.*, 448 F. Supp. 2d 976 (N.D. Ill. 2006) (fining it an appropriate exercise of judicial discretion to dismiss a declaratory judgment action pending resolution of underlying substantive cases to avoid adjudicating disputed factual issues properly before another court).

Further, the Declaratory Judgment Act does not provide jurisdiction itself, but requires an actual case or controversy already exist. *See Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163 (S.D. N.Y. 1999) (defining declaratory judgments as remedies, and its availability does not create additional causes of actions or expand range of factual disputes that may be decided by District Court sitting in diversity); *see also Moro v. Telemundo Incorporado*, 387 F. Supp. 920 (D. Puerto Rico 1974) (stating the Declaratory Judgment Act does not confer jurisdiction, but was designed to enable the courts to declare rights of adverse parties to lawsuits, and relief thereunder is premised on existence of judicially remediable right).  WWE has not shown sufficient facts warranting such relief, and so its action for declaratory judgment must be dismissed for lack of jurisdiction.

**B. Because The Complaint Does Not Present a Case or Controversy, and Because The Complaint Seeks Relief in Violation of the U. S. Constitution, it Fails to State a Claim Upon Which Relief Can be Granted.**

Plaintiff's assertion of declaratory relief is problematic because it fails to satisfy the test of actual controversy.  Relevant cases interpreting the Declaratory Judgment Act make clear that 1) the requirement of an actual "case or controversy" is crucial to establishing jurisdiction to hear the matter, pursuant to Article III of the U. S. Constitution; and 2) the case or controversy must be imminent, concrete, and involve parties with a confirmed with each other.  WWE's Complaint for declaratory relief fails both counts.  First, it fails to identify that there is an actual controversy between unnamed professional wrestlers not a party to this litigation and WWE. The Complaint anticipates that such a dispute *could* occur, but the fact is such a dispute has not occurred.  Rather, WWE focuses on statements of Konstantine Kyros as its evidence of a dispute.  Such reliance on media puffery fail to carry Plaintiff's burden to demonstrate Article III jurisdiction.

The Complaint also fails to demonstrate any evidence that any presumed controversy is imminent.  Perhaps most troubling about the Complaint is that it subversively seeks to attack the rights of unnamed individuals, to adjudicate those rights, and to elect a forum that might or might not be appropriate.  Such tactics harken to cases involving SLAPP lawsuits in the context of environmental litigation.  Rather, granting declaratory relief under these circumstances would, in effect, violate the rights of unnamed persons to their individual right to open access to the courts.  *See Reardon v. Keating,* 980 F.Supp.2d 302 (D. Conn. 2013); *Piscottano v. Town of Somers,* 396 F.Supp.2d 187 (D. Conn. 2005); *Graham v.*

*Henderson,* 89 F.3d 75, 80 (2nd Cir. 1996) (the right to petition government for redress of grievances is among the most precious of the liberties safeguarded by the Bill of Rights); *(quoting United Mine Workers v. Ill. State Bar Ass'n.,* 389 U.S. 217, 222 (1967)).

In *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726 (2nd Cir. 1993), an asbestos manufacturer (Keene) with limited funds filed suit seeking to impose a class action settlement on asbestos claimants, for the purpose of forcing claimants to seek relief from the funds available from the manufacturer.   *Id. at 728.*   The manufacturer had been battling asbestos claims for several years, and the company sought to terminate spending further resources on pending lawsuits, facing approximately 98,000 claims.   *Id. at 728-9.*   The manufacturer sought declaratory and injunctive relief to prevent any future lawsuits for tort claims from asbestos exposure from being filed.   *Id. at 729.*   The district court granted declaratory and injunctive relief, ordering all litigation and collection efforts cease. *Id.* On appeal, the Second Circuit vacated the district court relief, reasoning that the manufacturer's request failed to qualify as an Article III "case or controversy." *In re Joint E. & S. Dist. Asbestos Litig.,* 14 F.3d 726, 731 (2d. Cir. 1993). The Second Circuit held that refusal to settle a claim by plaintiffs did not constitute legally cognizable harm on which relief could be granted. *Id.* Keene was unable to assert that it had a right to force such a settlement. *Id.*

