UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHELLE JAMES**, as mother and next friend of **MATTHEW OSBORNE**, a Minor Child and **TEAGAN OSBORNE**, a Minor Child<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**WORLD WRESTLING ENTERTAINMENT, INC.**,<br><br>　　　　　　Defendant. | Case No.  3:15-CV-01305-VLB<br><br><br><br>September 11, 2015 |

## DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION FOR SANCTIONS

Defendant World Wrestling Entertainment, Inc. ("WWE") hereby moves this Court for an order imposing sanctions on Konstantine Kyros ("Kyros"), Erica Mirabella ("Mirabella"), and R. Christopher Gilreath ("Gilreath") (collectively, "Plaintiff's Counsel") pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent authority.  In support of this Motion, WWE states as follows:

　　　　1.　　On June 26, 2015, Plaintiff's Counsel filed this fifth duplicative brain injury case (the "Osborne Action") against WWE in the Federal District Court in Texas on behalf of Pennsylvania residents — the "mother and next friend of" the alleged children and successors-in-interest of former professional wrestler Matthew J. Osborne.  Mr. Osborne last regularly performed for WWE in 1993, and passed away <u>two decades later</u> from a drug overdose, as admitted and affirmatively alleged by Plaintiff's Counsel in the Osborne Complaint.

　　　　2.　　As set forth more fully in WWE's accompanying Memorandum of Law in support of this Motion for Sanctions ("Rule 11 Memorandum of Law"),

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**
PI-3833610 v7

**Plaintiff's Counsel have blatantly disregarded the fundamental tenets of Rule 11 of the Federal Rules of Civil Procedure by knowingly submitting to the U.S. District Court for the Northern District of Texas and <u>now to this Court</u> pleadings containing false and purposely deceptive allegations.**

   **3. In direct violation of this Court's admonitions to lead Plaintiff's Counsel, Kyros, at the June 8, 2015 status conference in the LoGrasso Action about the Federal Court pleading requirements, the Complaint in this matter includes hyperbolic allegations concerning deaths of other former performers, together with color photographs of such persons, and which were designed exclusively for media consumption and marketing purposes rather than true legal merit.**

   **4. In addition to pleading impertinent allegations concerning deaths of other former performers in violation of this Court's clear directives, Plaintiff's Counsel violated Rule 11 by:  (i) pleading false time periods that Osborne supposedly performed for WWE; (ii) falsely alleging that WWE executive, Stephanie McMahon supposedly fraudulently concealed the risk of concussions during testimony she gave to a Congressional Committee in 2007; (iii) falsely alleging that WWE supposedly tried to suppress studies about the risk of concussions and CTE; and (iv) pleading false and misleading distortions of WWE's Wellness Program.**

   **5. Plaintiff's Counsel also have specifically violated Rule 11 by originally filing this action in the Northern District of Texas in knowing violation of a mandatory forum-selection clause that Osborne agreed to in his contract**

with WWE, which required this case to be filed, if anywhere, in Connecticut. Indeed, at the time Plaintiff's Counsel filed this improper action in Texas, Federal District Courts in Pennsylvania and Oregon already had transferred to this Court substantively identical cases filed on behalf of former WWE performers acting as individual plaintiffs and representative class action plaintiffs (which covered Osborne's claims) based in whole or in part on mandatory forum-selection clauses substantively identical to the clause in Osborne's contract.[1]

6. Emblematic of Plaintiff's Counsels' disregard of the Federal Rules of Civil Procedure and the findings of Federal Courts, Plaintiff's Counsel filed this suit <u>one day after</u> the U.S. District Court for the District of Oregon expressly ruled that Kyros and his affiliated counsel were engaged in improper "forum shopping" tactics by working through "a hit list of potential venues." *See Haynes* Dkt. 59.

7. WWE's counsel requested by email on July 2, 2015, that Plaintiff's Counsel transfer this case to this Court in light of the mandatory forum-selection clause in Osborne's contract and the multiple Federal Courts' rulings that any and all suits on these types of claims belong in this Court. WWE's counsel also specifically requested that Plaintiff's Counsel correct their Rule 11 pleading falsehoods if they were to refile this case. *See* Ex. 1B.[2]

---

[1] The two substantially identical actions transferred to this Court were originally styled as: *Haynes et al v. World Wrestling Entertainment, Inc.*, 3:14-CV-01089-ST (D.Or.) and *LoGrasso et al v. World Wrestling Entertainment, Inc.*, 5:15-CV-0223-LS (E. D. Pa.)

