**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHELLE JAMES, as mother and next friend of MATTHEW OSBORNE, a Minor Child and TEAGAN OSBORNE, a Minor Child<br><br>                Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                Defendant. | Case No.  3:15-CV-01305-VLB<br><br>September 11, 2015 |

# EXHIBIT 2C
# TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
# MOTION FOR SANCTIONS

| | |
|---|---|
| **From:** | McDevitt, Jerry |
| **Sent:** | Tuesday, August 11, 2015 2:11 PM |
| **To:** | Chris Gilreath; 'Konstantine Kyros'; <charles@cuneolaw.com> LaDuca; 'Erica Mirabella' |
| **Cc:** | william bloss (bbloss@koskoff.com); Robert K. Shelquist; Harris L. Pogust |
| **Subject:** | RE: RE: |

I am writing in light of the most recent decision of a federal judge enforcing the forum selection clauses in the contracts between WWE and the former talent which you represent. As I trust all of you know, Judge McCalla today issued a well - reasoned opinion rejecting all of the arguments which were presented in the Frazier case, which was wrongly filed in Tennessee . On July 14th, as is evident from the below email exchange, Mr. Gilreath indicated that you had to wait to see what happened in Tennessee before having further discussion about the forum selection clause in other cases. He made that remark in response to my request that you dismiss the Frazier and Osborne cases in light of the order of the federal court in the McCullough case transferring that case to Conn.
As you know, we are incurring costs drafting the reply brief in the Osborne case at this time , which of course addresses the very same arguments which have now  been rejected by multiple federal judges. Thus, I must again ask that you take a voluntary dismissal of the Osborne case and refile, if at all, in federal court in Connecticut or alternatively stipulate that the matter should be transferred to Conn pursuant to the forum selection clause. Five different federal judges in four different districts have now acted to enforce such clauses, and you have yet to present an argument that is not foreclosed by existing law or a shred of actual evidence in any of the matters.  Enough is enough.
 Additionally, if you in fact intend to pursue the Frazier case in Connecticut, we would appreciate your prompt advice as to whether you intend to amend it or stand on it so that we can proceed in orderly fashion. I think it is safe to assume at this point that the case will eventually be assigned to Judge Bryant, and that the Court will want an orderly schedule. Although you have indicated you intend to amend the McCullough case, you have not indicated when you intend to amend or what claims you intend to drop, which makes it impossible for us to brief the sufficiency of that suit.
 We would appreciate your prompt advise on all the above matters, and reserve all rights in the interim.

---

**From:** McDevitt, Jerry
**Sent:** Tuesday, July 14, 2015 11:52 AM
**To:** Chris Gilreath; 'Konstantine Kyros'; <charles@cuneolaw.com> LaDuca; 'Erica Mirabella'
**Subject:** RE: RE:

Chris,I would have thought that your co-counsel would have sent you the opinion, or alternatively that we would get a response from Mr. Kyros, who has presumably read the order and opinion. Either way, I have attached it for you to read. It is a short opinion, only 8 pages in length, and can be summarized easily. The Court has rejected the exact same arguments you presented in the Frazier case.
I do not agree that the state of the law is such that transfer is the appropriate vehicle instead of a dismissal without prejudice under Rule 41. There is not a thing in any case I have ever seen that suggests you cannot take a voluntary dismissal without prejudice in the wrong forum and refile in the forum agreed to by the parties should you and your co-counsel wish to pursue a case in the proper forum. Doing so would reduce the costs of everybody, and eliminate the delay caused by the incessant forum shopping strategy being employed here. Your response plainly indicates that you and your co-counsel hope to generate inconsistent results among the federal jurists who have had to deal with the blatant forum shopping that is ongoing, and been adjudicated by one federal jurist already. Frazier and Osborne are both members of the purported class in all three of the cases which three different federal judges have now ordered be transferred to Conn. Both signed forum selection clauses which were identical or nearly identical to the clauses at issue in the Lograsso case, which your co-counsel agreed should be transferred to Conn, and to the clauses at issue in the California case, which were litigated, upheld, and enforced by the Court.
I would urge all of you to reconsider your position and either dismiss the Frazier and Osborne cases per the above or consent to the transfer based on the forum selection clauses. In the meantime, we will advise the Texas Court that you

do not oppose the adjournment of a response date until the transfer motion is decided should that remain necessary. Needless to say, we reserve all rights regarding your continued refusal to honor the forum selection clauses, which in my view is now even more unreasonable than before.

---

**From:** Chris Gilreath [mailto:chrisgil@sidgilreath.com]
**Sent:** Tuesday, July 14, 2015 10:59 AM
**To:** McDevitt, Jerry; 'Konstantine Kyros'; <charles@cuneolaw.com> LaDuca; 'Erica Mirabella'
**Subject:** RE:

Jerry, I am out of town and have not been able to review the California decision as of yet.

Concerning the deadline to file an Answer, we have no objection to deferring the deadline to Answer until no more than 30 days after resolution of the transfer issue.

As you are aware, the state of the law is that transfer is the appropriate vehicle in the case of venue under 1404(a), not dismissal. We need to see what happens with the WDTN decision in Frazier before having additional discussion about the for selection clause issue in other cases.


R. Christopher Gilreath
Gilreath & Associates, PLLC
200 Jefferson Avenue, Suite 711
Memphis, TN 38103
(901) 527-0511


-------- Original message --------
From: "McDevitt, Jerry" <Jerry.McDevitt@klgates.com>
Date: 07/13/2015 3:19 PM (GMT-05:00)
To: 'Konstantine Kyros' <kon@kyroslaw.com>, "<charles@cuneolaw.com> LaDuca" <charles@cuneolaw.com>, Chris Gilreath <chrisgil@sidgilreath.com>, 'Erica Mirabella' <erica@mirabellallc.com>
Subject:

As I trust each of you know by now, the Federal Court in California today issued an order and opinion rejecting all your arguments which you have been making against the forum selection clauses in the contract between talent and WWE, and ordered that purported class action be transferred to Conn. immediately. This is now the third different federal court to order the transfer of your purported class actions to Conn. The other two outstanding claims of Frazier and Osborne both involve alleged members of the purported class, and both men signed forum selection clauses. To avoid further costs and expenses, we would ask that you dismiss the Frazier and Osborne suits without prejudice and if you choose to continue those cases to refile those cases in federal court in Conn.
 We are about to file a transfer motion in the Osborne matter so we would appreciate your prompt advise.




**Jerry S. McDevitt**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue

Pittsburgh, PA 15222
Phone: 412-355-8608
Cell: 412-708-9328
Fax: 412-355-6501
jerry.mcdevitt@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distr bution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jerry.McDevitt@klgates.com.