UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>    Defendant. | LEAD CONSOLIDATED CASE NO. 3:15-cv-01074-VLB<br><br><br><br><br><br><br><br>OCTOBER 16, 2015 |

### WORLD WRESTLING ENTERTAINMENT, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING THE APPLICABLE LAW <u>GOVERNING THE CLAIMS IN THE HAYNES ACTION</u>

Pursuant to the Court's order of October 2, 2015 (Doc. 78), World Wrestling Entertainment, Inc. ("WWE") respectfully submits this supplemental memorandum of law regarding the applicable law, including statutes of limitation, governing the claims in *William Albert Haynes III et al. v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-01156-VLB (the "Haynes Action").

### I. INTRODUCTION

By way of explanatory background to this supplemental memorandum, WWE filed various motions in response to the initial lawsuit filed by Billy Jack Haynes ("Haynes") while that lawsuit was still in Oregon federal court. WWE moved to dismiss on multiple grounds, including whether Haynes had established personal jurisdiction over WWE for each of his claims, which he was

1

required to do under Ninth Circuit law.[1]  *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1335 (D. Or. 2014).  WWE also moved to dismiss on the grounds that all of the claims were time-barred.  Alternatively, WWE moved to transfer venue, pointing out that many members of the putative class Haynes sought to represent had forum selection clauses requiring such claims to be asserted, if at all, in Connecticut.  Oregon provides repose ten years after the "act or omission complained of," whereas Connecticut prohibits tort suits three years after the "act or omission complained of."  Thus, the most favorable statutes of limitation/repose to Haynes regarding his claims, <u>if</u> personal jurisdiction over WWE was proper, were Oregon's limitation and repose statutes.  Even though Oregon law was most favorable to Haynes, those statutes operated to bar all of Haynes' claims by not later than 1998.

To avoid unnecessary argument, WWE's pending motion to dismiss Haynes' First Amended Complaint (Dkt. 64), was briefed utilizing Oregon's statutes of limitation and repose.  WWE's motion to dismiss demonstrated that all of Haynes' claims are time-barred under Oregon law, including its ten-year statute of ultimate repose, ORS 12.115.  In response, Haynes argued that all his claims were subject to the Oregon statute of limitation/repose applicable to medical malpractice claims, and not time barred under Oregon law (Dkt. 67).  In WWE's reply to Haynes' argument, WWE pointed out that Haynes had not pled any medical malpractice claims and that the limitation period for any such medical malpractice claim had expired in any event (Dkt. 70).

---

[1]  The jurisdictional arguments are set forth at pages 29-35 of WWE's Motion to Dismiss and Supporting Memorandum of Law (Dkt. 64).

2

In her June 25, 2015 transfer order (Haynes Dkt. 59), the Honorable Janice M. Stewart did not rule on any of WWE's substantive grounds for dismissal or on the issue of whether Haynes had demonstrated personal jurisdiction over WWE for each of his claims.  Instead, the court specifically noted that "the parties dispute whether this court has personal jurisdiction over the WWE" and then went on to rule that the case should be transferred to this Court because "[w]here 'personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal,' the United States Supreme Court expressly authorizes trial courts to take 'the less burdensome course' and decide the *forum non conveniens* issue before any merits-based issues."  Haynes Dkt. 59 at 3.  Judge Stewart further noted that Haynes' choice of forum was entitled to little weight since he purported to represent a nationwide class and that transfer was the more appropriate course in light of her finding that Konstantine Kyros, Haynes' lead counsel, had engaged in forum shopping using a "hit list" of venues.  In ordering transfer of Haynes' purported class action, the Oregon court noted the presence of forum selection clauses in many of the contracts of members of the putative class.  The Oregon court expressly indicated that all substantive rulings on WWE's dismissal motion were left for decision by this Court.

