# EXHIBIT 20

| From: | McDevitt, Jerry |
|---|---|
| Sent: | Friday, January 23, 2015 4:41 PM |
| To: | Charles LaDuca; Shelquist, Robert K.; jross@stollberne.com |
| Cc: | Casey, John; Krasik, Curtis B.; Konstantine Kyros; 'Harris L. Pogust'; Ben Elga |
| Subject: | RE: WWE class action |

Gentlemen,

This will respond to your email, and serve as notice on several points.

First, we will agree to accept service of the second suit filed in the EDPA on behalf of Misters Singleton and LoGrasso provided you agree that we will have 60 days from when service is accepted to respond to the second suit.

Second, I will not respond to whether we will accept service for suits not filed and will deal with that event when and if it happens.

Third, I assume you all know that Misters Singleton and Lograsso are parties to a written contract with WWE and that you obtained copies of those contracts as part of the reasonable diligence required of you before filing suit. The suit you have filed on behalf of those two men breaches several provisions of their contracts, including, but not limited to, forum selection clauses by which your clients agreed to submit any and all disputes arising out of or relating in any way to their agreements with WWE exclusively to the United States District Court of Connecticut. Indeed, that clause has been in talent contracts for a very long time and would be in the contracts of most of the purported class you seek to represent. Now that you are unquestionably on notice of this contract provision, I would appreciate your advice as to the justification for suit in the EDPA.

Lastly, we have previously advised of our concerns about some of the reckless and false allegations made in the Haynes suit, which all of you except for Mr. Poqust were involved with. I note that many of those, but not all, have been removed from the second suit, further evidencing the lack of any basis under Rule 11 for those allegations. The pattern of reckless allegations, however, has continued into this second suit and has now gone beyond pleadings and any immunity associated with the contents of pleadings in federal court.  In that regard, your complaint alleges that WWE "discouraged (Singleton) from seeking additional, appropriate medical help, for example, from a neurologist". See Para 123. In the next paragraph, you allege that he suffered a head injury in a match with Eric Rowen and that the WWE cleared him to continue wrestling after inadequate rest time and downplayed his injury."

 All of these statements are categorically false, and recklessly so. To be sure, you may have immunity for false statements like this in a pleading, but you do not when you make such false statements in public forums, as was done by Mr. Deluca yesterday on NPR. Yesterday, he stated "The WWE discouraged them from seeking additional appropriate medical help, for example seeing a neurologist".  For the lawyer represented Mr. Singleton to make such a statement shows a reckless and malicious disregard for the truth.  Mr. Singleton claims to have suffered his injury on Sept 27, 2012. Far from rushing him back into the ring, or discouraging him from seeing a neurologist, he was thereafter seen by at least eight different specialists, including two different neurologists, through Sept 28, 2014, when he decided to discontinue his treatment. The original neurologist, Dr. Greenberg, had a Functional MRI using Traumatic Brain Injury protocols done on him in late Nov 2012. Thereafter, he was seen not only by a second neurologist, but also other specialists, including a neuropsychologist, two psychiatrists, a specialist in concussions and was under the treatment of a Dr. in Florida when he discontinued further treatment.

 These facts, all of which are known to your client and easily ascertained by reasonable diligence on your part, prove the utter falsity and malice of your statements, both in the pleadings and to NPR. Consider this a demand that you issue a public retraction circulated as broadly as the defamatory statements made to NPR, and we will leave it to your good judgment as to whether your pleadings should stand in light of this information.

We will await your response to the matters contained herein.

---

**From:** Charles LaDuca [mailto:charles@cuneolaw.com]
**Sent:** Thursday, January 22, 2015 4:41 PM

**To:** McDevitt, Jerry; Shelquist, Robert K.; jross@stollberne.com
**Cc:** Casey, John; Krasik, Curtis B.; Konstantine Kyros; 'Harris L. Pogust'; Ben Elga
**Subject:** RE: WWE class action

Jerry, John and Curtis,

As you know, we have filed a new case in the EDPA. Are you authorized to accept service of this Complaint? In addition, are you authorized to accept service for additional related WWE complaints?

