# EXHIBIT 22

| | |
|---|---|
| From: | McDevitt, Jerry |
| Sent: | Monday, April 20, 2015 6:07 PM |
| To: | Charles LaDuca |
| Cc: | Konstantine Kyros; william bloss (bbloss@koskoff.com); Rob Shelquist; Harris L. Pogust; Erica Mirabella; Ben Elga; Josh Ross |
| Subject: | RE: |

Perhaps you would be good enough to enlighten me on why I should be careful not to speak about the duplicative California case with other counsel? As to the people I should send my email to, it was sent to exactly the persons intended and we await Mr. Kyros response as to his involvement in the filing of the duplicative suit in California and explanation for it, and to his or Mr. Bloss' response as to whether the plaintiffs in the Lograsso/ Singleton Complaint stand on it or intend to amend. My email was sent to Mr. Bloss as a professional courtesy since he is a newcomer to the case and may not have been aware of the problems with the pleading he did not draft, but which you were advised of some time ago.

**From:** Charles LaDuca [mailto:charles@cuneolaw.com]
**Sent:** Monday, April 20, 2015 5:44 PM
**To:** McDevitt, Jerry
**Cc:** Konstantine Kyros; william bloss (bbloss@koskoff.com); Rob Shelquist; Harris L. Pogust; Erica Mirabella; Ben Elga; Josh Ross
**Subject:** Re:

I am cc'ing the others. You need to include all of the people on this email chain in your correspondences.

You can find the email for the California class counsel yourself, and you should be careful not to speak about that gentleman's case with other counsel.

Charles J. LaDuca, Esquire
Cuneo Gilbert & LaDuca, LLP
8120 Woodmont Avenue
Suite 810
Bethesda, Maryland 20814
Telephone: 202 789 3960
www.cuneolaw.com

On Apr 20, 2015, at 5:35 PM, McDevitt, Jerry <Jerry.McDevitt@klgates.com> wrote:

> In your letter of April 13, 2015 indicating you will not be withdrawing the Haynes case with prejudice, we note that you have once again failed to address the significant and many problems with that lawsuit. You could not address those problems during the mandatory conference held with you and the other lawyers in that case last December, and are not able to do so now even after receiving our plenary brief in support of the motion to dismiss.
> Instead, your letter indicates that we opened the discussion with you and your co-counsel last December during the mandatory call by informing you and your co-counsel that we intended to file Rule 11 motions due to the content of the original complaint. You then indicate that we "continued threatening" you and your co-counsel during that call, which supposedly rendered five firms reluctant to address those issues. As I trust you know, the rules of the Oregon Federal court required us to advise you of the motions we intended to file, and the basis of those motions, and to confer with you to see if any issues could be resolved. We did so. What you call a threat was in reality compliance with the

1

courts rules, and it was your reluctance to address those problems that prevented any meaningful meet and confer. We will review your response to our Motion to Dismiss, and decide thereafter if any good faith argument is presented. None were in your letter regarding the repose statute, or the substantive defects we have pointed out.

Your letter then digresses to a different situation that developed in the second case you filed in the EDPa, where your co-counsel, Mr. Laduca, decided to go onto a non-privileged forum and defame WWE by repeating the categorically false allegations made in paragraph 123 of the suit, which was thereafter transferred to the federal court in Connecticut. As I have previously advised you and Mr Laduca, the allegations in para 123 that WWE discouraged Mr. Singleton from seeing a neurologist or additional medical help is quite simply false. He was seen by two neurologists, a neuropsychologist, and many other medical people over the ensuing course of treatment. He was also never cleared by WWE to wrestle again after the match with Eric Rowan noted in para 124 of the Complaint, and never did wrestle again. I am reasonably certain that your client would confirm these facts to be true as he certainly knows that he was seen by multiple neurologists and never wrestled again. You evidently think that abuses in pleading are without consequence, and that there is no recourse when false statements are repeated in non-privileged settings. We do not share that view. In that regard, we note that none of the original counsel who drafted the Complaint now before the Federal court in Conn. have yet entered an appearance, even though we were told appearances would be entered. To date, only your new Conn counsel, Mr. Bloss has entered an appearance. In fairness to him, he did not draft the Complaint so I am copying him on this email in order for him to be aware of the problems with the complaint noted herein, as well as others manifest on its face, and would urge him to independently confirm that the claims of both Mr. Lograsso and Mr. Singleton have an adequate factual basis and are not fraudulent. I would ask for your or Mr. Bloss 'advice as to whether plaintiffs intend to stand on that complaint or amend it before our response date of May 7th.

