# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated,** | **LEAD CONSOLIDATED CASE NO. 3:15-cv-01074-VLB** |
| **Plaintiffs,** | |
| **vs.** | |
| **WORLD WRESTLING ENTERTAINMENT, INC.,** | **DECEMBER 21, 2015** |
| **Defendant.** | |

## DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT IN THE JAMES ACTION AND MOTION TO STRIKE IMMATERIAL, IMPERTINENT, OR SCANDALOUS ALLEGATIONS

Pursuant to Rules 12(b)(1), 12(b)(6), 12(b)(7), and 12(f) of the Federal Rules of Civil Procedure, Defendant World Wrestling Entertainment, Inc. ("WWE") hereby (i) moves to dismiss the First Amended Complaint in the *James* Action (Doc. No. 99) in its entirety with prejudice, and, in the event the First Amended Complaint is not dismissed in its entirety, (ii) moves to strike the immaterial, impertinent, or scandalous allegations in paragraphs 115-154 of the First Amended Complaint.

Plaintiff brought this action seeking to hold WWE legally responsible for the death of former professional wrestler, Matthew Osborne ("Osborne"), who died of a drug overdose approximately twenty years after he last performed for WWE. As set forth in the accompanying Memorandum of Law in support of this motion, the First Amended Complaint must be dismissed for multiple reasons.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

**First**, Plaintiff's wrongful death claim (Count VII) must be dismissed under applicable Connecticut law.  Plaintiff lacks standing to assert a wrongful death claim under Connecticut law because Plaintiff does not allege that she is the executor or administrator of Osborne's estate.  Plaintiff's wrongful death claim is also time-barred under Connecticut General Statutes § 52-555 because this action was not commenced until more than two years after Osborne's death and more than five years after the act or omission complained of.  As such, the Court lacks subject matter jurisdiction over Plaintiff's wrongful death claim.

**Second**, Plaintiff's wrongful death claim (Count VII) must be dismissed even if the Texas wrongful death statute applied.  Any claim under the Texas wrongful death statute would be time-barred.  The timeliness of such a claim still would be governed by Connecticut statutes of limitation and repose because the statute of limitations for wrongful death under Texas law is procedural.  As noted above, Plaintiff's wrongful death claim is time-barred under Connecticut law (and also would be time-barred under Texas law).  In addition, Plaintiff failed to join all necessary and indispensable parties under the Texas wrongful death statute because Plaintiff did not join all of the beneficiaries of Osborne's estate.  Plaintiff also lacks standing to sue under the Texas wrongful death statute because only the executor or administrator of the decedent's estate can bring such an action more than three months after the decedent's death.

**Third**, Plaintiff's wrongful death claim (Count VII) must be dismissed because it fails to allege a plausible causal connection between WWE's alleged wrongful conduct and Osborne's alleged injury.

**Fourth**, Plaintiff's remaining common law claims (Counts I-V) must be dismissed because the Connecticut wrongful death statute provides the exclusive remedy for alleged injuries resulting in death under Connecticut law.

**Fifth**, Plaintiff's remaining common law claims (Counts I-V) must be dismissed because Plaintiff lacks standing to pursue any survivor claims for ante-mortem injuries sustained by Osborne under Connecticut General Statutes § 52-599 because she is not the administrator or executor of Osborne's estate.

**Sixth**, Plaintiff's remaining common law claims (Counts I-V) must be dismissed because any survivor claims for ante-mortem injuries sustained by Osborne would be time-barred by the applicable Connecticut statutes of limitation and repose.  Plaintiff's negligence claims are time-barred by the limitations and repose provisions of Connecticut General Statutes §§ 52-577 and 52-584.  Plaintiff's tort claims are also time-barred by the repose provisions of Connecticut General Statutes § 52-577.  None of Plaintiff's claims are subject to any tolling doctrines under Connecticut law.

**Seventh**, Plaintiff's negligence-based claims (Counts III and V) must be dismissed because they are subject to the contact sports exception adopted in *Jaworski v. Kiernan*, 241 Conn. 399 (1997), and its progeny.  The admissions in the pleadings conclusively establish that Plaintiff's negligence claims fall within this exception and that there was no duty of care to protect Osborne from alleged injuries that arose from the inherent risks of professional wrestling and were within the normal expectations of professional wrestlers.

**Eighth,** Plaintiff's fraud and negligent misrepresentation claims (Counts I, II, and IV) must be dismissed because (i) they fail to comply with the heightened pleading standards of Rule 9(b); (ii) they fail to allege the omission or misrepresentation of a past or present material fact to Osborne by anyone; (iii) they fail to allege with particularity how WWE fraudulently concealed from Osborne publicly-available information regarding scientific research on CTE and concussions that allegedly existed in the public domain for decades; (iv) they fail to sufficiently plead scienter or any motive to commit fraud; and (v) no relationship between the parties is pled that would give rise to a duty to disclose, and even if a duty to speak did exist, that duty is merely to refrain from deliberate misrepresentations, none of which are alleged.  Plaintiff's fraudulent concealment claim (Count I) also must be dismissed because it is not a recognized cause of action under Connecticut law.

**Ninth,** Plaintiff's claims must be dismissed because they sound in medical negligence and Plaintiff did not file a certificate of good faith or an opinion letter from a health care provider stating that medical negligence has occurred as required by Connecticut General Statutes § 52-190a.

**Tenth,** Plaintiff's punitive damages claim (Count VII) must be dismissed because it is not an independent cause of action under Connecticut law and because Osborne's booking contract with WWE expressly waived any claims for punitive damages.

In the event the First Amended Complaint is not dismissed in its entirety, WWE also moves to strike paragraphs 115-154 of the First Amended Complaint.

These paragraphs include allegations and color photographs of former wrestlers who performed for various wrestling promotions and died from different causes under disparate circumstances over an approximately 25 year period.  These allegations are immaterial, impertinent, or scandalous and therefore should be stricken pursuant to Rule 12(f).

WHEREFORE, the Court should grant WWE's motion to dismiss the First Amended Complaint in the *James* Action in its entirety with prejudice.  If any claims survive dismissal, then the Court should grant WWE's motion to strike the immaterial, impertinent, and scandalous allegations in paragraphs 115-154 of the First Amended Complaint.

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.,

By:  /s/ Jerry S. McDevitt
    Jerry S. McDevitt (*pro hac vice*)
    Terry Budd (*pro hac vice*)
    Curtis B. Krasik (*pro hac vice*)
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: terry.budd@klgates.com
    Email: curtis.krasik@klgates.com

    Thomas D. Goldberg (ct04386)
    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: tgoldberg@daypitney.com
    Email: jbtropp@daypitney.com
    Email: jmueller@daypitney.com

## CERTIFICATION OF SERVICE

I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

     /s/ Jeffrey P. Mueller
    Jeffrey P. Mueller (ct27870)

-6-