# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated, | : : : : : : | CIVIL ACTION NO. 3:15-CV-01074-VLB LEAD CASE |
| Plaintiffs, | : : | |
| VS. | : : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : | |
| Defendant. | : | APRIL 5, 2016 |

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : | CIVIL ACTION NO. 3:15-CV-00994-VLB CONSOLIDATED CASE |
| Plaintiff, | : : | |
| VS. | : : | |
| ROBERT WINDHAM, THOMAS BILLINGTON, JAMES WARE, OREAL PERRAS, and VARIOUS JOHN DOE'S, | : : : : | |
| Defendants. | : | APRIL 5, 2016 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING THE *WINDHAM* ACTION

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ................................................................................. 1

II.  BACKGROUND ......................................................................................................... 4

    A.  The *Windham* Action ...................................................................................... 4

    B.  The Court's Rulings on the Motions to Dismiss ........................................... 6

III.  LEGAL STANDARD ................................................................................................. 8

IV.  ARGUMENT ............................................................................................................. 9

    A.  The Court Erred in Granting the Defendants' Motion to Dismiss the *Windham* Action for Lack of Subject Matter Jurisdiction ............................. 9

    B.  The Court Erred in Granting Defendants' Motion to Dismiss the *Windham* Action Based on Its Ruling in the Singleton Action .................. 12

        1.  The Defendants in the *Windham* Action Have Not Yet Pled Any Basis for Tolling the Statutes of Repose ............................................... 12

        2.  Dismissal of the *Windham* Action Was Improper Even if the Defendants Had Pled the Allegations in the *Singleton* Action ............. 13

        3.  The Alleged Basis for Tolling the Statute of Repose Against Plaintiff LoGrasso in the *Singleton* Action Does Not Apply to the *Windham* Action ...................................................................................... 15

    C.  The Court Erred in Denying the Motion for Expedited Discovery in the *Windham* Action as Moot ...................................................................... 17

V.  CONCLUSION.......................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andrews v. McCarron*,
   414 B.R. 1 (D. Conn. 2009)......................................................................15

*Barry v. Donnelly*,
   781 F.2d 1040 (4th Cir. 1986)...............................................................11

*Beacon Theatres, Inc. v. Westover*,
   359 U.S. 500 (1959).............................................................................11

*Broadview Chemical Corp. v. Loctite Corp.*,
   417 F.2d 998 (2d Cir. 1969)...................................................................10

*Ernst & Young v. Matsumoto*,
   14 F.3d 1380 (9th Cir. 1994)................................................................11

*Hoelzer v. City of Stamford*,
   933 F.2d 1131 (2d Cir. 1991)................................................................11

*Kidder, Peabody & Co. v. Maxus Energy Corp.*,
   925 F.2d 556 (2d Cir. 1991).................................................................11

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.*,
   602 F.3d 57 (2d Cir. 2010)...................................................................13

*Shell Oil Co. v. Hickman*,
   716 F. Supp. 931 (W.D. Va. 1989)........................................................12

*Shrader v. CSX Transportation, Inc.*,
   70 F.3d 255 (2d Cir. 1995).....................................................................9

*Thomas v. Scully*,
   943 F.2d 259 (2d Cir. 1991)...................................................................9

*Virgin Atlantic Airways, Ltd. v. National Mediation Board*,
   956 F.2d 1245 (2d Cir. 1992).................................................................9

*York v. Association of the Bar*,
   286 F.3d 122 (2d Cir. 2002)..................................................................13

**Rules**

D. Conn. L. Civ. R. 7(c)...........................................................................1, 9

Pursuant to Local Rule of Civil Procedure 7(c), World Wrestling Entertainment, Inc. ("WWE") respectfully submits this memorandum of law in support of its motion for reconsideration of the Court's order (Doc. No. 117) dismissing the action captioned as *World Wrestling Entertainment, Inc. v. Windham et al.*, No. 3:15-CV-00994-VLB ("*Windham* Action") and also denying WWE's motion for expedited discovery in that action as moot.

