EXHIBIT G

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **EVAN SINGLETON and VITO LOGRASSO,** | |
| **Plaintiffs,** | |
| **v.** | **Lead Case No. 3:15-cv-1074-VLB** |
| **WORLD WRESTLING ENTERTAINMENT, INC.,** | |
| **Defendant** | |

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT**
**WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST REQUEST FOR THE**
**PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF VITO LOGRASSO**

Plaintiff Vito LoGrasso ("Plaintiff") hereby submits the following supplemental objections and responses to Defendant World Wrestling Entertainment, Inc.'s ("WWE") First Request for Production of Documents (the "Requests"). These objections and responses are based upon documents currently in Plaintiff's possession, custody, or control. Plaintiff reserves the right to alter, supplement, or modify his responses based upon the discovery of additional facts, documents, witnesses, and information, in accordance with Federal Rule of Procedure 26(e).

## GENERAL OBJECTIONS

1.      WWE's submission of 102 requests for production during this limited discovery period is overly broad, unduly burdensome, and seeks documents outside the scope of the order partially lifting the stay of discovery ("Discovery Order") on January 15, 2016 (Dkt. 107).

2.      Plaintiff has not concluded his investigation of the facts related to this case, formal discovery, or preparation for trial. For that reason, there may exist documents or information responsive to these requests which Plaintiff has not yet located, identified, or reviewed, and his responses may be incomplete. There is also a possibility that, upon further investigation, certain details set forth in the Responses may be altered or amended. These responses represent Plaintiff's reasonable effort to provide the documents requested based upon what is in his possession, custody, or control.  Plaintiff reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend his responses, and to otherwise assert factual and legal contentions if additional facts are ascertained, analyses are made, and legal research is completed.

3.      Plaintiff objects to these Requests to the extent they seek to establish or imply a waiver of Plaintiff's right to challenge the relevancy, materiality, or admissibility of the documents provided by Plaintiff, or to object to the use of documents in any subsequent proceeding or trial in this or in any other action.  In responding to these requests, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the information or documents provided by them, or to object to the use of the documents in any subsequent proceeding or trial in this or in any other action.

4.    Plaintiff objects generally to the instructions and definitions to the extent they purport to impose obligations upon Plaintiff that exceed those required by the Federal Rules of Civil Procedure, the local rules, or any other applicable rules of the Court.   Plaintiff will supplement his Responses, if necessary, in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

5.    Plaintiff objects to the Requests to the extent they contain no time limitations, an unreasonable time limitation, or a time limitation beyond the scope of the Discovery Order.   Plaintiff will respond for the time period as may be relevant in the context of a particular demand

6.    Plaintiff objects generally to the Requests to the extent that they are vague, ambiguous, and/or not susceptible to a reasonably clear definition or interpretation. Plaintiff will make reasonable efforts to respond to each Request to the extent that Plaintiff understands and interprets the request. If WWE subsequently asserts any interpretation of a Request which differs from that of Plaintiff, then Plaintiff reserves the right to supplement his objections and responses.

7.    Plaintiff objects to these Requests to the extent they seek documents that are neither relevant to the parties' claim and defense nor reasonably calculated to lead to the discovery of admissible evidence.

8.    Plaintiff objects to these Requests to the extent they seek documents protected from disclosure by the attorney-client privilege, application of the work product doctrine, or any other applicable privilege or immunity.   This objection includes, but is not limited to, information demanded which relates to mental

impressions, conclusions, opinions, or legal theories of an attorney or representative of Plaintiff concerning the litigation, as well as information regarding communications between Plaintiff and his attorneys made subsequent to the transactions upon which this lawsuit is brought and in anticipation of litigation, and information that was obtained or prepared in anticipation of litigation and/or trial preparation. Plaintiff responds to these Requests on the condition that the inadvertent disclosure of information covered by such privilege, rule, or doctrine does not waive any of Plaintiff's rights to assert such privilege, rule, or doctrine, and that Plaintiff may withdraw any such information inadvertently disclosed as soon as it is identified. The inadvertent production of any information protected by any privilege, or any other ground for objecting to such discovery, shall not constitute a waiver of the applicable privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent disclosure waive Plaintiff's right to object to the use of any such information in any proceeding.

9.     Plaintiff objects to these Requests, and to WWE's Instructions and Definitions, to the extent they seek to impose a burden in excess of the requirements of the Federal Rules of Civil Procedure.

10.     Plaintiff objects to these Requests to the extent that they seek to impose a duty to provide information not within Plaintiffs' possession, custody, or control; within WWE's possession, custody, or control; or in the possession, custody, or control of third parties.

11.    Plaintiff objects to these Requests to the extent that they seek information that is publicly available or to which WWE counsel have equal access or could obtain by equal effort.

12.    To the extent that Plaintiffs provide documents in response to these Requests, such response shall not constitute a waiver of any objection to the relevancy of such information, all such objections being expressly reserved.

13.    Plaintiffs object to each Request to the extent it call documents reflecting or relating to "any" or "all" or "every" topic of a specific nature or type, when a more limited set of documents will suffice on the grounds that these Requests are overly broad, unduly burdensome, and oppressive.

