# Exhibit 2

| | |
|---|---|
| **From:** | Mueller, Jeff <jmueller@daypitney.com> |
| **Sent:** | Monday, March 14, 2016 1:42 PM |
| **To:** | 'Katie Van Dyck'; Konstantine Kyros; Charles LaDuca; Bill Bloss; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Andrew Sciolla (asciolla@pbmattorneys.com) |
| **Cc:** | McDevitt, Jerry; Krasik, Curtis B.; Budd, Terry |
| **Subject:** | RE: WWE Discovery Conference |

Katie:

As we have stated, there are a multitude of issues that need to be discussed at the conference, and the parties must make a good-faith effort to resolve them. It will be far more efficient to address these issues in one conference in which counsel with ultimate decision-making authority for both parties can participate than to have multiple conferences because one party merely agrees to take the other party's positions under advisement. Why will you not answer the question of whether your colleagues with ultimate decision-making authority for the Plaintiffs will participate in the conference? Are they available to participate in a conference this week?

Jeffrey P. (Jeff) Mueller | Attorney at Law | <u>Attorney Bio</u>

**DAY PITNEY LLP**

242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
<u>jmueller@daypitney.com</u> | <u>www.daypitney.com</u>

BOSTON | CONNECTICUT | FLORIDA | NEW JERSEY | NEW YORK | WASHINGTON, DC 

---

**From:** Katie Van Dyck [mailto:kvandyck@cuneolaw.com]
**Sent:** Monday, March 14, 2016 9:58 AM
**To:** Mueller, Jeff; Konstantine Kyros; Charles LaDuca; Bill Bloss; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Andrew Sciolla (asciolla@pbmattorneys.com)
**Cc:** 'jerry.mcdevitt@klgates.com'; 'curtis.krasik@klgates.com'; 'terry.budd@klgates.com'
**Subject:** RE: WWE Discovery Conference

Jeff,

Is there a specific reason that you won't accept the representation that I am authorized to deal with discovery issues in this case? We have made it clear that I will be prepared to discuss WWE's objections to our responses and that I will have appropriate authority to handle that discussion on behalf of Mr. LoGrasso and Mr. Singleton. There is nothing in the rules or in local practice that says every issue has to be resolved in one phone call or meeting, or that parties can't take time to consider each other's positions or discuss them with the client. In fact, I understand that it is quite common in the District of Connecticut to have more than one call or conference to discuss discovery issues. To that end, I continue to be available on Tuesday after 1:30. I am also generally available on Wednesday or Thursday.

Katherine Van Dyck
Cuneo Gilbert & LaDuca, LLP

1

507 C Street NE
Washington, D.C. 20002
Direct: (202) 742-5708
Main: (202) 789-3960
Fax: (202) 789-1813
http://www.cuneolaw.com

---

**From:** Mueller, Jeff [mailto:jmueller@daypitney.com]
**Sent:** Monday, March 14, 2016 9:30 AM
**To:** Katie Van Dyck; Konstantine Kyros; Charles LaDuca; Bill Bloss; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Andrew Sciolla (asciolla@pbmattorneys.com)
**Cc:** 'jerry.mcdevitt@klgates.com'; 'curtis.krasik@klgates.com'; 'terry.budd@klgates.com'
**Subject:** RE: WWE Discovery Conference

Counsel:

We still have not received a response to my email below. Please promptly respond with times this week when counsel with full decision-making authority for Plaintiffs will be available for the discovery conference. Please also note that the Court's recent order (Doc. No. 115) further reinforces the fact that Plaintiffs' discovery responses are deficient and that their extensive and repetitive general objections are improper.

Jeffrey P. (Jeff) Mueller | Attorney at Law | Attorney Bio

## DAY PITNEY LLP

242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
jmueller@daypitney.com | www.daypitney.com

BOSTON | CONNECTICUT | FLORIDA | NEW JERSEY | NEW YORK | WASHINGTON, DC 

---

**From:** Mueller, Jeff
**Sent:** Friday, March 11, 2016 3:13 PM
**To:** 'Katie Van Dyck'; 'jerry.mcdevitt@klgates.com'; 'curtis.krasik@klgates.com'; 'terry.budd@klgates.com'
**Cc:** Konstantine Kyros; Charles LaDuca; Bill Bloss; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Andrew Sciolla (asciolla@pbmattorneys.com)
**Subject:** RE: WWE Discovery Conference

Katie:

We cannot have a meaningful discovery conference in compliance with the Federal Rules, the Local Rules, or Judge Bryant's rules without the participation of your co-counsel with whom you would have to consult in order to resolve certain issues or without the involvement of any of the attorneys who actually signed the discovery responses that are the subject of the conference. The rules require counsel for both parties to make a good faith effort to discuss and resolve the discovery issues between them. This cannot occur if counsel with full decision-making authority for Plaintiffs do not participate or refuse to participate in the conference. If counsel with full authority for Plaintiffs are not available for a conference on Tuesday, then please provide a time on Wednesday or Thursday when they are available for the conference.

As you know or should know, Judge Bryant's rules require that the discovery issues be discussed between counsel either in person or by telephone rather than in exchanges of correspondence between

2

the parties. Nevertheless, we have provided a non-exhaustive list of items below that demonstrate that Plaintiffs are in complete default of their discovery obligations.

