# EXHIBIT A

**Katie Van Dyck**

| | |
|---|---|
| **From:** | Mueller, Jeff <jmueller@daypitney.com> |
| **Sent:** | Monday, May 16, 2016 10:17 AM |
| **To:** | Katie Van Dyck |
| **Cc:** | McDevitt, Jerry; Krasik, Curtis B.; Budd, Terry (Terry.Budd@klgates.com); Charles LaDuca; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Bill Bloss; Konstantine Kyros; Erica Mirabella; Michael McShane (MMcShane@audetlaw.com); Clint Woods; Andrew Sciolla (asciolla@pbmattorneys.com) |
| **Subject:** | RE: WWE Deposition Schedule |

Katie:

We do not view the Court's order as an endorsement of the abusive discovery tactics that the Plaintiffs continue to pursue in this case.  The Court did not reach the merits of the issues raised in our motion for a protective order.  Rather, the Court stated that it does not intend to direct discovery and expects the parties to consult with each other in an attempt to resolve the outstanding issues in a professional manner.  To that end, we made a good faith proposal to address your refusal to comply with your obligations to refrain from harassing and burdensome discovery that is not proportional to the scope of this case.  Unfortunately, your response reflects that you do not intend to resolve these matters in a cooperative manner.  Instead, you insist on pursuing discovery that has no relevance to the narrow issues identified by the Court and on taking depositions that are intended primarily to harass WWE's highest-ranking executives and medical professionals.

The most obvious example of the Plaintiffs' bad faith is the continued pursuit of discovery on Mr. Singleton's sole remaining claim.  You are now fully aware of the incontrovertible evidence establishing that Mr. Singleton's fraud by omission claim is patently frivolous, including the evidence that:

- Before Mr. Singleton sustained his alleged injury, WWE medical staff specifically informed him and all other WWE talent about the potential long-term risks of head injuries and the importance of not returning to the ring until fully healed (contrary to the false allegations that such information was fraudulently concealed from Mr. Singleton).
- Mr. Singleton only sustained a single head injury while wrestling for WWE (contrary to the false representations that Mr. Singleton sustained numerous injuries to the neck, back, and head in both the pleadings and the recently-filed opposition to WWE's reconsideration motion).
- Mr. Singleton was never medically cleared to wrestle again after he sustained that single injury and never did return to the ring after that injury.
- Mr. Singleton never suffered an intracranial hemorrhage (contrary to the false allegations made in multiple iterations of the complaint).
- Mr. Singleton testified that he does not know why he is suing WWE, did not know that he was pursuing a fraud claim against WWE, and does not know what the basis of any fraud claim against WWE could be.

Indeed, the deposition testimony of Mr. Singleton confirms that there is no objectively reasonable basis to maintain his claim.  Plaintiffs' bad faith in refusing to withdraw Mr. Singleton's claim is further compounded by their refusal to produce witnesses with relevant knowledge concerning his claim, including Mrs. Singleton and Ms. Renshaw.  The testimony of these witnesses would serve to further demonstrate that Mr. Singleton's claims have been manufactured by his lawyers and that the allegations concerning his injuries have been fabricated.

Based on this evidence, we strongly urge you to reconsider your position on taking the depositions of Dr. Maroon and Dr. Lovell.  There is no good faith basis to continue to pursue discovery on Mr. Singleton's claim, and the testimony of

Dr. Maroon and Dr. Lovell is not relevant to Mr. LoGrasso's claim.  Notwithstanding the fact that the depositions of Dr. Maroon and Dr. Lovell are unnecessary, we have agreed to cooperate in scheduling them.  However, Dr. Maroon will be unavailable after 12:00 p.m. on May 20 because he is performing surgery that afternoon and will be unavailable for the remainder of the discovery period in this case.  We will not permit the Plaintiffs to disrupt Dr. Maroon's surgery schedule or his pre-paid vacation by deposing him for seven hours when his deposition on the narrow issues on which the Court has permitted discovery can be completed on the morning of May 20.

There also is no basis for the Plaintiffs to take the deposition of Mr. Levesque for a total of 14 hours given the limited scope of the issues on which the Court has permitted discovery.  On May 30, you will be able to examine Mr. Levesque regarding those narrow issues based on his personal knowledge and based on the information known or reasonably available to WWE within the allotted seven hours for the deposition.

We previously informed you that we would not produce Ms. McMahon for a deposition unless you were able to explain how her testimony is relevant to the narrow issues on which the Court has permitted discovery.  Your response fails to articulate any basis for taking her deposition and therefore we decline to produce her.

