# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                    Defendant. | LEAD CONSOLIDATED CASE NO. 3:15-cv-01074-VLB<br><br><br><br><br>APRIL 15, 2016 |

### DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO THE CORRECTED FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS BY PLAINTIFFS EVAN SINGLETON AND VITO LOGRASSO

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the following objections and responses to the corrected first requests for production of documents (the "Requests") by Plaintiffs Evan Singleton and Vito LoGrasso.

### OBJECTIONS APPLICABLE TO ALL REQUESTS

1.      WWE objects to the Requests in their entirety on the grounds that WWE's alleged knowledge of a link between head injuries and long-term degenerative neurological conditions is based, according to the Second Amended Complaint ("SAC"), on WWE's alleged knowledge of a 2005 article posted on the Mayo Clinic's website.  *See* SAC ¶ 56, n.20.  In reality that 2005 posting says nothing about links between head injuries and long-term degenerative neurological conditions.  In any event, WWE has searched its hard

copy records and electronically-stored information ("ESI") for the referenced
2005 Mayo Clinic article and no copy has been found in WWE's possession,
custody or control.

2.      WWE objects to the Requests to the extent that they call for the
production of documents outside the scope of the Court's January 15, 2016 Order
which partially lifted the stay of discovery.  In responding to the Requests, WWE
is only producing documents that are within the scope of the Court's January 15,
2016 Order.  By that Order, the Court ordered that discovery was limited to facts
relevant to three specific issues:  (1) whether WWE had or should have had
knowledge of and owed a duty to disclose to LoGrasso and Singleton the risks of
long-term degenerative neurological conditions resulting from concussions or
mild traumatic brain injuries to wrestlers who performed for WWE in the year
2005 or later; (2) whether and when WWE may have breached that duty, and
(3) whether such a breach, if any, continued after Singleton and LoGrasso ceased
performing for WWE.  If a document would otherwise be responsive to the
Requests but is not within the scope of the January 15, 2016 Order, it is not being
produced.

3.      WWE objects to the Requests in their entirety because the "Relevant
Time Period" as defined by the Requests is inconsistent with the Court's January
15, 2016 Order.  In responding to these requests, WWE is only producing
documents within the time frame set forth in the January 15, 2016 Order.

4.      WWE objects to the Requests in their entirety because the time
frame of the Requests is not limited to the time frames in which either of the

Plaintiffs actually performed for WWE and therefore the requests are overbroad, unduly burdensome and call for the production of documents that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

5.      WWE objects to the Requests to the extent that they call for the protected medical information of WWE performers who are not parties to this lawsuit.  WWE is not producing documents reflecting any such protected medical information.

6.      WWE objects to the Requests to the extent that they call for the production of documents subject to the attorney-client privilege, the work product doctrine or any other applicable protection or immunity.  Responsive documents within the scope of the Court's January 15, 2016 Order that have been withheld from production are identified on WWE's Privilege Log.

7.      WWE is producing hard copy documents and ESI as PDF files.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All documents concerning the WWE's policies and procedures during the Relevant Time Period regarding Health and Safety of WWE Wrestlers, including the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain injuries, or long term neurological problems, including Chronic Traumatic Encephalopathy ("CTE"), among WWE Wrestlers.

**Response:**

In addition to the objections above, WWE specifically objects to Request No. 1 on the grounds that "all documents concerning WWE's policies and procedures during the Relevant Time Period regarding Health and Safety of WWE wrestlers" is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit. WWE also objects because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order. Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation concerning WWE's policies and procedures with respect to the risk of long-term degenerative neurological conditions resulting from head injuries.

**Request No. 2:** All documents received by any WWE Representative during the Relevant Time Period regarding the risk, diagnosis, management, or

treatment of sub-concussive blows to the head, concussions, brain injuries, and long term, degenerative neurological problems, including CTE, among WWE Wrestlers.

<u>Response</u>:

   In addition to the objections above, WWE specifically objects to Request No. 2 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation concerning the risk, diagnosis, management or treatment of long-term degenerative neurological conditions resulting from head injuries.  WWE is also producing its complete medical files on LoGrasso and Singleton, which demonstrate that LoGrasso never sought treatment for any alleged head injury and that Singleton received extensive care for his single reported concussion.


