# Exhibit 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO,<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>    Defendant | Lead Case No. 3:15-cv-1074-VLB |

## PLAINTIFF VITO LOGRASSO'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S <u>FIRST AND SECOND SET OF INTERROGATORIES</u>

NOW COMES Plaintiff Vito LoGrasso, by and through his undersigned attorneys, and herein submits the following supplemental objections and responses to Defendant World Wrestling Entertainment Inc.'s ("WWE") First and Second Set of Interrogatories Directed to Plaintiff Vito LoGrasso under verification pursuant to the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1.  Plaintiff objects to the definitions and instructions set forth in the Interrogatories propounded by WWE. Plaintiff objects to the instructions on the ground that the relevant provisions of the Federal Rules of Civil Procedure provide all instructions recognized under federal law with respect to answering or responding to Interrogatories. In answers to these Interrogatories, all words have been defined pursuant to their common English definition. These Interrogatories will be responded to pursuant to the instructions set forth by the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Identify all of the dates on which You claim to have suffered a TBI while You performed for WWE or any other wrestling organization, the persons involved in any matches in which each injury occurred, the location or venue where each such injury occurred, and how each such injury occurred.

**Response:** *See* General Objections 5, 6, 7 & 8.

Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information or requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony. Consistent with the Court's January 15, 2016 Order, Plaintiff is limiting his answer to only those relevant dates, 2005 or later, during which he was performing for WWE. Plaintiff claims that he suffered a TBI on multiple occasions during this time frame of his employment with WWE as a result of being (1) hit in the head, (2) slammed headfirst into the turnbuckle, (3) thrown out of the ring, (4) body slammed, and/or (5) on the receiving end of other maneuvers that involved forceful blows to his head. Plaintiff cannot recall every match or date where he suffered a TBI during the relevant time period, but he can identify the following matches and dates:

Vito vs MVP, Regal, and Dave Taylor on January 16, 2007 in Little Rock, Arkansas;

Vito vs Mr. Kennedy on January 30, 2007 in Houston, Texas;

Vito vs William Regal on August 29, 2006 in Reading, Pennsylvania;

> **Vito vs. William Regal on September 12, 2006 in Worcester, Massachusetts;**
>
> **Vito vs. William Regal on October 10, 2006 in Jacksonville, Florida.**

**Interrogatory No. 2:** Identify and describe in detail all treatment You sought for each TBI identified in Interrogatory No. 1, including, who You sought treatment from, the date You sought treatment, and the treatment prescribed to You. If You did not seek treatment for a TBI identified in Interrogatory No. 1, please set forth in detail Your reasons for failing to seek treatment.

> **Response:** *See* General Objections 5, 6, 7 & 8.
>
> **Plaintiff states that he did not seek or receive any treatment immediately following those occasions identified in the previous response. At the time, Plaintiff did not understand the nature or severity of his head injuries when they occurred. Moreover, Plaintiff did not have an understanding about the symptoms or repercussions of a concussion. WWE did not educate Plaintiff or other wrestlers about concussions and/or TBI, and WWE's on-site doctor, Dr. Ferdinand Rios, and trainers did not evaluate Plaintiff for a concussion on any of these occasions. Moreover, WWE's on-site doctor and trainers downplayed occasions where a TBI could have been suffered, suggesting instead that it was mere wooziness that could be shaken off. Accordingly, Plaintiff did not get contemporaneous medical attention and, instead, continued to wrestle after suffering head injuries in the matches identified *supra*. It was not until the persistent symptoms discussed in Interrogatory No. 6 developed that Plaintiff sought medical treatment.**

**Interrogatory No. 4:**  Identify all policies of insurance You have obtained providing medical or health care coverage, including, but not limited to, any policy You obtained to comply with Section 9.12(a) and (d) of the Booking Contract You signed with WWE on or about June 17, 2005.

**Response:** *See* General Objection 5 & 8.

Subject to and without waiving these objections, Plaintiff states that he did not have any health insurance coverage until 2014 when he qualified for Medicaid.

**Interrogatory No. 5:**  Identify and describe in detail each medical treatment that You received from WWE or WWE's Talent Wellness Program, including, who provided each treatment, the date(s) of each treatment, and a detailed description of each treatment.

**Response:**  *See* General Objections 6, 7 & 8.

Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information or requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.  Subject to and without waiving these objections, Plaintiff states that he never received medical treatment from WWE or WWE's Talent Wellness Program related to instances where he suffered TBI.  On various occasions, Dr. Ferdinand Rios did provide Plaintiff with some pain management treatment and B12 shots, and also assisted Plaintiff with the administration of Plaintiff's testosterone replacement therapy shots.  Plaintiff does not believe that he received any medical treatment from or as a result of WWE's Talent Wellness

>Program. Plaintiff also refers WWE to his response to Interrogatory No. 2.

**Interrogatory No. 6:** Identify all symptoms You have experienced since Your relationship with WWE ended which You contend are associated with TBI sustained while performing for WWE, including the date of onset of the symptoms, the length of the symptoms, and the identity of all health care providers who examined or treated You for such symptoms.

>**Response:** *See* General Objections 6, 7 & 8.
>
>Plaintiff further objects to the extent this Interrogatory seeks premature disclosure of experts and expert information or requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.  Subject to and without waiving these objections, Plaintiff states that he presently recalls having suffered from severe headaches, hearing loss, post-concussion syndrome, memory problems, disorientation, loss of concentration, confusion, trouble sleeping, sleep apnea, Temporomandibular Joint Disorder (TMJD), anxiety, and depression both before and after his employment with WWE ended. These symptoms have been chronic since the time of their inception in approximately 2007.  Plaintiff presently recalls being treated by those doctors identified *supra* for these symptoms with the exception of Dr. Ferdinand Rios.  Pursuant to Rule 33(d), Plaintiff refers WWE to the medical records he is producing in this matter.

**Interrogatory No. 7:** Identify all communications You had with WWE after Your contractual relationship ended regarding Your health or medical condition, including

## VERIFICATION

I, Vito Lograsso, being duly sworn, hereby verify that I have reviewed the above Supplemental Objections and Responses to WWE's First Set of Interrogatories and Requests for Production, and they are true, accurate, and complete to the best of my knowledge.

Date: 3/30/16

*Vito J. Lograsso*
Vito Lograsso