UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS MCCULLOUGH, RYAN SAKODA, and MATTHEW ROBERT WIESE, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 3:15-cv-001074 (VLB)<br>: Lead Case<br>:<br>:<br>:<br>:<br>: |
| EVAN SINGLETON and VITO LOGRASSO,<br><br>   Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 3:15-CV-00425 (VLB)<br>: Consolidated Case<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION
TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA**

Plaintiffs Evan Singleton and Vito Lograsso ("Plaintiffs") respectfully move this Court for leave to file a motion in the District of Massachusetts to compel compliance with the Subpoena to Testify at a Deposition in a Civil Action served on Christopher Nowinski on May 16, 2016. For the reasons that follow, Plaintiffs have presented good cause for a brief 14-day extension of the close of discovery to conduct a single fact deposition.

I.      FACTUAL SUMMARY

In pursuit of necessary information establishing WWE's affirmative actions to conceal information from Plaintiffs Evan Singleton and Vito LoGrasso, Plaintiffs properly served WWE with a notice of deposition of Christopher Nowinski on May 10, 2016 and served Christopher Nowinski with a deposition subpoena on May 16, 2016 scheduling Mr. Nowinski's deposition for June 1, 2016.  *See* Exhibit A, Notice of Deposition; Exhibit B, Deposition Subpoena; Exhibit C, Affidavit of Service.

Counsel for Plaintiffs undertook two phone conferences with counsel for Mr. Nowinski on May 24 and 25, 2016, where counsel advised that his client would not appear on the grounds that he had no relevant knowledge.  *See* Declaration of Konstantine Kyros ("Kyros Dec.") at ¶¶ 2-3.  The parties were unable to reach a resolution, and on May 27, 2016, counsel for Mr. Nowinski sent a letter advising that Mr. Nowinski would not appear for his deposition on June 1, 2016.  *See id*. ¶ 4; Exhibit D, Letter from Brian P. Dunphy.  Notably, Mr. Nowinski did not file a motion to quash in accordance with Rule 45(d).  Kyros Dec. at ¶ 4.  Nonetheless, Plaintiffs were unable to conduct Mr. Nowinski's deposition before the close of discovery, given his failure to appear on June 1, 2016.  *Id*.

Mr. Nowinski has unique knowledge directly relevant to Plaintiffs' claims which can only be obtained through his deposition, notably knowledge regarding his direct involvement with WWE's concussion research programs, the extent of WWE's involvement in and knowledge of concussion research by the Concussion Legacy Foundation (an organization founded by Mr. Nowinski formerly known as the Sports Legacy Institute), and WWE's implementation of concussion prevention protocols.  *Id*. ¶ 3.  Mr. Nowinski has a unique perspective as a former wrestler who

actively criticized WWE's failures to protect its wrestlers from concussion injuries (a similar position to Plaintiffs') prior to WWE's donation of $1.2 million to the Concussion Legacy Foundation and who subsequently began promoting WWE's policies and protocols and even providing presentations for WWE to its wrestlers. *Id.* Therefore, he has knowledge directly relevant to whether WWE has knowledge of and failed to disclose "a link between wrestling activity and permanent degenerative neurological conditions." Order Granting in Part and Denying in Part Plaintiffs' Motions to Compel (Dkt. 160).

II.     PROCEDURE FOR COMPELLING MR. NOWINSKI'S ATTENTION

Because Mr. Nowinski resides in Boston, Massachusetts, the deposition commanded him to appear for his deposition there. *See* Exhibit B, Deposition Subpoena; Fed. R. Civ. P. 45(c) (providing that "[a] subpoena may command a person to attend . . . a deposition . . . within 100 miles of where the person resides"). This also means that Plaintiffs must file a motion to compel his compliance with the deposition subpoena in the District of Massachusetts. Fed. R. Civ. P. 45(d) (providing that enforcement should take place in the district where compliance is required). Plaintiffs are prepared to file such a motion but first ask this Court for leave to do so given the close of discovery.

Mr. Nowinski has provided "no clearly defined, specific and serious injury" warranting his refusal and failure to comply with the subpoena, and as such is in contempt of Court and must be compelled to appear for deposition. *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quoting *Shingara v. Skiles*, 420 F.3d 301, 306 (3d. Cir. 2005)); *see also Burgess v. Town of Wallingford*, No. 3:11-cv-1129, 2012 U.S. Dist. LEXIS 135781, at *6 (D. Conn. Sept.

