# EXHIBIT D

# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

Brian P. Dunphy | 617 348 1810 | bdunphy@mintz.com

May 27, 2016

*Via Electronic Mail and First Class Mail*

Konstantine W. Kyros, Esq.
Kyros Law Offices
17 Miles Rd.
Hingham, MA 02043
Email: kon@kyroslaw.com

Erica C. Mirabella, Esq.
Mirabella Law, LLC
132 Boylston St., 5th Floor
Boston, MA 02116
Email: Erica@mirabellaLLC.com

Re:   *Subpoena for Deposition of Christopher Nowinski*

Dear Attorney Mirabella and Attorney Kyros:

    I have received and reviewed the enclosed deposition subpoena that you served on my client, Christopher Nowinski, the President of a non-profit organization, which requests his deposition on June 1, 2016. Mr. Nowinski is not involved in the ongoing lawsuit pending in the District of Connecticut, captioned *Singleton et al. v. World Wrestling Entertainment, Inc.*, Civil Action No. 3:15-cv-01074-VLB ("Connecticut Lawsuit"). I spoke with Attorney Mirabella at length on May 24, 2016 to address the subpoena without burdening the court. I also had a nearly hour-long conversation with Attorney Kyros the next day, May 25, 2016, about the subpoena, including discussing how any deposition of Mr. Nowinski would be relevant. As described below, I have come to learn, through these discussions, that you are trying to pull Mr. Nowinski into this case because of the parties' discovery dispute and as a fact-finding mission for future potential litigation. I have also attempted, unsuccessfully, to limit the scope of this overbroad fishing expedition. Regardless, given the invalidity and unenforceability of the subpoena itself, Mr. Nowinski need not and will not appear on June 1, 2016.

    As we discussed during these conversations, there is one remaining claim in the Connecticut Lawsuit for fraud by omission, and the court has limited the scope of discovery to discrete topics, primarily WWE's knowledge of the "risks of long-term degenerative neurological conditions resulting from concussions or mild traumatic brain injuries to wrestlers who performed for WWE in the year 2005 or later." (Dkt. 107). Despite the court's order, the subpoena has **no limitations** as to time or scope and is thus unduly burdensome.

    Moreover, the issue in the case is WWE's knowledge. As discussed, information about the WWE's knowledge should be obtained from the WWE directly, using the range of discovery tools available to plaintiffs. I understand that discovery among the parties to the Connecticut Lawsuit is ongoing, but discovery motions are pending. Indeed, Attorney Kyros admitted that a reason for requesting my client's deposition is that, due to a discovery dispute between the parties to the lawsuit, he hopes to obtain information from Mr. Nowinski that he contends WWE should have provided. A discovery dispute between the parties to the case is not a valid reason to seek Mr. Nowinski's deposition.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

May 27, 2016
Page 2

 I asked you both to tell me what topics you intend to ask Mr. Nowinski about. The wide-ranging and shifting list of possible subjects you mentioned during our calls made clear that Mr. Nowinski can have no reasonable expectation that the deposition topics will be limited to information relevant to the Connecticut Lawsuit. It is clear, then, that the deposition is a fishing expedition. In fact, Attorney Kyros told me that plaintiffs' counsel seeks information that may aid ***pending*** or ***dismissed*** claims. Of course, this is not a proper basis to depose a third party.

 I also explained during our telephone conferences that it is my understanding that Mr. Nowinski has little or no potentially relevant information during the key time period for the Connecticut Lawsuit, thus the deposition is burdensome and unnecessary. I asked Attorney Kyros if my understanding is not correct and there are particular documents or communications showing why he believed Mr. Nowinski may have relevant information. Attorney Kyros could not identify any specific documents, except for a 2007 letter from WWE to Mr. Nowinski produced in the Connecticut Lawsuit (to which Mr. Nowinski apparently never responded), and he refused to provide me with any documents.

 Attorney Kyros asserted that, since Mr. Nowinski and the Concussion Legacy Foundation have been long involved in the public discussion around the risks of concussions, Mr. Nowinski may have relevant information. Although Mr. Nowinski and CLF are at the forefront of advocacy and research about the effects of concussion, Mr. Nowinski need not sit for a deposition simply to answer boundless, undefined questions about publicly available information regarding his work, and CLF's work, spanning nearly nine years.

