UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RUSS McCULLOUGH,** *et al.*, | : | No. 3:15-cv-01074 (VLB) |
| | : | Lead Case |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| **WORLD WRESTLING ENTERTAINMENT, INC.,** | : | |
| | : | |
| Defendant. | : | JUNE 3, 2016 |

| | | |
|---|---|---|
| **EVAN SINGLETON and VITO LOGRASSO,** | : | No. 3:15-cv-00425 (VLB) |
| | : | Consolidated Case |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| **WORLD WRESTLING ENTERTAINMENT, INC.,** | : | |
| | : | |
| Defendant. | : | JUNE 3, 2016 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this memorandum of law in opposition to the Motion for Leave to File Motion to Compel Compliance with Deposition Subpoena filed by Plaintiffs Evan Singleton and Vito LoGrasso ("Plaintiffs").

I.   **PRELIMINARY STATEMENT**

Plaintiffs seek this Court's leave to file a motion to compel compliance with an <u>invalid and unenforceable</u> subpoena in order to take the deposition of non-

party Christopher Nowinski after the close of the discovery period for admittedly improper purposes regarding topics that are irrelevant under this Court's orders and that can make no difference concerning the outcome of this case. Plaintiffs' motion should be denied for at least the following reasons.

**First**, despite having been placed on notice by counsel for Mr. Nowinski, Plaintiffs have failed to advise the Court in their motion that they served Mr. Nowinski with a facially invalid and unenforceable subpoena because the subpoena was not issued from this Court in Connecticut where the action is pending. Plaintiffs should not be given permission to file a futile motion to compel compliance with a defective subpoena that cannot be enforced, and discovery should not be extended merely because Plaintiffs failed to serve a valid subpoena on Mr. Nowinski within the existing discovery period.

**Second**, Plaintiffs failed to advise the Court that their lead counsel, Konstantine Kyros ("Kyros"), told Mr. Nowinski's counsel that he intended to take his deposition for the improper purpose of obtaining discovery concerning <u>other</u> claims by <u>other</u> wrestlers unrelated to the claims of either Singleton or LoGrasso. Plaintiffs already have repeatedly and improperly used depositions in this case to obtain discovery on other claims in violation of this Court's orders. They should not be permitted to continue this abuse of process by deposing Mr. Nowinski.

Plaintiffs also seek to depose Mr. Nowinski on topics that reflect a continued disregard for the Court's orders regarding the scope of discovery in this case. The Court has held that this case is <u>not</u> about concussion prevention and that discovery merely reflecting a desire to limit concussions and prevent

2

injury to WWE talent or specific incidences of head trauma during WWE activities are <u>not</u> relevant or proportional to the needs of this case.  The Court also has ordered that Plaintiffs are not permitted to discover information prior to the year 2005.  The topics on which Plaintiffs seek to depose Mr. Nowinski fall outside the clear limitations on discovery established by the Court and are irrelevant to the remaining fraud by omission claims of Singleton and LoGrasso.

<u>Third</u>, Plaintiffs failed to meet and confer with counsel for WWE before filing this motion as required by the Local Rules and this Court's standing orders.  Plaintiffs were required to make a good faith effort to address the issues raised by their motion not only with counsel for Mr. Nowinski but also with counsel for WWE.  Plaintiffs have failed to do so, which alone warrants denial of their motion.

II.     <u>ARGUMENT</u>

   A.     <u>Plaintiffs Failed To Advise The Court That The Subpoena Served on Mr. Nowinski Is Facially Invalid and Unenforceable.</u>

Plaintiffs did not serve Mr. Nowinski with an enforceable subpoena within the discovery period.  In their motion, Plaintiffs failed to advise the Court that the subpoena they did serve on Mr. Nowinski is facially invalid and unenforceable.  Through counsel, Mr. Nowinski previously advised Plaintiffs that he had no obligation to appear for a deposition on June 1, 2016 because the subpoena served on him was issued from the wrong court.  *See* Doc. No. 163-5.  Plaintiffs do not even mention this fatal defect in their motion, much less attempt to respond to it.

