UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT,<br><br>Defendant. | CIVIL ACTION<br>NO. 3:15-CV-001074 |

### NON-PARTY CHRISTOPHER NOWINSKI'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE <u>MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA</u>

Non-party Christopher Nowinski respectfully requests that the Court deny Plaintiffs' Motion[1] for two reasons. First, Plaintiffs' Motion disingenuously suggests that Mr. Nowinski simply ignored a properly issued subpoena for a deposition scheduled on June 1, 2016. That is fiction. Plaintiffs well know (because counsel for Mr. Nowinski specifically informed them by letter dated May 27, 2016)[2] that the subpoena issued by their counsel was facially invalid and unenforceable under Federal Rule of Civil Procedure 45(a)(2). Plaintiffs gloss over this fatal flaw in their Motion and hide from the Court that they neither responded to the letter from Mr. Nowinski's counsel, nor attempted to cure their mistake by serving a proper subpoena. Plaintiffs instead falsely assert that Mr.

---

[1] The full title of Plaintiffs' Motion is: Plaintiffs' Motion for Leave to File a Motion to Compel Compliance with Deposition Subpoena (Dkt. 162)

[2] *See* Exhibit A to the Affidavit of Brian P. Dunphy (hereinafter "Dunphy Aff.") filed with this opposition.

1

Nowinski is in contempt of Court because he failed to quash the subpoena when in reality no motion to quash was required because there was nothing to quash. Plaintiffs now come to this Court after-the-fact seeking absolution for their failure to adhere to the Federal Rules of Civil Procedure. No such pardon should be given.

Second, Plaintiffs implicitly have acknowledged that Mr. Nowinski's deposition has nothing to do with obtaining information related to the sole remaining claim (fraud by omission) against World Wrestling Entertainment ("WWE"). Nor can Plaintiffs credibly claim that the deposition they want to take falls within the Court-ordered scope of permissible discovery (WWE's knowledge of "an appreciable risk of a link between wrestling activity and permanent degenerative neurological conditions") (Dkt. 107, 160). To the contrary, as revealed in Plaintiffs' Motion, and as reflected in the conversations between Mr. Nowinski's counsel and Plaintiffs' counsel before the proposed June 1, 2016 deposition (*see* Dunphy Aff., Exhibit A), Plaintiffs seek to obtain information about other pending or dismissed cases and to confront Mr. Nowinski with Plaintiffs' concocted conflict of interest theory that is designed to create fodder for the press,[3/] but which has no bearing on the single surviving claim in this case. Mr. Nowinski, who is not a party to this case, should not be subjected to

---

[3/]    See James Caldwell, "WWE Concussion Lawsuit Update – June 1 key deadline date – Chris Nowinski does not appear at deposition as part of legal battle, Plaintiffs file court motion," PW Torch, http://www.pwtorch.com/site/2016/06/01/wwe-concussion-lawsuit-update-june-1-key-deadline-date-chris-nowinski-not-appear-deposition-part-legal-battle-plaintiffs-file-court-motion/ (last visited June 3, 2016) (article summarizing Plaintiffs' Motion in detail).

such questioning just to satisfy Plaintiffs' improper motives. The Court should deny Plaintiffs' Motion.

## FACTUAL BACKGROUND

Plaintiffs Evan Singleton and Vito Lograsso served a Subpoena to Testify at a Deposition in a Civil Action on Mr. Nowinski on May 16, 2016 (the "Subpoena," attached as Exhibit B to Plaintiffs' Motion). The Subpoena was issued from the District of Massachusetts; not from this Court where the action is pending. *See* Exhibit B to Plaintiffs' Motion.

After two extensive, good-faith discussions with Plaintiffs' counsel before the proposed deposition, Mr. Nowinski's attorney sent a letter indicating that Mr. Nowinski was not required to appear and would not appear for a deposition on June 1 because "the subpoena is *facially invalid and unenforceable*" under Rule 45(a)(2). *See* Dunphy Aff., Exhibit A, at 2 (emphasis in original).

Plaintiffs' counsel did not respond to the May 27th letter and still have not responded to the fact that the Subpoena is invalid and unenforceable. Instead, Plaintiffs brought the instant Motion on the last day of permitted discovery, did not fully recount the history of the dialogue with Mr. Nowinski's counsel, and improperly suggested that the reason Mr. Nowinski failed to show up at the deposition was due to a conflict of interest with WWE.

## ARGUMENT

### I. The Subpoena Does Not Comply With Rule 45(a)(2) And Is Therefore Invalid And Unenforceable

Rule 45(a)(2) is clear: "A subpoena must issue from the court where the action is pending." FED. R. CIV. P. 45(a)(2). Subpoenas issued from the wrong

3

court are facially invalid and unenforceable.  See *Narcoossee Acquisitions, LLC v. Kohl's Department Stores, Inc.*, 2014 U.S. Dist. LEXIS 120376, *3 (M.D. Fla. Aug. 28, 2014); *US Risk Insurance Group, Inc. v. United States Risk Management, LLC*, 2014 U.S. Dist. LEXIS 113372, *4 (N.D. Tex. Aug. 15, 2014).

In *Narcoossee*, a non-party was served with a subpoena issued from the Northern District of California, even though the underlying action was pending in the Middle District of Florida.  2014 U.S. Dist. LEXIS 120376, at *3.  The court quashed the subpoena as procedurally defective because it was "issued from the wrong court" and therefore "not enforceable."  *Id.*  Similarly, the subpoena in *US Risk Insurance* was issued from the Eastern District of Louisiana, though the underlying action was pending in the Northern District of Texas.  2014 U.S. Dist. LEXIS 113372, at *2.  Again, the court refused to enforce the subpoena: "A subpoena that violates Rule 45(a)(2)'s requirements is facially invalid and cannot be enforced….The subpoena is simply not a valid subpoena, and this Court has no authority to enforce it through a motion to compel."  *Id.* at *4.

