# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSS McCULLOUGH, *et al.,* | : | No. 3:15-cv-01074 (VLB) |
| | : | **Lead Case** |
| Plaintiffs, | : | |
| | : | |
| *vs.* | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| EVAN SINGLETON and VITO | : | No. 3:15-cv-00425 (VLB) |
| LOGRASSO, | : | **Consolidated Case** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| *vs.* | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
OBJECTIONS TO PLAINTIFFS EVAN SINGLETON AND
VITO LOGRASSO'S FIRST SET OF INTERROGATORIES**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully

submits the following objections to Plaintiffs Evan Singleton and Vito LoGrasso's

First Set of Interrogatories ("Interrogatories").

**OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

1.    WWE objects to the Interrogatories in their entirety as they are

untimely under the Court's January 15, 2016 Order which partially lifted the stay

of discovery ("Discovery Order").  In the Discovery Order, the Court ordered that

1

"[d]iscovery is to be bifurcated, with an initial liability phase extending no later than June 1, 2016." The Court confirmed that this initial phase of discovery closed on June 1, 2016 in its May 9, 2016 Order denying Plaintiffs' Motion for an Extension of the Discovery Period. Dkt. 129. Plaintiffs waited until 10:04 p.m. on Sunday, May 1, 2016 to serve WWE by email with the Interrogatories. Pursuant to Fed.R.Civ.P. 6(d), WWE responses are due thirty-three days after service, i.e., June 3, 2016, which is <u>after</u> the Court's June 1 discovery cutoff date. Accordingly, the Interrogatories are untimely. *See, e.g., Gott v. The Raymond Corp.*, 07-cv-145, 2008 U.S. Dist. LEXIS 92970, at *8-9 (N.D. W. Va. Nov. 14, 2008).

      2.     WWE objects to the Interrogatories in their entirety on the grounds that they are intended to be, and are, unduly burdensome, harassing and cumulative. Plaintiffs have taken fact depositions of current and former WWE officers, employees and independent contractors including depositions of (1) WWE's corporate representative pursuant to Rule 30(b)(6); (2) Paul Levesque, WWE's Executive Vice President, Talent, Live Events and Creative; (3) Vince McMahon, WWE's Chairman of the Board & Chief Executive Officer; (4) Stephanie McMahon, WWE's Chief Brand Officer; (5) Dr. Joseph Maroon; and (6) Dr. Mark Lovell. Thus, Plaintiffs have had the opportunity to obtain sworn testimony on all of the Interrogatories set forth herein that are within the scope of the Court's Discovery Order and requesting that WWE provide cumulative information in the form of Interrogatory Responses is unduly burdensome and harassing.

      3.     WWE objects to the Interrogatories as they, together with their discrete subparts, grossly exceed the limit of twenty-five (25) written

interrogatories set forth in Fed.R.Civ.P. 33(a)(1). When counting the multiple subparts Plaintiffs have included in each Interrogatory, Plaintiffs actually have served at least ninety (90) interrogatories.

4.    WWE objects to the Interrogatories to the extent that they seek information outside the scope of the Court's Discovery Order, the Court's March 21, 2016 Opinion on WWE's Motions to Dismiss ("MTD Opinion") and the Court's May 31, 2016 Order on Plaintiffs' Motion to Compel ("MTC Order"). None of the Interrogatories seek information or facts related to the sole remaining claim of fraud by omission, and appear calculated to obtain information on claims which have been dismissed and/or for other improper purposes, such as for other lawsuits.

5.    WWE objects to the Interrogatories to the extent that they seek information outside of the relevant time period as set by the Court in its Discovery Order, MTD Opinion and MTC Order. *See* Dkt. 154, Transcript of May 19, 2016 Telephone Conference at 4 ("I see no factual or legal basis for the plaintiff's request for information going back to 2000 when, in fact, their complaint alleges conduct beginning in 2005, and there is no legal or factual basis for an extension beyond 2005 . . . ."); MTC Order, Dkt. 160 ("Plaintiffs have not presented any factual predicate whatsoever entitling them to discover documents or information dated prior to the year 2005 . . . .").

6.    WWE objects to the Interrogatories to the extent that the time frame of the Interrogatories is not limited to the time frames in which either of the Plaintiffs actually performed for WWE and therefore the Interrogatories are

overbroad, unduly burdensome and call for information that is not relevant to any party's claims or defenses and not proportional to the needs of the case.

7.    WWE objects to the Interrogatories as overbroad, unduly burdensome and calling for information that is not relevant to any party's claims or defenses and not proportional to the needs of the case to the extent that they seek information relating to all "WWE wrestlers" as opposed to the facts and circumstances related to the two individual Plaintiffs.

8.    WWE objects to the Interrogatories to the extent that they seek protected medical information of WWE performers who are not parties to this lawsuit.

9.    WWE objects to the Interrogatories to the extent that they call for information that is subject to the attorney-client privilege, the work product doctrine or any other applicable protection or immunity.

<u>**INTERROGATORIES**</u>

<u>INTERROGATORY NO. 1:</u>   Describe the Talent Health & Wellness Program, including why it was created, when, and how.

<u>OBJECTIONS:</u>

In addition to the objections above, WWE specifically objects to Interrogatory No. 1, which contains discrete subparts that constitute at least four interrogatories, on the grounds that it is untimely under the Court's Discovery Order.   WWE further objects to Interrogatory No. 1 on the grounds that it is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case as Interrogatory

No. 1 is not directed at information related to Plaintiffs, their alleged injuries or their sole remaining claim for fraud by omission, which as the Court explained in its MTC Order is limited to "fraudulent non-disclosure of knowledge of a link between wrestling activity and permanent degenerative neurological conditions." WWE also objects to Interrogatory No. 1 to the extent that it seeks information subject to the attorney-client privilege and/or the work product doctrine.

INTERROGATORY NO. 2:   Identify all persons, including any outside legal, medical, or other outside consultants, involved in the Wellness Program's creation and implementation, including each person's title, responsibilities, and the time period in which they were involved in the process.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to interrogatory No. 2, which contains discrete subparts that constitute at least three interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE further objects to Interrogatory No. 2 on the grounds that it is overbroad, unduly burdensome, and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case as Interrogatory No. 2 is not directed at information related to Plaintiffs, their alleged injuries or their sole remaining claim for fraud by omission, which as the Court explained in its MTC Order is limited to "fraudulent non-disclosure of knowledge of a link between wrestling activity and permanent degenerative neurological conditions.".

WWE objects to Interrogatory No. 2 as to the phrase "involved in" as it is vague, ambiguous and overbroad.


**INTERROGATORY NO. 3**:   Describe Dr. Joseph Maroon's role within WWE, including how Dr. Maroon interacted with WWE wrestlers and any WWE Department, listing each and every WWE Department Dr. Maroon interacted with.

**OBJECTIONS**:

In addition to the objections above, WWE specifically objects to Interrogatory No. 3, which contains discrete subparts that constitute at least three interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE further objects to Interrogatory No. 3 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.  As written, Interrogatory No. 3 improperly would require WWE to investigate and describe every interaction Dr. Maroon had with any WWE wrestler, not just Plaintiffs, or any WWE Department over a period of time that spans more than 8 years and regardless of whether the interaction relates to the limited scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  WWE also objects to Interrogatory No. 3 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.  WWE objects to Interrogatory No. 3 as vague, ambiguous and unintelligible as to the phrase "how Dr. Maroon interacted with WWE wrestlers and any WWE Department."  Lastly, WWE objects to this Interrogatory on the ground that it is cumulative and unduly

burdensome because Plaintiffs have deposed Dr. Maroon and WWE's corporate representative and had the opportunity to ask them such questions.

INTERROGATORY NO. 4:  Describe Dr. Mark Lovell's role within WWE, including how Dr. Lovell interacted with WWE wrestlers and any WWE Department, listing each and every WWE Department Dr. Lovell interacted with.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 4, which contains discrete subparts that constitute at least three interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE further objects to Interrogatory No. 4 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.  As written, interrogatory No. 4 improperly would require WWE to investigate and describe every interaction Dr. Lovell had with any WWE wrestler, not just Plaintiffs, or any WWE Department over a period of time that spans more than 8 years and regardless of whether the interaction relates to the limited scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  WWE also objects to Interrogatory No. 4 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.  WWE objects to Interrogatory No. 4 as vague, ambiguous and unintelligible as to the phrase "how Dr. Lovell interacted with WWE wrestlers and any WWE Department."  Lastly, WWE objects to this Interrogatory on the ground that it is cumulative and unduly

burdensome because Plaintiffs have deposed Dr. Lovell and WWE's corporate representative and had the opportunity to ask them such questions.

INTERROGATORY NO. 5:   Identify all medical personnel responsible for evaluating or monitoring the medical condition of WWE wrestlers, including Plaintiffs, before, during, and after WWE performances and practices from 2000 to the present.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 5, which contains discrete subparts that constitute at least three interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE further objects to Interrogatory No. 5 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.   Interrogatory No. 5 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  Instead, Interrogatory No. 5 spans a 16-year time period and broadly seeks information regarding any "medical personnel" who have interacted with any "WWE wrestler[]" about any "medical condition." Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE to investigate every injury report and medical record of every WWE wrestler who performed over the last 16 years to respond.  WWE objects to

8

Interrogatory No. 5 on the grounds that the term "monitoring" in the context of this Interrogatory is vague and ambiguous.

**INTERROGATORY NO. 6:** Describe the role of medical personnel employed by WWE, as employees or independent contractors, to monitor WWE wrestlers from 2000 to the present, including but not limited to whether the medical personnel provided prescription medications; evaluated, diagnosed, or treated injuries; and cleared WWE wrestlers for returning to the ring to perform, practice, or otherwise train.

