# Exhibit C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

EVAN SINGLETON and VITO
LOGRASSO,

      Plaintiffs,

v.                                               Lead Case No. 3:15-cv-1074-VLB

WORLD WRESTLING ENTERTAINMENT,
INC.,

      Defendant.

**PLAINTIFFS' CORRECTED FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs EVAN SINGLETON and VITO LOGRASSO hereby request that Defendant World Wrestling Entertainment, Inc. ("WWE") respond to each of the following Requests for Production within thirty (30) days of service thereof.

**DEFINITIONS AND INSTRUCTIONS**

For purposes of these Discovery Requests, the definitions within Local Rule of Civil Procedure 26(c) shall apply to the terms "communication," "document," "identify," "parties," "person," and "concerning," and the rules of construction within Local Rule 26(d) shall apply to these requests. In addition, the following terms shall be deemed to have the following meanings:

      1.    An "Affiliate" of, or a person or entity "affiliated" with a specified person or entity, means a person or entity that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person or entity specified.

2. "WWE" means Defendant World Wrestling Entertainment, Inc., including its officers, directors, employees, attorneys, agents, subsidiaries, and other Affiliates, and all prior entity names, including Titan Sports, WWWF, and WWF.

3. "WWE Wrestler" means any person compensated, currently or formerly, by WWE, either as an employee or an independent contractor, for his or her participation in professional wrestling training sessions, rehearsals, other practice sessions, or performances (whether live or pre-recorded).

4. "Referring to," "Relating to," "Regarding," "In connection with" and/or "Incident to," in reference to a given subject matter, mean any information, document or communication which constitutes, contains, embodies, comprises, reflects, identifies, states or refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject matter including, without limitation, any documents which mention said person or subject by name or any variant thereof.

5. "Representative" shall mean any and all agents, employees, servants, independent contractors, officers, directors, associates or other persons acting or purporting to act on behalf of WWE or the person in question.

6. "Things" refers to physical items falling within the scope of Fed. R. Civ. P. 34.

7. "You" or "Your" means Defendant WWE, including its officers, directors, employees, attorneys, agents, subsidiaries, and other Affiliates.

8. "Named Plaintiffs" shall mean Evan Singleton and Vito LoGrasso, the Plaintiffs named in the action pending in the United States District Court, District of Connecticut.

2

9. "Relevant Time Period" shall mean 2000 to the present.

10. "Health and Safety" refers to any things WWE was aware of or in possession of relating to the physical, mental, neurocognitive, neurodegenerative, or emotional status, disability, nature, effect, or condition of the Named Plaintiffs, or which could affect the Named Plaintiffs during and after their employment with WWE.

11. "Concussion Protocol" means WWE ImPACT Testing and any other concussion protocols enacted or followed by WWE during the Relevant Time Period.

These Discovery Requests are intended to cover all documents and information in the possession, custody or control of WWE and any of its agents or representatives, or documents and information to which any of them may have the right of possession, custody or control

If WWE claims the attorney-client privilege or any other privilege or work-product protection for any document, provide a detailed privilege log as set forth in Local Rule of Civil Procedure 26(e) that contains the information required by that Rule for each document that has been withheld.CC. These Discovery Requests shall be deemed to be continuing and any information or documents relating in any way to these Discovery Requests which you acquire, which become known to you up to and including the time of trial, shall be furnished by you to Plaintiff within a reasonable time after such information is acquired or becomes known.

## REQUESTS FOR PRODUCTION

**Request No. 1:**   All documents concerning the WWE's policies and procedures during the Relevant Time Period regarding Health and Safety of WWE Wrestlers, including the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain

3

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

injuries, or long term neurological problems, including Chronic Traumatic Encephalopathy ("CTE"), among WWE Wrestlers.

**Request No. 2:** All documents received by any WWE Representative during the Relevant Time Period regarding the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain injuries, and long term, degenerative neurological problems, including CTE, among WWE Wrestlers.

**Request No. 3:** All documents received by any WWE Representative or Affiliate during the Relevant Time Period regarding the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain injuries, and long term, degenerative neurological problems, including CTE, among WWE Wrestlers.

**Request No. 4:** All meeting minutes, notes or other documents related to any meeting attended by any WWE Representative during the Relevant Time Period that addressed or concerned the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain injuries, or long term, degenerative neurological problems, including CTE, among WWE Wrestlers.

**Request No. 5:** All documents in the possession, custody or control of any trainers, physicians, therapists, neurologists or neuropsychologists, or any other medical professional, employed by, retained by, or contracting with the WWE that concerns the risk, diagnosis, management, or treatment of sub-concussive blows to the head, concussions, brain injuries, or long term neurological problems, including CTE, among WWE Wrestlers.

**Request No. 6:** Any and all documents reflecting procedures and policies discussed, created, or implemented by WWE during the Relevant Time Period for screening WWE

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

Wrestlers for concussions or other brain injuries before, during, and after training sessions, rehearsals, other practices, and live or pre-recorded performances.

