# Exhibit E

# MINTZ LEVIN

Brian P. Dunphy | 617 348 1810 | bdunphy@mintz.com

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

May 27, 2016

*Via Electronic Mail and First Class Mail*

Konstantine W. Kyros, Esq.
Kyros Law Offices
17 Miles Rd.
Hingham, MA 02043
Email: kon@kyroslaw.com

Erica C. Mirabella, Esq.
Mirabella Law, LLC
132 Boylston St., 5th Floor
Boston, MA 02116
Email: Erica@mirabellaLLC.com

Re:   **Subpoena for Deposition of Christopher Nowinski**

Dear Attorney Mirabella and Attorney Kyros:

I have received and reviewed the enclosed deposition subpoena that you served on my client, Christopher Nowinski, the President of a non-profit organization, which requests his deposition on June 1, 2016. Mr. Nowinski is not involved in the ongoing lawsuit pending in the District of Connecticut, captioned *Singleton et al. v. World Wrestling Entertainment, Inc.*, Civil Action No. 3:15-cv-01074-VLB ("Connecticut Lawsuit"). I spoke with Attorney Mirabella at length on May 24, 2016 to address the subpoena without burdening the court. I also had a nearly hour-long conversation with Attorney Kyros the next day, May 25, 2016, about the subpoena, including discussing how any deposition of Mr. Nowinski would be relevant. As described below, I have come to learn, through these discussions, that you are trying to pull Mr. Nowinski into this case because of the parties' discovery dispute and as a fact-finding mission for future potential litigation. I have also attempted, unsuccessfully, to limit the scope of this overbroad fishing expedition. Regardless, given the invalidity and unenforceability of the subpoena itself, Mr. Nowinski need not and will not appear on June 1, 2016.

As we discussed during these conversations, there is one remaining claim in the Connecticut Lawsuit for fraud by omission, and the court has limited the scope of discovery to discrete topics, primarily WWE's knowledge of the "risks of long-term degenerative neurological conditions resulting from concussions or mild traumatic brain injuries to wrestlers who performed for WWE in the year 2005 or later." (Dkt. 107). Despite the court's order, the subpoena has ***no limitations*** as to time or scope and is thus unduly burdensome.

Moreover, the issue in the case is WWE's knowledge. As discussed, information about the WWE's knowledge should be obtained from the WWE directly, using the range of discovery tools available to plaintiffs. I understand that discovery among the parties to the Connecticut Lawsuit is ongoing, but discovery motions are pending. Indeed, Attorney Kyros admitted that a reason for requesting my client's deposition is that, due to a discovery dispute between the parties to the lawsuit, he hopes to obtain information from Mr. Nowinski that he contends WWE should have provided. A discovery dispute between the parties to the case is not a valid reason to seek Mr. Nowinski's deposition.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

I asked you both to tell me what topics you intend to ask Mr. Nowinski about. The wide-ranging and shifting list of possible subjects you mentioned during our calls made clear that Mr. Nowinski can have no reasonable expectation that the deposition topics will be limited to information relevant to the Connecticut Lawsuit. It is clear, then, that the deposition is a fishing expedition. In fact, Attorney Kyros told me that plaintiffs' counsel seeks information that may aid *pending* or *dismissed* claims. Of course, this is not a proper basis to depose a third party.

I also explained during our telephone conferences that it is my understanding that Mr. Nowinski has little or no potentially relevant information during the key time period for the Connecticut Lawsuit, thus the deposition is burdensome and unnecessary. I asked Attorney Kyros if my understanding is not correct and there are particular documents or communications showing why he believed Mr. Nowinski may have relevant information. Attorney Kyros could not identify any specific documents, except for a 2007 letter from WWE to Mr. Nowinski produced in the Connecticut Lawsuit (to which Mr. Nowinski apparently never responded), and he refused to provide me with any documents.

Attorney Kyros asserted that, since Mr. Nowinski and the Concussion Legacy Foundation have been long involved in the public discussion around the risks of concussions, Mr. Nowinski may have relevant information. Although Mr. Nowinski and CLF are at the forefront of advocacy and research about the effects of concussion, Mr. Nowinski need not sit for a deposition simply to answer boundless, undefined questions about publicly available information regarding his work, and CLF's work, spanning nearly nine years.

I engaged in two lengthy discussions with you both in the hope of preventing a motion to quash the deposition. In fact, I advised Attorney Kyros that Mr. Nowinski would consider a written proposal, limiting the deposition to some list of reasonable, relevant topics. Mr. Kyros refused to provide any written proposal that the parties could discuss. Despite my good-faith efforts, we came nowhere near an agreement, and Attorney Kyros acknowledged that Mr. Nowinski should move to quash the deposition. Upon further review of the subpoena, however, a motion to quash is not necessary, and the parties need not burden the court with motion practice.

Mr. Nowinski will not appear for his deposition on June 1. He is under no obligation to appear because the subpoena is *facially invalid and unenforceable*. It was issued from the District of Massachusetts, but Federal Rule of Civil Procedure 45(a)(2) expressly requires that subpoenas must be issued from the court where the action is pending, in this case the District of Connecticut. Subpoenas issued from the wrong court are procedurally defective and therefore unenforceable. *See Narcoossee Acquisitions, LLC v. Kohl's Department Stores, Inc.*, 2014 U.S. Dist. LEXIS 120376, *3 (M.D. Fla. Aug. 28, 2014) ("Because the Kohl's subpoena was issued from the wrong court, it is not enforceable."); *U.S. Risk Insurance Group, Inc. v. United States Risk Mgmt, LLC*, 2014 U.S. Dist. LEXIS 113372, *4 (N.D. Tex. Aug. 15, 2014) ("A subpoena that violates Rule 45(a)(2)'s requirement is facially invalid and cannot be enforced…").

Sincerely yours,

Brian P. Dunphy

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

May 27, 2016
Page 3

Enclosure

cc: Counsel for Defendant (*via email and First Class Mail*).

48243001