# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH M. LAURINAITIS, *et al.*, | : NO. 3:16-CV-01209-WWE |
| Plaintiffs, | : |
| VS. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., *et al.*, | : |
| Defendants. | : JULY 21, 2016 |

### NOTICE OF RELATED CASES AND REQUEST FOR TRANSFER

Pursuant to Local Rule of Civil Procedure 40(b)(2), Defendants World Wrestling Entertainment, Inc. ("WWE") and Vincent K. McMahon ("McMahon") (collectively, "Defendants") hereby provide notice that this case is related to six other cases that have been consolidated in the District of Connecticut before the Honorable Vanessa L. Bryant and request that this case be transferred to her.[1]

1.      Pursuant to Consolidation Orders entered on July 23, 2015, August 4, 2015, and October 5, 2015, the following six cases have been consolidated before Judge Bryant:  the lead case of *McCullough et al. v. World Wrestling Entertainment Inc.*, No. 3:15-CV-01074-VLB ("*McCullough* Action") and the member cases of *Haynes v. World Wrestling Entertainment, Inc.*, No. 3:15-CV-01156-VLB ("*Haynes* Action"), *Singleton et al. v. World Wrestling Entertainment, Inc.*, No. 3:15-CV-00425-VLB ("*Singleton* Action"), *Frazier v. World Wrestling*

---

[1] In violation of Local Rule of Civil Procedure 40(b)(2), Plaintiffs failed "at the same time" that they filed this action to file a Notice of Related Cases advising the Court of the related cases pending before Judge Bryant.  Instead, Plaintiffs filed a Civil Cover Sheet with the "Related Cases" field left blank, misleadingly suggesting that there were no such cases.

*Entertainment, Inc.,* No. 3:15-CV-01229-VLB ("*Frazier* Action"), *James v. World Wrestling Entertainment, Inc.,* No. 3:15-CV-01305-VLB ("*James* Action"), and *World Wrestling Entertainment, Inc. v. Windham, et al.,* No. 3:15-CV00994-VLB ("*Windham* Action") (collectively, the "Consolidated Cases"). Each of the Consolidated Cases was assigned or subsequently transferred to Judge Bryant after it was filed.

2. This case and the Consolidated Cases are related because they all involve similar allegations and claims by former professional wrestlers and performers that they sustained long-term neurological injuries from repetitive head trauma during their tenure with WWE. Indeed, many of the allegations in this case are virtually identical to those asserted in the Consolidated Cases. All of these cases also present issues of whether the claims by the former WWE performers are barred by the applicable statutes of limitations and statutes of repose. In addition, all of the former WWE performers involved in each case are represented by the same lead counsel, Attorney Konstantine Kyros ("Kyros"), and other attorneys working in concert with him.

3. On March 21, 2016, Judge Bryant issued a ruling granting WWE's motions to dismiss the *McCullough* Action and the *Haynes* Action (the two putative class actions) in their entirety. Plaintiffs in those cases have filed an appeal of the ruling, which is currently pending before the United States Court of Appeals for the Second Circuit. That appeal is the subject of WWE's pending motion to dismiss for lack of appellate jurisdiction.

4.  On March 21, 2016, Judge Bryant also issued a ruling granting WWE's motion to dismiss all of the claims in the *Singleton* Action except for a single claim of fraud by omission. On April 4, 2016, WWE filed a motion for reconsideration of the Court's ruling with respect to the sole remaining claim, which remains pending. Pursuant to the current scheduling order, the initial phase of discovery has ended in the *Singleton* Action, and WWE intends to file a motion for summary judgment on the sole remaining claim in that action on August 1, 2016.

5.  On March 22, 2016, Judge Bryant also entered an order dismissing WWE's declaratory judgment complaint in the *Windham* Action. WWE commenced the *Windham* Action against four former wrestlers and other John Doe Defendants who have not performed for WWE within three years and who have retained Attorney Kyros to assert claims against WWE.[2] The *Windham* Action sought a declaration that the claims relating to alleged traumatic brain injuries and other tort claims they had threatened against WWE are time-barred by the applicable statutes of limitations and statutes of repose under Connecticut law. On April 5, 2016, WWE filed a motion for reconsideration of the Court's order dismissing the *Windham* Action, which remains pending before Judge Bryant.

6.  On December 16, 2015, WWE filed a motion to dismiss the operative complaint in the *Frazier* Action, which remains pending before Judge Bryant.

---

[2] Although the defendants in the *Windham* Action resisted expedited discovery to determine the identities of the John Doe Defendants, the filing of the instant complaint has revealed that they include Plaintiffs in this case.

-3-

Discovery in the *Frazier* Action has been stayed pending disposition of the motion to dismiss.

7. On December 21, 2015, WWE filed a motion to dismiss the operative complaint in the *James* Action, which remains pending before Judge Bryant. On September 11, 2015, WWE also filed a motion for sanctions against Plaintiff's counsel in the *James* Action, which also remains pending before Judge Bryant. That sanctions motion is against Mr. Kyros, Mr. Gilreath and Ms. Mirabella, whose names are on the complaint in this action. Discovery in the *James* Action has been stayed pending disposition of the motion to dismiss.

8. On July 18, 2016, Attorney Kyros and four other attorneys working in concert with him filed the instant case on behalf of 53 additional Plaintiffs, all of whom performed for WWE many years ago, some even in the prior century. Like the Consolidated Cases, this action involves claims by former professional wrestlers and performers who allege that they sustained long-term neurological injuries from repetitive head trauma during their tenure with WWE. Plaintiffs in this action are also John Doe Defendants in the *Windham* Action.

9. Accordingly, this action should be transferred to Judge Bryant because she is currently presiding over the earlier-filed related cases, all of which have been consolidated before her. *See* D. Conn. L. Civ. R. 40(b)(1) ("In the event that it is subsequently determined that there is pending in this District a related case, or, if one is later filed, such case should normally be transferred to the Judge having the earliest filed case."). Judge Bryant has been presiding over these cases for 18 months, has developed substantial familiarity with the factual

and legal issues involved in these cases, and has previously issued substantive rulings on claims identical to certain of those asserted in this action. Accordingly, transfer of this case to Judge Bryant would also promote judicial economy and efficiency and avoid the risk of inconsistent rulings.

WHEREFORE, this case should be transferred to Judge Bryant because the other related cases are already pending before Judge Bryant.

    DEFENDANTS WORLD WRESTLING ENTERTAINMENT, INC. and VINCENT K. McMAHON,

By: */s/ Jeffrey P. Mueller*
Jerry S. McDevitt (*pro hac vice*)
Terry Budd (*pro hac vice*)
Curtis B. Krasik *(pro hac vice)*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: terry.budd@klgates.com
Email: curtis.krasik@klgates.com

Thomas D. Goldberg (ct04386)
Jonathan B. Tropp (ct11295)
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: tgoldberg@daypitney.com
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Their Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on July 21, 2016 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            /s/ Jeffrey P. Mueller
                                            Jeffrey P. Mueller (ct27870)