UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSS McCULLOUGH, *et al.*, | : | No. 3:15-cv-01074 (VLB) |
| | : | Lead Case |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | August 1, 2016 |

| | | |
|---|---|---|
| EVAN SINGLETON and VITO LOGRASSO, | : | No. 3:15-cv-00425 (VLB) |
| | : | Consolidated Case |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WORLD WRESTLING | : | |
| ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | August 1, 2016 |

### DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56, Defendant World Wrestling Entertainment, Inc. ("WWE") hereby moves for summary judgment on the sole remaining claim of fraud by omission asserted by Plaintiffs Evan Singleton and Vito LoGrasso ("Plaintiffs").

As set forth more fully in the accompanying Memorandum of Law in support of this Motion, the Local Rule 56(a)(1) Statement of Undisputed Facts, and the supporting materials submitted therewith, there is no genuine dispute as

**ORAL ARGUMENT REQUESTED**

to any fact material to Plaintiffs' fraud by omission claim, and WWE is entitled to judgment as a matter of law.

**First**, Plaintiffs' testimonial admissions are dispositive of their fraud by omission claim. Singleton testified that he did not know why he was suing WWE, did not even know that he was asserting a fraud claim against WWE, and could not articulate the basis of any such claim. LoGrasso affirmatively disavowed that he was accusing anyone of fraud, was unable to articulate any basis for a fraud claim, and could not identify anyone at WWE who defrauded him.

**Second**, there is no evidence of contemporaneous fraudulent intent by WWE with regard to Plaintiffs. In particular, (a) there is no evidence of fraudulent intent with regard to LoGrasso because WWE did not learn of information concerning a potential link between permanent degenerative neurological conditions and repeated head trauma from wrestling until after LoGrasso left WWE, and LoGrasso admitted in his deposition that he had no evidence that anyone at WWE acted with fraudulent intent towards him; (b) there is no evidence of fraudulent intent with regard to Singleton because WWE **did** disclose information to all talent concerning the potential long-term risks of permanent degenerative neurological conditions from repeated head trauma before Singleton's alleged injury, WWE never medically cleared Singleton to wrestle again after his single alleged head injury, and Singleton admitted in his deposition that he had no evidence that anyone at WWE acted with fraudulent intent towards him; and (c) the fact that the allegedly omitted information was publicly available and widely publicized negates fraudulent intent.

**Third**, there is no evidence that WWE omitted any "known facts" from Plaintiffs. In particular, (a) there is no evidence that WWE omitted "known facts" from LoGrasso concerning the potential link between permanent degenerative neurological conditions and repeated head trauma from wrestling because WWE lacked knowledge of such information during the time that LoGrasso performed for WWE; and (b) the information that WWE is alleged to have omitted from Singleton and LoGrasso concerns nascent and evolving scientific opinions of third parties and not "known facts."

**Fourth**, there is no evidence that Plaintiffs detrimentally relied on any omission by WWE. In particular, (a) Plaintiffs cannot establish detrimental reliance because information concerning a potential link between permanent degenerative neurological conditions and repeated head trauma from wrestling was publicly available and widely publicized; (b) Singleton was not injured by any detrimental reliance on any omission by WWE; and (c) there is not clear and convincing evidence that LoGrasso's alleged injuries were caused by detrimentally relying on any omission by WWE.

**Fifth**, WWE did not have or breach any duty of disclosure to LoGrasso because it did not have a confidential or fiduciary relationship with LoGrasso and did not assume any duty to speak to LoGrasso, and WWE did not breach any duty of disclosure to Singleton if such a duty existed in 2012.

**Sixth**, LoGrasso's fraud by omission claim is time-barred under Connecticut General Statutes § 52-577, LoGrasso's discovery of his injury precludes tolling of the statute of repose, and LoGrasso cannot establish the

elements of either continuing course of conduct tolling or fraudulent concealment tolling.

WHEREFORE, the Court should grant WWE's motion for summary judgment and enter judgment in WWE's favor on Plaintiffs' sole remaining fraud by omission claim.

<div style="margin-left:3em">

DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,

By:   /s/ Jerry S. McDevitt
Jerry S. McDevitt (pro hac vice)
Terry Budd (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: terry.budd@klgates.com
Email: curtis.krasik@klgates.com


Thomas D. Goldberg (ct04386)
Jonathan B. Tropp (ct11295)
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: tgoldberg@daypitney.com
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Its Attorneys.

</div>

## CERTIFICATION OF SERVICE

I hereby certify that, on August 1, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

       /s/ *Jeffrey P. Mueller*
       Jeffrey P. Mueller (ct27870)