Here, were declaratory judgment rendered in favor of WWE, former wrestlers would effectively bind them to Booking Contracts even where no such Booking Contract exists.   This is precisely what both Congress and the Courts sought to

prevent by providing specific limiting language requiring actual controversy of sufficient immediacy and reality. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941); *Evers v. Dwyer*, 358 U.S. 202 (1958); *Zwickler v. Koota*, 389 U.S. 241 (1967); *Golden v Zwickler*, 394 U.S. 103 (1969); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498 (1972); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370 (10th Cir. 1975) (noting declaratory judgments are improper when ongoing activity may radically change the factual situation); *see also Aetna Life Ins. Co.*, at 240 (stating the controversy must be "definite, concrete, touching the legal relations of parties having adverse legal interests" and a decree must be "of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts").

Similarly, WWE in the present case seeks to cut off future prospective lawsuits which may never occur.  Even if they may occur, their timing is completely speculative.   The stated basis for the Complaint is that attorneys for certain professional wrestlers have stated interest in bringing other claims against WWE. Those statements, at best, are *puffery*, of the kind most accurately viewed in advertising claims, and which fail to rise to the level of actual case or controversy. Just as in *In re Joint E. & S. Dist. Asbestos Litig.*, WWE seeks to preemptively cut off potential future cases, without sufficient grounds to prove that such cases actually exist. 14 F.3d 726, 731 (2d. Cir. 1993).

In *Metro. Prop. & Cas. Ins. Co. v. Sisbarro*, is instructive as to when declaratory relief is appropriate. 2015 U.S. Dist. LEXIS 24577, Case No. 3:13-cv-537-MPS, (D. Conn., March 2, 2015). This court permitted declaratory relief to be issued

since the parties to the action (other than the insurer) were also parties to an underlying tort action, and the issue was whether or not the Plaintiff would be obligated to defend the Defendant under the subject insurance policy in force at the time the tort case arose. *Id.* This is the classic tort-case application of declaratory relief, and satisfies the "case or controversy" requirement because the parties to the litigation have an actual controversy in the form of the underlying tort case for which insurance coverage can be determined by separate declaratory judgment.

By contrast, WWE seeks relief for persons without underlying cases, and no evidence of a controversy. The closest WWE can come to asserting jurisdiction is WWE's *fear* of future controversy. As a strategic move, WWE seeks to offensively use 28 U.S.C. §2201 to preempt future lawsuits by parties not yet litigating anything. The statute, however, does not permit such action.

Likewise, when the declaratory relief sought carries with it no implication for practical enforcement, granting such relief is improper. *S. Jackson & Son v. Coffee, Sugar & Cocoa Exch.,* 24 F.3d 427 (2d. Cir. 1994). In the present case, Defendant WWE seeks to prevent unnamed individuals from filing lawsuits against it under any theory of tort involving claims of injury or wrongful death. It does so without any prospect that the individuals actually *plan* to file such lawsuits, without any prospect of who these people are – only that attorney Konstantine Kyros has indicated that other wrestlers may file suit. Such action, if granted, would preemptively cut off the rights of individuals who may or may not be properly adjudicated before the court. Such action would be tantamount to adjudicating the

16

rights of absent plaintiffs in a class action, without first ascertaining whether their rights and obligations were sufficiently common, undergirding the entire purpose for the requirements of Rule 23 of the Federal Rules of Civil Procedure – a classic due process violation.  Just as such action would be improper in a Rule 23 case, so would it be improper here.  Defendant WWE cannot legally prevent individuals from pursuing civil lawsuits.

Ultimately, to warrant relief the Court must be able to render an opinion on specific legal issues, recognizing the effect its decision will have on adversaries, and any useful purpose to be achieved in deciding them. *PSC v. Wycoff Co.*, 344 US 237 (1952).  No useful purpose could be achieved by WWE's desired declaratory judgment as all injured wrestlers would still require discovery of whether they have a Booking Contract restricting the wrestlers to Connecticut law, whether such Booking Contract is valid, and whether such claims are actually limited by Connecticut's Statute of Limitations and Repose. *See, e.g. Theme Promotions, Inc. v. News Am. Mktg. FSI*, 539 F3d 1046 (9th Cir. 2008) (denying declaratory relief where declaration would be futile as any declaration binding parties to their contractual agreements would not have completely resolved the controversy).