[2] WWE's Motion for Sanctions pursuant to Rule 11 and Appendix in support thereof, which were served on Plaintiff's Counsel on July 17, 2015, are attached hereto as Exhibit 1 and incorporated herein by reference.  Exhibits A through L to the Appendix will be referred to as "Ex. 1A," etc.

8.      Plaintiff's Counsel refused to agree to transfer this case, refused to explain the legal bases for their refusal to honor the mandatory forum-selection clause in Osborne's contract, and did not at any time amend the Osborne Complaint to correct their falsehoods or remove the parade of salacious, impertinent allegations.

9.      As a result of their improper forum shopping and refusal to transfer, WWE was required to file a Motion to Transfer and burden the Northern District of Texas with full briefing on the transfer issue.  *See e.g. Osborne* Dkt. 10-12.

10.     On July 10, 2015, yet a third Federal District Court ordered the transfer to this Court of a third substantially identical wrestlers' brain injury class action case in which Kyros was involved.  The Honorable Andre Birotte, Jr. of the U.S. District Court for the Central District of California issued an Opinion and Order enforcing the WWE forum-selection clauses for three former performers serving as individual plaintiffs <u>and representative class action plaintiffs </u>(covering Osborne here) and rejecting all of the arguments Kyros and his affiliated counsel have asserted in refusing to honor the WWE contract mandatory forum-selection clauses. *See McCullough* Dkt. 24.[3]

11.     Once again, WWE's counsel requested by e-mail that Plaintiff's Counsel transfer the Osborne case to this Court.  *See* Ex. 1G.  Once again, Plaintiff's Counsel refused.

---

[3]  The case transferred from California to this Court was originally styled as *McCullough et al v. World Wrestling Entertainment, Inc.*, 2:15-CV-2662-ABJEM (C.D.Cal.) (the "McCullough Class Action").

12.     On July 17, 2015, WWE served its Rule 11 Motion on Kyros, Mirabella, and Gilreath to give each of them specific notice that their conduct violated Rule 11 by their improper assertion of false allegations that purposely disguise and distort the presentation of the true facts to this Court (and other Federal Courts) and their refusal to file or transfer this case in compliance with the mandatory forum-selection clause in Osborne's contract.  A copy of the as-served Rule 11 Motion (complete with Exhibits) is attached hereto as Exhibit 1 for adjudication by this Court.

13.     Given that the 21 days cure period afforded under Rule 11 for Plaintiff's Counsel to amend the Osborne Complaint has expired without Plaintiff's Counsel amending a single one of the identified Rule 11 violations laid out in detail in WWE's attached as-served Motion for Sanctions, WWE now requests this Court to review and adjudicate its Rule 11 Motion.  WWE is proceeding before this Court for an adjudication of its Rule 11 Motion originally served on Plaintiff's Counsel while this action was pending before the Texas Federal Court because (i) Plaintiff's Counsel are proceeding on the Osborne Complaint before this Court in its originally-filed, unamended form, (ii) Plaintiff's Counsel has not corrected any of the numerous Rule 11 violations in the Osborne Complaint despite having full knowledge of the falsity of their allegations and having been repeatedly advised of the falsity of those allegations by WWE's Counsel, and (iii) WWE was required to engage in the entire Motion and Briefing process for its Motion to Transfer this case to Connecticut because Plaintiff's

**Counsel refused to file or transfer this duplicative case despite four District Courts having already found substantively identical suits properly belong here.**

**14.    In requesting this Court's review of its Rule 11 Motion, WWE is proceeding on the same substantive grounds it raised in WWE's Rule 11 Motion as served on Plaintiff's Counsel back on July 17, 2015.  *See* Ex. 1.  The only additional substantive points of evidence raised in this presentment are confirmatory evidentiary points and/or developments in the multiple duplicative court proceedings initiated by Plaintiff's Counsel which occurred subsequent to Plaintiff's Counsel being served with WWE's Rule 11 Motion on July 17th.  These additional points add to and further support the evidence supporting WWE's as-served Rule 11 Motion.[4]  For example, WWE raised in its as-served Rule 11 Motion the fact that Plaintiff's Counsel filed a duplicative suit in the U.S. District Court for the Western District of Tennessee in violation of a mandatory forum-selection clause.[5]  Subsequent to service of WWE's Rule 11 Motion, the Western District of Tennessee issued a strong opinion enforcing the mandatory requirements of the WWE forum-selection clause violated by Plaintiff's Counsel and transferred the Frazier Action to this Court.  *See Frazier* Dkt. 37.**