Ordinarily, when a case is transferred pursuant to 28 U.S.C. § 1404(a), as was done here, "the transferee court generally adheres to the choice of law rules of the transferor court."  *Sissel v. Rehwaldt*, 519 Fed. Appx. 13, 17 (2d Cir. 2013) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)).  There are two reasons,

3

however, why that rule should not and does not apply here.  First, there is "an exception to the *Van Dusen* rule when the transferor court lacks personal jurisdiction over defendants.  In such cases, the transferee court's choice-of-law principles govern."  *Sissel*, 519 Fed. Appx. at 17; *see also Garena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010) ("[W]hen a case is transferred under 28 U.S.C. § 1404(a), the law of the transferor state is to be applied so long as the transferor state could properly have exercised jurisdiction.").  The second exception was established by the Supreme Court in *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 134 S. Ct. 568 (2013).  In that decision, the Supreme Court altered the *Van Dusen* rule and held that the law of the agreed forum is to apply when a case is transferred due to a forum selection clause.  Thus, Connecticut law will apply to the claims of anybody who signed a contract with WWE containing a forum selection clause.  All of the other cases that have been transferred to this Court to remedy Kyros' adjudicated forum shopping have involved former performers who are subject to forum selection clauses.  The *LoGrasso/Singleton* case was the first such case to be transferred.  The briefing on WWE's motion to dismiss the *LoGrasso/Singleton* second amended complaint is complete and it is not disputed that Connecticut law supplies both the substantive law and the operative limitations/repose.

      This Court must now consider if Oregon or Connecticut law applies to the *Haynes* claims after the transfer in light of the foregoing principles.  If this Court were to conclude that WWE was subject to personal jurisdiction in Oregon, the Court would then apply Oregon choice-of law rules.  "Under Oregon law, the

statute of limitations is provided by the state which supplies the substantive law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999). "Oregon courts follow the Restatement (Second) of Conflicts of Laws § 145 approach to determining the appropriate substantive law." *Id.* at 662. For the reasons described in detail below, Connecticut substantive law and, therefore, Connecticut statutes of limitation govern Haynes' claims pursuant to the factors set forth in Restatement (Second) of Conflict of Laws § 145.

If, however, jurisdiction over WWE was not proper in Oregon, the Court would then apply Connecticut choice-of-law rules. "Under Connecticut law, statutes of limitations are considered procedural and thus Connecticut's own statutes of limitations will usually govern claims asserted in federal diversity cases in Connecticut" when the underlying causes of action existed at common law. *Slekis v. Nat'l R.R. Passenger Corp.*, 56 F. Supp. 2d 202, 204 (D. Conn. 1999); *see also Baxter v. Sturm, Ruger & Co.*, 230 Conn. 335, 339-40 (1994); *Bilodeau v. Vlack*, No. 07-CV-1178(JCH), 2009 WL 1505571, at *3 (D. Conn. May 20, 2009); *Stuart & Sons, L.P. v. Curtis Pub. Co., Inc.*, 456 F. Supp. 2d 336, 343 (D. Conn. 2006). Because all of the claims in the Haynes Action existed at common law, Connecticut statutes of limitation govern such claims in this Court under Connecticut choice-of-law rules if the Oregon court lacked personal jurisdiction over WWE.

Accordingly, Connecticut statutes of limitation and repose govern Haynes' claims under either Oregon or Connecticut choice-of-law rules, allowing the Court to apply the same limitation/repose to all claims in these consolidated actions.

As for the applicable substantive law, both Oregon and Connecticut choice-of-law rules follow the factors set forth in Restatement (Second) of Conflicts § 145.  As noted, those factors dictate the application of Connecticut substantive law.  In fact, counsel for the various claimants now before this Court did not dispute that Connecticut law applied to the substance of the claims when responding to the motions to dismiss filed by WWE in *Singleton/LoGrasso*.  Thus, there does not appear to be any dispute that Connecticut substantive law applies after transfer.

## II.     ARGUMENT

### A.  Haynes' Claims Are Governed By Connecticut Statutes of Limitation/Repose

Under either Oregon or Connecticut choice-of-law rules, Connecticut statutes of limitation/repose govern Haynes' claims.  This is significant because WWE's motion to dismiss filed in the District of Oregon demonstrated, among other things, that all of Haynes' claims are time-barred by Oregon's statute of ultimate repose, ORS 12.115, which bars any action brought <u>more than ten years</u> "from the date of the act or omission complained of."  Because Haynes' claims are time-barred under Oregon's ten-year statute of repose and no tolling doctrines apply, the claims necessarily are time-barred under Connecticut's even stricter statutes of limitation which explicitly bar all tort actions brought <u>more than three years</u> from the date of "the act or omission complained of."  *See* C.G.S. § 52-577; C.G.S. § 52-584.