Thank you.
Charles

Charles J. LaDuca, Esq.
Cuneo Gilbert & LaDuca, LLP
8120 Woodmont Avenue
Suite 810
Bethesda, Maryland 20814
Tel:  202-789-3960
Fax:  202-789-1813
www.cuneolaw.com


The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

Begin forwarded message:

> **From:** Charles LaDuca <charles@cuneolaw.com>
> **Date:** February 26, 2015 at 4:37:57 PM EST
> **To:** 'Jerry McDevitt' <jrrymcdv@aol.com>
> **Cc:** "Harris L. Pogust" <hpogust@pbmattorneys.com>, "Robert K. Shelquist" <rkshelquist@locklaw.com>, Konstantine Kyros <kon@kyroslaw.com>, Erica Mirabella <erica@mirabellallc.com>, Ben Elga <belga@cuneolaw.com>
> **Subject: RE: Improper venue of Singleton v WWE.**
>
> We do not agree with any of your emails. Or, that the contract applies for either of our clients. However, we will not oppose a 1404(a) transfer for Lograsso and Singleton. Our clients do not waive any rights to challenge the applicability of any alleged contract.
>
> Charles J. LaDuca, Esq.
> Cuneo Gilbert & LaDuca, LLP
> 8120 Woodmont Avenue
> Suite 810
> Bethesda, Maryland 20814
> Tel:  202-789-3960
> Fax:  202-789-1813
> www.cuneolaw.com
>
>
> -----Original Message-----
> From: Jerry McDevitt [mailto:jrrymcdv@aol.com]
> Sent: Thursday, February 26, 2015 4:22 PM
> To: Charles LaDuca
> Cc: Harris L. Pogust; Robert K. Shelquist; Konstantine Kyros; Erica Mirabella; Ben Elga
> Subject: Re: Improper venue of Singleton v WWE.
>
> Its now well past this morning and well past " within the hour", both of which were your promised response time. This is not rocket science. Are you going to honor the contract of lograsso also or not?
>
> Sent from my iPad

1

On Feb 26, 2015, at 2:58 PM, Charles LaDuca <charles@cuneolaw.com> wrote:

We will get back to you within the hour.

Charles J. LaDuca, Esq.

Cuneo Gilbert & LaDuca, LLP

8120 Woodmont Avenue

Suite 810

Bethesda, Maryland 20814

Tel:  202-789-3960

Fax:  202-789-1813

www.cuneolaw.com


-----Original Message-----

From: Jerry McDevitt [mailto:jrrymcdv@aol.com]

Sent: Thursday, February 26, 2015 9:30 AM

To: Charles LaDuca

Cc: Harris L. Pogust; Robert K. Shelquist; Konstantine Kyros; Erica

Mirabella; Ben Elga

Subject: Re: Improper venue of Singleton v WWE.


Have you reconsidered your position whether you will now also agree to the transfer of the claims of Mr. Lograsso to Connecticut?

Yesterday, you contended that he did not have to honor his contractual agreement because, according to you, he wrestled " for many years of his career " without a contract. This echoes an allegation made in the Complaint that he supposedly wrestled with the WWE " from 1991 to 1998" and from 2005 to 2007.

To the extent you are alleging that he worked consecutively for WWE for 7 years without a contract, that is categorically false. In the 90's , he was a jobber, which is akin to casual and occasional labor. We checked yesterday and it appears he worked 4 times in 1991 and was paid $650, 6 times in 1992 for $900, 3 times in 1993 for $675, and one time in 1997 for $200.

None of this, of course, has anything to do with whether the claims he is making arise out of or relate to the performances he rendered pursuant to the formal contract he later signed with WWE. That contract had a mandatory forum selection clause, and it should be honored without further delay or cost to enforce it.  Please advise as to your position so we know whether motion practice will be necessary.

Sent from my iPad

> On Feb 25, 2015, at 10:05 AM, Charles LaDuca
> <charles@cuneolaw.com> wrote:
>
> Thank you for your courtesies regarding Mr. Singleton. Our
> position on Mr. Singleton was a compromise offer. In fact, we
> believe his permanent physical and mental disabilities would fit
> squarely within the extraordinary circumstances allowed by the
> Sup Ct.
>
> Regardless, we will of course honor your request and reconsider
> our position, and get back to you asap. Please note, a lot of folks
> on my side are traveling from the AAJ meeting in California. I
> might need until first thing tomorrow morning.
>
> Charles J. LaDuca, Esquire
>
> Cuneo Gilbert & LaDuca, LLP
>
> 8120 Woodmont Avenue
>
> Suite 810
>
> Bethesda, Maryland 20814
>
> Telephone: 202 789 3960
>
> www.cuneolaw.com
>
> > On Feb 25, 2015, at 9:50 AM, Jerry McDevitt
> > <jrrymcdv@aol.com> wrote:
> >
> > Although it is certainly premature to be
> > discussing whether this case will get into the
> > discovery phase, or where Mr. Singleton's
> > deposition should take place, we would certainly
> > agree to take his deposition in his hometown if he is
> > unable to travel and would be willing to discuss
> > doing it there even if he is able to travel.
> >
> > I would urge you to reconsider your position re Mr.
> > Lograsso to avoid further additional expenses
> > associated with his breach of the forum selection
> > clause. The fact he performed episodically as a
> > jobber prior to signing the contract with the forum
> > selection clause has no bearing on whether he has