One final note. I gather that you did not sign the complaint filed against WWE in California once again seeking to have a class certified. That case, like two others you have caused to be filed, was filed in breach of the forum selection clauses in the contracts of those three former performers. They signed contracts with a forum selection clause identical to the ones signed by Misters Singleton and Lograsso, which as you know ended up getting transferred to Conn when you and your co-counsel failed to file any opposition to the transfer motion. Do you deny that those three men are also clients you have signed up in your solicitation campaign, and that you are involved in the strategy to file that case in Cal on their behalf? I can think of no reason other than to multiply the cost of litigation for those claims not to be joined in the case now pending in Connecticut, so perhaps you could advise why duplicative lawsuits are being orchestrated by you in an attempt to end run the jurisdiction of the Connecticut federal court.

<image001.jpg>

**Jerry S. McDevitt**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412-355-8608
Cell: 412-708-9328
Fax: 412-355-6501
jerry.mcdevitt@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jerry.McDevitt@klgates.com.

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

| | |
|---|---|
| **From:** | McDevitt, Jerry |
| **Sent:** | Thursday, April 23, 2015 12:55 PM |
| **To:** | Charles LaDuca |
| **Cc:** | Konstantine Kyros; Rob Shelquist; Harris L. Pogust; Ben Elga; Erica Mirabella; Bill Bloss; Mike McShane |
| **Subject:** | RE: |

There is nothing confusing at all about my email, nor have you identified anything which is confusing. I directed my email to the persons I intended, which was you and Mr. Kyros. You are free to send my emails to whoever you like. You don't need Mr. McShane to answer a question directed at you and Mr. Kyros. Both you and Mr. Kyros know whether you were retained by any of the plaintiffs in the recently filed purported class action case in Cal. and secured Mr. McShane to be counsel of record and sign the Complaint. If you and Mr. Kyros had nothing whatsoever to do with the filing of that case in California, it is pretty easy to just say so.

---

**From:** Charles LaDuca [mailto:charles@cuneolaw.com]
**Sent:** Thursday, April 23, 2015 12:28 PM
**To:** McDevitt, Jerry
**Cc:** Konstantine Kyros; Rob Shelquist; Harris L. Pogust; Ben Elga; Erica Mirabella; Bill Bloss; Mike McShane
**Subject:** Re:

Your email is confusing.

Also, we have repeatedly asked you to cc on your communications everyone on this email. With the exception of someone else who I have cc'd, for just this response-Mike McShane. That is not confusing.

It appears you are asking counsel who are not part of one or two California cases to take a position thereto. We will of course not do so.

Also, we never agreed jurisdiction was proper in Conn. We just agreed not to oppose.

However, for your convenience, I have cc'd Mike McShane. I believe Mike McShane filed one of the California cases. He can respond accordingly for that great class.

Charles J. LaDuca, Esquire
Cuneo Gilbert & LaDuca, LLP
8120 Woodmont Avenue
Suite 810
Bethesda, Maryland 20814
Telephone: 202 789 3960
www.cuneolaw.com

On Apr 23, 2015, at 9:11 AM, McDevitt, Jerry <Jerry.McDevitt@klgates.com> wrote:

> Gentlemen,
> As I am sure you know, WWE was served yesterday with the recently filed purported class action case filed in California by three other former WWE performers, all of whom signed contracts containing a mandatory forum selection clause requiring suit to be brought in Connecticut. The lawsuit is a virtual mirror image of the purported class action case you brought in Oregon and the second purported class

1

action case you caused to be filed in EDPA, which was transferred to Conn after we raised the forum selection clause issue there and you filed no objection to the transfer from EDPA to Conn.