I.    <u>PRELIMINARY STATEMENT</u>

WWE filed the *Windham* Action seeking a declaratory judgment that claims relating to alleged traumatic brain injuries and other tort claims threatened by former professional wrestlers who performed for WWE many years ago were barred by the applicable statutes of limitations and repose under Connecticut law.  The Defendants in the *Windham* Action moved to dismiss the Complaint for lack of subject matter jurisdiction claiming that there was no actual case or controversy between the parties.  After WWE filed an extensive opposition brief demonstrating the existence of an actual case or controversy, the Defendants filed no reply.  The Court subsequently granted the Defendants' motion to dismiss the *Windham* Action without a written opinion.  The Court's electronic order stated only that it could not grant the declaratory relief sought by WWE in light of the Court's ruling denying in part WWE's motion to dismiss the Second Amended Complaint in the *Singleton* Action.  WWE now seeks reconsideration of the Court's order dismissing the *Windham* Action for several reasons.

<u>First</u>, WWE respectfully submits that the Court erred in granting the Defendants' motion to dismiss the *Windham* Action without providing any

analysis or making any findings that the Court lacked subject matter jurisdiction over the action.  To the extent that the Court's order was intended to dismiss WWE's action on other grounds that were not raised in the Defendants' motion to dismiss, the Court erred in not providing WWE with notice and an opportunity to be heard before entry of its order.  To the extent that the Court's order could be interpreted as adopting the arguments set forth in Defendants' motion to dismiss, the Court overlooked the controlling authorities cited in WWE's opposition brief. These authorities establish that it is reversible error not to entertain a declaratory judgment action under the circumstances presented here, that the threat of litigation by the Defendants presented an actual case or controversy between the parties, and that a declaratory judgment action is an appropriate procedural mechanism for asserting that the claims threatened by the Defendants are barred by the applicable statutes of limitations and repose.  The Defendants never responded to these arguments raised by WWE in its opposition brief and the Court did not address them in its order.

Second, the Court erred in dismissing the *Windham* Action if dismissal was based on its ruling that the Second Amended Complaint in the *Singleton* Action plausibly alleged a basis for tolling statutes of repose that otherwise would have barred all claims asserted by Plaintiff LoGrasso.[1] The Defendants in the *Windham* Action were not parties in the *Singleton* Action and have not yet answered the *Windham* Complaint or pled any basis for tolling the statute of repose in

---

[1] WWE did not move to dismiss Plaintiff Singleton's claims based on the statutes of repose because he wrestled for WWE within the three years before the *Singleton* Action was commenced.

response to WWE's allegations in the *Windham* Action. On a motion to dismiss, the Court was required to accept as true WWE's factual allegations establishing that the claims threatened by the Defendants in the *Windham* Action were time-barred because they had not performed for WWE within the last three years.

Even assuming that the Defendants in the *Windham* Action had pled allegations similar to those pled by Plaintiff LoGrasso in the *Singleton* Action, dismissal of the *Windham* Action was improper. The Court's conclusion that Plaintiff LoGrasso had plausibly *alleged* a basis for tolling the statutes of repose in the *Singleton* Action does not mean that his claims are not time-barred or that WWE ultimately will not prevail on the repose issue. To the contrary, the Court stated that Plaintiff LoGrasso's sole remaining claim should proceed for further factual development on tolling doctrines, noting that Plaintiff LoGrasso's claim that he did not know of a connection between his symptoms and head trauma pushed the boundary between the possible and the plausible and carried a heavy burden. If the Defendants in the *Windham* Action can plausibly allege a basis for tolling the statute of repose, then the action should proceed to discovery for further factual development as was ordered on Plaintiff LoGrasso's claim.