14.    Plaintiff objects to each Request to the extent that it impermissibly seeks premature disclosure of experts and expert information or requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.

15.    All of the foregoing objections are incorporated into each of the specific responses set forth below, even if not specifically stated.

## OBJECTIONS TO INSTRUCTIONS

1.    Instruction No. 1 is overly broad and seeks documents that are outside Plaintiff's possession, custody, or control and is subject to the attorney-client privilege and the protections of Rule 26(b)(3).

2.    Instruction No. 2 seeks documents beyond that required by Rule 26(b)(2)(B).

3.    Instruction No. 3 seeks documents beyond that required by Rule 26(b)(2)(B).

4.     Instruction No. 4 renders WWE's Requests for Production overly broad and unduly burdensome and seeks documents that are subject to the attorney-client privilege and the protections of Rule 26(b)(3).

5.     Plaintiff does not object to Instruction No. 5 to the extent it is a recitation of the requirements of Rule 34(b)(2) and does not seek to broaden those requirements.

6.     Plaintiff does not object to Instruction No. 6 to the extent it is a recitation of the requirements of Rule 34(b)(5) and does not seek to broaden those requirements.

7.     Plaintiff does not object to Instruction No. 7 to the extent it is a recitation of the requirements of Rule 34(b)(2) and does not seek to broaden those requirements.

8.     Instruction No. 8 requests production in a form that is unduly burdensome and expensive and not usually used by individuals to store personal information and imposes obligations well beyond those set forth in Rules 26(b)(2) 34(b)(2).

9.     Instruction No. 9 seeks supplemental responses in a speedier manner than is required by Rule 26(e).

.

## SPECIFIC RESPONSES AND OBJECTIONS TO
## FIRST SET OF REQUESTS

**Request No. 1.:** **All documents reflecting the symptoms, and onset of such symptoms, which You have developed as referenced in ¶ 2 of the SAC.**

> **Response**:  **Plaintiff objects because this is beyond the scope of the Discovery Order.  Plaintiff further objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers. Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possesion.**

**Request No. 2.:** **All documents reflecting that You have been diagnosed with permanent post- concussion brain injuries from Your wrestling performances with WWE, as alleged in ¶ 2 of the SAC.**

> **Response**:  **Plaintiff objects because this is beyond the scope of the Discovery Order.   Plaintiff further objects because this this impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and is duplicative of subpoenas already served by WWE on Plaintiff's medical providers.  Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 3.:** **All documents upon which You base Your belief that You are at a greater risk for developing the long term brain diseases referenced in ¶ 2 of the SAC.**

**Response**:  **Plaintiff objects because this is vague, ambiguous, and seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.   Plaintiff further objects because this is beyond the scope of the Discovery Order and impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and is duplicative of subpoenas already served by WWE on Plaintiff's medical providers.   Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 4.:** **All documents reflecting the alleged "large body of medical and scientific studies that date as far back [as] the 1920's that link head trauma to long term neurological problems" referenced in ¶ 3 of the SAC.**

**Response**:  **Plaintiff objects because this is overly broad, vague, and seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.   Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.   Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 5.:**  All documents upon which You base Your allegation that WWE has known for decades that repeated concussive and sub-concussive impacts substantially increases the probability that a wrestler will develop degenerative brain disease, as alleged in ¶ 3 of the SAC.

> **Response**: Plaintiff objects because this impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and seeks documents not within the possession, custody, or control of Plaintiff and which WWE are already in WWE's possession, custody, or control.  Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 6.:**  All documents reflecting the representations of WWE referenced in ¶ 5 of the SAC.

> **Response**:  Plaintiff objects because this overly broad and seeks documents within the possession, custody, or control of WWE. Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 7.:**  All documents reflecting the "misleading half-truths" referenced in ¶ 7 of the SAC.

**Response**:  Plaintiff objects because this overly broad and seeks documents within the possession, custody, or control of WWE. Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 8.:**  All documents reflecting the "medical and safety information" communicated to You by WWE, as alleged in ¶ 8 of the SAC.

**Response**:   Plaintiff objects because this seeks documents within the possession, custody, and control of WWE.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 9.:**  All documents upon which You base the allegation that "Concussion research during the years [You] wrestled for WWE was such that WWE had actual notice of the causal connection between head trauma suffered while wrestling for WWE and long-term neurological injury," as alleged in ¶ 9 of the SAC.

**Response**:  Plaintiff objects because this seeks publicly available documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.  Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of

expert testimony.    Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 10.:**    All documents reflecting the dates You actually performed for WWE.

    **Response**:  Plaintiff objects because this is overly broad, vague, and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.  Plaintiff further objects because this is beyond the scope of the Discovery Order. Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 11.:**    All scripts for any performances You rendered for WWE.

    **Response**:  Plaintiff objects because this is overly broad, vague, and seeks documents exclusively within the possession, custody, or control of PI WWE.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 12.:**    All documents reflecting scientific papers and/or studies referenced by name or title in the SAC, including, but not limited to, in the footnotes to the SAC.