- Plaintiffs improperly have refused to produce any documents responsive to our discovery requests until a Protective Order is in effect, even though a Protective Order is already in effect and has been in effect since the outset of this case (Singleton Dkt. No. 15). As counsel, you were required to become familiar with and abide by the Local Rules and Standing Orders (Singleton Dkt. No. 17).

- Plaintiffs improperly have objected to the requested form of document production without identifying the form in which they intend to produce documents in violation of Federal Rule of Civil Procedure 34(b)(2)(D).

- Plaintiffs improperly have asserted objections without stating whether any responsive documents are being withheld on the basis of those objection in violation of Federal Rule of Civil Procedure 34(b)(2)(C). Moreover, it is impossible to determine whether Plaintiffs are actually producing documents responsive to a particular request in view of their General Objection that a statement that Plaintiffs will produce documents does not mean that those documents exist or are actually being produced.

- Plaintiffs improperly have asserted objections without stating with specificity the grounds for those objections in violation of Federal Rule of Civil Procedure 34(b)(2)(B). Plaintiffs instead have asserted boilerplate objections that the requests are overbroad and vague, even when the requests quote directly from the allegations of their own complaint.

- Plaintiffs improperly have objected to requests seeking the production of documents on which they base specific allegations in the complaint and to interrogatories that seek the factual basis for specific allegations in the complaint. Such interrogatories are not premature because Plaintiffs were required to have a factual basis for the allegations in their complaint when it was filed, and the objection on the grounds that they are contention interrogatories is baseless under Federal Rule of Civil Procedure 33(a)(2).

- Plaintiffs have improperly responded to interrogatories by referring to records without specifying the records in sufficient detail to enable us to locate and identify them as required by Federal Rule of Civil Procedure 33(d).

The examples above are intended to be illustrative rather than comprehensive, and the deficiencies in Plaintiffs' discovery responses are far too numerous to list here. We intend to discuss the specific deficiencies in Plaintiffs' responses in detail during the conference next week. In the interim, Plaintiffs should immediately produce any and all documents that they have withheld based on the erroneous claim that there is no Protective Order in effect.

Jeffrey P. (Jeff) Mueller | Attorney at Law | Attorney Bio

**DAY PITNEY** LLP

242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
jmueller@daypitney.com | www.daypitney.com
BOSTON | CONNECTICUT | FLORIDA | NEW JERSEY | NEW YORK | WASHINGTON, DC

**From:** Katie Van Dyck [mailto:kvandyck@cuneolaw.com]
**Sent:** Friday, March 11, 2016 11:21 AM
**To:** Mueller, Jeff; 'jerry.mcdevitt@klgates.com'; 'curtis.krasik@klgates.com'; 'terry.budd@klgates.com'
**Cc:** Konstantine Kyros; Charles LaDuca; Bill Bloss; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Andrew Sciolla (asciolla@pbmattorneys.com)
**Subject:** RE: WWE Discovery Conference

Jeff,

While I cannot promise that some issues will not need to be run by our larger group of co-counsel, I will have decision making authority during the discovery conference. Still, it would be helpful to know in advance what issues WWE has with our discovery conference, perhaps in the form of an agenda more detailed than the claim that we are in "complete default."

Katie

---

**From:** Mueller, Jeff [mailto:jmueller@daypitney.com]
**Sent:** Friday, March 11, 2016 11:08 AM
**To:** Katie Van Dyck; 'jerry.mcdevitt@klgates.com'; 'curtis.krasik@klgates.com'; 'terry.budd@klgates.com'
**Cc:** Konstantine Kyros; Charles LaDuca; Bill Bloss; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Andrew Sciolla (asciolla@pbmattorneys.com)
**Subject:** RE: WWE Discovery Conference

Katie:

We also will need counsel with decision-making authority for Plaintiffs Singleton and Lograsso to participate in the conference on Tuesday. Please let us know who else will be participating and confirm that such counsel will have the required authority. Thank you.

Jeffrey P. (Jeff) Mueller | Attorney at Law | Attorney Bio

## DAY PITNEY LLP

242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
jmueller@daypitney.com | www.daypitney.com
BOSTON | CONNECTICUT | FLORIDA | NEW JERSEY | NEW YORK | WASHINGTON, DC

---

**From:** Katie Van Dyck [mailto:kvandyck@cuneolaw.com]
**Sent:** Friday, March 11, 2016 9:52 AM
**To:** Mueller, Jeff; 'jerry.mcdevitt@klgates.com'; 'curtis.krasik@klgates.com'; 'terry.budd@klgates.com'
**Cc:** Konstantine Kyros; Charles LaDuca; Bill Bloss; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Andrew Sciolla (asciolla@pbmattorneys.com)
**Subject:** WWE Discovery Conference

Jeff,

4

Co-counsel forwarded me your correspondence seeking a discovery conference on Tuesday, March 15 regarding our recent responses to WWE's requests for production and interrogatories. I am available that day between 1:30 and 5:30.

Katie

Cuneo Gilbert & LaDuca, LLP
507 C Street NE
Washington, D.C. 20002
Direct: (202) 742-5708
Main: (202) 789-3960
Fax: (202) 789-1813
http://www.cuneolaw.com/

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

---

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

---

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above.

If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*