Please advise if you would like to discuss these issues in further detail and we will make ourselves available for a conference call.   Thank you.

Jeff

Jeffrey P. (Jeff) Mueller | Attorney at Law | Attorney Bio



242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
jmueller@daypitney.com | www.daypitney.com
BOSTON   |   CONNECTICUT   |   FLORIDA   |   NEW JERSEY   |   NEW YORK   |   WASHINGTON, DC

---

**From:** Katie Van Dyck [mailto:kvandyck@cuneolaw.com]
**Sent:** Sunday, May 15, 2016 10:38 AM
**To:** Mueller, Jeff
**Cc:** McDevitt, Jerry; Krasik, Curtis B.; Budd, Terry (Terry.Budd@klgates.com); Charles LaDuca; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Bill Bloss; Konstantine Kyros; Erica Mirabella; Michael McShane (MMcShane@audetlaw.com); Clint Woods; Andrew Sciolla (asciolla@pbmattorneys.com)
**Subject:** Re: WWE Deposition Schedule


Jeff,

Thank you for confirming Mr. McMahon, Mr. DeMott, and Dr. Lovell as well identifying the designee for WWE's Rule 30(b)(6) designation.

We are, however, surprised that WWE is still attempting to limit Dr. Maroon's testimony and refusing to make Ms McMahon and Mr. Levesque available for 30(b)(1) depositions in light of the Courts order, which denied your motion for protective order in full.  Plaintiffs remain willing to negotiate dates, but if you do not provide us with dates on which these three are available for a full 7 hours of deposition by noon tomorrow, we will go to the Court for appropriate relief.

I look forward to your prompt response.

Katie

Sent from my iPhone

On May 13, 2016, at 6:12 PM, Mueller, Jeff <jmueller@daypitney.com> wrote:

> Katie:
>
> Our position regarding the deposition schedule and related issues is set forth below.
>
> <u>Bill DeMott</u>:  We confirm the deposition of Mr. DeMott on May 17.
>
> <u>Dr. Mark Lovell</u>:  We confirm the deposition of Dr. Lovell on May 24.
>
> <u>Vince McMahon</u>:  We confirm the deposition of Mr. McMahon on May 27.
>
> <u>Paul Levesque</u>:  We are not making Mr. Levesque available for a deposition on May 25.  Mr. Levesque will be a corporate designee and will be made available at the Rule 30(b)(6) deposition you noticed for May 31.
>
> <u>Dr. Joseph Maroon</u>:  Dr. Maroon can be available for a deposition on May 20 but he must leave by 1:00 p.m.  Dr. Maroon will then be unavailable through June 1 due to a pre-paid vacation that he has scheduled.  There is no reason that Dr. Maroon's deposition cannot be completed in four hours given the narrow issues on which the Court has authorized discovery.  Please confirm by Monday, May 16 that you intend to take Dr. Maroon's deposition on May 20 within the time constraints he has identified so we can confirm with his office.
>
> <u>Dr. Christopher Amann</u>:  We are checking with Dr. Amann to determine when he can be available for a deposition.  Please advise if and when you serve him with a subpoena.
>
> <u>Stephanie McMahon</u>:   We will not be producing Ms. McMahon for a deposition on May 26.  You have failed to identify any relevant testimony that Ms. McMahon would have to the narrow issues on which the Court has authorized discovery.  The plaintiffs have not made any allegations that Ms. McMahon had any involvement with either Mr. Singleton or Mr. LoGrasso.  In addition, Ms. McMahon's congressional testimony is not a relevant area of inquiry since the Court has already concluded that the plaintiffs "have repeatedly misrepresented both the substance and meaning of [her] testimony" and found that her testimony was not relevant to the plaintiffs' fraud claims.  We therefore do not intend to produce Ms. McMahon for a deposition unless you can explain how her testimony is relevant under the Court's orders.
>
> We acknowledge your representation that you only intend to depose Dr. Maroon, Dr. Lovell, and Dr. Amann as fact witnesses and therefore do not intend to elicit expert testimony from them.  It is nevertheless appropriate to compensate these doctors for their time spent in connection with their depositions, and we reserve the right to seek to compel payment of their fees.  *See Badr v. Liberty Mut. Group. Inc.*, 2007 U.S. Dist. LEXIS 73437, at *10- 14 (D. Conn. Sept. 28, 2007).  Please let us know if you are willing to reconsider your position on this issue.
>
> We note that you have now reneged on your prior position by refusing to voluntarily produce or accept subpoenas on behalf of Ms. Renshaw or Mrs. Singleton.  We intend to proceed accordingly.
>
> Jeffrey P. (Jeff) Mueller | Attorney at Law | Attorney Bio
>
> <image001.jpg>