   **Request No. 3:**  All documents received by any WWE Representative or Affiliate during the Relevant Time Period regarding the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain injuries, and long term, degenerative neurological problems, including CTE, among WWE Wrestlers.

<u>Response</u>:

   WWE incorporates its objections and responses to Request No. 2 in response to this Request.

5

**Request No. 4: All meeting minutes, notes or other documents related to any meeting attended by any WWE Representative during the Relevant Time Period that addressed or concerned the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain injuries, or long term, degenerative neurological problems, including CTE, among WWE Wrestlers.**

<u>Response</u>:

**In addition to the objections above, WWE specifically objects to Request No. 4 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation concerning meetings with talent that addressed or concerned the risk, diagnosis, management or treatment of long-term degenerative neurological conditions resulting from head injuries, including recorded presentations to FCW and Singleton in which FCW performers were advised to report all suspected head injuries to eliminate any risks associated with performing again until completely healed, the very subject noted by the Court in its Order on WWE's Motion to Dismiss.**


**Request No. 5:  All documents in the possession, custody or control of any trainers, physicians, therapists, neurologists or neuropsychologists, or any other medical professional, employed by, retained by, or contracting with the WWE that concerns the risk, diagnosis, management, or treatment of sub-concussive blows**

to the head, concussions, brain injuries, or long term neurological problems, including CTE, among WWE Wrestlers.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 5 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation concerning the risk, diagnosis, management or treatment of long-term degenerative neurological conditions resulting from head injuries.

**Request No. 6:**  Any and all documents reflecting procedures and policies discussed, created, or implemented by WWE during the Relevant Time Period for screening WWE Wrestlers for concussions or other brain injuries before, during, and after training sessions, rehearsals, other practices, and live or pre-recorded performances.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 6 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE responds, with respect to Singleton, that WWE is producing responsive, non-privileged documents found after reasonable investigation.  With respect to LoGrasso, ImPACT testing was not implemented

during the time that LoGrasso performed for WWE and LoGrasso admittedly did not seek or receive treatment for any head injury from WWE; therefore, WWE possesses no responsive documents regarding LoGrasso.

Request No. 7:  Any and all documents reflecting procedures and policies discussed, created, or implemented by WWE during the Relevant Time Period to evaluate a WWE Wrestler's ability to return to work after suffering injuries, including concussions or other brain injuries.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 7 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE responds, with respect to Singleton, that WWE is producing responsive, non-privileged documents found after reasonable investigation.  With respect to LoGrasso, ImPACT testing was not implemented during the time that LoGrasso performed for WWE and LoGrasso admittedly did not seek or receive treatment for any head injury from WWE; therefore, WWE possesses no responsive documents regarding LoGrasso.

Request No. 8:  Copies of all concussion-management and return-to-wrestle policies proposed, discussed, or implemented by the WWE during the Relevant Time Period.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 8 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  WWE is producing documents reflecting the presentations given to talent regarding the risks associated with not reporting concussions and returning to the ring before fully healed, including presentations by Dr. Maroon and Chris Nowinski.  These records include information which was imparted to Singleton prior to his alleged concussion.

Request No. 9:  All documents and information related to the appointment of Dr. Joseph Maroon as the Medical Director of the WWE, including all memoranda, presentations, studies, and communications by Dr. Maroon related to head injuries in WWE Wrestlers, including all communications, brochures, notices, meetings, and question-and-answer sessions made to WWE Wrestlers.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 9 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation reflecting memoranda, presentations, and communications by Dr. Maroon with respect to the risks of long-term degenerative neurological conditions resulting from head injuries.

Request No. 10:   All documents and information, including all press releases, statements, and internal communications, related to the WWE's sponsorship of the Concussion Legacy Foundation (formerly known as the Sports Legacy Institute), including all press releases, statements, and internal communications about donating to the study of CTE.

Response:

In addition to the objections above, WWE specifically objects to Request No. 10 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation reflecting press releases, statements, and internal communications concerning WWE's sponsorship of the Concussion Legacy Foundation.


Request No. 11:  All internal documentation, information, and communication relating to Paul Levesque's appointment to the Concussion Legacy Foundation's Board of Directors.