21, 2012) (noting "to establish 'good cause' under Rule 26(c), courts require a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements'") (internal quotations omitted).  He did not move to quash Plaintiffs' deposition subpoena in the District of Massachusetts.  As no arguments were asserted to the district court, and no privilege, protection, exception or waiver applies to Mr. Nowinski's refusal and failure to comply with the subpoena, Mr. Nowinski must be compelled to appear for a deposition. "If a factual question must be answered in order for a plaintiff to prevail on a claim or for a defendant to prevail on a defense, then information that may be helpful in answering that question is relevant for discovery purposes." *Ramsey v. NYP Holdings, Inc.*, 2002 U.S. Dist. LEXIS 11728, 30 Media L. Rep. 2377, *14 (S.D.N.Y. 2002).  Plaintiffs will sufficiently demonstrate a "substantial need of the materials in the preparation of [this] case and that [they are] unable without undue hardship to obtain the substantial equivalent of the materials by other means."  *Id.* at *17 (quoting Fed. R. Civ. P. 26(b)(3)); *Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 12 (2d. Cir. 1989).

III.   CONCLUSION

Discovery closes today, and all dispositive motions are to be filed on August 1, 2016. Order Partially Lifting Stay of Discovery (Dkt. 107).  This Court has already permitted an additional 14 days for the service of supplemental discovery responses by both parties, and the parties went forward with Stephanie McMahon's deposition on the originally noticed date of May 26, 2016 (literally the same day as the Court ordered that the deposition should go forward and even though the Court gave the parties two weeks to schedule the deposition).  Once supplemental

discovery responses are exchanged, WWE will have nearly seven weeks to prepare its dispositive motions. As a result, the taking of a single deposition of a fact witness during the 14-day period already allowed for supplemental responses will in no way prejudice the parties. Plaintiffs therefore respectfully request this Court grant their motion and enter an order granting them leave to file a motion in the District of Massachusetts to compel compliance with the Subpoena to Testify at a Deposition in a Civil Action served on Christopher Nowinski on May 16, 2016.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

**DATED: June 1, 2016.**

                                                **Respectfully submitted,**

                                                ***/s/ Konstantine W. Kyros***
                                                **Konstantine W. Kyros**
                                                **KYROS LAW OFFICES**
                                                **17 Miles Rd.**
                                                **Hingham, MA 02043**
                                                **Telephone: (800) 934-2921**
                                                **Facsimile: 617-583-1905**
                                                **kon@kyroslaw.com**

                                                **Charles J. LaDuca**
                                                **CUNEO GILBERT & LADUCA, LLP**
                                                **8120 Woodmont Avenue, Suite 810**
                                                **Bethesda, MD 20814**
                                                **Telephone: (202) 789-3960**
                                                **Facsimile: (202) 789-1813**
                                                **charles@cuneolaw.com**

                                                **Michael J. Flannery**
                                                **CUNEO GILBERT & LADUCA, LLP**
                                                **7733 Forsyth Boulevard, Suite 1675**
                                                **St. Louis, MO  63105**
                                                **Telephone:  (314) 226-1015**
                                                **Facsimile: (202) 789-1813**
                                                **mflannery@cuneolaw.com**

**William M. Bloss**
**Federal Bar No: CT01008**
**KOSKOFF, KOSKOFF & BIEDER**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Telephone: 203-336-4421**
**Facsimile: 203-368-3244**

**Robert K. Shelquist**
**Scott Moriarity**
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
**100 Washington Ave., S., Suite 2200**
**Minneapolis, MN 55401-2179**
**Telephone: (612) 339-6900**
**Facsimile: (612) 339-0981**
**rkshelquist@locklaw.com**
**samoriarity@locklaw.com**

**Harris L. Pogust, Esquire**
**Pogust Braslow & Millrood, LLC**
**Eight Tower Bridge**
**161 Washington Street Suite 940**
**Conshohocken, PA 19428**
**Telephone: (610) 941-4204**
**Facsimile: (610) 941-4245**
**hpogust@pbmattorneys.com**

**Erica Mirabella**
**CT Fed. Bar #: phv07432**
**MIRABELLA LAW LLC**
**132 Boylston Street, 5th Floor**
**Boston, MA 02116**
**Telephone: 617-580-8270**
**Facsimile: 617-580-8270**
**Erica@mirabellaLLC.com**

*Attorneys for Plaintiffs.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2016, a copy of the foregoing Motion for Compel was served via this Court's electronic case filing system.

*/s/Konstantine W. Kyros*
**Konstantine W. Kyros**