 I engaged in two lengthy discussions with you both in the hope of preventing a motion to quash the deposition. In fact, I advised Attorney Kyros that Mr. Nowinski would consider a written proposal, limiting the deposition to some list of reasonable, relevant topics. Mr. Kyros refused to provide any written proposal that the parties could discuss. Despite my good-faith efforts, we came nowhere near an agreement, and Attorney Kyros acknowledged that Mr. Nowinski should move to quash the deposition. Upon further review of the subpoena, however, a motion to quash is not necessary, and the parties need not burden the court with motion practice.

 Mr. Nowinski will not appear for his deposition on June 1. He is under no obligation to appear because the subpoena is *facially invalid and unenforceable*. It was issued from the District of Massachusetts, but Federal Rule of Civil Procedure 45(a)(2) expressly requires that subpoenas must be issued from the court where the action is pending, in this case the District of Connecticut. Subpoenas issued from the wrong court are procedurally defective and therefore unenforceable. *See Narcoossee Acquisitions, LLC v. Kohl's Department Stores, Inc.*, 2014 U.S. Dist. LEXIS 120376, *3 (M.D. Fla. Aug. 28, 2014) ("Because the Kohl's subpoena was issued from the wrong court, it is not enforceable."); *U.S. Risk Insurance Group, Inc. v. United States Risk Mgmt, LLC*, 2014 U.S. Dist. LEXIS 113372, *4 (N.D. Tex. Aug. 15, 2014) ("A subpoena that violates Rule 45(a)(2)'s requirement is facially invalid and cannot be enforced…").

           Sincerely yours,

           Brian P. Dunphy

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

May 27, 2016
Page 3

Enclosure

cc: Counsel for Defendant (*via email and First Class Mail*).

48243001

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Evan Singleton and Vito Lograsso<br>*Plaintiff*<br>v.<br>World Wrestling Entertainment, Inc.<br>*Defendant* | )<br>)<br>)  Civil Action No. **(District of Connecticut,**<br>)  **3:15-cv-01074-VLB)**<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Christopher Nowinski

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Mirabella Law, 132 Boylston Street, 5th Floor, Boston, Massachusetts 02116 | Date and Time:<br>June 1, 2016, at 10:30 am |
|---|---|

The deposition will be recorded by this method:   Audio, Audiovisual, Videographic, and/or Stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   May 10, 2016

| CLERK OF COURT | OR | /s/ Erica C. Mirabella |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Evan Singleton and Vito Lograsso                                   , who issues or requests this subpoena, are:

Erica C. Mirabella, Mirabella Law, erica@mirabellallc.com, (617) 580-8270

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>Defendant | Lead Case No. 3:15-cv-1074-VLB |

### NOTICE OF DEPOSITION OF CHRISTOPHER NOWINSKI

PLEASE TAKE NOTICE, that pursuant to Rules 26 and 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiffs will take the oral deposition of CHRISTOPHER NOWINSKI on June 1, 2016 beginning at 10:30 a.m. at the offices of Mirabella Law, 132 Boylston Street, 5th Floor, Boston, Massachusetts before a certified court reporter or other competent authority authorized to administer oaths. The deposition will continue from day to day until completed and will be recorded by audio, audiovisual, videographic, and/or stenographic means.

Dated: May 10, 2016                    Respectfully Submitted,

*s/ Erica Mirabella*

Erica C. Mirabella
CT Fed. Bar #: phv07432
MIRABELLA LAW LLC
132 Boylston Street, 5th Flr
Boston, MA 02116
Telephone: 617-580-8270
Facsimile: 617-583-1905
erica@mirabellaLLC.com

Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Rd.
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue,
Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com

Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
7733 Forsyth Boulevard,
Suite 1675
St. Louis, MO 63105
Telephone: (314) 226-1015
Facsimile: (202) 789-1813
mflannery@cuneolaw.com

William M. Bloss
Federal Bar No: CT01008
KOSKOFF, KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN
100 Washington Ave., S.,
Suite 2200
Minneapolis, MN 55401-2179

Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust
Pogust Braslow & Millrood, LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
hpogust@pbmattorneys.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2016, a copy of the foregoing NOTICE OF DEPOSITION OF CHRISTOPHER NOWINSKI was served in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

Jeffrey Mueller, Esquire
Day Pitney
242 Trumbull Street
Hartford, CT 06103-1212
jmueller@daypitney.com

Jerry S. McDevitt, Esquire
K&L Gates
210 Sixth Avenue
Pittsburgh, PA 15222-2613
jerry.mcdevitt@klgates.com

3

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

*s/ Erica Mirabella*
Erica C. Mirabella