"A subpoena <u>must</u> issue from the court where the action is pending."  Fed. R. Civ. P. 45(a)(2) (2016) (emphasis added).  A subpoena issued from the wrong

3

court is procedurally defective and unenforceable.  *See Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-cv-203, 2014 U.S. Dist. LEXIS 120376, at *3 (M.D. Fla. Aug. 28, 2014) ("Because the [defendant's] subpoena was issued from the wrong court, it is not enforceable."); *US Risk Ins. Group, Inc. v. United States Risk Mgmt., LLC*, No. 3:11-cv-2843, 2014 U.S. Dist. LEXIS 113372, at *4 (N.D. Tex. Aug. 15, 2014) ("A subpoena that violates Rule 45(a)(2)'s requirement is facially invalid and cannot be enforced.").

The subpoena served on Mr. Nowinski is invalid and unenforceable because it was issued from the District of Massachusetts rather than the District of Connecticut (the court in which this action is pending).  *See* Doc. No. 163-3 Plaintiffs' counsel have repeatedly ignored the rules of procedure in these proceedings, and did so again here.  Because no court can compel compliance with an unenforceable subpoena, Plaintiffs' motion for leave to file a motion to compel is futile.  Moreover, because Plaintiffs never even served a valid deposition subpoena on Mr. Nowinski within the discovery period, their request for an extension of the discovery period to conduct Mr. Nowinski's deposition should be denied.[1]

**B.     Plaintiffs Continue To Violate This Court's Discovery Orders.**

All discovery in this matter and other consolidated matters has been stayed by this Court except with respect to certain narrow issues on which the

---

[1] Plaintiffs waited for months until the very end of the discovery period to attempt to serve Mr. Nowinski with a deposition subpoena, served him with a defective subpoena on May 16, 2016, and then never served him with a valid subpoena within the discovery period despite being advised of the defect on May 27, 2016, before the June 1, 2016 discovery cutoff.

4

**Court lifted the stay. The Court's order partially lifting the stay of discovery required all permitted discovery to be completed by June 1, 2016 and limited the scope of discovery to only the claims of Plaintiffs <u>Singleton and LoGrasso</u> and specifically to whether WWE had knowledge of "the risks of <u>long-term degenerative neurological conditions</u> resulting from concussions or mild traumatic brain injuries to wrestlers who performed <u>in the year 2005 or later</u>." (Doc. No. 107) (emphasis added). The Court's recent order on Plaintiffs' motion to compel further ruled that the "sole remaining claim concerns an allegation of <u>fraudulent nondisclosure of knowledge of a link between wrestling activity and permanent degenerative neurological conditions</u>." (Doc. No. 160) (emphasis added).[2] The Court clarified the scope of discovery as follows:**

> **<u>This case is not about concussion prevention</u>. The Court has already found that Defendant owed no negligence-based duty to prevent Plaintiffs from sustaining head trauma in their voluntary and compensated wrestling activities. <u>Discovery of information and production of documents which merely reflect a desire to limit concussions and prevent injury to WWE talent or specific incidences of head trauma occurring during WWE activities are not relevant</u>, nor would such discovery be proportional.**

*Id.* **(emphasis added). Moreover, the Court reaffirmed that "Plaintiffs have not presented any factual predicate whatsoever entitling them to discover documents or information dated prior to the year 2005 and absent such a factual predicate Plaintiffs motion to compel is denied on that issue."** *Id.* **Despite the clarity of the Court's orders, Plaintiffs continue to disregard them and specifically intend to do so with respect to the proposed deposition of Mr. Nowinski.**

---

[2] **Although the Court's order granted in part and denied in part the requested relief, WWE had already fully provided the discovery for which relief was granted.**

5

### 1. Plaintiffs Seek Mr. Nowinski's Deposition for Improper Purposes.

In their motion, Plaintiffs failed to disclose to the Court that Mr. Kyros advised counsel for Mr. Nowinski that his deposition is sought for the improper purpose of obtaining discovery for the benefit of <u>other</u> cases involving claims by <u>other</u> wrestlers.  As described in the letter from Mr. Nowinski's counsel, Mr. Kyros admitted that he wanted to depose Mr. Nowinski as part of a "fact-finding mission for future potential litigation" and was seeking information that may aid in other "pending or dismissed claims."  (Doc. No. 163-5.)  Mr. Kyros did not deny that he made these statements when asked about them on the record during a recent deposition (Ex. A at 10-12), nor did he do so in his declaration in support of the present motion.