There can be no dispute that Plaintiffs issued the Subpoena from the wrong court; this case is pending in the District of Connecticut not the District of Massachusetts.  Moreover, none of the cases cited by Plaintiffs come close to demonstrating that the Subpoena is valid.  In fact, none of the cases that Plaintiffs rely on in the Motion relate to subpoenas, depositions of non-parties, or Rule 45 whatsoever.  See *Burgess v. Town of Wallingford*, 2012 U.S. Dist. LEXIS 135781, *5-7 (D. Conn. Sept. 21, 2012) (resolving whether a plaintiff can tape his own deposition and publish his deposition transcript online); *In re Terrorist*

4

*Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 223 (S.D.N.Y. 2006) (outlining a protective order for discovery exchanged between plaintiffs and defendants); *Ramsey v. NYP Holdings, Inc.*, 2002 U.S. Dist. LEXIS 11728, *4 (S.D.N.Y. June 26, 2002) (concerning a request for production of documents from the plaintiff).

Because the Subpoena was procedurally defective, Mr. Nowinski was under no authority and had no obligation to appear for a deposition. Conspicuously, Plaintiffs' counsel fails to mention anything in the Motion about their failure to comply with Rule 45, or their failure to cure the deficiency after being notified by Mr. Nowinski's counsel the week prior to the deposition. In sum, Plaintiffs did not and cannot demonstrate that the Subpoena complies with Rule 45(a)(2). The Motion should be denied because, quite simply, there is nothing for the Federal District Court for the District of Massachusetts to compel.

II. **The Deposition Of Mr. Nowinski Is Not Designed To Obtain Information Relevant To The Sole Remaining Claim In This Lawsuit And Would Impose An Undue Burden On A Non-Party To This Case**

Even if the Subpoena were valid, which it is not, it would still impose an undue burden on Mr. Nowinski. As Plaintiffs' Motion demonstrates, and as revealed in the extensive discussions between Mr. Nowinski's counsel and Attorney Kyros, (*see* Dunphy Aff., Exhibit A) Plaintiffs are grasping at straws and searching for information well beyond the Court-ordered scope of discovery. Without identifying any details (much like their refusal to identify any specific deposition topics in conversations with Mr. Nowinski's counsel, *see* Dunphy Aff., Exhibit A), Plaintiffs argue in the Motion that Mr. Nowinski has "unique knowledge" that can "only be obtained through his deposition." *See* Plaintiffs' Motion at 2-3. Yet, even at the close of fact discovery, Plaintiffs are unable to

5

identify any specific "knowledge" that is relevant to this case that they hope to obtain from Mr. Nowinski.  Even the topics outlined by Plaintiffs all relate to information that can be and should be obtained from the WWE: the WWE's concussion research programs and the implementation of the WWE's concussion prevention protocols.  *Id.* at 2-3.  Plaintiffs fail to articulate how an outside third party like Mr. Nowinski would have any knowledge of internal WWE programs and protocols.

In reality, Plaintiffs harass and badger Mr. Nowinski through the filing of their Motion to conduct a fishing expedition that would contravene the discovery limits articulated by the Court.  *See, e.g.*, Dkt No. 107, Order Partially Lifting Stay of Discovery; Dkt. No. 160, Order Granting in Part and Denying in Part Plaintiffs' Motions to Compel Responses to Plaintiffs' First Requests for Production.  Indeed, Plaintiffs' counsel makes the wholly irrelevant and inflammatory argument in the Motion that Mr. Nowinski "criticized WWE's failures to protect its wrestlers from concussion injuries (a similar position to Plaintiffs') prior to WWE's donation of $1.2 million to the Concussion Legacy Foundation and who subsequently began promoting WWE's policies and protocols . . ." (Motion, at 3).  Such a baseless accusation — which has nothing to do with this case — is transparently designed to sensationalize this matter.  But it also demonstrates that Plaintiffs genuinely are not looking to obtain information about this lawsuit.  They are instead looking for a soundbite and to tarnish the reputation of Mr. Nowinski, who is unquestionably a highly regarded national leader in research and advocacy for the prevention of concussions and CTE and is the founder and

**President of a non-profit dedicated to this mission. None of that has anything to do with the single claim remaining in this case and Plaintiffs should not be allowed to use the authority of this Court to compel Mr. Nowinski to answer such questions. There is no good reason and no legal basis for Plaintiffs to depose Mr. Nowinski.**

## CONCLUSION

There is no good cause to grant leave to the Plaintiffs so that they can file a baseless motion to compel in the District of Massachusetts. Rule 45(a)(2) is clear; Plaintiffs' Subpoena is invalid, unenforceable, and would only lead to a fishing expedition beyond the scope of this Court's discovery Order. The Court should deny Plaintiffs' Motion.

**Dated June 3, 2016**                                      Respectfully submitted,

CHRISTOPHER NOWINSKI,

By his attorneys,

/s/ Keith P. Carroll
Keith P. Carroll (ct16254)
Brian P. Dunphy (BBO #670902)
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241
*kpcarroll@mintz.com*

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

                                        /s/ Keith P. Carroll
                                        Keith P. Carroll

48365459v.1