**OBJECTIONS:**

In addition to the objections above, WWE specifically objects to Interrogatory No. 6, which contains discrete subparts that constitute at least four interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Interrogatory No. 6 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 6 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order. Instead, interrogatory No. 6 spans a 16-year time period and broadly seeks information regarding any "medical personnel" who have interacted with any "WWE wrestler[]" about irrelevant topics such as providing prescription medications and treating any "injuries." Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion

and MTC Order and would impose an unreasonable burden on WWE to investigate every injury report and medical record of every WWE wrestler who performed over the last 16 years to respond. WWE objects to Interrogatory No. 6 on the grounds that the term "monitor" in the context of this Interrogatory is vague and ambiguous.

**INTERROGATORY NO. 7**: Describe WWE's process for screening WWE wrestlers, including Plaintiffs, for any head or brain injuries before, during, and after performances and practices from 2000 to the present.

**OBJECTIONS**:

In addition to the objections above, WWE specifically objects to Interrogatory No. 7, which contains discrete subparts that constitute at least three interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Interrogatory No. 7 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 7 is not limited to Plaintiffs, the time period in which they performed for WWE or the relevant time period set forth in the Court's Discovery Order, MTD Opinion and MTC Order. WWE further objects to Interrogatory No. 7 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order including seeking information generally about head trauma and/or concussion prevention which the Court expressly held is not relevant.

**INTERROGATORY NO. 8**:  Describe any policies or procedures implemented by WWE from 2000 to the present to evaluate WWE wrestlers', including Plaintiffs', ability to return to wrestling, in performances, practices, or other training after suffering injuries, including head and brain injuries.

**OBJECTIONS**:

In addition to the objections above, WWE specifically objects to Interrogatory No. 8, which contains discrete subparts that constitute at least two interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE further objects to Interrogatory No. 8 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.  Mr. LoGrasso never claimed to have suffered head injuries so there was nothing for WWE to evaluate, and WWE has produced voluminous records regarding the procedures followed in regard to Mr. Singleton's sole concussion.  Additionally, Interrogatory No. 8 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  Instead, Interrogatory No. 8 spans a 16-year time period and broadly seeks information regarding any "procedure" to evaluate any WWE wrestler's ability to return to wrestling from any injury.  Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE to investigate every injury report and medical record of every WWE wrestler who performed over the last 16 years to respond.

**INTERROGATORY NO. 9:** Describe any methods or procedures, if any, used by WWE to track the rate of injuries, including head and brain injuries, suffered by WWE wrestlers during practices or performances for WWE from 2000 to the present. This shall include the identity of any persons, including employees or independent contractors, responsible for implementing these procedures.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 9, which contains discrete subparts that constitute at least three interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 9 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE further objects to Interrogatory No. 9 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 9 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order. Instead, Interrogatory No. 9 spans a 16-year time period and broadly seeks information regarding any "methods or procedures" WWE has used to track any injuries ever suffered by any WWE Wrestler. Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

**INTERROGATORY NO. 10**: Identify all instances of head and brain injuries suffered by WWE wrestlers during practices and performances from 2000 to the present, including the rate, if known, of head or brain injuries suffered by WWE wrestlers during practices and performance from 2000 to the present.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 10, which contains discrete subparts that constitute at least two interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 10 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE further objects to Interrogatory No. 10 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 10 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order. Instead, Interrogatory No. 10 spans a 16-year time period and broadly purports to require WWE to identify any head or brain injury suffered by any WWE Wrestler in that time span. Such information is not within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE to investigate every injury report and medical record of every WWE wrestler who performed over the last 16 years to respond.

indeed, the Court expressly held in its MTC Order that such information is not relevant and such discovery is not proportional to the needs of this case. WWE also objects to Interrogatory No. 10 on the grounds that it seeks protected medical information of WWE performers who are not parties to this lawsuit.

**INTERROGATORY NO. 11**: Describe the role of Vince McMahon within WWE, including, but not limited to, his role as CEO; his participation during performances as actor and as monitor in guerilla position; his role in determining WWE wrestler development, scripting, and performances; and any decisions he made or input he had related to WWE wrestlers' health and safety.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 11, which contains discrete subparts that constitute at least nine interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 11 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE further objects to Interrogatory No. 11 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 11 has no time limitation and thus requests information about Mr. McMahon's "role" as an executive and undefined information about his "role" as a performer at WWE that spans over thirty-five years.   The Interrogatory also seeks

information about Mr. McMahon's role as a monitor in "guerilla" position, which has no known meaning to WWE.  Interrogatory No. 11 also seeks undefined information about Mr. McMahon's involvement in wrestler development, scripting and performances and "WWE wrestlers' health and safety" over that same thirty-five year time period which encompasses hundreds of wrestlers and thousands of performances.  Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE.  Lastly, WWE objects to this Interrogatory on the ground that it is cumulative and unduly burdensome because Plaintiffs have deposed Mr. McMahon and had the opportunity to ask him such questions.

**INTERROGATORY NO. 12**: Describe the role Jerry McDevitt has played in the development of WWE, including but not limited to the development of the Talent Health and Wellness Program and any other health and safety protocols or programs for WWE and WWE wrestlers.

**OBJECTIONS**:

In addition to the objections above, WWE specifically objects to Interrogatory No. 12, which contains discrete subparts that constitute at least three interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Interrogatory No. 12 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.  WWE further objects to Interrogatory No. 12 on the grounds that it is

overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 12 has no time limitation and thus covers the approximately 30 years that Mr. McDevitt has acted as principal outside legal counsel to WWE. Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order. WWE objects to Interrogatory No. 12 as vague, ambiguous and unintelligible as to the phrase "the role Jerry McDevitt has played in the development of WWE." WWE also objects to Interrogatory No. 12 to the extent that it seeks information subject to the attorney-client privilege and/or the work product doctrine.

**INTERROGATORY NO. 13**: Describe WWE's process from 2000 to the present for developing scripts and choreography for individual WWE wrestlers, including Plaintiffs, and how, if at all, previous injuries are considered during that process. This description shall include the WWE Departments and employees, independent contractors, or other persons involved.

**OBJECTIONS**:

In addition to the objections above, WWE specifically objects to Interrogatory No. 13, which contains discrete subparts that constitute at least five interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 13 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE

further objects to Interrogatory No. 13 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.   Interrogatory No. 13 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  Instead, Interrogatory No. 13 spans a 16-year time period and broadly seeks information regarding any script or performance that "considered" any "injuries" suffered by any WWE wrestler over that time period.  Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE to investigate every script and performance and all injury reports and medical record of every WWE wrestler who performed over the last 16 years to respond. Interrogatory No. 13 also is unduly burdensome and harassing in light of the fact that Mr. Singleton never performed in a match after his alleged injury and Mr. LoGrasso never reported a head injury to WWE that would have necessitated considering such an injury in any script or performance.

**INTERROGATORY NO. 14:**   Describe the training programs initiated and implemented by WWE, the protocols for determining WWE wrestlers', including Plaintiffs', sufficiency in maneuvers from 2000 to present; the policies in place to prevent injuries to WWE wrestlers, including Plaintiffs, from 2000 to present; and any policies and protocols for determining WWE wrestlers', including Plaintiffs', sufficiency to participate in a performance or perform a specific maneuver, from

2000 to the present. This should include the identity of any employees or independent contractors who were responsible for or participated in such training and decision making, including any training provided or decisions made regarding Plaintiffs.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 14, which contains discrete subparts that constitute at least five interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 14 because, in light of the previous interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE further objects to Interrogatory No. 14 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 14 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order. Instead, Interrogatory No. 14 spans a 16-year time period, covers multiple topics (e.g., programs, protocols, and policies) and broadly seeks information regarding all "maneuvers" and decisions relating to any WWE Wrestler and any injury. Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE to respond. WWE objects to Interrogatory No. 14 as vague, ambiguous and unintelligible as to the phrases "sufficiency in

maneuvers" and "sufficiency to participate in a performance or perform a specific maneuver."

INTERROGATORY NO. 15:  Describe the role of referees in WWE performances, including any performances in which Plaintiffs participated, from 2000 to present. This description should identify the training WWE requires its referees to undergo, the protocols WWE requires its referees to follow in determining when to halt a performance, and the responsibility WWE places on the referee in spotting, monitoring, and preventing WWE wrestler injuries during a performance.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 15, which contains discrete subparts that constitute at least four interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Interrogatory No. 15 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.  WWE further objects to Interrogatory No. 15 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.   Interrogatory No. 15 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  Instead, Interrogatory No. 15 spans a 16-

year time period, covers multiple topics (e.g., roles, training, protocols and responsibilities) and broadly seeks information relating to any WWE Wrestler and any injury. Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE to respond. Interrogatory No. 15 also is unduly burdensome and harassing in light of the fact that the requested information about the "role of referees in WWE performances" has no relevance to Plaintiffs' sole remaining claim for fraud by omission.

**INTERROGATORY NO. 16**: Describe the role of the Talent Relations Department, and any other WWE Department, involved in or responsible for ringside monitoring of WWE wrestlers' health and safety, including, but not limited to guerilla position, and WWE's policies and protocols for spotting, monitoring, diagnosing, and protecting WWE wrestlers, including Plaintiffs, from injuries during performances and monitoring and evaluating WWE wrestlers, including Plaintiffs, after suffering an injury.

**OBJECTIONS:**

In addition to the objections above, WWE specifically objects to Interrogatory No. 16, which contains discrete subparts that constitute at least seven interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 16 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P.