**Request No. 7:** Any and all documents reflecting procedures and policies discussed, created, or implemented by WWE during the Relevant Time Period to evaluate a WWE Wrestler's ability to return to work after suffering injuries, including concussions or other brain injuries.

**Request No. 8:** Copies of all concussion-management and return-to-wrestle policies proposed, discussed, or implemented by the WWE during the Relevant Time Period.

**Request No. 9:** All documents and information related to the appointment of Dr. Joseph Maroon as the Medical Director of the WWE, including all memoranda, presentations, studies, and communications by Dr. Maroon related to head injuries in WWE Wrestlers, including all communications, brochures, notices, meetings, and question-and-answer sessions made to WWE Wrestlers.

**Request No. 10:** All documents and information, including all press releases, statements, and internal communications, related to the WWE's sponsorship of the Concussion Legacy Foundation (formerly known as the Sports Legacy Institute), including all press releases, statements, and internal communications about donating to the study of CTE.

**Request No. 11:** All internal documentation, information, and communication relating to Paul Levesque's appointment to the Concussion Legacy Foundation's Board of Directors.

**Request No. 12:** All communications made between WWE and Chris Nowinski, including emails, letters, studies, and notes related to the Concussion Legacy Foundation and/or the Health and Safety of WWE Wrestlers.

5

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

**Request No. 13:** All documents and information relating to WWE's studies of CTE and brain damage in former WWE Wrestlers, including any studies conducted of wrestlers or the creation of a wrestler brain bank for the study of the brains of deceased wrestlers.

**Request No. 14:** All documents reflecting incidents of concussions or other brain injuries suffered by WWE Wrestlers during any training session, rehearsal, other practice session, or performance for WWE during the Relevant Time Period, including any documents that report, compile, summarize, or otherwise show the rate of concussions suffered by WWE Wrestlers while performing for the WWE, whether measured by frequency per event, frequency per performance or year, frequency per WWE Wrestlers, or any other evaluative metric.

**Request No. 15:** All internal memoranda, documents, studies, and press releases about the deaths of WWE wrestlers Eddie Guerrera, Andrew "Test" Martin, and Chris Benoit, including any post-mortem studies of their brains and any diagnoses of CTE. All documents related to policies altered or amended as a consequence, whether direct or indirect, of any of their deaths.

**Request No. 16:** All documents related to the WWE's banning of moves referenced publicly by Jim Ross on June 7, 2007, including any protocols, studies, and or injury reports related to the decision to ban specific wrestling moves in WWE matches or performances.

**Request No. 17:** All documents related to WWE's banning the use of metal chairs.

**Request No. 18:** All documents concerning the development of a Concussion Protocol, including all drafts of any studies, reports, correspondence, meeting minutes, and memoranda, concerning or relating to a Concussion Protocol.

**Request No. 19:** All documents concerning agreements with the Named Plaintiffs, including all employment contracts (full-time, part-time, and independent) and any and all

6

royalty contracts, as well as all documents and communications concerning their Healthy and Safety, including medical records.

**Request No. 20:** All communications and documents exchanged between the Named Plaintiffs and WWE before, during, and after the Named Plaintiffs' tenure with WWE, either as employees or independent contractors.

**Request No. 21:** All documents and things exchanged between the WWE and any other person or entity relating to the WWE ImPACT Testing and any other Concussion Protocols enacted or followed by WWE.

**Request No. 22:** All documents concerning any study, evaluation, or assessment of head injuries and the risk of long term neurological problems, including CTE, among professional, or amateur athletes, including but not limited to, WWE Wrestlers, XFL Players, and NFL Players.

**Request No. 23:** All documents concerning, informing, advising, or warning WWE Wrestlers of the risks of long-term degenerative neurological conditions resulting from concussions or mild traumatic brain injuries-.

**Request No. 24:** Any and all WWE promotions, taping, television shows, and statements, including those by Trainers such as Tony Heck or Paul Levesque, that mention concussions and/or WWE Wrestlers who sustained them.

**Request No. 25:** Any and all WWE published books, magazines, games, toys, and online articles that feature, mention, or promote wrestlers with head injuries or concussions.

**Request No. 26:** Any and all documents reflecting the identity of medical personnel responsible for evaluating the medical condition of WWE Wrestlers before, during, and after

7

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

training sessions, rehearsals, other practice sessions, and live or pre-recorded performances during the Relevant Time Period.

**Request No. 27:** Any and all documents, contracts, data, communication, information, presentations, rules, regulations, or guidance between, provided to, or received by WWE and on-site medical personnel, including but not limited to, Emergency Medical Technicians, paramedics, athletic trainers, physical therapists, nurses, physicians, and nurse practitioners, both affiliated with WWE and those present for training sessions, rehearsals, other practice sessions, events, live-shows, and live or pre-recorded performances.

**Request No. 28:** Any and all documents and things relating to the Named Plaintiffs' Health and Safety.

**Request No. 29:** Any and all documents related to the formation and implementation of the WWE Talent Wellness Program, including any documents reflecting the identity of WWE Representatives and any persons outside the WWE – including legal and medical consultants – with duties or responsibilities related to the Talent Wellness Program's formation and implementation.