Such result would neither provide direct or collateral effect upon WWE, as WWE would still be subject to individual litigation requiring determination of each individual injured wrestler's claims pursuant to discovery. *See Danzy v. Johnson*, 417 F. Supp. 426 (E.D. Pa. 1976), *aff'd without op*, 582 F.2d 1273 (3d. Cir. 1978) (determining an action for declaratory judgment is moot where judgment, if rendered, would have neither direct nor collateral effect upon plaintiff).  At this time,

there is no record providing evidence that the named wrestlers are time-barred by Connecticut law, and certainly no evidence hypothetical injured wrestlers are restricted to Connecticut law, and therefore any declaratory judgment would not resolve the purported controversy.

WWE's Complaint is an improper tactic by WWE to control the rights of individuals not party to this litigation, in self-serving presumption that Connecticut is the appropriate forum to adjudicate such matters, and to adjudicate the rights of persons not before the Court before there is even a case or controversy presented, all in violation of fundamental Constitutional rights.  As a result, the Court must dismiss the Complaint for lack of Article III jurisdiction, for failing to present an actual "case or controversy," and because the relief sought is contrary to law, in violation of the U. S. Constitutional rights of unnamed individuals, and as an improper use of judicial power asserted for the self-serving interest of WWE.

   C. **WWE's claims are unripe for adjudication as WWE has provided no substantial controversy of sufficient immediacy and reality.**

Whether a claim is ripe for review is a jurisdictional issue and is considered by means of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1). *SK Finance SA*, 126 F.3d 1272, 1275 ("The issue of whether a claim is ripe for review bears on the court's subject matter jurisdiction under Article III of the Constitution"); *see also Murphy v. New Milford Zoning Comm,n*, 402 F.3d 342, 347 (2d. Cir. 2005) ("Ripeness is a jurisdictional inquiry" and "[as] such, we must presume that we cannot entertain [plaintiffs'] claims unless the contrary appears affirmatively from the record"); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Securities Dealers*, No. 07 CV 2014, 2007 U.S. Dist. LEXIS 71287, at *16-17 (S.D.N.Y. Sept. 26, 2007) ("Lack of

subject matter jurisdiction and ripeness are governed by Federal Rule of Civil Procedure 12(b)(1)").  A case that is not ripe must be dismissed. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

> **1.  WWE's case relies on speculative and contingent actions unripe for adjudication.**

The central concern for ripeness is "whether there are uncertain or contingent future events that may or may not occur as anticipated that would render a judicial determination unnecessary." *Tsombanidis v. City of West Haven*, 129 F.Supp.2d 136, 159 (D. Conn. 2001).  The "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Office of Consumer Counsel v. S. New Eng. Tel. Co.*, 502 F. Supp. 2d 277, 285 (D. Conn. 2007).  "Courts should be hesitant in creating sweeping rules of law that would create de facto areas of federal jurisdiction." *Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182, 191 (D. Conn. 2014) (Bryant, J.).

A court must consider the fitness of the issues for judicial decisions and the hardship to the parties of withholding court consideration. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977); *AMSAT Cable Ltd.*, 6 F.3d at 872; *Office of Consumer Counsel*, 502 F. Supp. 2d at 285.  Where "further factual development would significantly advance [the court's] ability to deal with the legal issues presented," the matter is not ripe for review and must be dismissed. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003).  "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some

useful purpose to be achieved in deciding them". *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952).

WWE's entire case relies on facts not presented or on speculative and contingent actions which may or may not be taken in the future.  The potential litigation WWE is relying on for jurisdiction is far from certain, and purely speculation.  As WWE faces only "potential litigation" with no specific claims identified (or even potential adversaries in the form of "Various John Does") any declaration by this Court would be purely advisory. *See In re Drexel Burnham Lambert Group Inc.*, 995 F.2d 1138, 1146 (2d. Cir. 1993) (finding that the ripeness doctrine "turns on whether there are nebulous future events so contingent in nature that there is no certainty they will ever occur").