---

[4]  All Exhibits relating to matters subsequent to WWE's service of its Rule 11 Motion on Plaintiff's Counsel on July 17th or relating to confirmatory points of evidence are included in the Affidavit of Curtis B. Krasik, which is attached hereto as Exhibit 2 and incorporated herein by reference.  Exhibits A through H to the Affidavit will be referred to as "Ex. 2A," etc.

[5]  The Tennessee case originally was styled *Nelson Frazier et al v. World Wrestling Entertainment. Inc.,* 2:15-CV-02198-JPM (W.D. Tenn.) (the "Frazier Action").

6

15. An additional point of record addressed in WWE's Memorandum of Law in support of this Rule 11 Motion concerns the recent transfer of the Osborne Action to this Court. After months of battling WWE, but only after WWE was forced to file a reply brief, (*see Osborne* Dkt. 22) Plaintiff's Counsel finally admitted this case belongs in this Court and consented to the transfer of it to this Court. *See Osborne* Dkt. 25. In an Order enforcing the mandatory forum-selection clause in Osborne's contract with WWE (while also citing the controlling U.S. Supreme Court decision of *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W. Dt. of Texas, 134 S. Ct. 568 (2013)*) the Northern District of Texas transferred the Osborne Action to this Court. *See Osborne* Dkt. 26. These additional Court orders and record points are confirmatory of the Rule 11 violations committed by Plaintiff's Counsel and, thus, are addressed in WWE's Rule 11 Memorandum of Law.

16. As detailed in WWE's Rule 11 Motion and Rule 11 Memorandum of Law, Plaintiff's Counsel launched their improper scheme against WWE nearly a year ago and have continued to repeat over and over the same false and misleading allegations and to engage in the same vexatious litigation tactics improperly burdening five (5) separate Federal Courts across the country.

17. In response, WWE has over and over again pointed out the falsehoods and legal improprieties of Plaintiff's Counsels' pleadings (both through e-mails and meet and confer discussions) with the hope that Plaintiff's Counsel would withdraw their improper claims and allegations.

18. WWE's efforts, however, have been met only with repeated refusals from Plaintiff's Counsel to correct their blatant Rule 11 violations.

19. Kyros, Mirabella, and Gilreath's constant refusals to rectify these violations and conform their behavior to the standards of practice expected of all lawyers before this and any Federal Court, as set forth more fully in WWE's Memorandum of Law, should not be permitted to continue.

WHEREFORE, pursuant to the Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and this Court's inherent authority, the Court should grant WWE's Motion for Sanctions and order Plaintiff's Counsel Kyros, Mirabella, and Gilreath (1) to pay all reasonable attorneys' fees and costs WWE incurred in bringing this Motion; (2) to pay all reasonable attorneys' fees and costs WWE incurred in connection with every filing in the improperly filed Osborne Action (from its inception through its transfer to this Court); and (3) striking the Complaint due to the false, misleading, and impertinent allegations specified in WWE's Rule 11 motion.

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,**

By: _/s/ Jerry S. McDevitt_
  Jerry S. McDevitt (*pro hac vice*)
  Terry Budd (*pro hac vice*)
  Curtis B. Krasik (*pro hac vice*)
  K&L GATES LLP
  K&L Gates Center
  210 Sixth Avenue
  Pittsburgh, PA 15222
  Phone: (412) 355-6500
  Fax: (412) 355-6501
  Email: jerry.mcdevitt@klgates.com
  Email: terry.budd@klgates.com
  Email: curtis.krasik@klgates.com

  Thomas D. Goldberg (ct04386)
  Jonathan B. Tropp (ct11295)
  Jeffrey P. Mueller (ct27870)
  DAY PITNEY LLP
  242 Trumbull Street
  Hartford, CT 06103
  Phone: (860) 275-0100
  Fax: (860) 275-0343
  Email: tgoldberg@daypitney.com
  Email: jbtropp@daypitney.com
  Email: jmueller@daypitney.com

  **Its Attorneys**

## CERTIFICATION

I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

       /s/ *Jeffrey P. Mueller*
       **Jeffrey P. Mueller (ct27870)**