As noted at the outset, when a case is transferred pursuant to 28 U.S.C. § 1404(a) except to enforce a forum-selection clause,[2] "the transferee court generally adheres to the choice of law rules of the transferor court." *Sissel*, 519 Fed. Appx. at 17 (citing *Van Dusen*, 376 U.S. at 639). "There is, however, an exception to the *Van Dusen* rule when the transferor court lacks personal jurisdiction over defendants. In such cases, the transferee court's choice-of-law principles govern." *Sissel*, 519 Fed. Appx. at 17; *see also Garena*, 617 F.3d at 204 ("[W]hen a case is transferred under 28 U.S.C. § 1404(a), the law of the transferor state is to be applied so long as the transferor state could properly have exercised jurisdiction."). Because Magistrate Judge Stewart transferred the Haynes Action to this Court without addressing WWE's motion to dismiss for lack of personal jurisdiction, it remains an unresolved issue whether the District of Oregon lacked personal jurisdiction over WWE for purposes of the *Van Dusen* rule.

If the Court were to conclude that WWE was subject to personal jurisdiction in Oregon, this Court would then apply Oregon choice-of law rules. *See Sissel*, 519 Fed. Appx. at 17; *Garena*, 617 F.3d at 204. "Under Oregon law, the statute of limitation is provided by the state which supplies the substantive law." *389 Orange Street Partners*, 179 F.3d at 661. Thus, a court in Oregon must first determine which state's substantive law applies to the claims at issue and then

---

[2] If the transfer is based on enforcement of a forum-selection clause, the transferee court (i.e., the contractually-selected forum) applies its own choice-of-law rules. *See Atl. Marine,* 134 S. Ct. at 582 ("[W]hen a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules.").

apply that state's statutes of limitation to those claims.  *See Fields v. Legacy Health Sys.,* 413 F.3d 943, 951 (9th Cir. 2005); *389 Orange Street Partners*, 179 F.3d at 661-62.  Oregon follows the Restatement (Second) of Conflict of Laws § 145 to determine which state's substantive law applies to a plaintiff's tort claims.  *See 389 Orange Street Partners*, 179 F.3d at 662.  "Under the Restatement, a court should consider the following contacts in determining which state has 'the most significant relationship' to the case:  (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered."  *Fields*, 413 F.3d at 952 (citing Restatement (Second) Conflict of Laws § 145 (1971)).

In determining the applicable substantive law under the Restatement, the Ninth Circuit's decision in *389 Orange Street Partners* is particularly instructive.  In that case, the court (reviewing a summary judgment order issued by the District of Oregon) applied Oregon choice-of-law rules and ruled that Connecticut's statutes of limitation would apply to the tort claims asserted by the defendant-cross claimant because Connecticut substantive law governed those claims under the Restatement approach.  *Id.* at 662.  The court then concluded that the defendant-cross claimant's claims were barred by Connecticut's negligence and general tort statutes of limitation (§ 52-577 and § 52-584) and that defendant-cross claimant failed to establish fraudulent concealment to toll the statutes of limitation under Connecticut law.  *Id.* at 662-64.

Specifically, professional and former-University of Connecticut basketball player, Clifford Robinson (then playing for the Portland Trail Blazers), asserted claims for, *inter alia*, negligence, fraud and breach of fiduciary duty against his former-agent and alleged co-conspirators arising out of various loans to which he was obligated in connection with the construction of a house in Connecticut. *Id.* at 660-61. Applying the factors under the Restatement § 145, the Ninth Circuit pertinently found:

> the alleged tortious conduct occurred in Connecticut. Most of the Appellees [cross-claim defendants] are residents of Connecticut. The relationship between Robinson and Appellees [cross-claim defendants] is centered at the house in Connecticut. [Cross-claim defendant] OSP is a Connecticut partnership. The only factor favoring Oregon substantive law is Robinson's residence in Oregon.