3

agreed to that provision and is obligated to honor it. Indeed, it is the exact same provision which you now recognize obligates you to litigate Mr. Singleton's claims in federal court in Connecticut.

Moreover, it makes exactly no sense to split a purported class action into two different venues and ,as I have previously advised , the forum selection clause is in the contracts of most of the class you seek to represent.

I do not believe your reasons for not honoring that clause in Mr. Lograsso's case is the requisite extraordinary circumstances required by the Supreme Court to avoid complying with his contractual commitment, and would urge you to reconsider your position.


Sent from my iPad

> On Feb 24, 2015, at 8:28 PM,
> Charles LaDuca
> <charles@cuneolaw.com> wrote:
>
> If you will agree to take
>
> Mr. Singleton's deposition in his hometown, if he is mentally and
>
> physically unable to travel at that time--then will agree to transfer Mr. Singleton to Conn.
>
>
> We will resist transfer as to
>
> Mr. Lograsso as he wrestled without any contract for many years of his career.
>
>
> Charles J. LaDuca, Esquire
>
> Cuneo Gilbert & LaDuca, LLP
>
> 8120 Woodmont Avenue
>
> Suite 810
>
> Bethesda, Maryland 20814
>
> Telephone: 202 789 3960
>
> www.cuneolaw.com

4

On Feb 23, 2015, at
9:56 AM, Jerry
McDevitt
<jrrymcdv@aol.com>
wrote:

On Jan. 23, 2015, I
advised you that
Misters Singleton and
Lograsso were parties
to written contracts by
which they agreed to
a forum selection
clause requiring this
litigation to be filed
and conducted in
federal court in
Connecticut. I asked
for your advise as to
the justification for
bringing suit in the
Eastern District of
Pennsylvania in light
of their agreement to
litigate exclusively in
Connecticut.

Since providing this
notice, none of you
have responded or
offered a justification
for breaching the
contract and filing
suit in the EDPa. I
must assume that you
have verified the
contents of your
client's contracts
following my notice,
and would assume
you did so as part of
the requisite diligence
before filing suit.

In any event, in light
of your silence, this is
to advise that each of
your clients agreed to
a mandatory forum
selection clause,

5

which provides as follows:

"The parties agree to submit any and all disputes arising out of

or relating in any way to this Agreement exclusively to the

jurisdiction of the United States District

Court of Connecticut. The provision to

submit all claims, disputes or matters

in question to the federal court in the State

of Connecticut shall be specifically

enforceable; and each party, hereby waiving

personal service of process and venue,

consents to jurisdiction in Connecticut

for purposes of any other party seeking

or securing any legal and/or equitable relief"

As we trust you know, the United States Supreme Court has ruled that mandatory forum selection clauses are to be given controlling weight in all but the most exceptional cases. Additionally, as the party defying the

6

clause, you bear the "heavy burden" of demonstrating exceptional circumstances, none of which are present here.

Thus, as we see it, we can proceed in one of two ways. First, you can take a voluntary dismissal without prejudice under Rule 41 and refile your suit in federal court in Connecticut. Alternatively, we can move to transfer the case to the federal court in Connecticut and indicate your concurrence to the Judge. There is no substantive difference between the two methods to honor the forum selection clause, as the Supreme Court has made clear that the law of the state agreed to be the exclusive forum is to provide the choice of law rules when transfer is done to effectuate a forum selection clause.

Thus, we would appreciate your advise by the close of business on Tuesday, Feb 24th as to how you wish to proceed.


Sent from my iPad


7

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

8

**From:** McDevitt, Jerry
**Sent:** Thursday, April 30, 2015 1:10 PM
**To:** Konstantine Kyros; william bloss (bbloss@koskoff.com); Charles LaDuca; Rob Shelquist
**Subject:** your email of April 28th re Singleton case

This will respond to your email of April 28th, wherein you advised that you do intend to amend the complaint in the Connecticut case, and suggest that we agree you will have until June 15th to do so, with some corresponding jointly revised Rule 26 schedule.