A few days ago, I inquired whether either or both of you were involved in causing the duplicative California lawsuit to be filed there as opposed to Conn since neither of you listed your name on the complaint, or if you were retained by any of the three plaintiffs in that case. To date, neither of you have answered that simple question. We have information that leads us to believe one or both of you were involved, but I wanted to give each of you a chance to represent to the contrary if we are wrong. We will now have to go to the time and expense of yet another transfer motion, so I would appreciate an accurate response so that we can fully advise the Court in California as to the full set of facts. Additionally, under normal circumstances, I would assume that you would not want to have another case competing with your case in Conn and for that reason would want to have the California case transferred to Conn., since all three new plaintiffs there are members of the class you seek to have certified in Conn. Thus, please advise whether I may represent to the California Court that you concur in the motion to transfer we will be filing.



**Jerry S. McDevitt**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412-355-8608
Cell: 412-708-9328
Fax: 412-355-6501
jerry.mcdevitt@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jerry.McDevitt@klgates.com.

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

From:        McDevitt, Jerry
Sent:        Monday, April 27, 2015 10:36 AM
To:          Charles LaDuca
Cc:          Konstantine Kyros; william bloss (bbloss@koskoff.com)

Mr. Laduca,
We note that you finally entered an appearance last week in the Connecticut action, although according to our records you are the only firm listed on the original Complaint filed in the ED Pa to do so.
Now that you have formally entered an appearance in the case, perhaps you or Mr. Kyros could answer the two outstanding questions we have asked several times now. First, do you intend to stand on the original Complaint or do you intend to amend. As you know, we are otherwise obligated to answer or move on May 7th. In light of the specific information we provided to you some time ago regarding the falsity of certain allegations regarding Mr. Singleton in paragraphs 123 and 124, and your ability to easily verify the correct set of facts with Mr. Singleton, please advise whether you intend to withdraw those allegations or not. To repeat, the allegation that he was discouraged from seeing neurologists is false, and in fact he was seen by multiple neurologists( and other specialists) following his claim of injury in the match with Eric Rowen. Contrary to the allegation of para 124, he was never cleared by WWE to perform again after that match and never did perform again. We need to know whether you will be withdrawing those allegations, or otherwise amending the complaint due to the other problems with it, in order to know what motions we will be filing.
 Secondly, neither you nor Mr. Kyros have yet answered the simple question of whether either or both of you were involved with the filing of the duplicative lawsuit out in California, or have been retained by any of the three plaintiffs in that case. That case appears aimed at defeating the jurisdiction of the Court in Connecticut, and was filed after you and Mr. Kyros previously did not oppose transfer of the case you filed in the EDPA to Conn after we raised the forum selection clause. We have reason to believe that you and Mr. Kyros have been involved with the plaintiffs in the California case, and retained by them, but in fairness wanted to give both of you a chance to tell us otherwise if that is the case before the issue is raised in appropriate motions. Thus, a direct answer would be appreciated.



**Jerry S. McDevitt**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412-355-8608
Cell: 412-708-9328
Fax: 412-355-6501
jerry.mcdevitt@klgates.com
www.klgates.com

1

**From:** Davis, Geoffrey M.
**Sent:** Tuesday, May 05, 2015 3:07 PM
**To:** Jonas Mann; Michael McShane
**Cc:** McDevitt, Jerry; Krasik, Curtis B.
**Subject:** RE: McCullough, et al. v. WWE

Mr. Mann:

We can confer with you on Thursday at 1pm pacific time; I will send a conference call-in number by separate email.

On the issue of the extension of time to respond to the Complaint, the parties need to know what substantive law governs the case before either side can brief the issues to be raised in WWE's Rule 12 motion to dismiss. We will notice the hearing on the Motion to Transfer Venue for the earliest available hearing date with proper notice, but we cannot control when the Court will actually rule on the motion, so the stipulation was drafted to provide for a response within 30 days after the motion is decided. I am not entirely sure what you mean by "extraneous argument" but because the stipulation would require Court approval, it is necessary to explain the reasons for the extension. Those reasons come straight from the Supreme Court's decision in *Atlantic Marine*: We are using the exact procedure set forth by the Supreme Court for enforcing a forum selection clause and the Supreme Court held that if the Motion to Transfer is granted then the law of the contractually-selected forum (here, Connecticut) applies. Is it your position that we are not entitled to a determination of these issues in accordance with *Atlantic Marine*? Again, we need to know whether WWE or Plaintiffs win that argument to know what substantive law to address in a Motion to Dismiss. We also have never received a response to the question of whether Konstantine Kyros or Charles LaDuca are involved in the representation of Messrs. McCullough, Sakoda and/or Wiese.