Moreover, the alleged factual basis for tolling the statute of repose for Plaintiff LoGrasso's claim in the *Singleton* Action could not operate to toll the statute of repose for the threatened claims of the Defendants in the *Windham* Action. The Court's conclusion that Plaintiff LoGrasso had plausibly alleged a basis for tolling was based on an allegation in the Second Amended Complaint in the *Singleton* Action that WWE became aware of information concerning a link

between repeated head trauma and permanent degenerative neurological conditions *in 2005* and did not disclose such information to its wrestlers. This allegation could not save the threatened claims of the named Defendants in the *Windham* Action from the statute of repose because none of those Defendants performed for WWE *after 1999* at the latest. WWE therefore respectfully submits that it was clear error to dismiss the Complaint in the *Windham* Action based on the allegations of the Second Amended Complaint in the *Singleton* Action.

Third, the Court erred in dismissing WWE's motion for expedited discovery in the *Windham* Action as moot. Because the motion to dismiss the *Windham* Action should have been denied, the motion for expedited discovery is not moot. The Court should grant the motion for expedited discovery as to the identities of the John Doe Defendants so that all proper parties can be joined and the *Windham* Action can be proceed to judgment.

## II. BACKGROUND

### A. The *Windham* Action

From October 2014 to June 2015, Attorney Konstantine Kyros filed or caused to be filed five separate lawsuits against WWE in different jurisdictions on behalf of former professional wrestlers asserting claims that they have sustained traumatic brain injuries.[2] All five of these lawsuits were subsequently transferred

---

[2] The five cases were *Haynes v. World Wrestling Entertainment, Inc.,* No. 3:15-CV-01156-VLB ("*Haynes* Action"), *Singleton et al. v. World Wrestling Entertainment, Inc.,* No. 3:15-CV-00425-VLB ("*Singleton* Action"), *McCullough et al. v. World Wrestling Entertainment Inc.,* No. 3:15-CV-01704-VLB ("*McCullough* Action"), *Frazier v. World Wrestling Entertainment, Inc.* No. 3:15-CV-01229-VLB ("*Frazier* Action"), and *James v. World Wrestling Entertainment, Inc.,* No. 3:15-CV-01305-VLB ("*James* Action").

to the District of Connecticut and consolidated before this Court.[3] (*See Windham* Doc. No. 1, Compl. ¶¶ 9, 28-71.)

On June 2, 2015, Attorney Kyros sent letters to WWE that threatened similar claims on behalf of four additional professional wrestlers who long ago performed for WWE. The letters claimed that these former performers were injured as a result of WWE's alleged negligent and fraudulent conduct and threatened litigation against WWE over these claims. (*Id.* ¶¶ 72-76.)

On June 29, 2015, WWE commenced the *Windham* Action against these former performers seeking a declaration that the claims relating to alleged traumatic brain injuries and other tort claims that they had threatened against WWE are time-barred by the applicable statutes of limitations and repose under Connecticut law. (*Id.* ¶ 1.) The Complaint alleged that all tort claims are subject to a three-year statute of repose under Connecticut law and that none of the Defendants had performed for WWE within the past three years. In particular, the Complaint alleged that (1) Defendant Windham last performed for WWE in or around 1986, (2) Defendant Billington last performed for WWE in or around 1988, (3) Defendant Ware last performed for WWE in or around 1999, and (4) Defendant Perras last performed for an entity known as Capitol Wrestling Corporation decades ago. (*Id.* ¶¶ 5, 16-19.) The Complaint also named various John Doe Defendants who have not performed for WWE within three years and who have

---

[3] Four of the five actions were transferred based on mandatory forum selection clauses in the contracts between WWE and the plaintiffs that required that the actions be brought in Connecticut. The *Haynes* action was transferred to Connecticut based on the convenience of the parties and the interests of justice. The Court in the *Haynes* Action also made express findings that Attorney Kyros had engaged in improper forum shopping on behalf of the plaintiffs.

signed retainer agreements with Attorney Kyros or any other attorney working in concert with him to assert tort claims against WWE.  (*Id.* ¶¶ 7, 20.)  Because Attorney Kyros was threatening to pursue stale claims similar to those that he brought in other jurisdictions across the country on behalf of former wrestlers who had not performed for WWE within three years, the Complaint alleged that an actual case or controversy existed as to whether the threatened claims were time-barred under Connecticut law.  (*Id.* ¶¶ 14, 94.)