    **Response**:  Subject to and without waiving the foregoing general, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 13.:**     **All documents reflecting all media articles referenced in the SAC.**

> **Response**:  **Plaintiff objects because this overly broad and unduly burdensome.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 14.:**     **All documents upon which You base the allegations in ¶ 28 of the SAC that WWE had actual notice during the time You performed for WWE that the referenced symptoms evidenced concussions.**

> **Response**:  **Plaintiff objects because this seeks documents within the possession, custody, and control of WWE; impermissibly seeks premature disclosure of experts and expert information; and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 15.:**     **All documents reflecting Your training to become a professional wrestler.**

> **Response**:  **Plaintiff objects because this is vague and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.**

**Request No. 16.:**   All documents reflecting statements by You regarding Your competence to train others to be a professional wrestler.

>   **Response:**  Plaintiff objects because this is vague; seeks documents not within the possession, custody, or control of Plaintiff; and seeks documents that are beyond the scope of the Discovery Order and is irrelevant to the parties' claims and defenses.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 17.:**   All documents reflecting the identity and address of others You have trained to be a professional wrestler.

>   **Response:**  Plaintiff objects because this is overly broad, vague, unduly burdensome and seeks documents that are beyond the scope of the Discovery Order and irrelevant to the parties' claims and defenses.  Pursuant to these objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.

**Request No. 18.:**   All documents reflecting warnings given by You to prospective or actual trainees of the risks of injury associated with professional wrestling including long term neurodegenerative diseases.

>   **Response:**  Plaintiff objects because this is overly broad and vague and seeks documents that are beyond the scope of the Discovery Order and irrelevant to the parties' claims and defenses.  Pursuant to these objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.

**Request No. 19.:    All documents reflecting statements by You to WWE personnel of suspected or actual head injury at any time You performed for WWE.**

> **Response: Plaintiff objects because this is vague and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.   Notwithstanding the foregoing general and specific objections, all statements described in this Request were oral in nature, and Plaintiff is therefore Plaintiff is not in possession of responsive documents.**

**Request No. 20.:    All documents reflecting medical treatment for head injuries sustained by You while performing for WWE, whether by WWE medical personnel or Your own personal physicians.**

> **Response: Plaintiff objects because this is vague and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.   Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and is duplicative of subpoenas already served by WWE on Plaintiff's medical providers.   Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 21.:**    All documents reflecting or relating to Your allegation that "WWE continues to understate the risks and dangers of CTE", as alleged in ¶ 55 of the SAC.

> **Response**: Plaintiff objects because this overly broad and seeks documents that are within the possession, custody, or control of WWE.   Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 22.:**    All documents reflecting "WWE and its medical personnel" quelling Your fears regarding injuries and convincing You to continue wrestling despite suffering concussions and sub-concussive injuries, as alleged in ¶ 55 of the SAC.

> **Response**: Plaintiff objects because this overly broad and seeks documents that are not within the possession, custody, or control of Plaintiff and to which WWE has better access.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 23.:**    All documents relating to Your allegation in ¶ 60 of the SAC that WWE concealed medical information and allowed You to return to the ring or practice when injured by head trauma.

> **Response**: Plaintiff objects because this seeks documents not within his possession, custody, or control and to which WWE has better access.  Plaintiff further objects because this seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of

Plaintiffs' counsel.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 24.:**   All documents whereby WWE represented to You directly that the safety of its wrestlers is a top priority, as referenced in ¶ 61 of the SAC.

**Response**:  Plaintiff objects because this seeks documents not within his possession, custody, or control and to which WWE has better access.   Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 25.:**   The NHL Concussion Policy in 1997 referenced in ¶ 62 of the SAC.

**Response**:  Plaintiff objects because this is beyond the scope of the Discovery Order and seeks documents not within his possession, custody, or control and to which WWE has equal access.

**Request No. 26.:**   All documents reflecting WWE systematically denying to You that wrestlers routinely suffer from concussions or that wrestlers suffer from long-term brain damage, as referenced in ¶ 63 of the SAC.

**Response**:  Plaintiff objects because seeks documents not within his possession, custody, or control and to which WWE has better access. Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 27.:**     All documents reflecting the NFL acknowledgement in July of 2010 referenced in ¶ 74 of the SAC.

    **Response**: Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 28.:**     All documents relating to or reflecting any involvement by You with WWE's Wellness Program.

    **Response**: Plaintiff objects because this seeks documents not within his possession, custody, or control and to which WWE has better access.     Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 29.:**     All documents reflecting any medical care provided and/or offered to You by WWE since Your last contract with WWE was terminated.

    **Response**: Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers. Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 30.:**     All documents received by You regarding WWE's Wellness Program which assured You that Your health and safety was being monitored as a former wrestler by WWE, as referenced in ¶ 82 of the SAC.

    **Response**: Plaintiff objects because this seeks documents not within his possession, custody, or control and to which WWE has equal access.     Notwithstanding the foregoing general and specific objections, responsive documents, Plaintiff is not in possession of responsive documents.