3

242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
jmueller@daypitney.com | www.daypitney.com
BOSTON  |  CONNECTICUT  |  FLORIDA  |  NEW JERSEY  |  NEW YORK  |  WASHINGTON, DC   <image002.jpg> <image003.png> <image004.jpg>

**From:** Mueller, Jeff
**Sent:** Friday, May 13, 2016 3:31 PM
**To:** 'Katie Van Dyck'; McDevitt, Jerry; Krasik, Curtis B.; 'Budd, Terry (Terry.Budd@klgates.com)'
**Cc:** Charles LaDuca; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Bill Bloss; Konstantine Kyros; Erica Mirabella; Michael McShane (MMcShane@audetlaw.com); Clint Woods; Andrew Sciolla (asciolla@pbmattorneys.com)
**Subject:** RE: WWE Deposition Schedule

Katie:

Since you are not able to have counsel who are necessary to have an informed discussion on the call, we will not have the call today at 4:00 p.m. and address the issues by email.

Jeff

Jeffrey P. (Jeff) Mueller | Attorney at Law | Attorney Bio

<image001.jpg>

242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
jmueller@daypitney.com | www.daypitney.com
BOSTON  |  CONNECTICUT  |  FLORIDA  |  NEW JERSEY  |  NEW YORK  |  WASHINGTON, DC   <image002.jpg> <image003.png> <image004.jpg>

**From:** Katie Van Dyck [mailto:kvandyck@cuneolaw.com]
**Sent:** Friday, May 13, 2016 3:02 PM
**To:** Mueller, Jeff; McDevitt, Jerry; Krasik, Curtis B.; 'Budd, Terry (Terry.Budd@klgates.com)'
**Cc:** Charles LaDuca; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Bill Bloss; Konstantine Kyros; Erica Mirabella; Michael McShane (MMcShane@audetlaw.com); Clint Woods; Andrew Sciolla (asciolla@pbmattorneys.com)
**Subject:** RE: WWE Deposition Schedule

Jeff,

There are a number of lawyers who will be covering these, and a number of them cannot make the call at 4:00. I'm happy to get on the call but I don't know everyone's schedules. Thus, it might be more efficient to simply send an e-mail with proposed dates. As to your questions, our responses are set forth below in blue.

Katherine Van Dyck
Cuneo Gilbert & LaDuca, LLP

4

507 C Street NE
Washington, D.C. 20002
Direct: (202) 742-5708
Main: (202) 789-3960
Fax: (202) 789-1813
http://www.cuneolaw.com

---

**From:** Mueller, Jeff [mailto:jmueller@daypitney.com]
**Sent:** Friday, May 13, 2016 2:13 PM
**To:** Katie Van Dyck; McDevitt, Jerry; Krasik, Curtis B.; 'Budd, Terry (Terry.Budd@klgates.com)'
**Cc:** Charles LaDuca; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Bill Bloss; Konstantine Kyros; Erica Mirabella; Michael McShane (MMcShane@audetlaw.com); Clint Woods
**Subject:** RE: WWE Deposition Schedule

Katie:

In order to respond to your email and to review the deposition schedule you have proposed, we have set up a conference call for 4:00 p.m. today. Please use the dial-in number and passcode below. Please also provide responses to the following questions before the call so that we can discuss dates for the depositions in a meaningful way.

1. Which witnesses have you subpoenaed and when were they served?

| WITNESS | DATE NOTICED | DATE SERVED |
|---|---|---|
| Bill DeMott | 5/17/2016 | 5/10 @ 8:07 p |
| Dr. Christopher Amann | 5/20/2016 | Still Attemptin |
| Dr. Joseph Maroon | 5/23/2016 | 5/12 @ 10:20 |
| Dr. Mark Lovell | 5/24/2016 | 5/12 @ 9:30 a |
| Paul Levesque | 5/25/2016 | Still Attemptin |
| Stephanie McMahon | 5/26/2016 | Still Attemptin |
| Vince McMahon | 5/27/2016 | N/A |
| WWE, Rule 30(b)(6) | 5/31/2016 | N/A |
| Chris Nowinski | 6/1/2016 | Still Attemptin |

With respect to Stephanie McMahon and Paul Levesque, it seems a subpoena is not required given their positions at WWE. However, we are still attempting service out of an abundance of caution. If you will agree that a subpoena is not required or agree to accept service on their behalves, we will cancel any further attempts at service.