Response:

In addition to the objections above, WWE specifically objects to Request No. 11 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation reflecting internal documentation,

information, and communication relating to Paul Levesque's appointment to the

Concussion Legacy Foundation's Board of Directors.


**Request No. 12:**  All communications made between WWE and Chris

Nowinski, including emails, letters, studies, and notes related to the Concussion

Legacy Foundation and/or the Health and Safety of WWE Wrestlers.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request

No. 12 on the grounds that it calls for the production of documents outside the

scope of the Court's January 15, 2016 Order.  Subject to and without waiver of the

foregoing objections, WWE will produce responsive, non-privileged documents

found after reasonable investigation reflecting communications between WWE

and Chris Nowinski, and also videotapes of presentations made by him to WWE

talent regarding the risks of head injury and importance of reporting suspected

concussions to obtain proper treatment.


**Request No. 13:**  All documents and information relating to WWE's studies

of CTE and brain damage in former WWE Wrestlers, including any studies

conducted of wrestlers or the creation of a wrestler brain bank for the study of

the brains of deceased wrestlers.

<u>Response</u>:

Subject to and without waiver of the objections above, WWE responds that

it does not possess any responsive documents.  WWE further responds that it is

producing documents demonstrating that it has made financial donations to the Concussion Legacy Foundation which are used to fund a brain bank and broad-based research of brains from varied professions and demographics.

Request No. 14:  All documents reflecting incidents of concussions or other brain injuries suffered by WWE Wrestlers during any training session, rehearsal, other practice session, or performance for WWE during the Relevant Time Period, including any documents that report, compile, summarize, or otherwise show the rate of concussions suffered by WWE Wrestlers while performing for the WWE, whether measured by frequency per event, frequency per performance or year, frequency per WWE Wrestlers, or any other evaluative metric.

Response:

In addition to the objections above, WWE specifically objects to Request No. 14 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  Subject to and without waiving the foregoing objections, WWE notes that information responsive to this Request is contained in presentations to talent regarding concussions which were recorded and which are being produced.

Request No. 15:  All internal memoranda, documents, studies, and press releases about the deaths of WWE wrestlers Eddie Guerrera, Andrew "Test" Martin, and Chris Benoit, including any post-mortem studies of their brains and

any diagnoses of CTE.  All documents related to policies altered or amended as a consequence, whether direct or indirect, of any of their deaths.

Response:

In addition to the objections above, WWE specifically objects to Request No. 15 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  WWE further responds that it is not qualified to do, and did not do, a post-mortem pathological study of the brains of any of the three performers listed in this Request, and is unaware of any diagnosis ever made by any third party that "Eddie Guerrera" [sic] had CTE. Subject to and without waiver of the foregoing objections, WWE will produce responsive, non-privileged documents found after reasonable investigation that reflect or inquire into an alleged link between long-term neurocognitive problems and the deaths of Chris Benoit and Andrew "Test" Martin, including repeated written requests for specific information regarding publicly reported findings by third parties relating to Chris Benoit which was not provided to WWE in response.

Request No. 16:  All documents related to the WWE's banning of moves referenced publicly by Jim Ross on June 7, 2007, including any protocols, studies, and or injury reports related to the decision to ban specific wrestling moves in WWE matches or performances.

Response:

In addition to the objections above, WWE specifically objects to Request No. 16 on the grounds that it is based on a false premise — Jim Ross' July 7,

2007 post does not reference any moves banned by WWE.  Instead, Mr. Ross reportedly posted the following: "I have yet to see an official list of what is or isn't allowed, but I can assure you that moves that may be banned are done so with the wrestler's safety in mind.  Some high risk maneuvers are safer to execute than others even though all flying, high risk moves provide no guarantee of safety to the participants.  I think it is wise to eliminate the maneuvers that hold the highest risk of serious injury.  Old time wrestlers will opine that young wrestlers who rely almost exclusively on high risk maneuvers simply can't wrestle.  I don't know if I would be so bold to say that, but the art of mat wrestling and hold knowledge is very important, in my opinion, for any wrestler to learn, and to thoroughly understand first before 'graduating' to the high flying stuff as a viable compliment to basic, fundamental mat wrestling and the utilization of holds.  Do high risk maneuvers have a place in today's business?  Absolutely. However, common sense and logic must be factored into any decision to use these moves.  As the bar seemingly continues to be raised as it relates to high risk offensive maneuvers, we are likely to see more injuries and see beginning wrestlers not learn the art of wrestling but focus more on the art of crashing and burning which will lead to shortened careers.  Don't get me wrong.  I like to see high risk moves as well as the next guy, but I also understand that these moves, when missed by 'this much' can lead to serious injuries which any company should want to avoid."