Such a plainly improper purpose for taking Mr. Nowinski's deposition is further evidence of a pattern of abuse of process by Mr. Kyros and his co-counsel in this case.  Plaintiffs have impermissibly sought and continue to seek broad-based discovery relating to other wrestlers and other issues that are completely irrelevant to the remaining individual fraud claim of Singleton and LoGrasso.

In the depositions that Plaintiffs have taken of WWE's witnesses, Plaintiffs have asked almost no questions about Singleton and only a few questions about LoGrasso and have made no attempt to demonstrate any fraudulent omission or fraudulent intent, which is not surprising since both Plaintiffs were unable to articulate any fraud claim in their depositions.  No amount of additional discovery can save Plaintiffs' sole remaining fraud claim from summary judgment in light of Singleton's dispositive admission that he did not know that he was asserting a

6

fraud claim or the basis of any such fraud claim and LoGrasso's dispositive admission that he was not accusing WWE of fraud. *See United States ex rel. O'Donell v. Countrywide Homes Loans, Inc.*, No. 15-496, 15-499, 2016 U.S. App. LEXIS 9365 at *32, n.14 (2d Cir. May 23, 2016)*, citing Sanchez v. Triple-S Mgmt., Corp.*, 492 F.3d 1, 8 (1st Cir. 2007) ("In this context, discovery obtained from the defendants could not have altered the outcome which, in the district court's view, was ordained by the plaintiffs' own deposition testimony."). Moreover, the 2005 Mayo Clinic article which was the specific basis for alleging that WWE knew of some link between wrestling activities and permanent degenerative neurological conditions in 2005 was not shown to a single witness in the depositions to determine if anyone read it or saw it.



---

[3] During the pendency of this case, Mr. Kyros referred Mr. Goguen to other lawyers to conceal his role in a lawsuit against WWE seeking royalties for performances shown on the WWE Network. *See Goguen v. World Wrestling Entertainment*, Case No. 3:16-CV-00542 (D. Conn.). This lawsuit was voluntarily dismissed mere days later when those attorneys were presented with indisputable evidence that Mr. Goguen had previously released all claims against WWE, including any personal injury or intellectual property claims, and therefore could not proceed on such claims.

- 

**The Court should not sanction this continuing abuse of process by Mr. Kyros and his co-counsel by providing Plaintiffs with leave to pursue yet another deposition for their admitted purpose of obtaining discovery for use in potential future cases, particularly now that discovery in this case has closed.**

### 2. Plaintiffs Seek To Question Mr. Nowinski Regarding Topics Beyond The Scope of Discovery Under the Court's Orders.

**In their motion, Plaintiffs make clear that they intend to question Mr. Nowinski regarding topics that are far beyond the scope of discovery authorized by the Court.  Mr. Nowinski's counsel has already advised Plaintiffs that he is a third-party witness who does not have relevant information concerning WWE's knowledge of any link between wrestling activities and permanent degenerative neurological conditions and has little information even related to the relevant time period for discovery in this case.  (Doc. No. 163-5.)  In fact, Plaintiffs have already been able to explore the state of WWE's knowledge during the relevant**

8

time period during depositions of three of its highest-ranking executives, including a corporate representative deposition.[4]

Plaintiffs claim that Mr. Nowinski may have relevant information concerning (i) WWE's "involvement" with the Concussion Legacy Foundation and other concussion research programs, (ii) WWE's implementation of concussion prevention protocols, (iii) Mr. Nowinski's presentations to WWE wrestlers regarding CTE, and (iv) Mr. Nowinski's perspective as a former wrestler who suffered from head injuries.  Each of these topics falls squarely outside the scope of discovery that has been authorized by the Court.

**First**, WWE's recent financial support for brain injury research programs does not assist Plaintiffs in establishing that they were somehow defrauded, especially since both have been unable to articulate a fraud claim in their depositions.  In 2013, WWE announced it would make a substantial financial donation to the Concussion Legacy Foundation to support its research into CTE.  WWE made this contribution to support important research into this subject, and it is indisputable that WWE's announcement and its first contribution were made <u>after</u> both Singleton and LoGrasso had ceased wrestling for WWE.