33.   WWE further objects to Interrogatory No. 16 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.   Interrogatory No. 16 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.   Instead, Interrogatory No. 16 has no time limitation, covers multiple topics (e.g., roles, policies and protocols) and broadly seeks information relating to any WWE Wrestler, any injury they may suffer and even more generally their "health and safety."   Such information is not conceivably within the scope of the Court's Discovery Order, MTD Opinion and MTC Order and would impose an unreasonable burden on WWE to respond. WWE also objects to Interrogatory No. 16 on the ground that it is vague, ambiguous and unintelligible as to the phrase "guerilla" position, which has no known meaning to WWE.

**INTERROGATORY NO. 17**:  Describe WWE involvement with the Cauliflower Alley Club, including how WWE decided to become involved with the Cauliflower Alley Club, the nature of involvement with the Cauliflower Alley Club, and why WWE chose to donate to and send representatives to the Cauliflower Alley Club.

**OBJECTIONS**:

In addition to the objections above, WWE specifically objects to Interrogatory No. 17, which contains discrete subparts that constitute at least four interrogatories, on the grounds that it is untimely under the Court's

Discovery Order.  WWE also objects to Interrogatory No. 17 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.  WWE further objects to Interrogatory No. 17 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.  WWE further objects to Interrogatory No. 17 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

**INTERROGATORY NO. 18**:  Describe any efforts considered or implemented by WWE to reduce the rate of injuries suffered by WWE wrestlers from 2005 to the present.

**OBJECTIONS**:

In addition to the objections above, WWE specifically objects to Interrogatory No. 18 on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Interrogatory No. 18 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.  WWE further objects to Interrogatory No. 18 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case because it seeks information about any injuries and not the injuries Plaintiffs allege in this case.  WWE further objects to Interrogatory No. 18 because it seeks information outside

the scope of the Court's Discovery Order, MTD Opinion and MTC Order.  ~~WWE~~ objects to Interrogatory No. 18 on the grounds that the phrase "rate of injuries" in the context of this Interrogatory is vague and ambiguous.

INTERROGATORY NO. 19:  Identify any scientific research, including scholarly papers, related to head or brain injuries in the possession, custody, or control of WWE from 2000 to the present.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to interrogatory No. 19 on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Interrogatory No. 19 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.  WWE further objects to Interrogatory No. 19 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  WWE objects to Interrogatory No. 19 to the extent that it seeks information subject to the attorney-client privilege and/or the work product doctrine.

INTERROGATORY NO. 20:  Describe WWE's relationship with Chris Nowinski and/ the Concussion Legacy Foundation (f/k/a Sports Legacy Institute), including

the involvement of any WWE employees or executives therewith and any financial contributions made by WWE thereto.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 20, which contains discrete subparts that constitute at least four interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 20 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE further objects to Interrogatory No. 20 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. WWE further objects to Interrogatory No. 20 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

INTERROGATORY NO. 21: Describe any efforts to inform WWE wrestlers, including Plaintiffs, employed by WWE from 2000 to the present of the risks of head or brain injuries, including the short term and long term risks of concussive and sub-concussive blows to the head.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 21, which contains discrete subparts that constitute at least two interrogatories, on the grounds that it is untimely under the Court's Discovery

Order.  WWE also objects to Interrogatory No. 21 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.  WWE further objects to Interrogatory No. 21 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case.   Interrogatory No. 21 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  WWE further objects to Interrogatory No. 21 with respect to the legal characterization of WWE wrestlers as "employed" by WWE. WWE objects to Interrogatory No. 21 because it is vague, ambiguous, overbroad and improperly seeks WWE to provide scientific and/or medical expert opinion with respect to what is meant by "short term and long term risks of concussive and sub-concussive blows to the head" and the risks of such blows, however defined. WWE further objects to Interrogatory No. 21 as vague and ambiguous as it does not identify the specific "short term and long term risks" to which it refers and does not identify where those risks were disclosed.   WWE objects to Interrogatory No. 21 to the extent that it seeks information subject to the attorney-client privilege and/or the work product doctrine.


INTERROGATORY NO. 22:  Identify any communications with WWE wrestlers, including Plaintiffs, from 2000 to the present regarding the risks of head or brain

injuries, including the short term and long term risks of concussive and sub-concussive blows to the head.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 22, which contains discrete subparts that constitute at least two interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 22 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE further objects to Interrogatory No. 22 on the grounds that it is overbroad, unduly burdensome and seeks information not relevant to any party's claims or defenses and not proportional to the needs of the case. Interrogatory No. 22 is not limited to Plaintiffs, the time period in which they performed for WWE or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order. WWE objects to Interrogatory No. 22 because it is vague, ambiguous, overbroad and improperly seeks WWE to provide scientific and/or medical expert opinion with respect to what is meant by "short term and long term risks of concussive and sub-concussive blows to the head," and the risks of such blows, however defined. WWE further objects to Interrogatory No. 22 as vague and ambiguous as it does not identify the specific "short term and long term risks" to which it refers and does not identify where those risks were disclosed.

<u>INTERROGATORY NO. 23</u>: State the basis for your contention that Plaintiffs were aware of the short term and long term risks of concussive and sub-concussive blows to the head.

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Interrogatory No. 23, which contains discrete subparts that constitute at least four interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Interrogatory No. 23 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.  WWE further objects to Interrogatory No. 23 as vague and ambiguous because Plaintiffs have failed to identify with sufficient specificity where WWE made the referenced contention.  WWE also objects to Interrogatory No. 23 on the grounds that Plaintiffs' definition of "state the basis" is overbroad and purports to impose obligations on WWE that are different from and/or in excess of the requirements of the Federal Rules of Civil Procedure.  WWE objects to Interrogatory No. 23 because it is vague, ambiguous, overbroad and improperly seeks WWE to provide scientific and/or medical expert opinion with respect to what is meant by "short term and long term risks of concussive and sub-concussive blows to the head," and the risks of such blows, however defined. WWE further objects to Interrogatory No. 23 as vague and ambiguous as it does not identify the specific "short term and long term risks" to which it refers and does not identify where those risks were disclosed.

**INTERROGATORY NO. 24**:   State the basis for any contention that WWE was unaware of the short term and long term risks of concussive and sub-concussive blows to the head either before or after 2005.

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Interrogatory No. 24, which contains discrete subparts that constitute at least four interrogatories, on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Interrogatory No. 24 because, in light of the previous interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33.   WWE further objects to Interrogatory No. 24 as vague and ambiguous because Plaintiffs have failed to identify with sufficient specificity where WWE made the referenced contention.  WWE also objects to Interrogatory No. 24 on the grounds that Plaintiffs' definition of "state the basis" is overbroad and purports to impose obligations on WWE that are different from and/or in excess of the requirements of the Federal Rules of Civil Procedure.   WWE objects to Interrogatory No. 24 because it is vague, ambiguous, overbroad and improperly seeks WWE to provide scientific and/or medical expert opinion with respect to what is meant by "short term and long term risks of concussive and sub-concussive blows to the head," and the risks of such blows, however defined. WWE further objects to Interrogatory No. 24 as vague and ambiguous as it does

not identify the specific "short term and long term risks" to which it refers and does not identify where those risks were disclosed.

INTERROGATORY NO. 25: State the basis for any contention that WWE had no duty to disclose to WWE wrestlers, either before or after 2005, the short term and long term risks of concussive and sub-concussive blows to the head.

OBJECTIONS:

   In addition to the objections above, WWE specifically objects to Interrogatory No. 25, which contains discrete subparts that constitute at least six interrogatories, on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Interrogatory No. 25 because, in light of the previous Interrogatories and their discrete subparts, Plaintiffs have exceeded the number of written interrogatories that is permissible pursuant to Fed.R.Civ.P. 33. WWE further objects to Interrogatory No. 25 as vague and ambiguous because Plaintiffs have failed to identify with sufficient specificity where WWE made the referenced contention. WWE also objects to Interrogatory No. 25 on the grounds that Plaintiffs' definition of "state the basis" is overbroad and purports to impose obligations on WWE that are different from and/or in excess of the requirements of the Federal Rules of Civil Procedure. WWE objects to Interrogatory No. 25 because it is vague, ambiguous, overbroad and improperly seeks WWE to provide scientific and/or medical expert opinion with respect to what is meant by "short term and long term risks of concussive and sub-concussive blows to the head," and the risks of such blows, however defined. WWE further objects to

Interrogatory No. 25 as vague and ambiguous as it does not identify the specific "short term and long term risks" to which it refers and does not identify where those risks were disclosed.

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.,

By:   /s/ Jerry S. McDevitt
Jerry S. McDevitt (pro hac vice)
Terry Budd (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: terry.budd@klgates.com
Email: curtis.krasik@klgates.com


Thomas D. Goldberg (ct04386)
Jonathan B. Tropp (ct11295)
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: tgoldberg@daypitney.com
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Its Attorneys.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2016, a copy of foregoing was served on the

following counsel of record via email and regular mail:

Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Road
Hingham, MA  02043
kon@kyroslaw.com

Charles J. LaDuca
Brendan Thompson
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD  20814
charles@cuneolaw.com
brendant@cuneolaw.com

Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO  63105
mflannery@cuneolaw.com

William M. Bloss
KOSKOFF, KOSKOFF & BEIDER
350 Fairfield Avenue
Bridgeport, CT  06604
bbloss@koskoff.com

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue, S., Suite 2200
Minneapolis, MN  55401-2179
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust
Pogust Braslow & Millrood, LLC
Eight Tower Bridge
161 Washington Street, Suite 940
Conshohocken, PA  19428
hpogust@pbmattorneys.com

Erica Mirabella
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA  02116
Erica@mirabellaLLC.com

Katherine Van Dyck
CUNEO GILBERT & LADUCA, LLP
507 C Street NE
Washington, D.C. 20002
kvandyck@cuneolaw.com

By:   /s/ Jeffrey P. Mueller

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSS McCULLOUGH, *et al.*, | : | No. 3:15-cv-01074 (VLB) |
| | : | **Lead Case** |
| Plaintiffs, | : | |
| | : | |
| *vs.* | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| EVAN SINGLETON and VITO | : | No. 3:15-cv-00425 (VLB) |
| LOGRASSO, | : | **Consolidated Case** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| *vs.* | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | |

DEFENDANT WORLD WRESTING ENTERTAINMENT, INC.'S
OBJECTIONS TO PLAINTIFFS EVAN SINGLETON AND
VITO LOGRASSO'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully

submits the following objections to Plaintiffs Evan Singleton and Vito LoGrasso's

First Set of Requests for Admission ("Requests").