**Request No. 30:** Any and all documents, information, and correspondence between the WWE Talent Wellness Program or WWE's Medical Department and WWE Wrestlers, including to or from either of the Named Plaintiffs, particularly those related, but not limited to, the Named Plaintiffs' Health and Safety.

**Request No. 31:** Any and all documents, information, and correspondence from booking agents or road agents relating to concussion injuries sustained by WWE Wrestlers in House shows and television tapings, including all any written policies or protocols describing

8

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

how agents are to report WWE Wrestler injuries, the collection of this data, and how it is utilized.

**Request No. 32:** Any and all documents, information, and correspondence related to protocols for WWE creative and writers about the limitations of wrestlers in storylines, working around WWE Wrestlers with specific injuries, and notes about WWE Wrestlers' ability to perform moves or finishes with their injuries.

**Request No. 33:** Any and all documents, information, and correspondence, between booking agents and WWE regarding the risks of long-term degenerative neurological conditions resulting from concussions or mild traumatic brain injuries.

**Request No. 34:** Any and all communications, documents, and information relating to OSHA guidelines and protocols implemented or refused by WWE, including any information posted informing WWE Wrestlers of their rights.

**Request No. 35:** Any and all information on the implementation of the Family and Medical Leave Act (FMLA) within WWE, including WWE protocols for medical leave for injuries sustained during training and performances, and WWE's methods, guidelines, and protocols insuring WWE Wrestlers are not fired, terminated, or substantively or constructively terminated or fired as a result of taking medical leave for their injuries.

**Request No. 36:** Any and all information relating to the use of helmets in WWE training facilities, including the decision to implement the use of helmets, the reasons for their use, and any information on the decision only to implement them during training and not during performances.

**Request No. 37:** All documents related to the publicly identified study on December 2, 2010. *See* Deitch, Charlie, "Heavyweight Champions" Pittsburgh City Paper, *available at*

9

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

http://www.pghcitypaper.com/pittsburgh/heavyweight-champions/Content?oid=1380633

("Maroon also takes credit for trying to reduce brain injuries. A minor-league WWE facility in Florida, he found, was seeing a large number of concussions, he says, "So we went and we added more padding to the mat so it would absorb that kinetic energy when the body hit it."").

**Request No. 38:** Any and all text messages, emails, or other electronic correspondence or documents to or from Bill Demott discussing or involving either of the Named Plaintiffs.

**Request No. 39:** Any and all documents related to complaints or allegations of abusive conduct or misconduct by head trainer Bill Demott at WWE developmental facilities where Demott worked or trained WWE Wrestlers. Any and all documents related to the termination of WWE's relationship with Demott.

**Request No. 40:** Any and all documents and information including letters, emails, phone records from the Talent Wellness Program to or from either of the Named Plaintiffs.

**Request No. 41:** All tax forms, including W-2s and 1099s, for the Named Plaintiffs, and all receipts for payments made to the Named Plaintiffs during the Relevant Time Period.

**Request No. 42:** Any and all pre-employment communications, documents, and information involving or discussing either of the Named Plaintiffs.

DATE: February 12, 2016                             Respectfully Submitted,

*s/ William M. Bloss*
William M. Bloss
Federal Bar No: CT01008
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244
Email: bbloss@koskoff.com

10

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

*s/ Konstantine W. Kyros*
Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Rd.
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

Charles J. LaDuca
Brendan Thompson
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com
brendant@cuneolaw.com

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust, Esquire
Pogust Braslow & Millrood,LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
hpogust@pbmattorneys.com

Erica Mirabella
CT Fed. Bar #: phv07432
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 617-580-8270

11

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

                                              Facsimile: 617-580-8270
                                              Erica@mirabellaLLC.com

*Attorneys for Plaintiffs*

12

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.

## CERTIFICATE OF SERVICE

I, William M. Bloss declare that I am over the age of eighteen (18) and not a party to the entitled action. My business address is Koskoff, Koskoff & Bieder, 350 Fairfield Avenue Bridgeport, CT 06604. On February 12, 2016, I caused to be served the following:

**PLAINTIFFS' CORRECTED FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.**

in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

    Jeffrey Mueller, Esquire
    Day Pitney
    242 Trumbull Street
    Hartford, CT 06103-1212
    jmueller@daypitney.com

    Jerry S. McDevitt, Esquire
    K&L Gates
    210 Sixth Avenue
    Pittsburgh, PA 15222-2613
    Jerry.McDevitt@klgates.com

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

                                                *s/ William M. Bloss*
                                                William M. Bloss
                                                Federal Bar No: CT01008
                                                Koskoff, Koskoff & Bieder
                                                350 Fairfield Avenue
                                                Bridgeport, CT 06604
                                                Telephone: 203-336-4421
                                                Facsimile: 203-368-3244
                                                Email: bbloss@koskoff.com

13

Plaintiffs' Corrected First Requests for Production of Documents
to Defendant World Wrestling Entertainment, Inc.