WWE has failed to provide evidence the named injured wrestlers and hypothetical various John Doe wrestlers are bound by Connecticut law and that CTE and TBI claims should be time-barred by Connecticut Statute of Limitations and Repose.  This question is far too complicated and theoretical for declaratory judgment as individual discovery, experts, and fact-finding requiring the full-breadth of litigation is necessary and which other pending cases regarding CTE and TBI currently seek to answer. *See supra Twin City Fire Ins. Co. v. Innovative Aftermarket Sys., L.P.*, 597 F. Supp. 2d 295, 300 (D. Conn. 2009). WWE has not adequately alleged a case or controversy and therefore there is no pending controversy for this Court to rule on, and no jurisdiction for this action.

**2.  WWE would not suffer substantial harm were this declaratory judgment dismissed.**

The potential hardship to WWE must be substantial if the declaratory judgment action is denied in order for the case to be considered ripe. *Reno v. Catholic Social Servs.*, 509 U.S. 43, 57-58, 66 (1993) (providing if the likelihood of harm is merely speculative, the hardship standard for ripeness is not met).  WWE will suffer no harm, much less substantial harm if this action is dismissed because any future claims will provide the same or similar relief should such relief be warranted, and such claims would at such future time be specifically defined allowing the Court to rule on the matter.  As already noted, a declaratory judgment as matters currently stand would not provide conclusion to the controversy and so WWE could still potentially face litigation as there is no evidence that the former injured wrestlers are actually governed by Connecticut law and there is substantial evidence that CTE and traumatic brain injuries are not governed by the Statutes of Limitations and Repose. *See Toilet Goods Ass'n v. Gardner*, 387 US 158 (1967) (denying declaratory and injunctive relief where it was not clear actions creating controversy would occur and no "irremediable adverse consequences flow from requiring later challenge" to the purported controversy); *see also National Dental Council v. Pennsylvania, State Bd. Of Dentistry*, 677 F. Supp. 785 (M.D. Pa. 1987) (noting ripeness grounds prevented declaratory relief while no genuine need to resolve the issue existed in order to prevent hardship to the parties).

WWE also failed to allege what actual harm they would suffer were the named wrestlers or John Doe wrestlers to bring a claim against them in the future.  Absent particularized substantial harm remedied by declaratory judgment, this Complaint

should be dismissed. *See Fieger v. Mich. Supreme Court*, 553 F.3d. 955 (6th Cir. 2009) (declaring abuse of discretion to enter declaratory relief under 28 U.S.C.S. § 2201(a) as plaintiffs lacked standing to assert facial challenge to a statute because they failed to demonstrate actual present harm or significant possibility of future harm).   Absent tangible facts providing a framework for this Court's declaratory judgment and absent evidence of actual harm, this action must be dismissed. *See generally O'Shea v. Littleton*, 414 U.S. 488, 493-99 (1974); *Boyle v. Landry*, 401 U.S. 77, 81 (1971) (recognizing a general threat must be demonstrated if a case or controversy, within the meaning of Art. III of the Constitution and of the Declaratory Judgment Act, may be said to exist).   Here, WWE as well as Defendants, have increased attorneys' fees and costs which would be alleviated should this matter be dismissed.   Therefore, the factors for ripeness weigh in favor of dismissing this action.

3. **Even where a declaratory judgment claim satisfies constitutional standards for ripeness, this Court has, and should exercise, dismiss an action as unripe.**

Even if constitutional standing is satisfied, federal courts have discretion to determine that a declaratory judgment action is unripe.   When considering this issue, the relevant factors are (1) the fitness of the matter for judicial decision and (2) the hardship to the parties from withholding further judicial consideration. *In re Combustion Equip. Assocs.*, 838 F.2d 35, 37 (2d Cir. 1988).   A dispute may be unripe where the full extent of injury is uncertain or speculative. *Solow Bldg. Co. v. ATC Assocs., Inc.*, 388 F.Supp.2d 136, 139 (E.D.N.Y. 2005) (finding unripe dispute where parties were uncertain about injuries from released asbestos).