*Id.* at 662. As a result, the court held that "[t]he Restatement factors militate in favor of applying Connecticut substantive law and, therefore, the Connecticut statutes of limitation." *Id.*

Here, if this Court were to determine that Oregon did have personal jurisdiction over WWE for each of Haynes' claims, those same factors militate in favor of applying Connecticut substantive law and Connecticut statutes of limitation and repose. Connecticut statutes of limitation similarly apply to Haynes' claims because they are governed by Connecticut substantive law under the Restatement.

*First*, the place where the injury occurred is neutral because Haynes does not allege where he was supposedly injured, and the alleged injuries may have

occurred in different states; however, it is clear that there is no allegation of injury in Oregon.

*Second*, the place where the conduct causing the injury occurred favors Connecticut because Haynes claims that he was harmed by alleged but otherwise unspecified omissions by WWE emanating from WWE's corporate headquarters in Connecticut based on alleged corporate decisions or policies made by WWE executives working in WWE's corporate headquarters in Connecticut. Conversely, there is no allegation that WWE did anything to injure Haynes in Oregon. Indeed, WWE has only minimally injected itself, if at all, in Oregon and in no way relating to the claims at issue.

*Third*, the residence/place of incorporation/place of business of the parties again favors Connecticut. While Haynes alone resides in Oregon, WWE's principal place of business is in Connecticut and all of the WWE personnel specifically identified in Haynes' complaint, including, in particular, the "small group of related executives" whom Haynes alleges control WWE (*see* Haynes Action, Dkt. 43 at ¶ 18) all reside and work in Connecticut.

*Fourth*, the place where the relationship between the parties is centered once more favors Connecticut. Professional wrestlers come from various states and countries, but the one constant is Connecticut, which is the headquarters and nerve center of WWE. All talent, including Haynes, deal extensively with WWE personnel situated in Connecticut. Moreover, this Court has previously found that Connecticut has "a significant interest" in protecting defendant domiciliaries from stale claims. *See Stephens v. Norwalk Hosp.,* 162 F. Supp. 2d

36, 44 (D. Conn. 2001) (emphasis added).  Indeed, in determining that Connecticut (not New York) statutes of limitation should apply to a wrongful death claim against Connecticut defendants by a New York resident who died in New York, Judge Arterton noted three separate times in her opinion that (1) "Connecticut has a <u>strong interest</u> in . . . protecting its courts and defendants within its borders from stale claims;" (2) "as far as application of statute of limitations and tolling provisions to this action is concerned, Connecticut has a <u>more significant interest</u> than does New York in this case," and (3) "the purpose of the statute of limitations and tolling provisions at issue here is to protect defendants from stale claims, and Connecticut has a <u>significantly greater interest</u> in application of that rule to defendant domiciliaries."  *Id.* at 43-44 (emphasis added).

As in *389 Orange Street Partners*, the only factor favoring Oregon's substantive law is the plaintiff's residence in Oregon.  That sole factor was insufficient to overcome the significant relationship to Connecticut in that case and likewise should be insufficient here.  Plaintiff's residence in Oregon is even less meaningful in this case than it was in *389 Orange Street Partners*.  As Magistrate Judge Stewart found in her transfer order, Plaintiff's residence and choice of forum in Oregon was entitled to little deference because Plaintiff sought to represent a nationwide class action.  *See* Haynes Dkt. 59 at 6-7.  Accordingly, if Oregon did have jurisdiction the Restatement factors strongly weigh in favor of the application of Connecticut substantive law to Haynes' claims and consequently Connecticut's statutes of limitation correspondingly apply.