As you know, I originally raised the issues regarding the factual falsity of certain paragraphs in the complaint regarding Mr. Singleton by a detailed email on Jan 23 of this year, over three months ago. Since then , I repeatedly have asked whether you intended to stand on the false allegations in paragraphs 123 and 124 or amend those allegations in light of the information I had provided to you, all of which was easily verified by Mr. Singleton. I am quite sure that you have had ample time to decide whether you wish to stand on those allegations or withdraw those allegations, and that it does not take until June 15th for you to do so.

I also do not know how the Court would react to a plan that provides you with such an extended time to amend the Complaint. The Court did enter an order which obligates us to move on May 7th, and we have incurred substantial costs preparing to do so in light of the fact we received no response to my repeated inquiries as to whether you intended to amend. I might add this is now the second time that has happened, as the same pattern occurred in Oregon.

 Thus, if you wish to amend, I would propose that it be done within 10 days. As to the revised schedule, I suggest we do the same thing as was done in Oregon in doc 38 in that case, i.e. jointly move the Court for an order adjourning the Rule 26 conference requirements until the Court rules on any motion to dismiss, if we file one, or obligating the parties to do so within a certain period of time, such as 14 days, if we file an answer to the amended complaint. Since we have no idea as to the contents of your amended complaint, we would want at least 30 days to respond to it.

Let me know if these concepts and timetables are acceptable, and if so we will prepare a joint motion to circulate. Obviously, with the current deadline being May 7th, time is of the essence.

Finally, although your email answered one of my outstanding questions by stating you do intend to amend, you still have not responded to the simple question regarding your role in the California class action filed after you agreed to the transfer of the singleton purported class action to Conn. As I am sure you recognize, we all have duties of candor to the courts, and your involvement in that case is an important fact we wish to bring to that Courts attention when we move to transfer. For that reason, we have repeatedly asked you to confirm or deny your involvement so that the duty of candor can be discharged. You are free, of course, to tell that court whatever you like about your prior agreement to transfer this case, as you did yesterday to the Court in Tennessee. Thus, please provide a direct response to that question .



**Jerry S. McDevitt**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412-355-8608
Cell: 412-708-9328
Fax: 412-355-6501
jerry.mcdevitt@klgates.com
www.klgates.com

| | |
|---|---|
| From: | McDevitt, Jerry |
| Sent: | Thursday, May 28, 2015 12:19 PM |
| To: | Konstantine Kyros; Erica Mirabella; Shelquist, Robert K.; <charles@cuneolaw.com> LaDuca; william bloss (bbloss@koskoff.com) |
| Subject: | The Amended complaint in Lograsso |

I am writing regarding the events of last week and about certain issues arising from those events. As all of you no doubt know, Mr. Lograsso last Thursday published yet another improper solicitation to former performers to join into his class action case, with the continuing theme that there was money to be made by doing so. He even listed the phone number of Mr. Kyros in his solicitation. The next day, however, all the class action allegations in his lawsuit were abandoned by the filing of an amended complaint. As has now become a familiar pattern, that amended complaint also abandoned some categorically false allegations that were made originally and replaced those allegations with equally false allegations. We do not intend to have our client's rights adjudicated amidst such false and reckless allegations, and we solicit your response to the following matters before the scheduled conference with the court on June 8th.

First, in light of your withdrawal of the class allegations in the Conn case, please advise if you intend to withdraw the class allegations in the Haynes case in Oregon and the McCullough case in California. Spare me the pretext of pretending Mr. Kyros is not behind the California case filing, as we know better. If the class allegations are not going to be withdrawn in the other actions, why were they withdrawn in the matter before the Connecticut court? It appears to us that this is another calculated step to circumvent the jurisdiction of the Connecticut Court after agreeing it was an appropriate forum.