If you have suggested revisions to the stipulation we proposed, we will, of course, consider them. I look forward to your prompt response.

Geoff



Geoffrey M. Davis
K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
(310) 552-5042 direct
(310) 552-5001 fax
geoff.davis@klgates.com
www.klgates.com

**From:** Jonas Mann [mailto:jmann@audetlaw.com]
**Sent:** Tuesday, May 05, 2015 9:55 AM
**To:** Davis, Geoffrey M.; Michael McShane
**Cc:** McDevitt, Jerry
**Subject:** RE: McCullough, et al. v. WWE

1

Mr. Davis,

We're happy to accommodate a request for a reasonable extension of time to respond to the complaint. We cannot, however, agree to delay your response indefinitely based on your motion to transfer venue and we certainly cannot agree to a stipulation that contains extraneous argument.

We're available at 1 pm on Thursday for the LR 7-3 conference.

Best,

Jonas

**Jonas P. Mann | Attorney**
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Phone: 415.568.2555
Fax: 415.568.2556
jmann@audetlaw.com
www.audetlaw.com

This message contains information that may be confidential and privileged and, unless authorized and specifically stated, is not intended as an offer, acceptance, agreement, or commitment. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose this message or any information contained in or attached to this message. If you have received this message in error, please advise the sender and delete or destroy this message and any copies of it. Thank you.

---

**From:** Davis, Geoffrey M. [mailto:Geoffrey.Davis@klgates.com]
**Sent:** Monday, May 04, 2015 6:20 PM
**To:** Michael McShane; Jonas Mann
**Cc:** McDevitt, Jerry
**Subject:** RE: McCullough, et al. v. WWE

Mr. McShane and Mr. Mann:

We still need a date and time when you can confer about the issues I raised last week in the McCullough case in California, and time is very short. The most critical, time-sensitive issue is the extension of time for WWE to respond to the Complaint, and I have attached a proposed stipulation for your review. We need to determine whether we have an agreement on that issue immediately, as if there is no agreement, we will be filing a motion to extend the time for WWE's response this week.

Please let me know tomorrow (Tuesday) whether you can agree on the extension of time to respond to the Complaint, and when you are available to discuss the issues pertaining to the Motion to Transfer Venue. We need to deal with both issues immediately.

Geoff



Geoffrey M. Davis
K&L Gates LLP

2

10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
(310) 552-5042 direct
(310) 552-5001 fax
geoff.davis@klgates.com
www.klgates.com

**From:** Davis, Geoffrey M.
**Sent:** Friday, May 01, 2015 6:12 PM
**To:** Michael McShane; Jonas Mann
**Cc:** McDevitt, Jerry
**Subject:** RE: McCullough, et al. v. WWE

Counsel,

Because the Local Rules require that the conference of counsel be completed well in advance of the filing of a motion (7 days in most instances), we will need to complete the conference by Tuesday next week. An overarching issue, however, is that the filing of the Motion to Transfer Venue will not satisfy the requirement of a formal response to the Complaint. We believe that an extension of time for WWE to respond to the Complaint until after a ruling on the Motion to Transfer Venue is in order, as the parties will not know what substantive law applies until after the ruling on the motion. For example, although Plaintiffs assert that California law should apply, if the motion is granted and venue is transferred to Connecticut, then Connecticut law will apply. (See *Atlantic Marine*, 134 S. Ct. 568.) Thus, we propose a stipulation permitting WWE to formally response to the complaint a reasonable time after the Motion to Transfer Venue has been decided, as has been agreed to in other cases against WWE. Because the stipulation would of necessity be for longer than 30 days, it will require court approval (LR 8-3) so we need to get it on file as soon as possible. If we cannot agree to a stipulation, WWE will have to file a motion on that issue as well.