On September 21, 2015, the named Defendants filed a motion to dismiss the Complaint claiming that the Court lacked subject matter jurisdiction over the *Windham* Action because there was no actual case or controversy between the parties.  (Doc. No. 72.)  On November 16, 2015, WWE filed its opposition to the motion to dismiss demonstrating that the actual case or controversy requirement was satisfied such that the Court had subject matter jurisdiction over the action. (Doc. No. 94.)  The Defendants did not file a reply brief and never responded to the arguments raised by WWE in its opposition.

    B.    <u>The Court's Rulings on the Motions to Dismiss</u>

On March 21, 2016, the Court issued its ruling on WWE's motions to dismiss three of the consolidated cases.  (Doc. No. 116.)  The Court granted the motions to dismiss the *Haynes* Action and the *McCullough* Action in full.  (*Id.* at 70.)  The Court granted the motion to dismiss the claims in the *Singleton* Action except for "the fraudulent omission claim brought by Plaintiffs Evan Singleton and Vito LoGrasso to the extent that the claim asserts that in 2005 or later WWE became aware of and failed to disclose to its wrestlers information concerning a

link between repeated head trauma and permanent degenerative neurological conditions as well as specialized knowledge concerning the possibility that its wrestlers could be exposed to a greater risk for such conditions." (*Id.* at 70.) The Court nevertheless observed that the remaining claim would be difficult to prove and expressed skepticism that it ultimately would survive.[4] (*Id.* at 32, 67-68.)

In its motions to dismiss, WWE also had argued that all claims except for those asserted by Plaintiff Singleton were barred by the applicable statutes of limitations and repose under Connecticut law. The Court agreed that Connecticut statutes of limitations and repose applied to all claims. (*Id.* at 20-24.) The Court noted that the Plaintiffs "appear to concede that the acts or omissions that form the bases of their suits occurred more than three years prior to the filing of their suits, and instead argue solely that their claims are nonetheless timely because the allegations are sufficient to show that WWE fraudulently concealed their cause of action and/or engaged in a continuous course of conduct that justifies tolling the statutes of repose." (*Id.* at 34-35.) The Court concluded that "the statute of limitations and repose may be tolled only as to the fraudulent omission claim and only to the extent that the Complaint raises questions of fact as to whether WWE owed a continuing duty to disclose, or fraudulently concealed, information pertaining to a link between WWE wrestling activity and permanent degenerative neurological conditions." (*Id.* at 26.) The Court observed that the

---

[4] For example, the Court noted the inherent contradiction between Plaintiffs' allegations that information regarding the link between repeated head trauma and permanent degenerative neurological conditions was publicly available and widely publicized and their allegations that Plaintiffs had no knowledge of such information and that WWE fraudulently concealed such information from them. *See* Memorandum of Decision (Doc. No. 116) at 32, 67-68.

tolling allegations were "threadbare" but nevertheless accepted them as true for purposes of the motion to dismiss. (*Id.* at 39-40.) The Court repeatedly noted that "further factual development" would be required to determine whether Plaintiff LoGrasso's claims were actually time-barred. (*Id.* at 31, 33, 41, 43.) The Court again expressed skepticism that Plaintiff LoGrasso ultimately would be able to establish any basis for tolling the statutes of repose.[5]

On March 22, 2016, the Court entered an electronic order that granted the Defendants' motion to dismiss the *Windham* Action. The Court's order stated: "In light of the Court's memorandum of decision denying in part WWE's Motion to Dismiss the Second Amended Complaint brought by Singleton and LoGrasso, the Court cannot grant the declaratory relief sought by WWE in the *Windham* action and that case must be dismissed. As the *Windham* action is dismissed, WWE's Motion for Expedited Discovery in that action is moot." (Doc. No. 117.) The Court's order did not make any explicit findings that it lacked subject matter jurisdiction over the *Windham* Action and did not explain how its ruling in the *Singleton* Action warranted dismissal of the *Windham* Action.