**Request No. 31.:**   **All documents reflecting the "misleading statements" alleged to have been issued by WWE in ¶ 84 of the SAC.**

> **Response:  Plaintiff objects because this seeks documents not within his possession, custody, or control and to which WWE has better access.   Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.   Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 32.:**   **All documents reflecting or relating to Your allegation in ¶ 85 of the SAC that WWE had "superior knowledge and access to information" regarding neurological risks associated with head injuries.**

> **Response:  Plaintiff objects because this is overly broad and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.**

**Request No. 33.:**   **All documents reflecting or relating to Your allegation that the "stated purpose" of WWE hiring medical personnel was to monitor and assess Your health inside and outside the ring, as referenced in ¶ 86 of the SAC.**

> **Response:  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has**

better access.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 34.:**   All documents reflecting or relating to the "statements" and/or "programs" addressing Your health referenced in ¶ 90 of the SAC.

    **Response:**  Plaintiff objects because this is overly broad and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 35.:**   All documents reflecting WWE demanding that You perform acts which cannot be performed safely, as referenced in ¶ 91 of the SAC.

    **Response:**  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.  Notwithstanding foregoing general and specific objections, such demands were oral in nature, and Plaintiff is therefore not in possession of responsive documents.

**Request No. 36.:**   All documents whereby You were lead to believe You could not admit to being injured, as referenced in ¶ 124 of the SAC.

    **Response:**  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 37.:**   All documents reflecting or relating to being told by WWE employees the statements alleged in ¶ 125 of the SAC.

**Response**:  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.  Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.  Notwithstanding the foregoing general and specific objections, all statements referenced in ¶ 125 of the SAC were oral in nature, and he is therefore not Plaintiff is not in possession of responsive documents.

**Request No. 38.:**   **All documents reflecting anything You read about concussions prior to, during, and/or after Your career as a professional wrestler and/or trainer of professional wrestlers.**

**Response**:  Plaintiff objects because this is overly broad, vague, and ambiguous.  Plaintiff further objects because this seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 39.:**   **All documents reflecting communications with and/or medical treatment by Dr. Rios.**

**Response**:  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.   Subject to the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 40.:**    **All documents reflecting the treatment provided to You by Dr. S. Tambor and Dr. Tambor's address.**

   **Response:  Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers. Notwithstanding the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 41.:**    **All medical records of treatment of You by any health care provider during Your professional wrestling career or thereafter for wrestling injuries including, but not limited to, concussions and/or TBIs.**

   **Response:  Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers.  Plaintiff further objects because this seeks documents beyond the scope of the Discovery Order.  Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 42.:**    **All medical records of any and all physicians who treated You for the condition which caused You to seek a therapeutic use exception ("TUE") to use certain drugs while performing for WWE.**

   **Response:  Plaintiff objects because this is vague and ambiguous and is duplicative of subpoenas already served by WWE on Plaintiff's medical providers.  Plaintiff further objects because this seeks documents beyond the scope of the Discovery Order.   Subject to the**

foregoing general and specific objections, responsive documents will
be produced.

**Request No. 43.:**    All documents reflecting the treatment of You by Dr. Nancy
Bruemmer.

    **Response**:  Plaintiff objects because this is overly broad, vague, and
ambiguous.  Plaintiff further objects because this seeks documents
beyond the scope of the Discovery Order.  Notwithstanding the
foregoing general and specific objections, Plaintiff is not in
possession of responsive documents.

**Request No. 44.:**    All documents reflecting the treatment of You by Dr.
DeMarco.

    **Response**:  Plaintiff objects because this is overly broad, vague, and
ambiguous.  Plaintiff further objects because this seeks documents
beyond the scope of the Discovery Order.  Notwithstanding the
foregoing general and specific objections, Plaintiff is not in
possession of responsive documents.

**Request No. 45.:**    All documents reflecting the identity of all health care
insurance policies You have had during Your professional wrestling career and
thereafter, together with all documents reflecting claims made and/or paid by
such insurers.

    **Response**:  Plaintiff objects because this is beyond the scope of the
Discovery Order and is irrelevant to the parties' claims and defenses.
Notwithstanding the foregoing general and specific objections,

**Plaintiff did not have health insurance during his wrestling career and is not in possession of responsive documents.**

**Request No. 46.:**     **All documents reflecting or relating to Dr. Rios allowing You to return to the ring before Your head, neck, spine and brain had healed, and which identify when such events occurred, as referenced in ¶ 130 of the SAC.**

**Response:   Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.**

**Request No. 47.:**     **All documents reflecting or relating to the date(s) when "neurological injuries only later [began] to manifest itself in severe headaches and neurological illness," and which identify said "neurological illness," all as alleged in ¶ 132 of the SAC**

**Response:   Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers.   Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 48.:**     **All documents which identify the venue and/or exact date of the match referenced in ¶ 134 of the SAC.**

**Response:   Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents and refers WWE to his response to Interrogatory No. 9.**