2. Do you intend to voluntarily produce or accept a subpoena on behalf of Ms. Renshaw for her deposition? (We first raised this issue with you on April 5, 2016 and never received a response. During our meet and confer, Mr. Kyros stated that he would be inclined to voluntarily produce her for a deposition but we have not heard from him since.)

5

3. Do you intend to voluntarily produce or accept a subpoena on behalf of Mrs. Singleton for her deposition?

After further consideration, we will not be voluntarily producing Ms. Renshaw or Mrs. Singleton, as these women only have knowledge related to Mr. Singleton's damages and not the topics set forth in this Court's discovery order.  However, we are willing to reconsider that position if you can explain what testimony you are seeking that is relevant to WWE's liability for fraud by omission.

4. Will you pay the doctors whose depositions you have noticed for their time in connection with their depositions?  (We raised this issue with you in prior correspondence and during our meet and confer but still have not received a response.)

Dr. Maroon has not been disclosed as an expert witness and is being deposed as a fact witness pursuant to Rule 30(b)(1).  Thus, Plaintiffs are willing, in accordance with Rule 45, to pay the doctors' witness fees and travel allowances as outlined in 28 U.S.C. § 1821 ("A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.").

Dial-in: 1-800-993-4149
Passcode: 8602750164

Jeffrey P. (Jeff) Mueller | Attorney at Law | Attorney Bio

<image001.jpg>

242 Trumbull Street | Hartford CT 06103-1212
t (860) 275 0164 | f (860) 881 2625 | m (203) 444 5207
jmueller@daypitney.com | www.daypitney.com
BOSTON  |  CONNECTICUT   |  FLORIDA   |  NEW JERSEY   |  NEW YORK   |  WASHINGTON, DC    <image002.jpg>  <image003.png>  <image004.jpg>

> **From:** Katie Van Dyck [mailto:kvandyck@cuneolaw.com]
> **Sent:** Friday, May 13, 2016 1:34 PM
> **To:** Mueller, Jeff; McDevitt, Jerry; Krasik, Curtis B.; 'Budd, Terry (Terry.Budd@klgates.com)'
> **Cc:** Charles LaDuca; Michael Flannery; Robert K. Shelquist (rkshelquist@locklaw.com); Harris L. Pogust; Bill Bloss; Konstantine Kyros; Erica Mirabella; Michael McShane (MMcShane@audetlaw.com); Clint Woods
> **Subject:** WWE Deposition Schedule
>
> Counsel,
>
> In light of the Court's order denying your motion for protective order, we would like to start coordinating schedules for depositions.  Below is a table summarizing the current schedule:

6

| WITNESS | DATE NOTICED | LOCATION |
|---|---|---|
| Bill Demott | 5/17/2016 | Orlando |
| Dr. Christopher Amann | 5/20/2016 | Chicago |
| Dr. Joseph Maroon | 5/23/2016 | Pittsburgh |
| Dr. Mark Lovell | 5/24/2016 | Pittsburgh |
| Paul Levesque | 5/25/2016 | Connecticut |
| Stephanie McMahon | 5/26/2016 | Connecticut |
| Vince McMahon | 5/27/2016 | Connecticut |
| WWE, Rule 30(b)(6) | 5/31/2016 | Connecticut |
| Chris Nowinski | 6/1/2016 | Connecticut |

We understand that Dr. Maroon has a vacation and already anticipate setting it for a different date. We also understand from your motion that Mr. DeMott has an engagement later next week but not on 5/17. Thus, we intend to go forward on that date, as we have already made travel arrangements, reserved a location, and scheduled a court reporter. With respect to the remaining depositions, please let us know immediately if you would like to reschedule. We are prepared to double-track as necessary.

Regards,

Katherine Van Dyck
Cuneo Gilbert & LaDuca, LLP
507 C Street NE
Washington, D.C. 20002
Direct: (202) 742-5708
Main: (202) 789-3960
Fax: (202) 789-1813
http://www.cuneolaw.com

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

**************************************************************************************************

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

**************************************************************************************************

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

This message contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of the addressee(s) named above. Any disclosure, distribution, copying or use of the information by others is strictly prohibited. If you have received this message in error, please notify the sender by immediate reply and delete the original message. Thank you.

**************************************************************************************************