WWE also objects to Request No. 16 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.

**Request No. 17:**  All documents related to WWE's banning the use of metal chairs.

Response:

In addition to the objections above, WWE specifically objects to this Request on the grounds it is not relevant to the three issues identified in the Court's January 15, 2016 Order.  There is no allegation made by either LoGrasso or Singleton that they received concussions from being struck with a metal chair while performing for WWE, and Singleton's allegations specifically claim that he was injured while performing a routine maneuver that did not involve a chair.

**Request No. 18:**  All documents concerning the development of a Concussion Protocol, including all drafts of any studies, reports, correspondence, meeting minutes, and memoranda, concerning or relating to a Concussion Protocol.

Response:

In addition to the objections above, WWE specifically objects to Request No. 18 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  WWE further responds that it is producing videotapes of, and documents concerning, presentations made to

15

talent by its medical personnel which contain information relating to the protocols used by WWE medical personnel.

Request No. 19:  All documents concerning agreements with the Named Plaintiffs, including all employment contracts (full-time, part-time, and independent) and any and all royalty contracts, as well as all documents and communications concerning their Healthy and Safety, including medical records.

Response:

Subject to and without waiver of the objections above, and objecting to the characterization of plaintiffs as employees, WWE is producing all of the contracts with plaintiffs and all of their medical records kept or maintained by WWE.

Request No. 20:  All communications and documents exchanged between the Named Plaintiffs and WWE before, during, and after the Named Plaintiffs' tenure with WWE, either as employees or independent contractors.

Response:

Subject to and without waiver of the objections above, WWE is producing responsive, non-privileged documents found after reasonable investigation, including documents plaintiffs were obligated to produce to WWE in response to Requests for Production but which were not produced.

**Request No. 21:  All documents and things exchanged between the WWE and any other person or entity relating to the WWE ImPACT Testing and any other Concussion Protocols enacted or followed by WWE.**

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 21 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2016 Order.  WWE further objects to Request No. 21 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit. WWE also objects because it calls for the production of protected medical information of WWE performers who are not parties to this lawsuit.

**Request No. 22:   All documents concerning any study, evaluation, or assessment of head injuries and the risk of long term neurological problems, including CTE, among professional, or amateur athletes, including but not limited to, WWE Wrestlers, XFL Players, and NFL Players.**

<u>Response</u>:

Subject to and without waiver of the objections above, WWE is producing responsive, non-privileged documents found after reasonable investigation.

**Request No. 23:**   All documents concerning, informing, advising, or warning WWE Wrestlers of the risks of long-term degenerative neurological conditions resulting from concussions or mild traumatic brain injuries.

**Response:**

Subject to and without waiver of the objections above, WWE is producing responsive, non-privileged documents found after reasonable investigation.

**Request No. 24:**  Any and all WWE promotion, taping, television shows, and statements, including those by Trainers such as Tony Heck or Paul Levesque, that mention concussions and/or WWE Wrestlers who sustained them.

**Response:**

In addition to the objections above, WWE specifically objects to Request No. 24 on the grounds that it is nonsensical because "Tony" Heck and Paul Levesque are not trainers at WWE.  WWE further objects to Request No. 24 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit.  WWE also objects because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

**Request No. 25:**  Any and all WWE published books, magazines, games, toys, and online articles that feature, mention, or promote wrestlers with head injuries or concussions.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 25 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit. WWE also objects because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

**Request No. 26:**   Any and all documents reflecting the identity of medical personnel responsible for evaluating the medical condition of WWE Wrestlers before, during, and after training sessions, rehearsals, other practice sessions, and live or pre-recorded performances during the Relevant Time Period.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 26 on the grounds that the request for "any and all" such documents is overbroad, unduly burdensome, not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit, and infringes on the medical privacy of third parties.  Subject to and without waiver of the foregoing objections, WWE is producing contracts with medical personnel responsive to this Request that are within the time period of the Court's Order partially lifting the stay of discovery.