**Second**, WWE's implementation of concussion prevention protocols is not relevant or discoverable because the Court has already held that "this case is not about concussion prevention" and "[d]iscovery of information and production of

---

[4] WWE produced Stephanie McMahon (Chief Brand Officer) for a deposition on May 26, 2016, Vince McMahon (Chairman and CEO) for a deposition on May 27, 2016, and Paul Levesque (Executive Vice President of Talent, Live Events, and Creative) for a deposition in both his individual and corporate representative capacities on May 31, 2016.

documents which merely reflect a desire to limit concussions and prevent injury to WWE talent" is not relevant. (Doc. No. 160.) Indeed, Mr. Kyros' plan to ignore the Court's order could not be more evident. He filed the instant motion indicating that he wanted to delve into such subjects on the day after Court said such topics were irrelevant.

**Third**, evidence that Mr. Nowinski makes presentations to wrestlers regarding CTE does not assist these Plaintiffs in establishing that WWE fraudulently omitted providing such information to them. Mr. Nowinski gave his first presentation to WWE wrestlers as part of a Rookie Orientation in July 2013 and gave a subsequent presentation to wrestlers on its main roster in September 2013.[5] It is undisputed that Singleton last performed on September 27, 2012 and LoGrasso was released by WWE in May 2007. Mr. Nowinski's statements to talent after Singleton and LoGrasso left WWE therefore could not be relevant to the fraud by omission claim asserted by these two individual Plaintiffs.

**Fourth**, Mr. Nowinski's "perspective" as a former wrestler who suffered from head injuries is completely irrelevant and beyond the scope of the Court's order holding that other "specific incidences of head trauma occurring during WWE activities" are not discoverable. (Doc. No. 160.) Moreover, because Mr. Nowinski last wrestled for WWE in 2003, any testimony on this subject falls outside the scope of the temporal limits on discovery under the Court's orders.

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[5] Notably, recordings of both of these presentations were already produced as part of WWE's document production in this case.

10

██████████████████████████████████████

██████████████████████████████

Any further discovery on these irrelevant issues would be inappropriate and disproportional to the needs of this case.

    C.    **Plaintiffs Failed To Meet and Confer Before Filing Their Motion.**

Plaintiffs failed to meet and confer with counsel for WWE before filing their motion as required by the Local Rules and the Court's standing orders. Plaintiffs' request for leave to move to compel concerns a discovery issue as surely as the intended motion to compel itself. Under this Court's orders, Plaintiffs were required to make a good faith effort to address the issues raised by their motion not only with counsel for Mr. Nowinski but also with counsel for WWE. Mr. Kyros' declaration does not and cannot state that Plaintiffs have done so.

On May 31, 2016, at 8:59 p.m., the night before the day for which Mr. Nowinski's deposition had been noticed, Plaintiffs' counsel sent counsel for WWE an e-mail stating that the deposition would not proceed the next day and was postponed. Counsel for WWE responded later that night, observing that WWE had become aware that a valid subpoena had not been served. The next morning, counsel for WWE added that the deposition could not be postponed, as the discovery period had now closed. No response was received to this e-mail, nor did Plaintiffs' counsel seek an opportunity to confer regarding WWE's position that there was no further opportunity to complete this deposition.

Instead, Plaintiffs simply filed the instant motion at 8:43 p.m. the next day, after the close of business on the last day of the discovery period. Plaintiffs' failure to comply with this Court's standing order on discovery disputes is

11

**particularly noteworthy given the Court's express admonitions on more than one occasion in this case for counsel to confer with one another in a professional manner. In fact, this is just the latest action by Plaintiffs' counsel evidencing a disdain for the standing orders of this Court. For this reason alone, Plaintiffs' motion should be denied.**

**III.     <u>CONCLUSION</u>**

**Discovery has closed pursuant to the Court's order, and Plaintiffs should not be permitted to disrupt the Court's carefully crafted briefing schedule for summary judgment.**

**For the reasons set forth above, the Court should deny Plaintiffs' Motion for Leave to File Motion to Compel Compliance with Deposition Subpoena.**

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,**

By: */s/ Jerry S. McDevitt*
    Jerry S. McDevitt (*pro hac vice*)
    Terry Budd (*pro hac vice*)
    Curtis B. Krasik (*pro hac vice*)
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: terry.budd@klgates.com
    Email: curtis.krasik@klgates.com

    Thomas D. Goldberg (ct04386)
    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: tgoldberg@daypitney.com
    Email: jbtropp@daypitney.com
    Email: jmueller@daypitney.com

## CERTIFICATION OF SERVICE

I hereby certify that, on June 3, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ *Jeffrey P. Mueller*
        **Jeffrey P. Mueller (ct27870)**