OBJECTIONS APPLICABLE TO ALL REQUESTS

1.    WWE objects to the Requests in their entirety as they are untimely

under the Court's January 15, 2016 Order which partially lifted the stay of

discovery ("Discovery Order"). In the Discovery Order, the Court ordered that

"[d]iscovery is to be bifurcated, with an initial liability phase extending no later than June 1, 2016." The Court confirmed that this initial phase of discovery closed on June 1, 2016 in its May 9, 2016 Order denying Plaintiffs' Motion for an Extension of the Discovery Period. Dkt. 129. Plaintiffs waited until 10:04 p.m. on Sunday, May 1, 2016 to serve WWE by email with the Requests. Pursuant to Fed.R.Civ.P. 6(d), WWE responses are due thirty-three days after service, i.e., June 3, 2016, which is after the Court's June 1 discovery cutoff date. Accordingly, the Requests are untimely. *See, e.g., Gott v. The Raymond Corp.,* 07-cv-145, 2008 U.S. Dist. LEXIS 92970, at *8-9 (N.D. W. Va. Nov. 14, 2008).

2.     WWE objects to the Requests in their entirety on the grounds that they are intended to be, and are, unduly burdensome, harassing and cumulative. Plaintiffs have taken fact depositions of current and former WWE officers, employees and independent contractors including depositions of (1) WWE's corporate representative pursuant to Rule 30(b)(6); (2) Paul Levesque, WWE's Executive Vice President, Talent, Live Events and Creative; (3) Vince McMahon, WWE's Chairman of the Board & Chief Executive Officer; (4) Stephanie McMahon, WWE's Chief Brand Officer; (5) Dr. Joseph Maroon; and (6) Dr. Mark Lovell. Thus, Plaintiffs have had the opportunity to obtain sworn testimony on all of the Requests set forth herein that are within the scope of the Court's Discovery Order and requesting that WWE provide cumulative information is unduly burdensome and harassing.

3.     WWE objects to the Requests to the extent that they seek information outside the scope of the Court's Discovery Order, the Court's March

21, 2016 Opinion on WWE's Motions to Dismiss ("MTD Opinion") and the Court's May 31, 2016 Order on Plaintiffs' Motion to Compel ("MTC Order"). The Requests do not seek information or facts relevant to the sole remaining claim of fraud by omission, and appear calculated to obtain information on claims which have been dismissed and/or for other improper purposes, such as for use in other lawsuits.

4.      WWE objects to the Requests to the extent that they seek information outside of the relevant time period as set by the Court in its Discovery Order, MTD Opinion and MTC Order. See Dkt. 154, Transcript of May 19, 2016 Telephone Conference at 4 ("I see no factual or legal basis for the plaintiff's request for information going back to 2000 when, in fact, their complaint alleges conduct beginning in 2005, and there is no legal or factual basis for an extension beyond 2005 . . . ."); MTC Order, Dkt. 160 ("Plaintiffs have not presented any factual predicate whatsoever entitling them to discover documents or information dated prior to the year 2005 . . . .").

5.      WWE objects to the Requests to the extent that the time frame of the Requests is not limited to the time frames in which either of the Plaintiffs actually performed for WWE and therefore the Requests are overbroad, unduly burdensome and call for information that is not relevant to any party's claims or defenses and not proportional to the needs of the case.

6.      WWE objects to the Requests as overbroad, unduly burdensome and calling for information that is not relevant to any party's claims or defenses and not proportional to the needs of the case to the extent that they seek information relating to all "WWE wrestlers" as opposed to the facts and circumstances

3

related to the two individual Plaintiffs.

7.    WWE objects to the Requests to the extent that they ask WWE to admit certain information is or is not known to third parties, such as Dr. Joseph Maroon, Dr. Mark Lovell and Dr. Chris Amann, who are not WWE employees but are independent contractors and medical professionals.

8.    WWE objects to the Request to the extent that they seek admissions from WWE that require WWE to form scientific and/or medical opinions as to the state of science and/or the accuracy of scientific reports in the literature or the media.  Such Requests are objectionable because they do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE.

## REQUESTS FOR ADMISSION

REQUEST NO. 1:   WWE wrestling is a performance.

ADMIT ____        DENY ____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 1 on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Request No. 1 on the grounds that it is vague and ambiguous as to the term "performance."  WWE further objects to Request No. 1 on the grounds that it is not relevant to any party's claims or defenses because it seeks an admission relating to Plaintiffs' dismissed negligence claims and the contact sports exception.  Moreover, whether or not WWE wrestling is a "performance,"

whatever that means, is irrelevant to the legal analysis of Plaintiffs' fraud by omission claim or WWE's defenses thereto.

REQUEST NO. 2:   WWE wrestling is not an athletic competition.

    ADMIT _____      DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request No. 2 on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Request No. 2 on the grounds that it is vague and ambiguous as to the term "athletic competition" because while Plaintiffs have alleged that WWE is not an "athletic competition," wrestling includes feats of extreme athleticism. WWE further objects to Request No. 2 on the grounds that it is not relevant to any party's claims or defenses because it seeks an admission relating to Plaintiffs' dismissed negligence claims and the contact sports exception.  Moreover, whether or not WWE is an "athletic competition" is irrelevant to the legal analysis of Plaintiffs' fraud by omission claim or WWE's defenses.

REQUEST NO. 3:   You were aware in 2000 that at least one WWE wrestler had suffered a concussion during a WWE performance.

    ADMIT _____      DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request No. 3 on the grounds that it is untimely under the Court's Discovery Order.  WWE

further objects to Request No. 3 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 4:   You have employed medical personnel who were present at WWE performances in which Vito LoGrasso participated.

     ADMIT _____        DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 4 on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Request No. 4 because the term "employed" is vague and ambiguous in that it is not clear whether Plaintiffs' use of the term is limited to an employer-employee relationship or includes independent contractor relationships like those WWE had with medical providers.  WWE further objects to Request No. 4 on the grounds that it is overbroad and is not relevant to any party's claims or defenses because Mr. LoGrasso has admitted that he never reported a head injury to WWE or its medical personnel during the time he wrestled for WWE.

6

<u>REQUEST NO. 5</u>:   You employed medical personnel who were responsible for monitoring Vito LoGrasso's health and safety during WWE performances.

ADMIT _____        DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 5 on the grounds that it is untimely under the Court's Discovery Order.  WWE also objects to Request No. 5 because the term "employed" is vague and ambiguous in that it is not clear whether Plaintiffs' use of the term is limited to an employer-employee relationship or includes independent contractor relationships like those WWE had with medical providers.  WWE further objects to Request No. 5 on the grounds that the term "monitoring" in the context of this Request is vague and ambiguous.  WWE objects to Request No. 5 on the grounds that it is overbroad and is not relevant to any party's claims or defenses because Mr. LoGrasso has admitted that he never reported a head injury to WWE or its medical personnel during the time he wrestled for WWE.


<u>REQUEST NO. 6</u>:   Jerry McDevitt provides public statements regarding Your position on concussions within WWE.

ADMIT _____        DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 6 on the grounds that it is untimely under the Court's Discovery Order.  WWE objects to Request No. 6 on the grounds that it is vague and ambiguous as it

does not identify the "public statements" about which the admission is sought. WWE objects to Request No. 6 on the grounds that it is vague, ambiguous and unintelligible as to the phrase "Your position on concussions within WWE." WWE further objects to Request No. 6 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 7:   Prior to 2005, WWE, including its employee and agent Dr. Joseph Maroon, was aware of findings by Dr. Bennett Omalu related to chronic traumatic encephalopathy (CTE).

ADMIT _____        DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 7 on the grounds that it is untimely under the Court's Discovery Order.  WWE further objects to Request No. 7 with respect to the legal characterization of Dr. Maroon as WWE's "employee and agent."  WWE objects to Request No. 7 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "findings by Dr. Bennet Omalu" about which an admission is sought.  WWE objects to Request No. 7 on the grounds that it is overbroad and not relevant to any party's claims or defenses because what Dr.

8

Maroon, or any independent contractor, was or was not aware of cannot be imputed to WWE.  WWE further objects to Request No. 7 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period set forth in the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 8:   After 2005, WWE, including its employee and agent Dr. Joseph Maroon, was aware of findings by Dr. Bennett Omalu related to chronic traumatic encephalopathy (CTE).

     ADMIT _____       DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 8 on the grounds that it is untimely under the Court's Discovery Order.  WWE further objects to Request No. 8 with respect to the legal characterization of Dr. Maroon as WWE's "employee and agent."  WWE objects to Request No. 8 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "findings by Dr. Bennet Omalu" about which an admission is sought.  WWE further objects to Request No. 8 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span.  WWE objects to Request No. 8 on the grounds that it is overbroad and not relevant to any party's claims or defenses because what Dr. Maroon, or any independent contractor, was or was not aware of cannot be imputed to WWE.

REQUEST NO. 9:   Prior to 2005, WWE, including its employee and agent Dr. Joseph Maroon, was aware of findings by Dr. Kevin Guskiewicz related to concussions.