Generally speaking, the wrestlers' concussion injuries manifest slowly and insidiously.  Without careful study, it can be difficult to discern a relationship between concussion injuries and specific wrestlers' symptoms.  This relationship is further obscured by wrestlers' poor and deteriorating condition, mentally and physically, which impedes communications with their attorneys and physicians. Until the wrestlers have reasonable opportunity to investigate their injuries, there is reason to conclude that a declaratory judgment claim is unripe.

   D. **This Court has discretion to abstain from jurisdiction over a declaratory judgment complaint, particularly where declaratory judgment is sought for improper reasons and will not clarify the legal issues.**

The Declaratory Judgment Act provides that a federal court "*may* declare the rights and other legal relations of any interested party . . . ." 28 U.S.C. § 2201.  For this reason, even if a plaintiff alleges a controversy sufficient to establish standing under Article III of the Constitution, a federal court still has discretion to abstain from jurisdiction over a declaratory judgment. *See, e.g., Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003); *see generally Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *World Wrestling Entm't, Inc. v. J.F. Ramos-Representacoes, LDA*, 2011 U.S. Dist. LEXIS 97038, at *7 (D. Conn. Aug. 30, 2011) (Droney, J.) (dismissing declaratory judgment action by WWE and noting "[e]ven if a district court determines that it does have jurisdiction to hear a declaratory judgment action, the court may nevertheless refuse to exercise jurisdiction").

In exercising this discretion, relevant criteria include whether declaratory judgment will serve a useful purpose in clarifying the legal issues; whether the declaratory judgment finalizes the controversy and offers relief from uncertainty;

whether declaratory judgment is being used for procedural fencing or a race to res judicata; whether declaratory judgment increases friction with other state or sovereign courts; and whether a better or more effective remedy is available. *See Dow Jones & Co.*, 346 F.3d at 359-60.

Three criteria have particular weight in this litigation:  whether declaratory judgment clarifies the issues; whether it offers finality and relief from uncertainty; and whether it is being used for procedural fencing or a race to the courthouse. When a tortfeasor tries to use declaratory judgment to preemptively litigate state-law torts, federal courts have uniformly ruled that these criteria strongly disfavor exercise of jurisdiction.  Because WWE uses its declaratory judgment complaint to obtain a peremptory and misinformed ruling on the wrestlers' state-law claims, that complaint must be dismissed.

### 1. Tortfeasors cannot use declaratory judgment to preemptively litigate state-law tort claims.

Federal courts consistently reject tortfeasors' attempts to preemptively litigate state-law claims under the Declaratory Judgment Act.  *See generally* 10B Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* Civil § 2765 (3d ed. 1998) (stating "[I]t is not one of the purposes of the declaratory judgments act to enable a prospective negligence defendant to obtain a declaration of nonliability").  In particular, where a tort has fully accrued, the tortfeasor cannot use a declaratory judgment to obtain a declaration of non-liability.  *See, e.g., Adirondack Cookie Co. v. Monaco Baking Co.*, 871 F.Supp.2d 867, 949 (N.D.N.Y. 2012); *Morrison v. Parker*, 90 F.Supp.2d 876, 880 (W.D. Mich. 2000); *Friedman v.*

*Geller*, 925 F.Supp. 611, 613 (E.D. Wis. 1996).  Several sound concerns support this principle.

> 2. **When a tortfeasor preemptively files a declaratory judgment action, it improperly deprives the injured party of control over the pleadings, the forum, and the timing of suit.**

In contractual or transactional disputes, declaratory judgment is used to resolve undefined obligations so that the parties can change their future conduct accordingly.  More simply put, the purpose of declaratory judgment is to decide the parties' future obligations.  This purpose has no application to a fully accrued tort: the wrong has already occurred and the concern becomes how to redress the tortfeasor's misconduct.  *See, e.g., Muhammed v. Murphy*, 632 F.Supp.2d 171, 179 (D. Conn. 2009) (Bryant, J.) ("Declaratory relief operates prospectively; it is inappropriate for past acts because all damages have already accrued."); *Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.*, No. 02-10338, 2003 WL 21277114 at *5 (S.D.N.Y. June 2, 2003).