Meanwhile, if WWE was not properly subject to jurisdiction in Oregon, the Court applies Connecticut choice-of-law rules.  *See Sissel*, 519 Fed. Appx. at 17; *Garena*, 617 F.3d at 204.  "Under Connecticut law, statutes of limitations are considered procedural and thus Connecticut's own statutes of limitations will usually govern claims asserted in federal diversity cases in Connecticut" when the underlying causes of action existed at common law.  *Slekis*, 56 F. Supp. 2d at 204; *see also Baxter*, 230 Conn. at 340 (holding "the limitation period established by the lex fori governs" except where cause of action did not exist at common law); *Bilodeau*, 2009 WL 1505571, at *3 ("Under Connecticut's choice of law rules, if the underlying claim existed at common law, the statute of limitations is considered procedural" and Connecticut statues of limitation govern); *Stuart & Sons, L.P.,* 456 F. Supp. 2d at 343 (same).  All of the claims asserted in the Haynes Action — sounding in fraud, negligence, and strict liability (a claim Kyros and his associates have abandoned in all subsequent complaints) — existed at common law.  *See* Haynes Dkt. 43.[3]  As such, Connecticut statutes of limitation govern those claims in this Court under Connecticut choice-of-law rules.  Since Oregon's ten year repose statute barred all of Haynes' claims, Connecticut's shorter three year period clearly does so.  Additionally, there is no basis to toll the limitations period on Haynes' claims under Connecticut law.  For the reasons described at length in WWE's motion to dismiss the claims of Singleton and LoGrasso, which are incorporated herein by reference, the conclusory allegations of tolling in Haynes' complaint are even more deficient than those of LoGrasso

---

[3] Medical monitoring (Count Six) is not an independent cause of action under Oregon or Connecticut law.

and fail to allege any act by WWE to toll the limitations period prior to its expiration in, at the latest, 1991 — over twenty years before this suit was filed.

B.      Haynes' Claims Are Governed By Connecticut Substantive Law

With regard to the applicable substantive law, both Oregon and Connecticut choice-of-law rules follow the factors set forth in Restatement (Second) of Conflicts § 145.  *See Stephens*, 162 F. Supp. 2d at 42-43 (applying Restatement factors to choice-of-law analysis for wrongful death claim); *see also Jaiguay v. Vasquez*, 287 Conn. 323, 348-50 (2008) (noting adoption of most significant relationship test of Restatement in tort actions).  For the same reasons discussed in detail above, those factors dictate the application of Connecticut substantive law to Haynes' claims.  Indeed, the five law firms representing Haynes who also represent the Singleton/LoGrasso plaintiffs did not dispute that Connecticut law applied to the substance of the claims when responding to the motions to dismiss filed by WWE in Singleton/LoGrasso.  Thus, there does not appear to be any dispute that Connecticut substantive law applies after transfer.

Accordingly, the substantive grounds for dismissal under Connecticut law set forth in WWE's motion to dismiss Singleton/LoGrasso's claims equally apply to Haynes' claims and serve as additional reasons why Haynes' claims are subject to dismissal.  Specifically, all of Haynes' negligence claims are subject to dismissal under the rule of *Jaworski v. Kiernan*, 241 Conn. 399, 696 A.2d 332 (Conn. 1997) and its progeny; all as discussed at length in WWE's Brief in Support of Motion to Dismiss the Second Amended Complaint in *Singleton/LoGrasso*.  Haynes' attempted fraud/misrepresentation claims should

also be subject to the even more exacting requirements of the Second Circuit set forth in the briefing in *Singleton/LoGrasso*, which treat "knew or should have known" allegations as inadequate, and which also require pleading of a motive to commit fraud. In the interest of brevity WWE simply incorporates all of those arguments as set forth in full in the *Singleton/LoGrasso* brief as additional grounds for the dismissal of Haynes' lawsuit should the Court agree that the substantive law of Connecticut applies.

### III. CONCLUSION

For all of the foregoing reasons, the claims in the Haynes Action are governed by Connecticut statutes of limitation/repose and Connecticut substantive law. Those laws provide additional and even stronger reasons for dismissal, since Connecticut has a "significantly greater interest" in protecting a domiciled defendant from decades-old claims than does Oregon.

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,**

By: /s/ Jerry S. McDevitt
Jerry S. McDevitt (pro hac vice)
Terry Budd (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: terry.budd@klgates.com
Email: curtis.krasik@klgates.com

Thomas D. Goldberg (ct04386)
Jonathan B. Tropp (ct11295)

        **Jeffrey P. Mueller (ct27870)**
        **DAY PITNEY LLP**
        **242 Trumbull Street**
        **Hartford, CT 06103**
        **Phone: (860) 275-0100**
        **Fax: (860) 275-0343**
        **Email: tgoldberg@daypitney.com**
        **Email: jbtropp@daypitney.com**
        **Email: jmueller@daypitney.com**

        **Its Attorneys.**

## CERTIFICATION

    I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

         _/s/ Jeffrey P. Mueller_____