Second, we note that you have finally withdrawn the false allegations in the original complaint regarding Mr. Singleton that you were notified about months ago. Those false allegations were that WWE discouraged him from seeing a neurologist and cleared him to wrestle after inadequate rest time, when in fact as he well knew he never performed again after his match with Eric Rowen and was seen by a parade of specialists, including neurologists. Now, however, Mr. Singleton falsely claims that ten months after that match he was diagnosed as having an intracranial hemorrhage. That is as untrue as the now withdrawn statements. Mr. Singleton was sent to the University Diagnostic Institute Center for Advanced Medical Diagnosis on Nov 29, 2012. Thereafter, the neuroradiologist reported, and I quote, "Functional and structural MRI examinations of the brain are otherwise within normal limits with no evidence of intracranial hemorrhage or microhemorrhage and no abnormalities of diffusion on DTI sequences". We realize that Mr. Singleton has evidently told subsequent people, including at least one subsequent Dr., that he was diagnosed with a brain hemorrhage. Repeating a lie does not make it true. Please advise whether you intend to withdraw this latest false allegation about Mr. Singleton and his treatment.

Third, your use of footnotes in a complaint is contrary to rules of pleading. Moreover, your use of footnotes does not allege facts, but rather are used improperly to avoid making necessary allegations. In footnote 1 for example, WWE is defined to include all predecessor companies, which you define to include World Championship Wrestling, Inc. and Extreme Championship Wrestling. Neither of those two companies are predecessor companies to WWE, and during their existence were owned and operated by other persons and entities, including Turner Broadcasting in the case of WCW. WWE did not purchase WCW in 2001, as you falsely allege in conclusory fashion in para 15.
 Mr. Lograsso performed for both of those entities. Thus, by defining WWE as you did, it is impossible to ascertain whether the subsequent allegations involving Mr. Lograsso involve things that occurred while he was performing for completely different entities. Please advise how you intend to correct this issue.

Lastly, paragraphs 63-72 are a deliberate attempt to distort facts and the chronology of events, and particularly disturbing because all of you, except for Mr. Bloss, were on the conference about the similar allegations made in the original Complaint in Haynes, where you falsely accused WWE of never requesting Benoit's records from the

1

researchers. You were told then that there was a written trail of requests to see the chain of custody records which would establish that the tissue on the relevant slides was in fact that of Chris Benoit. Thereafter, you withdrew those false allegations in Oregon.

That false allegation has now been replaced by an entirely concocted fabrication starting with the allegations in para 63, which have to do with Dr. Omalu's studies about two Pittsburgh Steelers. The very next paragraph alleges that, like the NFL, "WWE attempted to discredit these studies". The ensuing paragraph then recites Dr. Maroon's statements about Terry Long. Dr. Maroon had no association with WWE whatsoever at that time, nor did WWE ever say one syllable about the findings regarding Webster or Long and would have had no reason to do so. The next paragraph tries to distort the timeline by opening with "WWE responded on ESPN", as if that was WWE responding to something about the 2005 events involving Long previously described. In fact, those comments were made following the death of Andrew Martin in 2009, and had nothing to do with Webster or Long. Your previous complaints plead the date of Martins death, so there is no question that the drafter of your pleading deliberately distorted the timeline of events. In the remark quoted by WWE, it was pointed out that WWE had been asking to see the research and tests results for years in the case of Benoit and had not been supplied with them. That is exactly the same point I made to you during the Oregon conference and there are writings which prove WWE's repeated requests to examine records, including in particular, the chain of custody records showing that the tissue on slides presented by Dr Omalu was in fact that of Benoit. Not then, and not to this day has any such evidence ever been produced by Dr. Omalu or anybody else. The distinction between chain of custody evidence of biological specimens, and the actual specimens, is one any first year lawyer realizes. Despite these facts, which I previously told you about, in para 67 you falsely accuse WWE of feigning requests to examine the research and tests because Dr. Omalu showed the slides to Dr. Maroon, citing to a blog website maintained by one Irv Muchnick, from whom you evidently derive the substance of your allegations. Mr. Muchnick has had to retract various falsehoods published through the years, but since you were on his website you should have easily been able to access the letter sent to him by me on Dec 16, 2010 which documented the actual facts about the same phony narrative you have now incorporated into a legal pleading. The issue isn't and never has been whether Dr. Omalu has presented slides of tissues he claims are from Chris Benoit. The issue always was whether he had evidence showing the chain of custody to demonstrate that the tissue on those slides was in fact tissue from the brain of Benoit.

There is no place for this kind of reckless and deliberately false style of pleading, and we will address it with the court if need be and if not addressed in principled fashion by you. We await your prompt response.



**Jerry S. McDevitt**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412-355-8608
Cell: 412-708-9328
Fax: 412-355-6501
jerry.mcdevitt@klgates.com
www.klgates.com