Please let me know when you can discuss these issues with us, and whether you will stipulate to the extension for WWE's response to the Complaint. If you agree to the stipulation, we will prepare a draft and get it to you by Monday.

Sincerely,


Geoff Davis




Geoffrey M. Davis
K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
(310) 552-5042 direct
(310) 552-5001 fax
geoff.davis@klgates.com
www.klgates.com

**From:** Michael McShane [mailto:MMcShane@audetlaw.com]
**Sent:** Thursday, April 30, 2015 2:07 PM
**To:** Davis, Geoffrey M.; Jonas Mann
**Cc:** McDevitt, Jerry
**Subject:** RE: McCullough, et al. v. WWE

3

Mr. Davis,

    Thank you for your email. I am travelling to the east coast tomorrow and Mr. Mann is in the midst of travels. However, I will contact Mr. Mann and we will get back to you soon with a date for next week.

Michael McShane, Esq.

Audet & Partners, LLP.
221 Main St., Suite 1460
San Francisco, CA 94105
Phone 415.568.2555
Fax 415.568.2556

Web www.audetlaw.com

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail message, including any attachments hereto, contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate this e-mail, or accompanying attachments unless you are both the addressee and the intended recipient. If you are not both the addressee and the intended recipient, or have otherwise received this message in error, please call us (collect) at (415)-568-2555 and ask to speak with the message sender. Also, please forward the message back to us and delete the message from your machine. Thank you.

---

**From:** Davis, Geoffrey M. [mailto:Geoffrey.Davis@klgates.com]
**Sent:** Thursday, April 30, 2015 1:29 PM
**To:** Michael McShane; Jonas Mann
**Cc:** McDevitt, Jerry
**Subject:** McCullough, et al. v. WWE

Mr. McShane and Mr. Mann:

As you are likely aware, K&L Gates LLP will represent World Wrestling Entertainment, Inc. ("WWE") in the lawsuit you recently filed on behalf of Messrs. McCullough, Sakoda and Wiese. As each of the plaintiffs signed a contract with WWE agreeing to litigate any claims against WWE in Connecticut, we intend to file a Motion to Transfer Venue to the District of Connecticut. Local Rule 7-3 requires counsel for the parties to confer in advance of filing any motions, so we request that you confer with us, as soon as possible, concerning the following issues:

- The merits of WWE's Motion to Transfer Venue based on the forum selection clauses in plaintiffs' contracts with WWE;
- The related issue of whether Konstantine Kyros or Charles LaDuca are involved in the representation of Messrs. McCullough, Sakoda and/or Wiese; and
- WWE's motion (or stipulation, if you will agree), for a stay of WWE's response to the Complaint until after the Motion to Transfer Venue has been decided.

We propose to conduct a conference call to discuss these issues tomorrow, Friday, May 1, 2015, at 2pm eastern time/11 am pacific time. If you are not available then, please let me know of an alternative time tomorrow or Monday, May 4, when you are available.

Sincerely,

Geoff Davis

4



Geoffrey M. Davis
K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
(310) 552-5042 direct
(310) 552-5001 fax
geoff.davis@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Geoffrey.Davis@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Geoffrey.Davis@klgates.com.

**From:** McDevitt, Jerry
**Sent:** Wednesday, May 06, 2015 9:46 AM
**To:** 'Konstantine Kyros'; Mueller, Jeffrey P.; Goldberg, Thomas D.; Krasik, Curtis B. (Curtis.Krasik@klgates.com); Budd, Terry (Terry.Budd@klgates.com)
**Cc:** Shelquist, Robert K.; <charles@cuneolaw.com> LaDuca; Bill Bloss; Harris L. Pogust; Erica Mirabella; Ben Elga; Scott A. Moriarity
**Subject:** RE: Singleton Case