III. <u>LEGAL STANDARD</u>

A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial

---

[5] For example, the Court repeatedly noted that Plaintiff LoGrasso never alleged that he complained to any WWE employee of concussion-like symptoms or that any WWE employee had any knowledge of his condition. Memorandum of Decision (Doc. No. 116) at 11-12, 51-52. The Court also noted that LoGrasso's allegations suggested that he had discovered some form of actionable harm before 2012 such that he would not be able to rely on either continuing course of conduct or fraudulent concealment tolling. *Id.* at 31 n.5.

decision or order." D. Conn. L. Civ. R. 7(c)(1).  Motions for reconsideration

should be granted if "the moving party can point to controlling decisions or data

that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.,*

*Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration also present the

Court with the opportunity "to correct a clear error or to prevent manifest

injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d

Cir. 1992) (internal quotation marks and citations omitted).

IV.     <u>ARGUMENT</u>

> A.     <u>The Court Erred in Granting the Defendants' Motion to Dismiss the</u>
> <u>*Windham* Action for Lack of Subject Matter Jurisdiction.</u>

Defendants moved to dismiss the *Windham* Action for lack of subject

matter jurisdiction arguing that there was no actual case or controversy between

the parties for the Court to decide.  (Doc. No. 72.)  The Court granted the

Defendants' motion without any findings that the Court lacked subject matter

jurisdiction over the *Windham* Action.  To the extent that the Court granted the

motion on grounds that were not raised by the *Windham* Defendants but instead

on the basis of allegations made in the *Singleton* Action, it failed to provide WWE

with the required notice and opportunity to heard.  *See Thomas v. Scully*, 943

F.2d 259, 260 (2d Cir. 1991) ("Though the district court has the power to dismiss a

complaint *sua sponte* for failure to state a claim on which relief can be granted, it

may not properly do so without giving the plaintiff an opportunity to be heard.").

To the extent that the Court's electronic order could be interpreted as adopting

the Defendants' arguments in their motion to dismiss, the Court overlooked the

controlling authorities cited by WWE in its opposition brief establishing that the *Windham* Action presented an actual case or controversy between the parties. The Defendants could not and did not even muster a reply to those authorities.

The Second Circuit has held that it is reversible error for a court not to entertain a declaratory judgment action when *either* one of the following criteria are satisfied: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969).

The allegations of the *Windham* Complaint make clear that both criteria are satisfied. As WWE alleged in the Complaint, Attorney Kyros filed five separate lawsuits in different jurisdictions alleging traumatic brain injury claims by former professional wrestlers which were all subsequently transferred to the District of Connecticut. Attorney Kyros then sent letters to WWE on behalf of the four named Defendants in the *Windham* Action advising that he represented each of them, claiming that they were allegedly injured as a result of WWE's negligent and fraudulent conduct, and threatening further litigation against WWE over such claims. None of these Defendants had performed for WWE since 1999 at the latest. WWE properly commenced an action seeking a declaratory judgment that the claims relating to traumatic brain injuries or other tort claims threatened by the Defendants were time-barred under Connecticut law. Such a declaration would both settle the legal relationships between these parties and would avoid the uncertainty and insecurity of future proceedings involving these claims.