**Request No. 49.:**   **All documents reflecting where You continued fighting in and after 2008, as referenced in ¶ 140 of the SAC.**

**Response:  Plaintiff objects because this is beyond the scope of the Discovery Order and is irrelevant to the parties' claims and defenses. Pursuant to these objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.**

**Request No. 50.:**   **All documents reflecting or relating to the diagnosis of TMJ of the jaw and the deafness alleged in ¶ 141 of SAC.**

**Response:  Plaintiff objects because this is beyond the scope of the Discovery Order.   Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 51.:**   **All documents reflecting statements You have made regarding the onset of deafness and the cause of it.**

**Response:  Plaintiff objects because this is beyond the scope of the Discovery Order.   Subject to the foregoing general and specific objections, Plaintiffhas produced all responsive, non-privileged documents in his possession.**

**Request No. 52.:**   **All documents relating to or reflecting treatment by the Lancaster General Hospital Urgent Care Facility and/or Dr. Smith, as referenced in ¶ 142 of the SAC**

**Response:  Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers and beyond the scope of the Discovery Order.   Plaintiff further objects because**

this is duplicative of subpoenas already served by WWE. Subject to the foregoing general and specific objections, responsive documents will be produced.

**Request No. 53.:**   **All documents relating to or reflecting communications with, and/or treatment by, Dr. Handler, as alleged in ¶ 143 of the SAC.**

**Response:  Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers and beyond the scope of the Discovery Order.  Subject to the foregoing general and specific objections, responsive documents will be produced.**

**Request No. 54.:**   **All documents relating to or reflecting communications with, and/or treatment by, Dr. Robert Cavoto, as alleged in ¶ 144 of the SAC**

**Response:  Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers and beyond the scope of the Discovery Order. Subject to the foregoing general and specific objections, responsive documents will be produced.**

**Request No. 55.:**   **All documents reflecting the identity and address of the psychologist referenced in ¶ 145 of the SAC.**

**Response:  Plaintiff objects because this is beyond the scope of the Discovery Order.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents and refers WWE to his response to Interrogatory No. 3.**

**Request No. 56.:**   **All documents reflecting communications with, and treatment by, the psychologist referenced in ¶ 145 of the SAC.**

**Response**:  Plaintiff objects because this is beyond the scope of the Discovery Order.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 57.**:    All documents reflecting or relating to prescriptions You have received since last performing for WWE, including documents which reflect the prescribing physician, the drugs, and the doses and durations.

**Response**:  Plaintiff objects because this is duplicative of subpoenas already served by WWE on Plaintiff's medical providers, seeks documents beyond the scope of the Discovery Order, and is irrelevant to the parties claims and defenses.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 58.**:    All documents related to Your application for and/or grant of disability by Medicaid, as referenced in ¶ 148 of the SAC.

**Response**:  Plaintiff objects because this is beyond the scope of the Discovery Order.  Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 59.**:    All pamphlets and emails You have received from WWE regarding the health and safety of retired WWE wrestlers, as referenced in ¶ 148 of the SAC.

**Response**:  Plaintiff objects because this seeks documents in WWE's possession, custody, or control.   Notwithstanding the foregoing

general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 60.:** All documents reflecting, relating, or comprising the "statements" of WWE referenced in ¶ 149 of the SAC.

> **Response:** Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 61.:** All documents reflecting or related to the "affirmative actions" which You allege were done by WWE to conceal dangers or risks from You, as alleged in ¶ 167 of the SAC.

> **Response:** Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access. Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 62.:** All documents containing, reflecting or related to the "material misrepresentations" by WWE which You claim were made to You, other wrestlers, and the public, as alleged in ¶ 168 of the SAC.

> **Response:** Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has better access. Plaintiff further objects because this is overly broad and irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss. Subject to and

without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 63.:**   All documents reflecting, relating, or containing specific statements by WWE that "WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE," as alleged in ¶ 185 of the SAC.

**Response:**  Plaintiff objects because this is overly broad, vague and ambiguous and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 64.:**   All documents wherein WWE misrepresented, omitted and/or concealed material facts from You concerning repetitive head impacts and related injuries, as referenced in ¶ 207 of the SAC.

**Response:**  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.  Plaintiff further objects because this is overly broad and ambiguous and is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.  Subject to and without waiving the foregoing general and specific objections, all misrepresentations made directly to Mr.

LoGrasso were oral in nature, and he is therefore not in possession of responsive documents.

**Request No. 65.:**   All documents containing, reflecting, or related to the "statements" from WWE or the Talent Wellness Program which You allege lacked a reasonable basis to believe were true, as referenced in ¶ 212 of the SAC.

**Response**:  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.   Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.   ; impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 66.:**   All documents containing, relating to and/or reflecting the "misleading and deceptive public statements and published articles" referenced in ¶ 230 of the SAC.

**Response**:  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.  Plaintiff further objects because this is vague

and ambiguous; irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss; impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all non-privileged, responsive documents in his possession.

**Request No. 67.:**   All documents reflecting and/or relating to the allegation that "[i]n 2007, scientists concluded that a former WWE wrestler had suffered from CTE" referenced in ¶ 57 of the SAC.