Request No. 27:  Any and all documents, contracts, data, communication, information, presentations, rules, regulations, or guidance between, provided to, or received by WWE and on- site medical personnel, including but not limited to, Emergency Medical Technicians, paramedics, athletic trainers, physical therapists, nurses, physicians, and nurse practitioners, both affiliated with WWE and those present for training sessions, rehearsals, other practice sessions, events, live-shows, and live or pre-recorded performances.

Response:

In addition to the objections above, WWE specifically objects to Request No. 27 on the grounds that it is vague, ambiguous, overbroad and unintelligible and WWE therefore cannot reasonably discern the documents that it is seeking.


Request No. 28:  Any and all documents and things relating to the Named Plaintiffs' Health and Safety.

Response:

In addition to the objections above, WWE specifically objects to Request No. 28 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit. WWE also objects because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.  Subject to and without waiver of the objections above, WWE is producing responsive, non-privileged documents

found after reasonable investigation regarding any medical treatment received by plaintiffs while affiliated with WWE.

**Request No. 29:** Any and all documents related to the formation and implementation of the WWE Talent Wellness Program, including any documents reflecting the identity of WWE Representatives and any persons outside the WWE - including legal and medical consultants - with duties or responsibilities related to the Talent Wellness Program's formation and implementation.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 29 on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit. WWE also objects because it is outside the scope of the Court's January 15, 2006 Order.

**Request No. 30:** Any and all documents, information, and correspondence between the WWE Talent Wellness Program or WWE's Medical Department and WWE Wrestlers, including to or from either of the Named Plaintiffs, particularly those related, but not limited to, the Named Plaintiffs' Health and Safety.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 30 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in

that the burden or expense of the proposed discovery outweighs its likely benefit. WWE further objects to Request No. 30 on the grounds that it calls for the production of protected medical information of WWE performers who are not parties to this lawsuit.  WWE also objects because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation concerning Singleton and LoGrasso.

Request No. 31:  Any and all documents, information, and correspondence from booking agents or road agents relating to concussion injuries sustained by WWE Wrestlers in House shows and television tapings, including all any written policies or protocols describing how agents are to report WWE Wrestler injuries, the collection of this data, and how it is utilized.

Response:

In addition to the objections above, WWE specifically objects to Request No. 31 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit. WWE further objects because the terms "booking agents" and "road agents" are not defined terms.  WWE further objects to Request No. 31 on the grounds that it calls for the production of protected medical information of WWE performers who are not parties to this lawsuit.  WWE also objects because it calls for the

production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 32:  Any and all documents, information, and correspondence related to protocols for WWE creative and writers about the limitations of wrestlers in storylines, working around WWE Wrestlers with specific injuries, and notes about WWE Wrestlers' ability to perform moves or finishes with their injuries.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 32 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses and not proportional to the needs of the case in that the burden or expense of the proposed discovery outweighs its likely benefit. WWE further objects to Request No. 32 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 33:  Any and all documents, information, and correspondence, between booking agents and WWE regarding the risks of long-term degenerative neurological conditions resulting from concussions or mild traumatic brain injuries.

Response:

In addition to the objections above, WWE specifically objects to Request No. 33 on the grounds that it is vague, ambiguous and nonsensical in that the term "booking agents" is not defined but evidently refers to unspecified WWE employees. WWE is producing documents reflecting information regarding the risks from concussions provided to talent and other personnel, which probably includes whatever is meant by "booking agents".

Request No. 34: Any and all communications, documents, and information relating to OSHA guidelines and protocols implemented or refused by WWE, including any information posted informing WWE Wrestlers of their rights.

Response:

WWE objects to Request No. 34 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses. WWE also objects because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 35:  Any and all information on the implementation of the Family and Medical Leave Act (FMLA) within WWE, including WWE protocols for medical leave for injuries sustained during training and performances, and WWE's methods, guidelines, and protocols insuring WWE Wrestlers are not fired, terminated, or substantively or constructively terminated or fired as a result of taking medical leave for their injuries.