ADMIT _____       DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 9 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 9 with respect to the legal characterization of Dr. Maroon as WWE's "employee and agent." WWE objects to Request No. 9 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "findings by Dr. Kevin Guskiewicz" about which an admission is sought. WWE objects to Request No. 9 on the grounds that it is overbroad and not relevant to any party's claims or defenses because what Dr. Maroon, or any independent contractor, was or was not aware of cannot be imputed to WWE. WWE further objects to Request No. 9 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 10: After 2005, WWE, including its employee and agent Dr. Joseph Maroon, was aware of findings by Dr. Kevin Guskiewicz related to concussions.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 10 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 10 with respect to the legal characterization of Dr. Maroon as WWE's "employee and agent." WWE objects to Request No. 10 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "findings by Dr. Kevin Guskiewicz" about which an admission is sought. WWE further objects to Request No. 10 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span. WWE objects to Request No. 10 on the grounds that it is overbroad and not relevant to any party's claims or defenses because what Dr. Maroon, or any independent contractor, was or was not aware of cannot be imputed to WWE.

<u>REQUEST NO. 11</u>: Prior to 2005, WWE, including its employee and agent Dr. Joseph Maroon, was aware of the long term risks of concussions.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 11 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 11 with respect to the legal characterization of Dr. Maroon as WWE's "employee and agent." WWE objects to Request No. 11

on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "long term risks of concussions" about which an admission is sought. WWE also objects to Request No. 11 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "long term risks of concussions." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE objects to Request No. 11 on the grounds that it is overbroad and not relevant to any party's claims or defenses because what Dr. Maroon, or any independent contractor, was or was not aware of cannot be imputed to WWE. WWE further objects to Request No. 11 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.


**REQUEST NO. 12**: Prior to 2005, WWE, including its employee and agent Dr. Joseph Maroon, was aware of the short term and long term risks of sub-concussive blows to the head.

  ADMIT _____ DENY _____

**OBJECTIONS:**

  In addition to the objections above, WWE specifically objects to Request No. 12 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 12 with respect to the legal characterization

of Dr. Maroon as WWE's "employee and agent."  WWE objects to Request No. 12 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "short term and long term risks of sub-concussive blows to the head" about which an admission is sought.  WWE also objects to Request No. 12 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "short term and long term risks of sub-concussive blows to the head," and the risks of such blows, however defined.  Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE.  WWE objects to Request No. 12 on the grounds that it is overbroad and not relevant to any party's claims or defenses because what Dr. Maroon, or any independent contractor, was or was not aware of cannot be imputed to WWE.   WWE further objects to Request No. 12 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  WWE objects to Request No. 12 as it seeks an admission regarding two different matters, i.e., short term and long term risks, and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 13: Prior to 2005, You were aware of Dr. Robert Cantu's Return-to-Play Guidelines for concussion injuries.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 13 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 13 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity to which of the multiple "Return-to-Play Guidelines" that Dr. Cantu has published an admission is sought. WWE further objects to Request No. 13 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 14: Prior to 2005, you advised WWE wrestlers of the long term risks of concussions.

ADMIT ____ DENY ____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 14 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 14 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "long term risks of concussions" about which an admission is sought. WWE also objects to Request No. 14 as it seeks an admission from WWE on scientific and medical

14

opinions regarding what is meant by "long term risks of concussions." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE further objects to Request No. 14 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the Plaintiffs or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 15: Prior to 2005, you advised Vito LoGrasso of the long term risks of concussions.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 15 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 15 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "long term risks of concussions" about which an admission is sought. WWE also objects to Request No. 15 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "long term risks of concussions." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE further objects to Request No. 15

on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period set forth in the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 16: Prior to 2005, you advised WWE wrestlers of the short term and long term risks of sub-concussive blows to the head.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 16 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 16 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "short term and long term risks of sub-concussive blows to the head" about which an admission is sought. WWE also objects to Request No. 16 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "short term and long term risks of sub-concussive blows to the head," and the risks of such blows, however defined. Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE further objects to Request No. 16 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to Plaintiffs or the time period set forth in the Court's Discovery Order, MTD Opinion and MTC Order. WWE objects to Request No. 16 as it seeks an

16

admission regarding two different matters, i.e., short term and long term risks, and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 17: Prior to 2005, you advised Vito LoGrasso of the short term and long term risks of sub-concussive blows to the head.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 17 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 17 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "short term and long term risks of sub-concussive blows to the head" about which an admission is sought.  WWE also objects to Request No. 17 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "short term and long term risks of sub-concussive blows to the head," and the risks of such blows, however defined.  Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE.  WWE further objects to Request No. 17 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period set forth in the Court's Discovery Order, MTD Opinion and MTC Order.  WWE objects to Request No. 17 as it seeks an admission regarding two different matters, i.e., short term and long term risks,

and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 18: After 2005, WWE, including its employee and agent Dr. Joseph
Maroon, was aware of the long term risks of concussions.

    ADMIT _____ DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request
No. 18 on the grounds that it is untimely under the Court's Discovery Order.
WWE further objects to Request No. 18 with respect to the legal characterization
of Dr. Maroon as WWE's "employee and agent."  WWE objects to Request No. 18
on the grounds that it is vague and ambiguous as it fails to identify or describe
with sufficient specificity what purported "long term risks of concussions" about
which an admission is sought.  WWE also objects to Request No. 18 as it seeks
an admission from WWE on scientific and medical opinions regarding what is
meant by "long term risks of concussions."  Such matters do not rise to the level
of facts capable of either being admitted or denied, seek and/or require the
disclosure of expert testimony, and are not properly asked of a layperson like
WWE.  WWE objects to Request No. 18 on the grounds that it is overbroad and
not relevant to any party's claims or defenses because what Dr. Maroon, or any
independent contractor, was or was not aware of cannot be imputed to WWE.
WWE further objects to Request No. 18 as vague, ambiguous, misleading and
overbroad in that it is not targeted to a specific date or year about which an
admission is sought but generically covers an 11-year span.

**REQUEST NO. 19**: After 2005, WWE, including its employee and agent Dr. Joseph Maroon, was aware of the short term and long term risks of sub-concussive blows to the head.

ADMIT _____   DENY _____

**OBJECTIONS:**

In addition to the objections above, WWE specifically objects to Request No. 19 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 19 with respect to the legal characterization of Dr. Maroon as WWE's "employee and agent." WWE objects to Request No. 19 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "short term and long term risks of sub-concussive blows to the head" about which an admission is sought. WWE also objects to Request No. 19 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "short term and long term risks of sub-concussive blows to the head," and the risks of such blows, however defined. Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE objects to Request No. 19 on the grounds that it is overbroad and not relevant to any party's claims or defenses because what Dr. Maroon, or any independent contractor, was or was not aware of cannot be imputed to WWE. WWE further objects to Request No. 19 as vague, ambiguous, misleading and overbroad in that it is not targeted to a

specific date or year about which an admission is sought but generically covers an 11-year span. WWE objects to Request No. 19 as it seeks an admission regarding two different matters, i.e., short term and long term risks, and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 20: After 2005, You were aware of Dr. Robert Cantu's Return-to-Play Guidelines for concussion injuries.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 20 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 20 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity to which of the multiple "Return-to-Play Guidelines" that Dr. Cantu has published an admission is sought. WWE further objects to Request No. 20 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span. WWE further objects to Request No. 20 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities

<u>REQUEST NO. 21</u>: After 2005, you advised WWE wrestlers of the long term risks of concussions.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 21 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 21 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "long term risks of concussions" about which an admission is sought. WWE also objects to Request No. 21 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "long term risks of concussions." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE further objects to Request No. 21 as vague, ambiguous, misleading and overbroad in that it is not targeted to Plaintiffs or a specific date or year about which an admission is sought but generically covers "WWE wrestlers" and an 11-year span.

<u>REQUEST NO. 22</u>: After 2005, you advised Vito LoGrasso of the long term risks of concussions.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 22 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 22 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "long term risks of concussions" about which an admission is sought.  WWE also objects to Request No. 22 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "long term risks of concussions."  Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE.  WWE further objects to Request No. 22 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span.

REQUEST NO. 23: After 2005, you advised Evan Singleton of the long term risks of concussions.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 23 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 23 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "long term

risks of concussions" about which an admission is sought.  WWE also objects to Request No. 23 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "long term risks of concussions."  Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE.  WWE further objects to Request No. 23 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span.

REQUEST NO. 24: After 2005, you advised WWE wrestlers of the short term and long term risks of sub-concussive blows to the head.

 ADMIT _____ DENY _____

OBJECTIONS:

 In addition to the objections above, WWE specifically objects to Request No. 24 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 24 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "short term and long term risks of sub-concussive blows to the head" about which an admission is sought.  WWE also objects to Request No. 24 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "short term and long term risks of sub-concussive blows to the head," and the risks of such blows, however defined.  Such matters do not rise to the level of

facts capable of either being admitted or denied, seek and/or require the

disclosure of expert testimony, and are not properly asked of a layperson like

WWE.  WWE further objects to Request No. 24 as vague, ambiguous, misleading

and overbroad in that it is not targeted to Plaintiffs or a specific date or year

about which an admission is sought but generically covers "WWE wrestlers" and

an 11-year span.  WWE objects to Request No. 24 as it seeks an admission

regarding two different matters, i.e., short term and long term risks, and therefore,

does not comply with Fed.R.Civ.P. 36(a)(2).


REQUEST NO. 25: After 2005, you advised Vito LoGrasso of the short term and

long term risks of sub-concussive blows to the head.

      ADMIT _____ DENY _____

OBJECTIONS:

      In addition to the objections above, WWE specifically objects to Request

No. 25 on the grounds that it is untimely under the Court's Discovery Order.