Furthermore, when a tortfeasor tries to litigate torts through declaratory judgment, this subverts civil procedure.  Unlike transactional disputes that often can be decided on papers alone, torts can raise factual questions about fraud, duress, and undue influence, as well as specific concerns about the scope and manifestation of injury.  *See Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969) (holding that declaratory judgment subverts litigation of ordinary negligence claim); *Douglas v. Don King Productions., Inc.*, 736 F.Supp. 223, 225 (D. Nev. 1990) (deciding that tortious interference with contract is not properly litigated through declaratory judgment); *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*,

No. 11-5453, 2011 WL 5245192 at *6 (S.D.N.Y. Nov. 2, 2011) (noting that, where a declaratory judgment plaintiff is accused of fraud, it can use that procedure to gain leverage against the injured party).

These concerns have greater weight when a declaratory judgment plaintiff commits fraud or fraudulent concealment.  By filing preemptively, the declaratory judgment plaintiff is allowed to define the scope of the fraud on its own initiative, while avoiding particularity required under Rule 9(b).  This tactic can also be used to interrupt the injured party's investigation of facts.  *See, e.g., The Mutual Life Ins. Co. v. Adams*, 972 F. Supp. 1386, 1395 (N.D. Ala. 1997) (noting declaratory judgment can "force[ ] the [plaintiffs] into . . . asserting a counterclaim of fraud" before they reasonably evaluate the facts); *John Wiley & Sons, Inc.*, 2011 WL 5245192 at *4 (observing that declaratory judgment plaintiff avoided any description of fraud that formed basis for declaratory judgment action).

More fundamentally, federal courts reject tortfeasors' use of declaratory judgment proceedings to deprive injured parties of the traditional rights to decide on an appropriate forum and when to sue.  *See, e.g., Hanes Corp. v. Milland*, 531 F.2d 585, 592-93 (D.C. Cir. 1976), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 892 F.2d 1066 (D.C. Cir. 1990); *Adirondack Cookie Co.*, 871 F. Supp. 2d at 94; *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) ("The federal declaratory judgment is not a prize to the winner of the race to the courthouses."), *abrogated on other grounds by Prione v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990).

For all the preceding reasons, there is overwhelming cause to abstain from jurisdiction over WWE's declaratory judgment complaint.  Because WWE has not identified any material facts regarding its wrongdoing, a declaratory judgment proceeding will not clarify the issues, but instead confuses them.  In particular, it demands a procedure that interferes with investigation of its frauds and prevents wrestlers from challenging its limitations defenses.  Through these tactics, WWE also engages in procedural fencing, denying the wrestlers the right to determine the place and timing of suit.  These factors soundly and uniformly favor declining jurisdiction and dismissing the declaratory judgment complaint.

### 3. Federal courts have rejected tortfeasors' attempts to use declaratory judgment to defeat tort liability, including the improper use of the procedure to litigate limitations defenses.

For the same reasons, federal courts also reject the use of declaratory judgment to anticipate affirmative defenses. *See, e.g., Hanes Corp. v. Milland*, 531 F.2d 585, 592-93 (D.C. Cir. 1976), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 892 F. 2d 1066 (D.C. Cir. 1990); *Enoxy Coal, Inc. v. United Mine Workers 1974 Benefit Plan & Trust*, 879 F. 2d 862 (mem.), 1989 WL 79769 at *2 (4th Cir. 1989); *Veoh Networks, Inc. v. UMG Recordings,* 522 F.Supp.2d 1265, 1271 (S.D. Cal. 2007).

The Eighth Circuit squarely considered this question in *BASF Corp. v. Symington*.  50 F.3d 555 (8th Cir. 1995).  In accordance with case law that rejects declaratory judgment by tortfeasors, the court ruled,

> It is our view that where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue.

*Id.* at 557.

That principle applies with equal force here.  The sole motive for WWE's declaratory judgment complaint is to obtain a peremptory ruling on the statute of limitations—not only for the named wrestlers, but also for an unknown number of unnamed wrestlers.  In doing so, WWE improperly presumes that Connecticut is the correct forum for all wrestlers, and it presses wrestlers to file suit without due investigation into each wrestlers' circumstances or WWE's misconduct.  These considerations further support abstention from, and dismissal of, the declaratory judgment complaint.

### 4. Because WWE is using declaratory judgment to leverage rulings that go far beyond the named wrestlers, which instead potentially affect a class of former wrestlers, this further demonstrates misuse of declaratory judgment procedure.