Mr. Kyros,
We received your email at the close of business last night, which I gather was the response to our email of last Thursday. Regrettably, your email at the close of business culminated another day of gamesmanship by you and your cohorts in California, who like you continue the pattern of not responding to our repeated inquiries asking that you admit or deny any involvement in the filing of that suit, which is clearly aimed at defeating the jurisdiction of the Connecticut court. The May 7th order of the Judge is not simply a standing order, but one specifically entered in response to our request which specifically noted no further extension would be granted. We told you last week that we would not agree to your indication that you wanted until June 15th to amend the complaint, and proposed that you do so in ten days. Had an agreement been reached on such a date, as was done in Oregon by you and your cadre of lawyers, we could have also jointly moved the court to stay the Rule 26 order until disposition of dispositive motions, which you also agreed to do in Oregon. At the same time, you and your California cohorts could have agreed to a reasonable proposal that defers our response date until the court there decides the motions to transfer which will be filed, as was done by court order in the ED PA case and the Tennessee Court in the Frazier case.
Instead, yesterday morning, your cohorts in California, who have been delaying having the requisite pre-motion conference required by California rules, took the position that they expect us to respond to that complaint before the judge decides the transfer motion, which is not even possible because of the uncertainty as to the applicable law until such a motion is decided, as you well know. Then you send your end of the day email purporting to comply with your obligations under the Judge's Rule 26 orders and take a position which is the exact opposite of what you took in Oregon on the same issue. We do not agree that the rule 26 report is customarily negotiated by email in Conn, and in my experience as well as that of our Connecticut counsel it is not negotiated by email but requires speaking to each other and then circulating draft reports.
I would urge you to stop the gamesmanship and eliminate tactics which simply add unnecessary expense. My Co-counsel in Connecticut and I are available today after 2 for a call. Please advise what time you will be available, and circulate a call-in number for such call.

**From:** Konstantine Kyros [mailto:kon@kyroslaw.com]
**Sent:** Tuesday, May 05, 2015 5:53 PM
**To:** McDevitt, Jerry; Mueller, Jeffrey P.; Goldberg, Thomas D.
**Cc:** Shelquist, Robert K.; <charles@cuneolaw.com> LaDuca; Bill Bloss; Harris L. Pogust; Erica Mirabella; Ben Elga; Scott A. Moriarity; Konstantine Kyros
**Subject:** Singleton Case

Hi Jerry-

1

Appears the 7 May deadline for WWE answer is simply the standing order which we can jointly revise- I see no provision for adjourning the Rule 26 report, which is to be agreed Friday May 8. I have attached a draft report with some proposed dates which I am informed are customary & reasonable in this court. Although the Rule 26 report is also customarily negotiated via email, we can schedule a telephone conference tomorrow May 6 if that is preferable.

Sincerely,
Konstantine



Kyros Law Offices
17 Miles Rd.
Hingham, MA 02043
kon@Kyroslaw.com
Kyroslaw.com
1-800-934-2921

**From:** Davis, Geoffrey M.
**Sent:** Thursday, May 07, 2015 6:45 PM
**To:** jmann@audetlaw.com
**Cc:** McDevitt, Jerry; Krasik, Curtis B.
**Subject:** McCullough et al. v. WWE

Mr. Mann:

This will confirm the conference call we had today concerning the McCullough matter, specifically WWE's Motion to Transfer Venue and extension of time for WWE to respond to the Complaint. Participants in the call were me, you, Jerry McDevitt and Curt Krasik, and we discussed the following:

1. Motion to Transfer Venue. We asked you to either dismiss the McCullough action and refile it in Connecticut, or to consent to a transfer to the District of Connecticut, based on the forum selection clauses in the contracts between each of the three named plaintiffs and WWE. You rejected those requests, and indicated that plaintiffs would oppose WWE's Motion to Transfer Venue to the District of Connecticut. We proceeded to discuss the plaintiffs' basis for such opposition, and you stated that the opposition was twofold. First, it is plaintiffs' position that California law governs the interpretation of the contracts and the included forum selection clauses, and that the contracts would not be enforced under California law because they are adhesion contracts. In response, Jerry McDevitt referred to Federal and Ninth Circuit authorities that hold that such issues are governed by Federal Law and that forum selection clauses in adhesion contracts are still enforceable but you maintained your position despite such authorities. Second, you stated that plaintiffs will assert that the forum selection clauses themselves are invalid because the forum identified therein is the United States District Court for the District of Connecticut, and parties cannot stipulate to, or confer jurisdiction on, a Federal Court, though you also agreed that diversity is, in fact, present between the named plaintiffs and WWE.