In addition, the Second Circuit has held that the threat of litigation by prospective plaintiffs gives rise to a case or controversy for purposes of a declaratory judgment action. *See Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) (declaratory judgment action "was properly commenced in light of the real threat of litigation"). The United States Supreme Court and the Second Circuit also have held that declaratory judgment actions can be used to establish a prospective defendant's non-liability. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959) (the Declaratory Judgment Act permits "prospective defendants to sue to establish their nonliability"); *Kidder*, 925 F.2d at 559 (affirming declaratory judgment that plaintiff was not liable to the defendant for alleged securities laws violations). There are numerous decisions in the Second Circuit and elsewhere entertaining actions seeking declaratory judgments that prospective claims are barred by statutes of limitations and addressing tolling issues in the context of those actions. *See Hoelzer v. City of Stamford*, 933 F.2d 1131, 1133 (2d Cir. 1991) (entertaining declaratory judgment action asserting that statute of limitations had run on claim for return of artwork); *Ernst & Young v. Matsumoto*, 14 F.3d 1380, 1383 (9th Cir. 1994) (entertaining declaratory judgment action that state and federal claims were time-barred and deciding that no tolling doctrine applied); *Barry v. Donnelly*, 781 F.2d 1040, 1041 (4th Cir. 1986) (deciding declaratory judgment action as to whether the defendant's claims were time-barred and whether tolling doctrine of equitable estoppel applied); *Shell Oil Co. v. Hickman*, 716 F. Supp. 931, 933 (W.D. Va. 1989)

(deciding that certain claims were time-barred where opposing counsel had prior history of attempting to circumvent the court's jurisdiction).

The Defendants did not respond to these authorities or the other arguments raised by WWE in its opposition to the motion to dismiss, and the Court did not address them in its order.  Because it is respectfully submitted that the Court had subject matter jurisdiction over the *Windham* Action, the Court erred in granting the Defendants' motion to dismiss on that basis.

**B.  The Court Erred in Granting Defendants' Motion to Dismiss the *Windham* Action Based on Its Ruling in the *Singleton* Action.**

The Court erred in dismissing the *Windham* Action based on its ruling in the *Singleton* Action that the Second Amended Complaint in that case plausibly alleged a basis for tolling statutes of repose which otherwise would have barred all of the claims asserted by Plaintiff LoGrasso.

**1.  The Defendants in the *Windham* Action Have Not Yet Pled Any Basis for Tolling the Statutes of Repose.**

The Defendants in the *Windham* Action are not parties to the *Singleton* Action and have not yet responded to the Complaint in the *Windham* Action nor pled the existence of any tolling doctrines in response to WWE's allegations.  The *Windham* Complaint alleges that none of the Defendants had performed for WWE within three years of its filing and therefore that the claims threatened by them are time-barred under Connecticut law.  The Court was required to accept these factual allegations as true for purposes of the motion to dismiss.  *See York v. Ass'n of the Bar*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for

-12-

failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

The Court's order granting the motion to dismiss the *Windham* Action erroneously presumed that the Defendants already had pled the existence of tolling doctrines to avoid the statutes of repose applicable to the claims they threatened to bring.  Further, the Court's order presupposed, based merely on the denial of a motion to dismiss at the pleadings stage in another action, that the *Windham* Defendants had *conclusively established* the applicability of such tolling doctrines such that WWE could never be entitled to a declaratory judgment that their claims were time-barred no matter what discovery might reveal or the facts might show.  The Court therefore presupposed both the existence *and* the merits of a potential defense to the declaratory judgment complaint that the Defendants had not even asserted yet.  *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir. 2010) ("A motion to dismiss does not involve consideration of whether a plaintiff will ultimately prevail on the merits, but instead solely whether the claimant is entitled to offer evidence in support of his claims.").

> ### 2.     Dismissal of the *Windham* Action Was Improper Even if the Defendants Had Pled the Allegations in the *Singleton* Action.