**Response**: Plaintiff objects because this seeks publicly available documents to which WWE has equal or better access.  Plaintiff further objects because this is overly broad, vague, and ambiguous; impermissibly seeks premature disclosure of experts and expert information; and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all non-privileged, responsive documents in his possession.

**Request No. 68.:**   All documents reflecting and/or relating to the allegation that "[s]cientists concluded in 2009 that a second former WWE wrestler had suffered from [CTE]" referenced in ¶ 57 of the SAC.

> **Response:** Plaintiff objects because this seeks publicly available documents that are not within his possession, custody, or control and to which WWE has equal or better access.  Plaintiff further objects because this is overly broad, vague, and ambiguous; impermissibly seeks premature disclosure of experts and expert information; and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all non-privileged, responsive documents in his possession.

**Request No. 69.:**   All documents reflecting and/or relating to the allegation in ¶ 70 of the SAC that "WWE's request to examine the research and tests [of Mr. Benoit] was feigned."

> **Response:** Plaintiff objects because this seeks publicly available documents that are not within his possession, custody, or control and to which WWE has equal or better access.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 70.:**   All documents reflecting Dr. Bennet Omalu's November 2006 paper referenced in ¶ 71 of the SAC.

**Response**: **Plaintiff objects because this seeks publicly available documents that are not within his possession, custody, or control and to which WWE has equal or better access. Plaintiff further objects because this is overly broad; impermissibly seeks premature disclosure of experts and expert information; and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 71.:** All documents reflecting the allegation in ¶ 73 of the SAC that "[i]n a joint interview for the 2007 CNN documentary Death Grip: Inside Pro Wrestling, WWE CEO Vincent K. McMahon and former WWE CEO Linda McMahon attacked Dr. Omalu and Dr. Bailes's finding that Benoit has suffered from CTE."

**Response**: **Plaintiff objects because this seeks publicly available documents that are not within his possession, custody, or control and to which WWE has equal or better access. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.**

**Request No. 72.:** All documents reflecting Dr. Maroon's alleged "involvement in public efforts to discredit Dr. Omalu's research" referenced in ¶ 76 of the SAC.

**Response**: **Plaintiff objects because this seeks publicly available documents to which WWE has equal or better access. Subject to and**

without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 73.:** All documents reflecting Dr. Maroon's alleged "involve[ment] in prior concussion and head trauma related cover ups, including attempts to discredit research related to CTE" referenced in ¶ 77 of the SAC.

**Response:** Plaintiff objects because this seeks publicly available documents to which WWE has equal or better access. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 74.:** All documents reflecting the alleged "study of studies" that supposedly in 2012 revealed that the concussion diagnostic system used by WWE's Wellness Program "may increase the risk of long term damage because of its error rate" referenced in ¶ 79 of the SAC.

**Response:** Plaintiff objects because this seeks documents to which WWE has equal or better access. Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 75.:**    All documents reflecting and/or relating to the allegation in ¶ 80 of the SAC that WWE's Wellness Program "reaches out to former wrestlers to offer support for drug and alcohol abuse."

> **Response**:  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.  Plaintiff further objects because this is overly broad.  Subject to and without waiving the foregoing general and specific objections, Plaintiff is not possession of responsive documents.

**Request No. 76.:**    All documents reflecting WWE's alleged statement "that it has 'the finest monitoring program in American Sports'" referenced in ¶ 81 of the SAC.

> **Response**:  Plaintiff objects because this seeks documents that have already been produced to Defendant as part of Plaintiffs' response to WWE's motion to dismiss Plaintiffs' Second Amended Complaint. Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 77.:**    All documents reflecting the alleged statements and programs of WWE "to address Plaintiffs' health" referenced in ¶ 90 of the SAC.

> **Response**:  Plaintiff objects because this seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.  Subject to and without waiving the foregoing

general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

Request No. 78.:    All documents reflecting the alleged "growing medical and scientific information uniquely available to WWE and its agents" referenced in ¶¶ 161, 173, 181, 188, 196, 211, 224, 232, 243, & 252 of the SAC.

> Response: Plaintiff objects because this is overly broad, unduly burdensome, and vague and seeks publicly available documents to which WWE has equal or better access.   Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information; and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.   Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession..

Request No. 79.:    All documents reflecting the alleged public statements by WWE "criticizing the legitimate scientific studies which illustrated the dangers and risks of head injuries and the long-term effects of concussions" referenced in ¶¶ 193 & 208 of the SAC.