Response:

In addition to the objections above, WWE specifically objects to Request No. 35 on the grounds that it is based on a false premise because WWE wrestlers are not employees. WWE further objects to Request No. 35 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses. WWE also objects because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 36: Any and all information relating to the use of helmets in WWE training facilities, including the decision to implement the use of helmets, the reasons for their use, and any information on the decision only to implement them during training and not during performances.

Response:

In addition to the objections above, WWE specifically objects to Request No. 36 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 37: All documents related to the publicly identified study on December 2, 2010. See Deitch, Charlie, "Heavyweight Champions" Pittsburgh City Paper, available at http://www.pghcitypaper.com/pittsburgh/heavyweight-champions/Content?oid=1380633 ("Maroon also takes credit for trying to reduce brain injuries. A minor-league WWE facility in Florida, he found, was seeing a

large number of concussions, he says, "So we went and we added more padding to the mat so it would absorb that kinetic energy when the body hit it.").

Response:

In addition to the objections above, WWE specifically objects to Request No. 37 on the grounds that it based on a false premise in that the referenced quote does not refer to a "publicly identified study." WWE further objects to Request No. 37 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 38:  Any and all text messages, emails, or other electronic correspondence or documents to or from Bill Demott discussing or involving either of the Named Plaintiffs.

Response:

In addition to the objections above, WWE specifically objects to Request No. 38 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses. WWE further objects to Request No. 38 because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 39:  Any and all documents related to complaints or allegations of abusive conduct or misconduct by head trainer Bill Demott at WWE developmental facilities where Demott worked or trained WWE Wrestlers.  Any and all documents related to the termination of WWE's relationship with Demott.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 39 on the grounds that it is overbroad, unduly burdensome, and not relevant to any party's claims or defenses.  WWE further objects to Request No. 39 because it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.

Request No. 40:  Any and all documents and information including letters, emails, phone records from the Talent Wellness Program to or from either of the Named Plaintiffs.

<u>Response</u>:

In addition to the objections above, WWE specifically objects to Request No. 40 on the grounds that it is overbroad and calls for the production of documents outside the scope of the Court's January 15, 2006 Order because it seeks documents unrelated to concussions or mild traumatic brain injuries. Subject to and without waiver of the foregoing objections, WWE responds that, with respect to Singleton, WWE is producing responsive, non-privileged documents found after reasonable investigation.  With respect to LoGrasso, ImPACT testing was not implemented during the time that LoGrasso performed for WWE and LoGrasso admittedly did not seek or receive treatment for any head injury from WWE; therefore, WWE possesses no responsive documents regarding LoGrasso.

**Request No. 41:**  All tax forms, including W-2s and 1099s, for the Named Plaintiffs, and all receipts for payments made to the Named Plaintiffs during the Relevant Time Period.

**Response:**

In addition to the objections above, WWE specifically objects to Request No. 41 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation.


**Request No. 42:**  Any and all pre-employment communications, documents, and information involving or discussing either of the Named Plaintiffs.

**Response:**

In addition to the objections above, WWE specifically objects to Request No. 41 on the grounds that it calls for the production of documents outside the scope of the Court's January 15, 2006 Order.  Subject to and without waiver of the foregoing objections, WWE is producing responsive, non-privileged documents found after reasonable investigation.

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,**

By: __/s/ Jerry S. McDevitt__
Jerry S. McDevitt (pro hac vice)
Terry Budd (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: terry.budd@klgates.com
Email: curtis.krasik@klgates.com


Thomas D. Goldberg (ct04386)
Jonathan B. Tropp (ct11295)
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: tgoldberg@daypitney.com
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Its Attorneys.

## CERTIFICATE OF SERVICE

I hereby certify that, on April 15, 2016, a copy of foregoing was served on the following counsel of record via email and regular mail.

William M. Bloss
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244
bbloss@koskoff.com

Charles J. LaDuca
Brendan Thompson
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com
brendant@cuneolaw.com

Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Rd.
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

Erica Mirabella
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 617-580-8270
Facsimile: 617-580-8270
Erica@mirabellaLLC.com

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust
POGUST BRASLOW & MILROOD LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: 610-941-4204
Facsimile: 610-941-4245
hpogust@pbmattorneys.com


  /s/ Curtis B. Krasik
Curtis B. Krasik