WWE objects to Request No. 25 on the grounds that it is vague and ambiguous as

it fails to identify or describe with sufficient specificity what purported "short

term and long term risks of sub-concussive blows to the head" about which an

admission is sought.  WWE also objects to Request No. 25 as it seeks an

admission from WWE on scientific and medical opinions regarding what is meant

by "short term and long term risks of sub-concussive blows to the head," and the

risks of such blows, however defined.  Such matters do not rise to the level of

facts capable of either being admitted or denied, seek and/or require the

disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE further objects to Request No. 25 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span. WWE objects to Request No. 25 as it seeks an admission regarding two different matters, i.e., short term and long term risks, and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 26: After 2005, you advised Evan Singleton of the short term and long term risks of sub-concussive blows to the head.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 26 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 26 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "short term and long term risks of sub-concussive blows to the head" about which an admission is sought. WWE also objects to Request No. 26 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "short term and long term risks of sub-concussive blows to the head," and the risks of such blows, however defined. Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like

WWE.  WWE further objects to Request No. 26 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span.  WWE objects to Request No. 26 as it seeks an admission regarding two different matters, i.e., short term and long term risks, and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 27: Until 2007, You did not have a policy for responding to concussive injuries in WWE wrestlers.

ADMIT ____ DENY ____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 27 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 27 on the grounds that it is vague and ambiguous as to the phrase "policy for responding to concussive injuries" including whether it is intended to be limited to written policies.  WWE further objects to Request No. 27 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to Plaintiffs or the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

<u>REQUEST NO. 28</u>: WWE uses the Talent Health and Wellness Program to monitor current WWE wrestlers' health and safety.

      ADMIT ____ DENY ____

<u>OBJECTIONS</u>:

      In addition to the objections above, WWE specifically objects to Request No. 28 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 28 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs.  WWE further objects to Request No. 28 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.  WWE objects to Request No. 28 on the grounds that the term "monitor" in the context of this Request is vague and ambiguous.

<u>REQUEST NO. 29</u>: The Talent Health and Wellness Program utilizes a database of former WWE wrestlers maintained by WWE to provide letters to former WWE wrestlers.

      ADMIT ____ DENY ____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 29 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 29 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs. WWE further objects to Request No. 29 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order.

<u>REQUEST NO. 30</u>: Prior to 2005, You were aware of the signs and symptoms of a concussive injury.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 30 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 30 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "signs and symptoms of a concussive injury" about which an admission is sought. WWE further objects to Request No. 30 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's

Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 31: Prior to 2005, You advised WWE wrestlers of the signs and symptoms of concussive injuries.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 31 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 31 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "signs and symptoms of concussive injuries" about which an admission is sought. WWE further objects to Request No. 31 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to Plaintiffs or the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 32: Prior to 2005, You advised Vito LoGrasso of the signs and symptoms of concussive injuries.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 32 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 32 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "signs and symptoms of concussive injuries" about which an admission is sought. WWE further objects to Request No. 32 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

<u>REQUEST NO. 33</u>: After 2005, You were aware of the signs and symptoms of a concussive injury.

ADMIT ____ DENY ____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 33 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 33 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "signs and symptoms of a concussive injury" about which an admission is sought. WWE further objects to Request No. 33 as vague, ambiguous, misleading and

overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span. WWE further objects to Request No. 33 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 34: After 2005, You advised WWE wrestlers of the signs and symptoms of concussive injuries.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 34 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 34 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "signs and symptoms of concussive injuries" about which an admission is sought. WWE further objects to Request No. 34 as vague, ambiguous, misleading and overbroad in that it is not targeted to Plaintiffs or a specific date or year about which an admission is sought but generically covers "WWE wrestlers" and an 11-year span. WWE further objects to Request No. 34 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's

Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

**REQUEST NO. 35**: After 2005, You advised Vito LoGrasso of the signs and symptoms of concussive injuries.

    ADMIT _____ DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request No. 35 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 35 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "signs and symptoms of concussive injuries" about which an admission is sought.  WWE further objects to Request No. 35 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span. WWE further objects to Request No. 35 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 36: After 2005, You advised Evan Singleton of the signs and symptoms of concussive injuries.

    ADMIT _____ DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request No. 36 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 36 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "signs and symptoms of concussive injuries" about which an admission is sought.  WWE further objects to Request No. 36 as vague, ambiguous, misleading and overbroad in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span. WWE further objects to Request No. 36 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 37: You are aware of Dr. Joseph Maroon's interview with Frontline, conducted on April 17, 2003, titled, "League of Denial: The NFL's Concussion Crisis".

    ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 37 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 37 on the grounds that it is vague, ambiguous and unintelligible because, to WWE's knowledge, there is no 2003 Frontline program entitled "League of Denial: The NFL's Concussion Crisis." WWE also objects to Request No. 37 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time and not targeted to a specific date or year about which an admission is sought.

REQUEST NO. 38: You are aware of Dr. Joseph Maroon's publication "Concussion Management: Current Advances in the NFL and WWE." American Osteopathic Academy of Sports Medicine (AOASM), Providence, RI. April 27-29, 2011.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 38 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 38 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time and not targeted to a specific date or year about which an admission is sought. WWE objects to Request No. 38 on the grounds that it is vague and ambiguous with respect to the term "publication." WWE further objects to Request No. 38 on the

34

grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 39: Dr. Joseph Maroon has advised WWE on concussion management since 2008.

      ADMIT _____ DENY _____

OBJECTIONS:

      In addition to the objections above, WWE specifically objects to Request No. 39 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to this Request as cumulative and harassing because Plaintiffs deposed Dr. Maroon and Plaintiffs' counsel had the opportunity to ask him such questions. WWE also objects to Request No. 39 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

<u>REQUEST NO. 40</u>: Dr. Joseph Maroon has advised WWE on long-term concussion management since 2008.

     ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

     In addition to the objections above, WWE specifically objects to Request No. 40 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 40 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what is meant by "long-term concussion management" and if and how that is different from "concussion management" as referenced in Request No. 39. WWE further objects to this Request as cumulative and harassing because Plaintiffs deposed Dr. Maroon and Plaintiffs' counsel had the opportunity to ask him such questions. WWE further objects to Request No. 40 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.


<u>REQUEST NO. 41</u>: Dr. Ferdinand Rios is also known as "Dr. WWE".

     ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

     In addition to the objections above, WWE specifically objects to Request

No. 41 on the grounds that it is untimely under the Court's Discovery Order.

WWE objects to Request No. 41 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity to whom Dr. Rios is known as "Dr. WWE." WWE also objects to Request No. 41 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time and not targeted to a specific date or year about which an admission is sought. WWE also objects to Request No. 41 on the grounds that it is not relevant to any party's claims or defenses and seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 42: Dr. Ferdinand Rios responds to questions in the WWE Magazine column, "Ask Dr. WWE".

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 42 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 42 as vague, ambiguous and unintelligible as the Request is written in present tense, i.e., "responds," but WWE has not published a WWE Magazine since 2014. WWE also objects to Request No. 42 on the grounds that it is not relevant to any party's claims or defenses and seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

<u>REQUEST NO. 43</u>: You employ athletic trainers to oversee WWE wrestlers before Your performances.

      ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

      In addition to the objections above, WWE specifically objects to Request No. 43 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 43 because the term "employ" is vague and ambiguous in that it is not clear whether Plaintiffs' use of the term is limited to an employer-employee relationship or includes independent contractor relationships. WWE objects to Request No. 43 as the phrase "oversee WWE wrestlers before Your performances" is vague and ambiguous. WWE also objects to Request No. 43 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs' performances. WWE further objects to Request No. 43 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities..

<u>REQUEST NO. 44</u>: You employ athletic trainers to monitor the health and safety of WWE wrestlers.

      ADMIT \_\_\_\_  DENY \_\_\_\_

<u>OBJECTIONS</u>:

      In addition to the objections above, WWE specifically objects to Request No. 44 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 44 on the grounds that the term "monitor" in the context of this Request is vague and ambiguous.  WWE also objects to Request No. 44 because the term "employ" is vague and ambiguous in that it is not clear whether Plaintiffs' use of the term is limited to an employer-employee relationship or includes independent contractor relationships.  WWE also objects to Request No. 44 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs.  WWE further objects to Request No. 44 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities..

REQUEST NO. 45: Stephanie McMahon is employed in the Talent Relations Department of WWE.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 45 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 45 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time and is not targeted to a specific date or year about which an admission is sought.  WWE further objects to this Request as cumulative and harassing because Plaintiffs deposed Ms. McMahon and Plaintiffs' counsel had the opportunity to ask her such questions.

REQUEST NO. 46: Stephanie McMahon, in her position in the Talent Relations Department, was responsible for the oversight of WWE wrestler injuries from as early as 2000.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 46 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 46 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to Plaintiffs, the time period in which they performed for WWE or the time

period and the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.  WWE further objects to this Request as cumulative and harassing because Plaintiffs deposed Ms. McMahon and Plaintiffs' counsel had the opportunity to ask her such questions.

REQUEST NO. 47: Stephanie McMahon, in her position in the Talent Relations Department, was aware in 2002 that at least one WWE wrestler had suffered a concussion during a WWE performance.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 47 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 47 on the grounds that it is not relevant to any party's claims or defenses.  WWE further objects to Request No. 47 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.  WWE further objects to this Request as cumulative and harassing because Plaintiffs deposed Ms. McMahon and Plaintiffs' counsel had the opportunity to ask her

such questions.