Where a tortfeasor uses a declaratory judgment proceeding to leverage court rulings "that would reach far beyond the particular cases," this provides even more reason to abstain from jurisdiction.  *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 552 F.Supp.2d 1265, 1271 (S.D. Cal. 2007).  This overreach is illustrated by WWE's attempt to seek declaratory judgment against wrestler Oreal Parras, who is not alleged to be bound by contracts with WWE; and against an indefinite number of "John Doe" wrestlers, whose individual circumstances are unknown but purportedly can be determined through discovery.  (*See* Compl. ¶ 22 (failing to allege any contractual relationship between WWE and Mr. Parras); *id.* ¶ 20 (summarily asserting a spurious class of former wrestlers)).

28

This abuse of declaratory judgment procedure is precisely what the case law cautions against.  Without any reasonable effort to discern the precise torts that former wrestlers might allege, or any specific allegations they could assert against limitations defenses, WWE apparently intends to litigate their rights in one fell swoop.  In particular, WWE demands a peremptory opportunity to litigate its limitations defenses against Mr. Perras and Mr. Windham without alleging any significant nexus between him and Connecticut.  Through these tactics, WWE confuses the legal issues and engages in procedural fencing.  This Court accordingly should decline to exercise jurisdiction over the declaratory judgment claim.

### E.  WWE's Repeated Inflammatory Remarks Should Be Stricken

Much of WWE's Complaint is targeted at Attorney Kyros and is irrelevant to the declaratory judgment action.  Such salacious statements should be stricken under Fed. R. Civ. P. 12(f) as the submissions of fact are false, inflammatory, and irrelevant and are routinely redundant, immaterial, impertinent and scandalous.  WWE, seemingly recognizing the lack of substantiated fact warranting declaratory judgment, used much of the Complaint to "trot out" inflammatory and false allegations against Attorney Kyros.  Given the impropriety of personally accusing opposing counsel of unethical conduct, all such claims should be stricken from the Complaint.

IV.     CONCLUSION

        **WWE's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) as the Court lacks subject matter jurisdiction, WWE's irrelevant and inflammatory statements stricken pursuant to Fed. R. Civ. P. 12(f), and costs attributed to WWE.**

**DATED: September 21, 2015**

                                        **Respectfully submitted,**

                                        **/s/ William M. Bloss**
                                        **William M. Bloss**
                                        **Federal Bar No: CT01008**
                                        **Koskoff, Koskoff & Bieder**
                                        **350 Fairfield Avenue**
                                        **Bridgeport, CT 06604**
                                        **Telephone: 203-336-4421**
                                        **Facsimile: 203-368-3244**

                                        **Konstantine W. Kyros**
                                        **KYROS LAW OFFICES**
                                        **17 Miles Rd.**
                                        **Hingham, MA 02043**
                                        **Telephone: (800) 934-2921**
                                        **Facsimile: 617-583-1905**
                                        **kon@kyroslaw.com**

                                        **Charles J. LaDuca**
                                        **Brendan Thompson**
                                        **CUNEO GILBERT & LADUCA, LLP**
                                        **8120 Woodmont Avenue, Suite 810**
                                        **Bethesda, MD 20814**
                                        **Telephone: (202) 789-3960**
                                        **Facsimile: (202) 789-1813**
                                        **charles@cuneolaw.com**
                                        **brendant@cuneolaw.com**

                                        **Robert K. Shelquist**
                                        **Scott Moriarity**
                                        **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust, Esquire
Pogust Braslow & Millrood,LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
hpogust@pbmattorneys.com

Erica Mirabella
CT Fed. Bar #: phv07432
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 617-580-8270
Facsimile: 617-593-1905
Erica@mirabellaLLC.com

R. Christopher Gilreath
GILREATH & ASSOCIATES, PLLC
200 Jefferson Avenue, Suite 711
Memphis, TN 38103
Telephone: (901) 527-0511
Facsimile: (901) 527-0514
chrisgil@sidgilreath.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day September, 2015, a copy of foregoing Motion to Dismiss and accompanying Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/ William M. Bloss_____
**William M. Bloss**