   We asked if there were any other bases for plaintiffs' opposition to a transfer to the District of Connecticut, and you stated that there were no other bases. In addition, we asked you to confirm or deny that Konstantin Kyros is involved in the representation of the plaintiffs in the McCullough matter, and you declined to respond, stating that it was not relevant to the discussion. Jerry McDevitt explained why we disagree that it is not relevant, and you again declined to respond.

2. Extension of Time to Respond to the Complaint. You agreed to WWE's request to extend the time for WWE to respond to plaintiffs' complaint until after the Motion to Transfer Venue has been decided, and stated that you would send me a revised proposed stipulation to that effect later today.

3. Motion to Transfer Venue - briefing schedule. In connection with the agreement to extend time to respond to the complaint, we agreed to provide plaintiffs with additional time to respond to the Motion to Transfer Venue (and for additional time for WWE's reply). Pursuant to the agreement, WWE will notice the Motion to Transfer Venue for hearing at least 58 days from the date of filing: plaintiffs' opposition will be due 30 days after filing, and WWE's reply will be due 14 days after the opposition is filed (and at least 14 days before the hearing as required by Local Rule 7-10).

Based on our agreement for the extension of time to respond to the Complaint and extended briefing schedule on the Motion to Transfer, WWE intends to file its Motion to Transfer Venue in approximately one week, as required by Local Rule 7-3. Please let me know right away if your recall of the conference differs materially from the above, and I look forward to receiving the stipulation on the extension of time to respond to the complaint later today.

1

Sincerely,

Geoff Davis



Geoffrey M. Davis
K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
(310) 552-5042 direct
(310) 552-5001 fax
geoff.davis@klgates.com
www.klgates.com

| | |
|---|---|
| From: | McDevitt, Jerry |
| Sent: | Thursday, May 28, 2015 12:19 PM |
| To: | Konstantine Kyros; Erica Mirabella; Shelquist, Robert K.; <charles@cuneolaw.com> LaDuca; william bloss (bbloss@koskoff.com) |
| Subject: | The Amended complaint in Lograsso |

I am writing regarding the events of last week and about certain issues arising from those events. As all of you no doubt know, Mr. Lograsso last Thursday published yet another improper solicitation to former performers to join into his class action case, with the continuing theme that there was money to be made by doing so. He even listed the phone number of Mr. Kyros in his solicitation. The next day, however, all the class action allegations in his lawsuit were abandoned by the filing of an amended complaint. As has now become a familiar pattern, that amended complaint also abandoned some categorically false allegations that were made originally and replaced those allegations with equally false allegations. We do not intend to have our client's rights adjudicated amidst such false and reckless allegations, and we solicit your response to the following matters before the scheduled conference with the court on June 8th.

First, in light of your withdrawal of the class allegations in the Conn case, please advise if you intend to withdraw the class allegations in the Haynes case in Oregon and the McCullough case in California. Spare me the pretext of pretending Mr. Kyros is not behind the California case filing, as we know better. If the class allegations are not going to be withdrawn in the other actions, why were they withdrawn in the matter before the Connecticut court? It appears to us that this is another calculated step to circumvent the jurisdiction of the Connecticut Court after agreeing it was an appropriate forum.

Second, we note that you have finally withdrawn the false allegations in the original complaint regarding Mr. Singleton that you were notified about months ago. Those false allegations were that WWE discouraged him from seeing a neurologist and cleared him to wrestle after inadequate rest time, when in fact as he well knew he never performed again after his match with Eric Rowen and was seen by a parade of specialists, including neurologists. Now, however, Mr. Singleton falsely claims that ten months after that match he was diagnosed as having an intracranial hemorrhage. That is as untrue as the now withdrawn statements. Mr. Singleton was sent to the University Diagnostic Institute Center for Advanced Medical Diagnosis on Nov 29, 2012. Thereafter, the neuroradiologist reported, and I quote, "Functional and structural MRI examinations of the brain are otherwise within normal limits with no evidence of intracranial hemorrhage or microhemorrhage and no abnormalities of diffusion on DTI sequences". We realize that Mr. Singleton has evidently told subsequent people, including at least one subsequent Dr., that he was diagnosed with a brain hemorrhage. Repeating a lie does not make it true. Please advise whether you intend to withdraw this latest false allegation about Mr. Singleton and his treatment.