Even assuming that the Defendants in the *Windham* Action had pled tolling allegations similar to those pled by Plaintiff LoGrasso in the *Singleton* Action, dismissal of the *Windham* Action was improper.  In its ruling on WWE's motion to dismiss Plaintiff LoGrasso's claims, the Court concluded that Connecticut law applied and that Plaintiff LoGrasso's claims would be barred by the applicable

statutes of repose based on his admission that he did not perform for WWE within three years of the date his action was commenced.[6]  However, the Court concluded that the Second Amended Complaint had plausibly alleged a basis for tolling the statutes of limitations and repose, and the Court accepted those allegations as true for purposes of the motion to dismiss.[7]  The Court did not conclude that Plaintiff LoGrasso's claims were not time-barred as a matter of law. To the contrary, the Court repeatedly noted that further factual development was required to determine whether Plaintiff LoGrasso's claims were time-barred and expressed skepticism that he ultimately would be able to prove a basis for tolling. *See* Memorandum of Decision (Doc. No. 116) at 31, 33, 41, 43.

For the same reasons, the Court erred in dismissing the *Windham* Action and concluding as a matter of law that WWE was not entitled to a declaratory judgment that the claims threatened by the Defendants were time-barred.  Even if the Defendants in the *Windham* Action can and do sufficiently plead the existence of tolling doctrines in response to WWE's complaint, the action would not then be dismissed.  Rather, the action would proceed to discovery for further factual development to determine whether the claims are time-barred before any judgment is entered.  *See Andrews v. McCarron*, 414 B.R. 1, 5-6 (D. Conn. 2009) (holding that the bankruptcy court erred in entering judgment in favor of the

---

[6] The Court found that Connecticut statutes of limitations and repose applied to all claims, including the claims asserted by Plaintiff Haynes, whose contract with WWE did not have a Connecticut forum selection clause. *See* Memorandum of Decision (Doc. No. 116) at 20-24.

[7] For reasons stated in WWE's motion for reconsideration in the *Singleton* Action, WWE respectfully believes that the Court erred in this conclusion as well.

plaintiffs despite finding that genuine issues of material fact existed with respect to defendants' affirmative defense and noting that any factual issues would have to be resolved before rending judgment in favor of the plaintiff).

        3.      <u>The Alleged Basis for Tolling the Statute of Repose Against Plaintiff LoGrasso in the *Singleton* Action Does Not Apply to the *Windham* Action.</u>

Plaintiff LoGrasso's alleged factual basis for tolling the statute of repose in the *Singleton* Action would not save the threatened claims of the Defendants in the *Windham* Action in any event. The Court's conclusion that Plaintiff LoGrasso plausibly alleged a basis for tolling under the continuing course of conduct and fraudulent concealment exceptions was based on his allegations that WWE knew of information concerning a link between repeated head trauma and permanent degenerative neurological conditions *in 2005 or later*. *See* Memorandum of Decision (Doc. No. 116) at 70. By 2005, all of the tort claims threatened by the named Defendants in the *Windham* Action would have been foreclosed for years because none of them had performed for WWE *since at least 1999*. There is therefore no reason to believe, even in light of the Court's decision in the *Singleton* Action, that any of them can allege a plausible basis for tolling.

As to the continuing course of conduct doctrine, the Court noted that "the plaintiff must show the defendant (1) committed an initial wrong upon the plaintiff; (2) owed a continuing duty to the plaintiff that was related to the original wrong; and (3) continually breached that duty." (Doc. No. 116 at 35.) The Court concluded that "as to an initial concern, it is at least plausibly alleged that WWE knew as early *as 2005* about research linking repeated brain trauma with

permanent degenerative disorders and that such brain trauma and such permanent conditions could result from wrestling." (*Id.* at 39) (emphasis added). The Court also relied on the allegation that WWE had created a Wellness Program for current talent *in 2006*. (*Id.* at 37.) However, none of the named Defendants in the *Windham* Action has performed since 1999 and none of them has been exposed to the Wellness Program.[8] As a result, WWE could not have had any "initial concern" about the named *Windham* Defendants before the end of their relationships with WWE. The Defendants therefore cannot invoke the continuing course of conduct doctrine based even on the allegations in the *Singleton* Action.