> Response: Plaintiff objects because this seeks publicly available documents to which WWE has equal or better access.  Subject to and without waiving the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 80.:**   **All documents reflecting and/or relating to any examination or treatment of You by health care providers employed by or affiliated with WCW during the periods You performed for WCW.**

>**Response**:  **Plaintiff objects because this is outside the scope of the Discovery Order, irrelevant to the parties' claims and defenses, and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.   Plaintiff further objects because this is overly broad and unduly burdensome. Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.**

**Request No. 81.:**   **All documents reflecting and/or relating to any examination or treatment of You by health care providers employed by or affiliated with ECW during the periods You performed for ECW.**

>**Response**:  **Plaintiff objects because this is outside the scope of the Discovery Order, irrelevant to the parties' claims and defenses, and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.   Plaintiff further objects because this is overly broad and unduly burdensome. Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.**

**Request No. 82.:**   **All documents reflecting and/or relating to any examination or treatment of You by health care providers for a TBI or concussion You sustained prior to and/or after Your contractual relationship with WWE.**

**Response**:  Plaintiff objects because this is outside the scope of the Discovery Order and irrelevant to the parties' claims and defenses. Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information; is duplicative of subpoenas already served by WWE on Plaintiff's medical providers; and requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony. Subject to the foregoing general and specific objections, responsive documents will be produced.

**Request No. 83.:**  All documents reflecting and/or relating to any communications between You and WWE in which You advised WWE that You had sustained a TBI or concussion.

**Response**:  Plaintiff objects because this is outside the scope of the Discovery Order and seeks documents not within the possession, custody, or control of Plaintiff and to which WWE has equal or better access.   Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 84.:**   All documents reflecting and/or relating to any wrestling performance(s) by You after Your contractual relationship with WWE ended.

**Response**: Plaintiff objects as this is overly broad, vague, ambiguous, and unduly burdensome; outside the scope of the Discovery Order; and irrelevant to the parties' claims and defenses. Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 85.:**   All documents reflecting any contract or agreement relating to any wrestling performance(s) with promotions and/or organizations other than WWE, including but not limited to WCW and ECW.

>  **Response**: Plaintiff objects as this is overly broad, vague, ambiguous, and unduly burdensome; outside the scope of the Discovery Order; and irrelevant to the parties' claims and defenses. Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 86.:**   All Facebook, Twitter or social media posts by You since Your contractual relationship with WWE ended relating to this lawsuit, Your physical or medical condition, and/or WWE.

>  **Response**: Plaintiff objects as this is overly broad, vague, ambiguous, and unduly burdensome and seeks documents outside the scope of the Discovery Order and irrelevant to the parties claims and defenses.  Pursuant to these objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.

**Request No. 87.:**   All documents reflecting and/or relating to communications between You and WWE since Your contractual relationship with WWE ended.

>  **Response**: Plaintiff objects as this is overly broad, vague, ambiguous, and unduly burdensome; duplicative of other requests; and seeks documents to which WWE has equal or better access. Subject to the foregoing general and specific objections, responsive documents, to the extent they exist and are in Plaintiff's possession, custody, or control, will be produced.

**Request No. 88.:**   **All documents reflecting and/or relating to the CAT scan on Your brain alleged in ¶ 143 of the Second Amended Complaint.**

> **Response**: **Plaintiff objects because this impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; is beyond the scope of the Discovery Order; and is duplicative of subpoenas already served by WWE on Plaintiff's medical providers.   Subject to the foregoing general and specific objections, responsive documents will be produced.**

**Request No. 89.:**   **All documents reflecting and/or relating to Your membership in a gym since Your contractual relationship with WWE ended.**

> **Response**: **Plaintiff objects because this is overly broad, vague, ambiguous, and unduly burdensome; outside the scope of the Discovery Order; and irrelevant to the parties' claims and defenses. Pursuant to the foregoing general and specific objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.**

**Request No. 90.:**   **Copies of all federal, state and local tax filings by You since Your contractual relationship with WWE ended.**

> **Response**:   **Plaintiff objects because this is outside the scope of the Discovery Order.   Pursuant to the foregoing general and specific objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.**

**Request No. 91.:**     Copies of all federal, state and local tax filings by You that reflect any income or revenue from professional wrestling performances.

>     **Response:  Plaintiff objects because this seeks documents outside the scope of the Discovery Order and irrelevant to the parties' claims and defenses and is overly broad and unduly burdensome.  Pursuant to the foregoing general and specific objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.**

**Request No. 92.:**     Documents sufficient to show any income or revenue You received from professional wrestling performances rendered to WWE, whether as a jobber or pursuant to a Booking Contract.

>     **Response:  Plaintiff objects because this is outside the scope of the Discovery Order.  Plaintiff further objects because this seeks documents already in WWE's possession.  Pursuant to the foregoing general and specific objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.**

**Request No. 93.:**     Documents sufficient to show the actual dates You performed as "an extra" or jobber for WWE, as referenced in ¶¶ 118 & 122 of the Second Amended Complaint.

>     **Response:  Plaintiff objects because this is outside the scope of the Discovery Order.  Plaintiff further objects because this seeks documents already in WWE's possession.  Notwithstanding the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.**

**Request No. 94.:**   All documents reflecting income or revenue You have received since Your contractual relationship with WWE ended, including, without limitation, the source(s) of such income or revenue.

> **Response:**  Plaintiff objects because this seeks documents outside Plaintiff's possession, custody or control and is outside the scope of the Discovery Order.  Pursuant to the foregoing general and specific objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.