REQUEST NO. 48: Prior to 2005, WWE was aware that unconsciousness following a blow to the head is a sign of suffering a concussion.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 48 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 48 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 49: After 2005, WWE was aware that unconsciousness following a blow to the head is a sign of suffering a concussion.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 49 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 49 on the grounds that it is vague, ambiguous, misleading, overbroad and is not relevant to any party's claims or defenses in

that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span.  WWE further objects to Request No. 49 because neither Mr. LoGrasso nor Mr. Singleton claim that they were knocked unconscious and suffered a concussion which WWE failed to recognize. WWE further objects to Request No. 49 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

**REQUEST NO. 50**: Prior to 2005, WWE was aware that dilated pupils following a blow to the head is a sign of suffering a concussion.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 50 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 50 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 51: After 2005, WWE was aware that dilated pupils following a blow to the head is a sign of suffering a concussion.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 51 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 51 on the grounds that it is vague, ambiguous, misleading, overbroad and is not relevant to any party's claims or defenses in that it is not targeted to a specific date or year about which an admission is sought but generically covers an 11-year span. WWE further objects to Request No. 51 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 52: Prior to 2005, WWE was aware that unawareness of surroundings and confusion after a blow to the head is a sign of suffering a concussion.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request

44

No. 52 on the grounds that it is untimely under the Court's Discovery Order.

WWE further objects to Request No. 52 on the grounds that it is overbroad and

seeks information not relevant to any party's claims or defenses because it is not

limited to the scope of discovery set forth in the Court's Discovery Order, MTD

Opinion and MTC Order in which the Court expressly held this case is not about

concussion prevention or specific incidences of head trauma occurring during

WWE activities.


REQUEST NO. 53: After 2005, WWE was aware that unawareness of surroundings

and confusion after a blow to the head is a sign of suffering a concussion.

        ADMIT _____ DENY _____

OBJECTIONS:

        In addition to the objections above, WWE specifically objects to Request

No. 53 on the grounds that it is untimely under the Court's Discovery Order.

WWE also objects to Request No. 53 on the grounds that it is vague, ambiguous,

misleading, overbroad and is not relevant to any party's claims or defenses in

that it is not targeted to a specific date or year about which an admission is

sought but generically covers an 11-year span.  WWE further objects to Request

No. 53 on the grounds that it is overbroad and seeks information not relevant to

any party's claims or defenses because it is not limited to the scope of discovery

set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which

the Court expressly held this case is not about concussion prevention or specific

incidences of head trauma occurring during WWE activities.

REQUEST NO. 54: You monitor performances by WWE wrestlers with medical personnel.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 54 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 54 on the grounds that the term "monitor" in the context of this Request is vague and ambiguous. WWE also objects to Request No. 54 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs. W WWE further objects to Request No. 54 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 55: You monitor performances by WWE wrestlers with employees trained to spot wrestler injuries.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 55 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 55 on the grounds that the term "monitor" in the context of this Request is vague and ambiguous.  WWE also objects to Request No. 55 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs.  WWE further objects to Request No. 55 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.


REQUEST NO. 56: You train referees to notice and assess a wrestler's injury during performances.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 56 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 56 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not

targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs.  WWE further objects to Request No. 56 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 57: You train referees regarding when to end a performance.

      ADMIT _____ DENY _____

OBJECTIONS:

      In addition to the objections above, WWE specifically objects to Request No. 57 on the grounds that it is untimely under the Court's Discovery Order. WWE further objects to Request No. 57 as vague and ambiguous as to the phrase "end a performance" because it does not sufficiently identify the circumstances to  which an admission is sought.  WWE also objects to Request No. 57 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs.  WWE further objects to Request No. 57 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion

prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 58: You coordinate medical treatment for WWE wrestlers injured during performances or training.

    ADMIT _____ DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request No. 58 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 58 on the grounds that the term "coordinate" in the context of this Request is vague and ambiguous. WWE also objects to Request No. 58 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs. WWE further objects to Request No. 58 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

**REQUEST NO. 59**: You conduct follow-up evaluations of WWE wrestlers injured during performances or while training for performances.

      ADMIT _____ DENY _____

**OBJECTIONS**:

      In addition to the objections above, WWE specifically objects to Request No. 59 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 59 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs.  WWE further objects to Request No. 59 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.


**REQUEST NO. 60**: You conducted follow-up evaluations of Evan Singleton after he was injured in 2012.

      ADMIT _____ DENY _____

**OBJECTIONS**:

      In addition to the objections above, WWE specifically objects to Request No. 60 on the grounds that it is untimely under the Court's Discovery Order.

<u>REQUEST NO. 61</u>: You conducted medical evaluations of Vito LoGrasso throughout his tenure as a WWE Wrestler.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 61 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 61 on the grounds that it is vague and ambiguous as to the phrase "medical evaluations."

<u>REQUEST NO. 62</u>: Prior to 2005, You treated concussive injuries in WWE wrestlers.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 62 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 62 on the grounds that the term "treated" in the context of this Request is vague and ambiguous.  WWE further objects to Request No. 62 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

<u>REQUEST NO. 63</u>: After 2005, You treated concussive injuries in WWE Wrestlers.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 63 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 63 on the grounds that the term "treated" in the context of this Request is vague and ambiguous. WWE further objects to Request No. 63 as vague, ambiguous, misleading and overbroad in that it is not targeted to Plaintiffs or a specific date or year about which an admission is sought but generically covers "WWE wrestlers" and an 11-year span. WWE further objects to Request No. 63 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

<u>REQUEST NO. 64</u>: You provided health insurance for Evan Singleton.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 64 on the grounds that it is untimely under the Court's Discovery Order.

WWE also objects to Request No. 64 on the grounds that it is not relevant to any party's claims or defenses.  WWE further objects to Request No. 64 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.


REQUEST NO. 65: You provided health insurance for Vito LoGrasso.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 65 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 65 on the grounds that it is not relevant to any party's claims or defenses.  WWE further objects to Request No. 65 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.


REQUEST NO. 66: You provided travel expenses for Vito LoGrasso to and from performances.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 66 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 66 on the grounds that it is not relevant to any party's claims or defenses.  WWE further objects to Request No. 66 because it

seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 67: You provided relocation expenses for Evan Singleton to train with WWE.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 67 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 67 on the grounds that it is not relevant to any party's claims or defenses.  WWE further objects to Request No. 67 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 68: You provided travel expenses for Evan Singleton related to medical care following his 2012 head injury.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 68 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 68 on the grounds that it is not relevant to any party's claims or defenses.  WWE further objects to Request No. 68 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion

and MTC Order.

REQUEST NO. 69: You require WWE wrestlers to comply with dress code requirements when they are not performing but are in public.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 69 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 69 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim.  WWE further objects to Request No. 69 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 70: You require WWE Wrestlers to follow scripts and perform certain wrestling maneuvers during performances.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 70 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 70 on the grounds that it is overbroad and is

not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim.  WWE further objects to Request No. 70 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

REQUEST NO. 71: Vince McMahon is involved in script-writing for performances.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 71 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 71 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim.  WWE further objects to Request No. 71 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order. WWE also objects to this Request as cumulative and harassing because Plaintiffs deposed Mr. McMahon and Plaintiffs' counsel had the

opportunity to ask him such questions.


REQUEST NO. 72: Vince McMahon is involved in wrestler development,

commonly known as "pushing".

    ADMIT _____ DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request

No. 72 on the grounds that it is untimely under the Court's Discovery Order.

WWE also objects to Request No. 72 on the grounds that it is overbroad and is

not relevant to any party's claims or defenses as it is not limited in time, not

targeted to a specific date or year about which an admission is sought and not

limited to Plaintiffs or any issues relevant to their sole remaining fraud by

omission claim.  WWE objects to Request No. 72 on the grounds that it is

unintelligible to WWE as to the use of the term "pushing."  WWE further objects

to Request No. 72 because it seeks information outside the scope of the Court's

Discovery Order, MTD Opinion and MTC Order.  WWE also objects to this

Request as cumulative and harassing because Plaintiffs deposed Mr. McMahon

and Plaintiffs' counsel had the opportunity to ask him such questions.


REQUEST NO. 73: Vince McMahon participates in monitoring wrestlers during

performances while in guerilla position, or directly on-site at performances.

    ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 73 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 73 on the grounds that the term "monitoring" in the context of this Request is vague and ambiguous. WWE further objects to Request No. 73 on the grounds that it is vague, ambiguous and unintelligible to WWE as there is no such thing as a "guerilla" position. WWE also objects to Request No. 73 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim. WWE further objects to Request No. 73 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order. WWE also objects to this Request as cumulative and harassing because Plaintiffs deposed Mr. McMahon and Plaintiffs' counsel had the opportunity to ask him such questions.

<u>REQUEST NO. 74</u>: Stephanie McMahon is involved in script-writing for performances.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 74 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 74 on the grounds that it is overbroad and is

not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim. WWE further objects to Request No. 74 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order. WWE also objects to this Request as cumulative and harassing because Plaintiffs deposed Ms. McMahon and Plaintiffs' counsel had the opportunity to ask her such questions.

**REQUEST NO. 75**: Stephanie McMahon is involved in monitoring wrestlers during performances while in guerilla position, or directly on-site at performances.

     ADMIT ____ DENY ____

**OBJECTIONS**:

     In addition to the objections above, WWE specifically objects to Request No. 75 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 75 on the grounds that the term "monitoring" in the context of this Request is vague and ambiguous. WWE further objects to Request No. 75 on the grounds that it is vague, ambiguous and unintelligible to WWE as there is no such thing as a "guerilla" position. WWE also objects to Request No. 75 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim. WWE further

objects to Request No. 75 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.  WWE also objects to this Request as cumulative and harassing because Plaintiffs deposed Ms. McMahon and Plaintiffs' counsel had the opportunity to ask her such questions.