Third, your use of footnotes in a complaint is contrary to rules of pleading. Moreover, your use of footnotes does not allege facts, but rather are used improperly to avoid making necessary allegations. In footnote 1 for example, WWE is defined to include all predecessor companies, which you define to include World Championship Wrestling, Inc. and Extreme Championship Wrestling. Neither of those two companies are predecessor companies to WWE, and during their existence were owned and operated by other persons and entities, including Turner Broadcasting in the case of WCW. WWE did not purchase WCW in 2001, as you falsely allege in conclusory fashion in para 15.
Mr. Lograsso performed for both of those entities. Thus, by defining WWE as you did, it is impossible to ascertain whether the subsequent allegations involving Mr. Lograsso involve things that occurred while he was performing for completely different entities. Please advise how you intend to correct this issue.

Lastly, paragraphs 63-72 are a deliberate attempt to distort facts and the chronology of events, and particularly disturbing because all of you, except for Mr. Bloss, were on the conference about the similar allegations made in the original Complaint in Haynes, where you falsely accused WWE of never requesting Benoit's records from the

researchers. You were told then that there was a written trail of requests to see the chain of custody records which would establish that the tissue on the relevant slides was in fact that of Chris Benoit. Thereafter, you withdrew those false allegations in Oregon.

That false allegation has now been replaced by an entirely concocted fabrication starting with the allegations in para 63, which have to do with Dr. Omalu's studies about two Pittsburgh Steelers. The very next paragraph alleges that, like the NFL, "WWE attempted to discredit these studies". The ensuing paragraph then recites Dr. Maroon's statements about Terry Long. Dr. Maroon had no association with WWE whatsoever at that time, nor did WWE ever say one syllable about the findings regarding Webster or Long and would have had no reason to do so. The next paragraph tries to distort the timeline by opening with "WWE responded on ESPN", as if that was WWE responding to something about the 2005 events involving Long previously described. In fact, those comments were made following the death of Andrew Martin in 2009, and had nothing to do with Webster or Long. Your previous complaints plead the date of Martins death, so there is no question that the drafter of your pleading deliberately distorted the timeline of events. In the remark quoted by WWE, it was pointed out that WWE had been asking to see the research and tests results for years in the case of Benoit and had not been supplied with them. That is exactly the same point I made to you during the Oregon conference and there are writings which prove WWE's repeated requests to examine records, including in particular, the chain of custody records showing that the tissue on slides presented by Dr Omalu was in fact that of Benoit. Not then, and not to this day has any such evidence ever been produced by Dr. Omalu or anybody else. The distinction between chain of custody evidence of biological specimens, and the actual specimens, is one any first year lawyer realizes. Despite these facts, which I previously told you about, in para 67 you falsely accuse WWE of feigning requests to examine the research and tests because Dr. Omalu showed the slides to Dr. Maroon, citing to a blog website maintained by one Irv Muchnick, from whom you evidently derive the substance of your allegations. Mr. Muchnick has had to retract various falsehoods published through the years, but since you were on his website you should have easily been able to access the letter sent to him by me on Dec 16, 2010 which documented the actual facts about the same phony narrative you have now incorporated into a legal pleading. The issue isn't and never has been whether Dr. Omalu has presented slides of tissues he claims are from Chris Benoit. The issue always was whether he had evidence showing the chain of custody to demonstrate that the tissue on those slides was in fact tissue from the brain of Benoit.

There is no place for this kind of reckless and deliberately false style of pleading, and we will address it with the court if need be and if not addressed in principled fashion by you. We await your prompt response.



**Jerry S. McDevitt**
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412-355-8608
Cell: 412-708-9328
Fax: 412-355-6501
jerry.mcdevitt@klgates.com
www.klgates.com