As to the fraudulent concealment exception, the Court stated that "a plaintiff must demonstrate that the defendant: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the cause of action, (2) intentionally concealed those facts from the plaintiff and (3) concealed those facts for the purpose of obtaining delay on the part of the plaintiff in filing a cause of action against the defendant." (*Id.* at 44.)[9] The Court concluded the fraudulent concealment exception could apply in the *Singleton* Action because "it is at least plausibly alleged that WWE had actual knowledge about research linking repeated brain trauma with permanent degenerative disorders and that such brain

---

[8] As the Court noted in its opinion, "plaintiffs do not allege that WWE has ever claimed its Wellness Program was intended to monitor former talent." Memorandum of Decision (Doc. No. 116) at 8.

[9] Given that the *Windham* Action is a declaratory judgment action *commenced by WWE*, it is not clear that the fraudulent concealment exception could even apply. Assuming *arguendo* that it could be applicable in theory, it is still not clear that it can be pled by the *Windham* Defendants.

trauma and such permanent conditions could result from wrestling" in 2005 and thereafter.  (*Id.* at 45.)  However, the named Defendants in the *Windham* Action cannot rely on similar allegations because they have not performed for WWE *since 1999* at the latest.[10]  The Court therefore erred in dismissing the *Windham* Action based on the allegations in the *Singleton* Action.

C.    The Court Erred in Denying the Motion for Expedited Discovery in the *Windham* Action as Moot.

Because the Court erred in granting the motion to dismiss the *Windham* Action, the Court also erred in denying WWE's motion for expedited discovery in that action as moot.  WWE is entitled to expedited discovery as to identities of the John Doe Defendants in the *Windham* Action so that WWE can amend its complaint to name all of the proper defendants and the action can proceed without further delay.  (*See* Doc. No. 60.)

V.    CONCLUSION

For the reasons set forth above, the Court should grant WWE's motion for reconsideration, deny the Defendants' motion to dismiss the *Windham* Action, and grant WWE's motion for expedited discovery in that action.

---

[10] It is difficult to see how the named *Windham* Defendants could allege any viable claim in view of the Court's decision in the *Singleton* Action.  The Court already has concluded that former performers cannot state viable negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, or medical monitoring claims against WWE.  Memorandum of Decision (Doc. No. 116) at 70.  The Court only allowed the fraudulent omission claim to proceed because Plaintiffs Singleton and LoGrasso were alleged to have wrestled after 2005.  *Id.* at 67-68.  As noted above, none of the named Defendants in the *Windham* Action have performed for WWE since 1999 at the latest.

**WORLD WRESTLING ENTERTAINMENT, INC.,**

By: */s/ Jerry S. McDevitt*
    **Jerry S. McDevitt (*pro hac vice*)**
    **Terry Budd (*pro hac vice*)**
    **Curtis B. Krasik (*pro hac vice*)**
    **K&L GATES LLP**
    **K&L Gates Center**
    **210 Sixth Avenue**
    **Pittsburgh, PA 15222**
    **Phone: (412) 355-6500**
    **Fax: (412) 355-6501**
    **Email: jerry.mcdevitt@klgates.com**
    **Email: terry.budd@klgates.com**
    **Email: curtis.krasik@klgates.com**

    **Thomas D. Goldberg (ct04386)**
    **Jonathan B. Tropp (ct11295)**
    **Jeffrey P. Mueller (ct27870)**
    **DAY PITNEY LLP**
    **242 Trumbull Street**
    **Hartford, CT 06103**
    **Phone: (860) 275-0100**
    **Fax: (860) 275-0343**
    **Email: tgoldberg@daypitney.com**
    **Email: jbtropp@daypitney.com**
    **Email: jmueller@daypitney.com**

## CERTIFICATION OF SERVICE

      **I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**

      */s/ Jeffrey P. Mueller*
      **Jeffrey P. Mueller (ct27870)**