**Request No. 95.:**   All documents reflecting and/or relating to professional or educational degrees You have earned since Your contractual relationship with WWE ended.

> **Response:**  Plaintiff objects because this is outside the scope of the Discovery Order and seeks information irrelevant to the parties' claims and defenses.  Pursuant to the foregoing general and specific objections, Plaintiff is not in possession of responsive documents.

**Request No. 96.:**   All documents reflecting and/or relating to Your wrestling school, including, without limitation, promotional materials, social media posts, documents provided to those who enrolled, and contracts with trainees.

> **Response:**  Plaintiff objects because this is outside the scope of the Discovery Order claims and defenses.  Pursuant to the foregoing general and specific objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.

**Request No. 97.:**   All documents reflecting and/or relating to complaints about Your wrestling school, including, without limitation, any legal claims filed by former students.

>**Response:**  Plaintiff objects because this is vague and ambiguous, is outside the scope of the Discovery Order, and seeks information irrelevant to the parties' claims and defenses.   Pursuant to the foregoing general and specific objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.

**Request No. 98.:**   All documents identified in Your Responses to WWE's First Set of Interrogatories.

>**Response:**  Subject to the foregoing general objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 99.:**   All documents reflecting statements You have made in the media, on the internet, in social media, or in sales solicitations about Your wrestling school, relating to WWE.

>**Response:** Plaintiff objects because this is overly broad, unduly burdensome, confusing; seeks documents irrelevant to the parties' claims and defenses; and is beyond the scope of the Discovery Order. Plaintiff further objects because this seeks publicly available documents that are not in his possession, custody, or control and to which WWE has equal access.  Pursuant to these objections, Plaintiff is withholding all responsive documents in his possession, custody, or control.

**Request No. 100.:**  All documents upon which You base Your allegation that WWE had a duty to warn Plaintiffs or a duty to disclose information to Plaintiffs, as alleged in ¶¶ 8, 160, 172, 202 & 217 of the Second Amended Complaint.

> **Response**:  Plaintiff objects because this is vague and ambiguous and seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.  Plaintiff further objects because this seeks documents already in WWE's possession, custody, or control.  Subject to the foregoing general and specific objections, responsive documents, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 101.:**  All documents upon which You base Your allegation in ¶ 56 of the Second Amended Complaint that "WWE was aware in 2005 and beyond that wrestling for the WWE and suffering head trauma would result in long-term injuries."

> **Response**:  Plaintiff objects because this seeks documents in WWE's possession, custody, or control.  Subject to the foregoing general and specific objections, Plaintiff has produced all responsive, non-privileged documents in his possession.

**Request No. 102.:**  Any non-privileged communication or statement by You concerning the subject matter of this lawsuit or the events alleged in the Second Amended Complaint.

> **Response**:  Plaintiff objects because this is overly broad, vague, ambiguous; seeks documents in WWE's possession, custody, or control; and is beyond the scope of the Discovery Order.  Plaintiff

further objects because this seeks disclosure of the mental impressions, conclusions, opinions, and legal theories of Plaintiffs' counsel.   Subject to the foregoing general and specific objections, Plaintiff is not in possession of non-privileged, responsive documents.   A privilege log describing communications being withheld pursuant to the attorney-client privilege will be produced in accordance with Rule 26(b)(5),

Dated:  March 30, 2016                                Respectfully Submitted,

*s/ Michael J. Flannery*
**Michael J. Flannery**
**CUNEO GILBERT & LADUCA, LLP**
**7733 Forsyth Boulevard, Suite 1675**
**St. Louis, MO  63105**
**Telephone:      (314) 226-1015**
**Facsimile: (202) 789-1813**
**mflannery@cuneolaw.com**

**Konstantine W. Kyros**
**KYROS LAW OFFICES**
**17 Miles Rd.**
**Hingham, MA 02043**
**Telephone: (800) 934-2921**
**Facsimile: 617-583-1905**
**kon@kyroslaw.com**

**Charles J. LaDuca**
**CUNEO GILBERT & LADUCA, LLP**
**8120 Woodmont Avenue, Suite 810**
**Bethesda, MD 20814**
**Telephone: (202) 789-3960**
**Facsimile: (202) 789-1813**
**charles@cuneolaw.com**

**William M. Bloss**
**Federal Bar No: CT01008**
**KOSKOFF, KOSKOFF & BIEDER**
**350 Fairfield Avenue**

Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust, Esquire
Pogust Braslow & Millrood,LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
hpogust@pbmattorneys.com

Erica Mirabella
CT Fed. Bar #: phv07432
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 617-580-8270
Facsimile: 617-580-8270
Erica@mirabellaLLC.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2016, a copy of foregoing SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF VITO LOGRASSO was served in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

Jeffrey Mueller, Esquire
Day Pitney
242 Trumbull Street
Hartford, CT 06103-1212

Jerry S. McDevitt, Esquire
K&L Gates
210 Sixth Avenue
Pittsburgh, PA 15222-2613

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

*s/ Michael J. Flannery*
Michael J. Flannery