REQUEST NO. 76: WWE takes past injuries into account when developing scripts for upcoming performances.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 76 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 76 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim including because Mr. Singleton never performed in a match after his alleged injury and Mr. LoGrasso never reported a head injury to WWE that would have necessitated considering past injuries for these Plaintiffs.   WWE further objects to Request No. 76 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head

trauma occurring during WWE activities.

REQUEST NO. 77: The Talent Relations Department monitors WWE wrestlers' health and safety.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request No. 77 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 77 as it is duplicative of Request No. 28. WWE objects to Request No. 77 on the grounds that the term "monitors" in the context of this Request is vague and ambiguous. WWE also objects to Request No. 77 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs or any issues relevant to their sole remaining fraud by omission claim. WWE further objects to Request No. 77 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

<u>REQUEST NO. 78</u>: The Talent Relations Department monitored Vito LoGrasso's health and safety.

     ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

     In addition to the objections above, WWE specifically objects to Request No. 78 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 78 on the grounds that the term "monitored" in the context of this Request is vague and ambiguous.  WWE also objects to Request No. 78 on the grounds that it is overbroad and is not relevant to any party's claims or defenses because it generically covers "health and safety" and Mr. LoGrasso never reported a head injury to WWE.  WWE further objects to Request No. 78 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities.

<u>REQUEST NO. 79</u>: The Talent Relations Department monitored Evan Singleton's health and safety.

     ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

     In addition to the objections above, WWE specifically objects to Request

No. 79 on the grounds that it is untimely under the Court's Discovery Order.

WWE objects to Request No. 79 on the grounds that the term "monitored" in the

context of this Request is vague and ambiguous.  WWE also objects to Request

No. 79 on the grounds that it is overbroad and is not relevant to any party's

claims or defenses because it generically covers "health and safety" and Mr.

Singleton never performed in a match after his alleged injury.  WWE further

objects to Request No. 79 on the grounds that it is overbroad and seeks

information not relevant to any party's claims or defenses because it is not

limited to the time period and scope of discovery set forth in the Court's

Discovery Order, MTD Opinion and MTC Order in which the Court expressly held

this case is not about concussion prevention or specific incidences of head

trauma occurring during WWE activities.

**REQUEST NO. 80**: You send letters to former wrestlers regarding their ongoing

health.

     ADMIT _____ DENY _____

OBJECTIONS:

     In addition to the objections above, WWE specifically objects to Request

No. 80 on the grounds that it is untimely under the Court's Discovery Order.

WWE objects to Request No. 80 on the grounds that the term "ongoing health" in

the context of this Request is vague and ambiguous.  WWE also objects to

Request No. 80 on the grounds that it is overbroad and is not relevant to any

party's claims or defenses as it is not limited in time, not targeted to a specific

date or year about which an admission is sought and not limited to Plaintiffs. WWE further objects to Request No. 80 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.  WWE also objects to Request No. 80 because the "letters" which are the subject of this Request are not attached nor reasonably described such that WWE does not know the content of the letters about which an admission is sought.

REQUEST NO. 81: You donate to organizations aiding injured wrestlers.

    ADMIT _____ DENY _____

OBJECTIONS:

    In addition to the objections above, WWE specifically objects to Request No. 81 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 81 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to any issues relevant to Plaintiffs' sole remaining fraud by omission claim.  WWE further objects to Request No. 81 because it seeks information outside the scope of the Court's Discovery Order, MTD Opinion and MTC Order.

REQUEST NO. 82: Prior to 2005, You provided information to WWE wrestlers regarding the rate of concussive and sub-concussive injuries in WWE wrestlers.

    ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 82 on the grounds that it is untimely under the Court's Discovery Order. WWE also objects to Request No. 82 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "sub-concussive injuries." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE further objects to Request No. 82 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the time period and scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities. WWE objects to Request No. 82 as it seeks an admission regarding two different matters, i.e., concussive and sub-concussive injuries, and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 83: After 2005, You provided information to WWE wrestlers regarding the rate of concussive and sub-concussive injuries in WWE wrestlers.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 83 on the grounds that it is untimely under the Court's Discovery Order.

WWE also objects to Request No. 83 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "sub-concussive injuries." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE further objects to Request No. 83 as vague, ambiguous, misleading and overbroad in that it is not targeted to Plaintiffs or a specific date or year about which an admission is sought but generically covers "WWE wrestlers" and an 11-year span. WWE further objects to Request No. 83 on the grounds that it is overbroad and seeks information not relevant to any party's claims or defenses because it is not limited to the scope of discovery set forth in the Court's Discovery Order, MTD Opinion and MTC Order in which the Court expressly held this case is not about concussion prevention or specific incidences of head trauma occurring during WWE activities. WWE objects to Request No. 83 as it seeks an admission regarding two different matters, i.e., concussive and sub-concussive injuries, and therefore, does not comply with Fed.R.Civ.P. 36(a)(2).

REQUEST NO. 84: You are aware that former WWE wrestler Andrew Martin was diagnosed with CTE in 2009.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request No. 84 on the grounds that it is untimely under the Court's Discovery Order.

<u>REQUEST NO. 85</u>: You purposely omitted any reference to the long-term risks associated with sustaining head trauma, including CTE, in the letters You mailed to former WWE wrestlers.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 85 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 85 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "long term risks associated with head trauma" about which an admission is sought. WWE also objects to Request No. 85 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "long term risks associated with head trauma." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE. WWE also objects to Request No. 85 on the grounds that it is overbroad and is not relevant to any party's claims or defenses as it is not limited in time, not targeted to a specific date or year about which an admission is sought and not limited to Plaintiffs. WWE also objects to Request No. 85 because the "letters" which are the subject of this Request are not attached nor reasonably described such that WWE does not know the content of the letters about which an admission is sought.

<u>REQUEST NO. 86</u>: No communications sent to Vito LoGrasso by WWE after the end of his tenure with WWE, through WWE's Talent Health and Wellness Program or otherwise, warned him of the risks of repeated head injuries.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request No. 86 on the grounds that it is untimely under the Court's Discovery Order. WWE objects to Request No. 86 on the grounds that it is vague and ambiguous as it fails to identify or describe with sufficient specificity what purported "risks of repeated head injuries" about which an admission is sought. WWE also objects to Request No. 86 as it seeks an admission from WWE on scientific and medical opinions regarding what is meant by "risks of repeated head injuries." Such matters do not rise to the level of facts capable of either being admitted or denied, seek and/or require the disclosure of expert testimony, and are not properly asked of a layperson like WWE.

<u>REQUEST NO. 87</u>: Stephanie McMahon was aware that Chavo Guerrero, Jr. had a documented concussion that prevented him from wrestling for several weeks and removed him from performances that she wrote, produced, and directed for WWE.

ADMIT _____ DENY _____

<u>OBJECTIONS</u>:

In addition to the objections above, WWE specifically objects to Request

No. 87 on the grounds that it is untimely under the Court's Discovery Order.
WWE also objects to Request No. 87 on the grounds that it is overbroad and is
not relevant to any party's claims or defenses as it is not limited in time, not
targeted to a specific date or year about which an admission is sought and not
limited to Plaintiffs or any issues relevant to their sole remaining fraud by
omission claim.  WWE further objects to Request No. 87 on the grounds that it is
overbroad and seeks information not relevant to any party's claims or defenses
because it is not limited to the time period and scope of discovery set forth in the
Court's Discovery Order, MTD Opinion and MTC Order in which the Court
expressly held this case is not about concussion prevention or specific
incidences of head trauma occurring during WWE activities.  WWE also objects to
this Request as cumulative and harassing because Plaintiffs deposed Ms.
McMahon and Plaintiffs' counsel had the opportunity to ask her such questions.

REQUEST NO. 88: You paid lobbyists to deregulate wrestling from oversight by
State Athletic Commissions, claiming that wrestling was not a genuine athletic
contest.

ADMIT _____ DENY _____

OBJECTIONS:

In addition to the objections above, WWE specifically objects to Request
No. 88 on the grounds that it is untimely under the Court's Discovery Order.
WWE further objects to Request No. 88 on the grounds that it is not relevant to
any party's claims or defenses because it seeks an admission relating to

69

Plaintiffs' dismissed negligence claims and the contact sports exception.

Moreover, whether or not WWE is an "athletic contest" is irrelevant to the legal

analysis of Plaintiffs' fraud by omission claim or WWE's defenses.

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.,

By:   /s/ Jerry S. McDevitt
Jerry S. McDevitt (pro hac vice)
Terry Budd (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: terry.budd@klgates.com
Email: curtis.krasik@klgates.com

Thomas D. Goldberg (ct04386)
Jonathan B. Tropp (ct11295)
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: tgoldberg@daypitney.com
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Its Attorneys.

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2016, a copy of foregoing was served on the

following counsel of record via email and regular mail:

Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Road
Hingham, MA  02043
kon@kyroslaw.com

Charles J. LaDuca
Brendan Thompson
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD  20814
charles@cuneolaw.com
brendant@cuneolaw.com

Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO  63105
mflannery@cuneolaw.com

William M. Bloss
KOSKOFF, KOSKOFF & BEIDER
350 Fairfield Avenue
Bridgeport, CT  06604
bbloss@koskoff.com

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue, S., Suite 2200
Minneapolis, MN  55401-2179
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust
Pogust Braslow & Millrood, LLC
Eight Tower Bridge
161 Washington Street, Suite 940
Conshohocken, PA  19428
hpogust@pbmattorneys.com

Erica Mirabella
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA  02116
Erica@mirabellaLLC.com

Katherine Van Dyck
CUNEO GILBERT & LADUCA, LLP
507 C Street NE
Washington, D.C. 20002
kvandyck@cuneolaw.com

By:   /s/ Jeffrey P. Mueller