# App. Tab 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**EVAN SINGLETON and VITO**
**LOGRASSO,**

   **Plaintiffs,**

**v.**            **Lead Case No. 3:15-cv-1074-VLB**

**WORLD WRESTLING ENTERTAINMENT,**
**INC.,**

   **Defendant**

**PLAINTIFF VITO LOGRASSO'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S**
**<u>FIRST SET OF REQUESTS FOR ADMISSION</u>**

   Plaintiff Vito LoGrasso ("Plaintiff") hereby submits the following objections
and responses to Defendant World Wrestling Entertainment, Inc.'s ("WWE") First
Requests for Admissions (the "Requests").  These objections and responses are
based upon Plaintiff's reasonable inquiry and the information he knows or could
readily obtain.  Plaintiff reserves the right to alter, supplement, or modify his
responses based upon the discovery of additional facts, documents, witnesses,
and information, in accordance with Federal Rule of Procedure 26(e).

**PRELIMINARY STATEMENT**

   Two Hundred Thirty Seven (237) Requests for Admissions is unduly
burdensome given the limited scope of discovery permitted by this Court's order
entered on January 15, 2016 (Dkt. 107), which only partially lifted a stay of
discovery ("Discovery Order") and is intended solely to harass Plaintiff and his
Counsel.  Requesting hundreds of admissions based upon Plaintiff viewing news
articles and television shows from years past is unreasonable and unduly
burdensome.  Plaintiff responds, given his particular neurological injuries and
memory loss, that such Requests by WWE require conjecture and speculation.  In

the future, Plaintiff may discover or acquire additional information, or may discover documents currently in his possession, bearing upon the Requests and Plaintiff's Responses.   Plaintiff reserves the right: (A) to make subsequent revisions, supplementation or amendment to these Responses based upon any information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held in this action.   Plaintiff incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1.     Plaintiff objects to the Requests to the extent that they seek to impose burdens on Plaintiff that are inconsistent with, or in addition to, its discovery obligations imposed by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.   Plaintiff will respond consistent with the applicable requirements.

2.     Plaintiff objects to the number of Requests for Admission served by WWE.   Two Hundred Thirty Seven (237) Requests for Admissions is unduly burdensome and intended only to harass Plaintiff, particularly considering the limited scope discovery permitted by the Discovery Order.

3.     Plaintiff objects to the Requests to the extent that they are not limited to a time period relevant or proximate to the events at issue in this action and are beyond the scope of the Discovery Order.

4.     Plaintiff objects to the Requests to the extent that they seek the admission of facts that are protected from disclosure by the attorney-client

privilege, the attorney work product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

5.     Plaintiff objects to the Requests to the extent that they seek the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

6.     Plaintiff objects to the definition of the terms "Injury" or "injuries" or "damage" as overbroad, vague, ambiguous, and beyond the scope of the Discovery Order.

7.     Plaintiff objects that the authenticity of the 103 Exhibits attached to WWE's Requests cannot be determined from reliable sources or without imposing undue hardship.  In as much as WWE appears to have compiled these Exhibits from a variety of sources, WWE would be in the best position to authenticate them.

Plaintiff incorporates these General Objections into each Response as if fully set forth therein.

## SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1:    Admit that You know Chris Nowinski.

Response:  Plaintiff objects because this is beyond the scope of the Discovery Order and seeks information irrelevant to the parties' claims and defenses.

Request No. 2:    Admit that You knew Chris Benoit.

Response:  Plaintiff objects because this is beyond the scope of the Discovery Order and seeks information irrelevant to the parties' claims and defenses.

**Request No. 3:** **Admit that You wrestled Chris Benoit.**

**Response:** **Plaintiff objects because this is beyond the scope of the Discovery Order and seeks information irrelevant to the parties' claims and defenses.**

**Request No. 4:** **Admit that You knew in 2007 that Chris Benoit killed his wife, child, and himself.**

**Response:** **Plaintiff objects because this is beyond the scope of the Discovery Order and seeks information irrelevant to the parties' claims and defenses.**

**Request No. 5:** **Admit that You have had hearing loss in both ears since childhood.**

**Response:** **Plaintiff objects to this Request as it seeks information that is (i) neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this actions; (ii) outside the scope of the Discovery Order; and (iii) vague and ambiguous, especially as to "hearing loss" and "childhood". Without waiving, and subject to, these and the general objections, Plaintiff responds as follows: Deny.**

**Request No. 6:** **Admit that You have been deaf in your left ear since childhood.**

**Response:** **Plaintiff objects to this Request as it seeks information that is (i) neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this actions; (ii) outside the scope of the limited discovery Order; and (iii) vague and ambiguous, especially as to "deaf"**

and "childhood".  Without waiving, and subject to, these and the general objections, Plaintiff responds as follows: Deny.

Request No. 7:   Admit that You have not had any communication with WWE management about symptoms of TBI after You last performed for WWE.

> Response: Admit.

Request No. 8:   Admit that WWE has not provided You with any medical treatment since You last performed for WWE.

> Response: Admit.

Request No. 9:   Admit that the date of the match with Regal described in Paragraph 134 of the SAC is incorrect.

> Response: Plaintiff has no recollection of the specific date of the match.

Request No. 10:  Admit that the match with Regal described in Paragraph 134 of the SAC was recorded on October 10, 2006 and aired on WWE Smackdown on October 13, 2006.

> Response: Plaintiff objects to this Request as it seeks information that is uniquely within Defendant's possession and knowledge and requires Plaintiff to speculate as to the specific dates of the match.  Plaintiff suffers memory loss as a result of the many concussive and subconcussive blows he suffered while wrestling for WWE and would have to speculate as to the specific date of the match and the date the match aired.  Without waiving, and subject to, these and the general objections, Plaintiff responds as follows: Plaintiff does not remember the specific date the match was recorded, nor the date the match was aired.

**Request No. 11:  Admit that the match with Regal described in Paragraph 134 of the SAC was recorded in the Veterans Memorial Arena in Jacksonville, Florida.**

> <u>Response</u>: Plaintiff objects to this Request as it seeks information that is uniquely within Defendant's possession and knowledge and requires Plaintiff to speculate as to the specific location of the match.  Plaintiff suffers memory loss as a result of the many concussive and subconcussive blows he suffered while wrestling for WWE and would have to speculate as to the specific location of the match.  Without waiving, and subject to, these and the general objections, Plaintiff responds as follows: Plaintiff does not remember if the match with Regal was recorded in the Veterans Memorial Arena in Jacksonville, Florida.

**Request No. 12:  Admit that You regularly read the Wrestling Observer.**

> <u>Response</u>:  Plaintiff objects because this is beyond the scope of the Discovery Order and seeks information irrelevant to the parties' claims and defenses.

**Request No. 13:  Admit that You regularly read the PW Torch.**

> <u>Response</u>: Plaintiff objects because this is overly broad, vague, beyond the scope of the Discovery Order, and seeks information irrelevant to the parties' claims and defenses.

**Request No. 14:  Admit that Chris Nowinski authored "Head Games: Football's Concussion Crisis," the cover of which is shown in Exhibit 1.**

> <u>Response</u>: Plaintiff does not have personal knowledge of the authorship of "Head Games: Football's Concussion Crisis."   Plaintiff admits that the

photocopy attached as Exhibit 1 to the Requests reflects that Mr. Nowinski authored something bearing that title.

**Request No. 15:** Admit that "Head Games: Football's Concussion Crisis" was published in October 2006.

>   Response: Plaintiff does not have personal knowledge as to the publication date of "Head Games: Football's Concussion Crisis."

**Request No. 16:** Admit that Exhibit 2 is a true and correct copy of the Sun Sentinel article entitled "Nowinski made smart decision after his concussion" published on January 5, 2007.

>   Response:  Plaintiff objects as determining the accuracy of Exhibit 2 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 17:** Admit that You read the article attached as Exhibit 2.

>   Response: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 2.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 18:  Admit that Exhibit 3 is a true and correct copy of the New York Times article entitled "Expert Ties Ex-Player's Suicide to Brain Damage" published on January 18, 2007.**

> **Response**:  Plaintiff objects as determining the accuracy of Exhibit 3 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 19:  Admit that You read the article attached as Exhibit 3.**

> **Response**: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 3.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 20:  Admit that Exhibit 4 is a true and correct copy of the Tampa Bay Times article entitled "Doctor links NFL injuries to suicides" published on January 19, 2007.**

> **Response**:  Plaintiff objects as determining the accuracy of Exhibit 4 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing

general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 21:  Admit that You read the article attached as Exhibit 4.**

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 4.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 22:  Admit that Exhibit 5 is a true and correct copy of the Boston Globe article entitled "'I don't want anyone to end up like me' Plagued by post-concussion syndrome and battling an amphetamine addiction, former Patriots linebacker Ted Johnson is a shell of his former self' published on February 2, 2007.**

> **Response**:  Plaintiff objects as determining the accuracy of Exhibit 5 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 23:  Admit that You read the article attached as Exhibit 5.**

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 5.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 24:  Admit that Exhibit 6 is a true and correct copy of the Washington Post article entitled "'Brain Chaser' Tackles Effects of NFL Hits" published on April 25, 2007.**

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 6 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 25:  Admit that You read the article attached as Exhibit 6.**

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 6.  Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 26:  Admit that Exhibit 7 is a true and correct copy of the ESPN article entitled "Head-trauma researchers want to study Benoit's brain" published on June 30, 2007.**

> <u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 7 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 27:  Admit that You read the article attached as Exhibit 7.**

> <u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 7.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 28:  Admit that Exhibit 8 is a true and correct copy of the Daily Journal article entitled "May wrestler and his family rest in peace" published on June 30, 2007.**

11

**Response**:  Plaintiff objects as determining the accuracy of Exhibit 8 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 29:  Admit that You read the article attached as Exhibit 8.**

**Response**: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 8.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 30:  Admit that Exhibit 9 is a true and correct copy of the Baltimore Sun article entitled "Benoit's shocking death raises question of fans' complicity" published on June 30, 2007.**

**Response**:  Plaintiff objects as determining the accuracy of Exhibit 9 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 31:  Admit that You read the article attached as Exhibit 9.**

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 9.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 32:  Admit that Exhibit 10 is a true and correct copy of the Home News Tribune article entitled "There's more to Benoit tragedy" published on July 1, 2007.**

<u>Response:</u>   Plaintiff objects as determining the accuracy of Exhibit 10 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 33:  Admit that You read the article attached as Exhibit 10.**

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 10.   Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 34:** Admit that Exhibit 11 is a true and correct copy of the CNN transcript of the show entitled "Nancy Grace" broadcast on July 2, 2007.

<u>Response</u>: Plaintiff objects as determining the accuracy of Exhibit 11 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship. Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy. In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 35:** Admit that You saw the July 2, 2007 broadcast of "Nancy Grace."

<u>Response</u>: Plaintiff has no recollection of viewing this broadcast.

**Request No. 36:** Admit that Exhibit 12 is a true and correct copy of the PW Torch published on July 7, 2007.

<u>Response</u>: Plaintiff objects as determining the accuracy of Exhibit 12 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship. Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy. In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 37:  Admit that You read the publication attached as Exhibit 12.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the publication attached as Exhibit 12.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this publication.

**Request No. 38:  Admit that Exhibit 13 is a true and correct copy of the Wrestling Observer published on July 10, 2007.**

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 13 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 39:  Admit that You read the publication attached as Exhibit 13.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the publication attached as Exhibit 13.  Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this publication.

**Request No. 40:** Admit that Exhibit 14 is a true and correct copy of the Boston Globe article entitled "Call to mind - Nowinski aggressively tackles issue of concussions in sports" published on July 15, 2007.

> <u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 14 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 41:** Admit that You read the article attached as Exhibit 14.

> <u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 14.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 42:** Admit that Exhibit 15 is a true and correct copy of the Newsday article entitled "WRESTLING MURDER-SUICIDE: THIS WASN'T IN THE SCRIPT Chris Benoit faced stresses on the job and personal troubles away from the ring" published on July 15, 2007.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 15 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 43:  Admit that You read the article attached as Exhibit 15.**

**Response**: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 15.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 44:  Admit that Exhibit 16 is a true and correct copy of the PW Torch published on July 26, 2007.**

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 16 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 45:  Admit that You read the publication attached as Exhibit 16.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 16.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 46:  Admit that Exhibit 17 is a true and correct copy of the CNN article entitled "Schooled on hard knocks, wrestler educates others on brain injuries" published on July 30, 2007.**

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 17 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 47:  Admit that You read the article attached as Exhibit 17.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 17.  Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 48:** Admit that Exhibit 18 at files "OTL Outside the Lines Concussions Nowinski Part 1 of 2.mp4" and "OTL Outside the Lines Concussions Nowinski Part 2 of 2.mp4" is a true and correct copy of the ESPN broadcast of the show entitled "Outside the Lines" broadcast on August 12, 2007.

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 18 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 49:**  Admit that You saw the August 12, 2007 broadcast of "Outside the Lines."

<u>Response</u>: Plaintiff has no recollection of seeing this broadcast.

**Request No. 50:** Admit that Exhibit 19 is a true and correct copy of the USA Today article entitled "Doctor: Benoit's concussions may help explain actions" published on September 5, 2007.

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 19 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing

general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 51:  Admit that You read the article attached as Exhibit 19.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 19.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 52:  Admit that Exhibit 20 is a true and correct copy of the USA Today article entitled "Doctor: Wrestler Benoit had 'shocking' brain damage" published on September 5, 2007.**

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 20 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 53:  Admit that You read the article attached as Exhibit 20.**

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 20.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 54:**  Admit that Exhibit 21 is a true and correct copy of the ABC News article entitled  "Benoit's Brain Showed Severe Damage From Multiple Concussions, Doctor and Dad Say" published on September 5, 2007.

**Response:**   Plaintiff objects as determining the accuracy of Exhibit 21 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 55:**  Admit that You read the article attached as Exhibit 21.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 21.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 56:  Admit that Exhibit 22 is a true and correct copy of the ABC News article entitled "Benoit's Dad, Doctors: Multiple Concussions Could Be Connected to Murder-Suicide" published on September 5, 2007.**

> **Response**:  **Plaintiff objects as determining the accuracy of Exhibit 22 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.**

**Request No. 57:  Admit that You read the article attached as Exhibit 22.**

> **Response**: **Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 22.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.**

**Request No. 58:  Admit that Exhibit 23 is a true and correct copy of a transcript of the ABC show entitled "Good Morning America" broadcast on September 5, 2007.**

> **Response**:  **Plaintiff objects as determining the accuracy of Exhibit 23 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information**

about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 59:  Admit that You saw the September 5, 2007 broadcast of "Good Morning America."**

<u>Response</u>: Plaintiff has no recollection of seeing this broadcast.

**Request No. 60:  Admit that Exhibit 24 is a true and correct copy of a transcript of the ABC show entitled "Nightline" broadcast on September 5, 2007.**

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 24 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 61: Admit that You saw the September 5, 2007 broadcast of "Nightline."**

<u>Response</u>: Plaintiff has no recollection of seeing this broadcast.

**Request No. 62:  Admit that Exhibit 25 is a true and correct copy of the Fox News article entitled "Brain Damage May Have Caused Wrestler Chris Benoit to Kill Family, Doctor Says" published on September 5, 2007.**

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 25 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 63:**  Admit that You read the article attached as Exhibit 25.

**Response**: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 25.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 64:**  Admit that Exhibit 26 is a true and correct copy of a transcript of the Fox News show entitled "The Big Story With John Gibson" broadcast on September 5, 2007.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 26 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 65:  Admit that You saw the September 5, 2007 broadcast of "The Big Story With John Gibson."**

    <u>Response</u>: Plaintiff has no recollection of seeing this broadcast.

**Request No. 66:  Admit that Exhibit 27 is a true and correct copy of the MSNBC article entitled "Doctor: Concussions factor in Benoit killings" published on September 5, 2007.**

    <u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 27 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 67:  Admit that You read the article attached as Exhibit 27.**

    <u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 27.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 68:  Admit that Exhibit 28 is a true and correct copy of the CNN transcript of the CNN show entitled "Anderson Cooper 360 Degrees" broadcast on September 5, 2007.**

> **Response:  Plaintiff objects as determining the accuracy of Exhibit 28 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.**

**Request No. 69:  Admit that You saw the September 5, 2007 broadcast of "Anderson Cooper 360 Degrees."**

> **Response: Plaintiff he has no recollection of seeing this broadcast.**

**Request No. 70:  Admit that Exhibit 29 is a true and correct copy of the CNN transcript of the CNN show entitled "CNN Newsroom" broadcast on September 5, 2007.**

> **Response:  Plaintiff objects as determining the accuracy of Exhibit 29 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled**

these exhibits from a variety of sources, they would be in the best position

to authenticate them.

**Request No. 71:  Admit that You saw the September 5, 2007 broadcast of "CNN Newsroom."**

    <u>Response</u>: Plaintiff has no recollection of seeing this broadcast.

**Request No. 72:  Admit that Exhibit 30 is a true and correct copy of the ESPN article entitled "Study suggests brain damage may have affected Benoit" published on September 5, 2007.**

    <u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 30 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 73:  Admit that You read the article attached as Exhibit 30.**

    <u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 30.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 74:  Admit that Exhibit 31 at file "9.5.07 Fox News Report.mp4" is a true and correct copy of the Fox News broadcast of the show entitled "Fox News with Shepard Smith" broadcast on September 5, 2007.**

> **Response:   Plaintiff objects as determining the accuracy of Exhibit 31 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.**

**Request No. 75:  Admit that You saw the September 5, 2007 broadcast of "Fox News with Shepard Smith."**

> **Response: Plaintiff has no recollection of seeing this broadcast.**

**Request No. 76:  Admit that Exhibit 32 is a true and correct copy of the Reuters article entitled "Brain injury, not steroids, seen in wrestler death" published on September 5, 2007.**

> **Response:   Plaintiff objects as determining the accuracy of Exhibit 32 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled**

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 77:  Admit that You read the article attached as Exhibit 32.**

> <u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 32.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 78:  Admit that Exhibit 33 is a true and correct copy of the Miami Herald article entitled "Benoit diagnosed with brain disorder" published on September 5, 2007.**

> <u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 33 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 79:  Admit that You read the article attached as Exhibit 33.**

> <u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 33.  Without waiving, and subject to, these and the general

objections, **Plaintiff responds that he has no recollection of reading this article.**

**Request No. 80:  Admit that Exhibit 34 is a true and correct copy of the My Fox Atlanta article entitled "Doctor: Chris Benoit Had Brain Damage That May Have Led to Killings" published on September 5, 2007.**

> <u>**Response**</u>:  **Plaintiff objects as determining the accuracy of Exhibit 34 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.**

**Request No. 81:  Admit that You read the article attached as Exhibit 34.**

> <u>**Response**</u>:**Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 34.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.**

**Request No. 82:  Admit that Exhibit 35 is a true and correct copy of the Baltimore Sun article entitled "Ring Posts" published on September 5, 2007.**

> <u>**Response**</u>:  **Plaintiff objects as determining the accuracy of Exhibit 35 and the 102 other exhibits served by WWE cannot be determined from reliable**

sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 83:  Admit that You read the article attached as Exhibit 35.**

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 35.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 84:  Admit that Exhibit 36 is a true and correct copy of the WSBTV article entitled "Brain Study: Concussions Caused Benoit's Rage" published on September 5, 2007.**

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 36 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 85:  Admit that You read the article attached as Exhibit 36.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 36.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 86:  Admit that Exhibit 37 is a true and correct copy of the Sun (UK) article entitled "Benoit's brain like 85-year-old" published on September 5, 2007.**

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 37 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 87:  Admit that You read the article attached as Exhibit 37.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 37.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 88:  Admit that Exhibit 38 is a true and correct copy of the AOL Sports article entitled "Benoit's Brain Damaged by Concussions" published on September 5, 2007.**

> **Response**:  **Plaintiff objects as determining the accuracy of Exhibit 38 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.**

**Request No. 89:  Admit that You read the article attached as Exhibit 38.**

> **Response: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 38.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.**

**Request No. 90:  Admit that Exhibit 39 is a true and correct copy of the Cable 360 article entitled "Benoit Senior: Wrestling Blows Made My Son a Killer" published on September 5, 2007.**

> **Response**:  **Plaintiff objects as determining the accuracy of Exhibit 39 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing**

general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 91:  Admit that You read the article attached as Exhibit 39.**

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 39.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 92:  Admit that Exhibit 40 is a true and correct copy of the TMZ article entitled "Dad: Benoit Was Demented" published on September 5, 2007.**

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 40 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 93:  Admit that You read the article attached as Exhibit 40.**

    <u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 40.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 94:** Admit that Exhibit 41 is a true and correct copy of the CureZone article entitled "Benoit's father, doctor speculate wrestler had brain damage" published on September 5, 2007.

    <u>Response:</u>   Plaintiff objects as determining the accuracy of Exhibit 41 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 95:** Admit that You read the article attached as Exhibit 41.

    <u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 41.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 96:  Admit that Exhibit 42 is a true and correct copy of the CNN transcript of the CNN show entitled "CNN Newsroom" broadcast on September 6, 2007.**

> **Response:   Plaintiff objects as determining the accuracy of Exhibit 42 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.**

**Request No. 97:  Admit that You saw the September 6, 2007 broadcast of "CNN Newsroom."**

> **Response: Plaintiff has no recollection of seeing this broadcast.**

**Request No. 98:  Admit that Exhibit 43 is a true and correct copy of a transcript of the CBS show entitled "The Early Show" broadcast on September 6, 2007.**

> **Response:   Plaintiff objects as determining the accuracy of Exhibit 43 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled**

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 99:** Admit that You saw the September 6, 2007 broadcast of "The Early Show."

**Response:** Plaintiff he has no recollection of seeing this broadcast.

**Request No. 100:** Admit that Exhibit 44 is a true and correct copy of the CNN transcript of the CNN show entitled "American Morning" broadcast on September 6, 2007.

**Response:** Plaintiff objects as determining the accuracy of Exhibit 44 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship. Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy. In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 101:** Admit that You saw the September 6, 2007 broadcast of "American Morning."

**Response:** Plaintiff has no recollection of seeing this broadcast.

**Request No. 102:** Admit that Exhibit 45 is a true and correct copy of a transcript of the Fox News show entitled "On the Record with Greta Van Susteren" broadcast on September 6, 2007.

> **Response**:   Plaintiff objects as determining the accuracy of Exhibit 45 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 103:** Admit that You saw the September 6, 2007 broadcast of "On the Record with Greta Van Susteren."

> **Response**: Plaintiff has no recollection of seeing this broadcast.

**Request No. 104:** Admit that Exhibit 46 is a true and correct copy of the CNN transcript of the CNN show entitled "Larry King Live" broadcast on September 6, 2007.

> **Response**:   Plaintiff objects as determining the accuracy of Exhibit 46 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 105:** Admit that You saw the September 6, 2007 broadcast of "Larry King Live."

 <u>Response:</u> Plaintiff has no recollection of seeing this broadcast.

**Request No. 106:** Admit that Exhibit 47 is a true and correct copy of the Science Daily article entitled "Wrestler Chris Benoit Brain's Forensic Exam Consistent With Numerous Brain Injuries" published on September 6, 2007.

 <u>Response:</u>  Plaintiff objects as determining the accuracy of Exhibit 47 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 107:** Admit that You read the article attached as Exhibit 47.

 <u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 47.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 108:** Admit that Exhibit 48 is a true and correct copy of a transcript of the CTV News show entitled "Canada AM" broadcast on September 7, 2007.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 48 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

Request No. 109: Admit that You saw the September 7, 2007 broadcast of "Canada AM."

**Response**: Plaintiff has no recollection of seeing this broadcast.

Request No. 110: Admit that Exhibit 49 is a true and correct copy of the PW Torch published on September 8, 2007.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 49 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

Request No. 111: Admit that You read the publication attached as Exhibit 49.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the publication attached as Exhibit 49.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this publication.

**Request No. 112:** Admit that Exhibit 50 is a true and correct copy of the ABC News article entitled "Kids' Concussions Underreported" published on September 12, 2007.

**Response:**   Plaintiff objects as determining the accuracy of Exhibit 50 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 113:** Admit that You read the article attached as Exhibit 50.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 50.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 114:** Admit that Exhibit 51 is a true and correct copy of the Neurology Today article entitled "Brain Damage May Have Contributed to Former Wrestler's Violent Demise" published on September 18, 2007.

> **Response:**  Plaintiff objects as determining the accuracy of Exhibit 51 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 115:** Admit that You read the article attached as Exhibit 51.

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 51.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 116:** Admit that Exhibit 52 is a true and correct copy of the People Magazine article published on September 24, 2007.

> **Response:**  Plaintiff objects as determining the accuracy of Exhibit 52 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information

about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 117: Admit that You read the article attached as Exhibit 52.**

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 52.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 118: Admit that Exhibit 53 is a true and correct copy of the Wrestling Observer published on September 24, 2007.**

<u>Response:</u>   Plaintiff objects as determining the accuracy of Exhibit 53 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 119: Admit that You read the publication attached as Exhibit 53.**

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as

43

Exhibit 53.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 120:** Admit that there was extensive media coverage in September 2007 reporting that Chris Benoit had CTE caused by head trauma sustained while wrestling.

<u>Response</u>:   Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 121:** Admit that You were aware of media reports that Chris Benoit had CTE caused by head trauma sustained while wrestling not later than October 1, 2007.

<u>Response</u>:   Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 122:** Admit that Exhibit 54 is a true and correct copy of the Daily Herald article entitled "Concussions are not something to mess around with" published on October 5, 2007.

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 54 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.

**Request No. 123:** Admit that You read the article attached as Exhibit 54.

  **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 54. Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 124:** Admit that Exhibit 55 is a true and correct copy of the Miami Herald article entitled "Steroids did not act alone" published on October 16, 2007.

  **Response:** Plaintiff objects as determining the accuracy of Exhibit 55 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship. Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy. In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 125:** Admit that You read the article attached as Exhibit 55.

  **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 55. Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 126:** Admit that Exhibit 56 is a true and correct copy of the Macleans article entitled "The concussion time bomb" published on October 22, 2007.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 56 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 127:** Admit that You read the article attached as Exhibit 56.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 56.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 128:** Admit that Exhibit 57 is a true and correct copy of the Ottawa Citizen article entitled "Hits last longer than careers" published on October 24,2007.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 57 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position
to authenticate them.

**Request No. 129:** Admit that You read the article attached as Exhibit 57.

> **Response:** Plaintiff objects to this Request as there is no reasonable
> description of the timeframe for when he read the article attached as
> Exhibit 57.   Without waiving, and subject to, these and the general
> objections, Plaintiff responds that he has no recollection of reading this
> article.

**Request No. 130:** Admit that Exhibit 58 is a true and correct copy of the Tampa
Tribune article entitled "Wrestling With Tradition" published on October 27, 2007.

> **Response:**   Plaintiff objects as determining the accuracy of Exhibit 58 and
> the 102 other exhibits served by WWE cannot be determined from reliable
> sources or without imposing undue hardship.   Subject to the foregoing
> general and specific objections, Plaintiff has no independent information
> about the processes used for compiling these exhibits and cannot speak to
> their accuracy.   In as much as counsel for WWE appears to have compiled
> these exhibits from a variety of sources, they would be in the best position
> to authenticate them.

**Request No. 131:** Admit that You read the article attached as Exhibit 58.

> **Response:** Plaintiff objects to this Request as there is no reasonable
> description of the timeframe for when he read the article attached as
> Exhibit 58.   Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this article.

Request No. 132: Admit that Exhibit 59 is a true and correct copy of the CNN transcript of the CNN show entitled "CNN: Special Investigations Unit" broadcast on November 7, 2007.

> Response:  Plaintiff objects as determining the accuracy of Exhibit 59 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

Request No. 133: Admit that You saw the November 7, 2007 broadcast of "CNN: Special Investigations Unit."

> Response: Plaintiff has no recollection of seeing this broadcast.

Request No. 134: Admit that Exhibit 60 is a true and correct copy of the Maxim Magazine article entitled "Last Days Chris Benoit" published in December 2007.

> Response:  Plaintiff objects as determining the accuracy of Exhibit 60 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to

their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 135:** Admit that You read the article attached as Exhibit 60.

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 60.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 136:** Admit that Exhibit 61 is a true and correct copy of the Post and Courier (Charleston, SC) article entitled "Benoit incident marred pro wrestling in '07" published on December 30, 2007.

<u>Response:</u>  Plaintiff objects as determining the accuracy of Exhibit 61 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 137:** Admit that You read the article attached as Exhibit 61.

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as

49

Exhibit 61.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 138:** Admit that Exhibit 62 is a true and correct copy of the Canadian Press article entitled "Repeated concussions led to wrestler Chris Benoit's suicide: CBC documentary" published on February 5, 2008.

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 62 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 139:** Admit that You read the article attached as Exhibit 62.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 62.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 140:** Admit that Exhibit 63 is a true and correct copy of the Windsor Star article entitled "Benoit suffered brain damage" published on February 6, 2008.

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 63 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 141:** Admit that You read the article attached as Exhibit 63.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 63.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 142:** Admit that Exhibit 64 is a true and correct copy of the Globe and Mail article entitled "Wrestler had severe brain damage: documentary" published on February 6, 2008.

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 64 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled

51

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 143:** Admit that You read the article attached as Exhibit 64.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 64.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 144:** Admit that Exhibit 65 is a true and correct copy of the Concord Monitor article entitled "Head games a serious deal" published on March 30, 2008.

**Response:**   Plaintiff objects as determining the accuracy of Exhibit 65 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 145:** Admit that You read the article attached as Exhibit 65.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 65.   Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 146:** Admit that Exhibit 66 is a true and correct copy of the Calgary Herald article entitled "Drugs not the whole story in Benoit tragedy: Hart" published on May 30, 2008.

> **Response:**   Plaintiff objects as determining the accuracy of Exhibit 66 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 147:** Admit that You read the article attached as Exhibit 66.

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 66.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 148:** Admit that Exhibit 67 is a true and correct copy of the Daily Free Press article entitled "Athletes donate brains to research" published on October 1, 2008.

**Response:**   Plaintiff objects as determining the accuracy of Exhibit 67 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 149:** Admit that You read the article attached as Exhibit 67.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 67.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 150:** Admit that there was extensive media coverage throughout 2007 and 2008 reporting that Chris Benoit had CTE caused by head trauma sustained while wrestling.

**Response:**   Plaintiff objects because this is duplicative of Request No. 120, vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 151:** Admit that You were aware of media reports that Chris Benoit had CTE caused by head trauma sustained while wrestling not later than January 1, 2009.

    **Response**:   Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 152:** Admit that Exhibit 68 is a true and correct copy of the CNN article entitled "Dead athletes' brains show damage from concussions" published on January 27, 2009.

    **Response**:   Plaintiff objects as determining the accuracy of Exhibit 68 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.

**Request No. 153:** Admit that You read the article attached as Exhibit 68.

    **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 68.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 154:** Admit that Exhibit 69 is a true and correct copy of the USA Today article entitled "Brain damage from a game; Former star Primeau knows concussion risks and passes on lessons" published on May 28, 2009.

    **Response**:   Plaintiff objects as determining the accuracy of Exhibit 69 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to

their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 155:** Admit that You read the article attached as Exhibit 69.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 69.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 156:** Admit that Exhibit 70 is a true and correct copy of the Science Magazine article entitled "A Late Hit for Pro Football Players" published on August 7, 2009.

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 70 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 157:** Admit that You read the article attached as Exhibit 70.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as

56

Exhibit 70.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 158:** Admit that Exhibit 71 is a true and correct copy of the GQ Magazine article entitled "Bennet Omalu, Concussions, and the NFL: How One Doctor Changed Football Forever" published on September 14, 2009.

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 71 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 159:** Admit that You read the article attached as Exhibit 71.

<u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 71.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 160:** Admit that Exhibit 72 is a true and correct copy of the Wrestle Zone article entitled "Former WWE Superstar To Donate His Brain For Research" published on September 15, 2009.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 72 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 161:** Admit that You read the article attached as Exhibit 72.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 72.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 162:** Admit that You knew in 2009 that other wrestlers had donated their brains for research regarding the effects of head trauma.

**Response:** Plaintiff objects to this Request as it is irrelevant and beyond the scope of the limited discovery.   Subject to, and without waiving these and the General Objections, Plaintiff states he was not aware in 2009 that other wrestlers had donated their brains for research regarding the effects of head trauma.

**Request No. 163:** Admit that Exhibit 73 is a true and correct copy of the Vancouver Sun article entitled "MMA fighters at risk of brain damage" published on October 3, 2009.

> **Response**:  Plaintiff objects as determining the accuracy of Exhibit 73 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 164:** Admit that You read the article attached as Exhibit 73.

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 73.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 165:** Admit that Exhibit 74 is a true and correct copy of the Sports Illustrated article entitled "Concussion information has improved but isn't exact science" published on October 9, 2009.

> **Response**:  Plaintiff objects as determining the accuracy of Exhibit 74 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing

general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 166:** Admit that You read the article attached as Exhibit 74.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 74.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 167:** Admit that Exhibit 75 is a true and correct copy of the written testimony of Christopher Nowinski in connection with the hearing on legal issues relating to football head injuries before the Committee on the Judiciary U.S. House of Representatives which occurred on October 28, 2009.

**Response:**  Plaintiff objects as determining the accuracy of Exhibit 75 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 168:** Admit that You read the written testimony attached as Exhibit 75.

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 75.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 169:** Admit that Exhibit 76 is a true and correct copy of the ESPN article entitled "Doctors: Wrestler had brain damage" published on December 9, 2009.

> **Response:**  Plaintiff objects as determining the accuracy of Exhibit 76 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 170:** Admit that You read the article attached as Exhibit 76.

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 76.  Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 171:** Admit that Exhibit 77 is a true and correct copy of the Bleacher Report article entitled "Report: Another Pro-Wrestler Had Serious Brain Condition, Same as Chris Benoit" published on December 9, 2009.

> <u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 77 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 172:** Admit that You read the article attached as Exhibit 77.

> <u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 77.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 173:** Admit that Exhibit 78 is a true and correct copy of the Cageside Seats article entitled "Chris Nowinski releases statement on head trauma and pro wrestling" published on December 9, 2009.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 78 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 174:** Admit that You read the article attached as Exhibit 78.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 78.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 175:** Admit that Exhibit 79 is a true and correct copy of the PW Torch article entitled "Concussion News: Former WWE wrestlers to donate brains for research, Nowinski responds to ESPN's report on Andrew Martin" published on December 9, 2009.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 79 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to

their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 176:** **Admit that You read the article attached as Exhibit 79.**

Response: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 79.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 177:** **Admit that Exhibit 80 is a true and correct copy of the Wrestling Observer published on December 14, 2009.**

Response:  Plaintiff objects as determining the accuracy of Exhibit 80 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 178:** **Admit that You read the publication attached as Exhibit 80.**

Response: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 80.  Without waiving, and subject to, these and the general

objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 179:** Admit that Exhibit 81 is a true and correct copy of the PW Torch published on December 19, 2009.

**Response:**  Plaintiff objects as determining the accuracy of Exhibit 81 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 180:** Admit that You read the publication attached as Exhibit 81.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 81.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 181:** Admit that there was extensive media coverage throughout 2007, 2008, and 2009 reporting that Chris Benoit had CTE caused by head trauma sustained while wrestling.

**Response**:  Plaintiff objects because this is duplicative of Request Nos. 120 and 150, vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 182:** Admit that You were aware of media reports that Chris Benoit had CTE caused by head trauma sustained while wrestling not later than January 11 2010.

**Response**:  Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 183:** Admit that there was extensive media coverage in December 2009 reporting that Andrew Martin had CTE caused by head trauma sustained while wrestling.

**Response**:  Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 184:** Admit that You were aware of media reports that Andrew Martin had CTE caused by head trauma sustained while wrestling not later than January 11, 2010.

**Response**:  Plaintiff objects because this is duplicative of Request No. 183, vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 185:** Admit that Exhibit 82 is a true and correct copy of the written testimony of Christopher Nowinski in connection with the hearing on legal issues

relating to football head injuries part II before the Committee on the Judiciary U.S. House of Representatives which occurred on January 41 2010.

>**Response**:   Plaintiff objects as determining the accuracy of Exhibit 82 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

Request No. 186: Admit that You read the written testimony attached as Exhibit 82.

>**Response**: Plaintiff has no recollection of reading this testimony attached as Exhibit 82.

Request No. 187: Admit that Exhibit 83 is a true and correct copy of the PW Torch published on February 20, 2010.

>**Response**:   Plaintiff objects as determining the accuracy of Exhibit 83 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 188:** Admit that You read the publication attached as Exhibit 83.

> <u>Response:</u> Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 83. Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 189:** Admit that Exhibit 84 is a true and correct copy of a transcript of the ABC show entitled "ABC News: Special Report" broadcast on August 26, 2010.

> <u>Response:</u> Plaintiff objects as determining the accuracy of Exhibit 84 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship. Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy. In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 190:** Admit that You saw the August 26, 2010 broadcast of "ABC News: Special Report."

> <u>Response:</u> Plaintiff has no recollection of seeing this broadcast.

**Request No. 191:** Admit that Exhibit 85 is a true and correct copy of the ABC News article entitled "Chris Benoit's Murder, Suicide: Was Brain Damage To Blame?" published on August 26, 2010.

> **Response:**  Plaintiff objects as determining the accuracy of Exhibit 85 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 192:** Admit that You read the article attached as Exhibit 85.

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 85.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 193:** Admit that Exhibit 86 is a true and correct copy of the Palm Beach Post article entitled "Doctor's study of brains of NFL players shows football can cause 'gridiron dementia'" published on September 11, 2010.

> **Response:**  Plaintiff objects as determining the accuracy of Exhibit 86 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing

69

general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 194:** Admit that You read the article attached as Exhibit 86.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 86.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 195:** Admit that Exhibit 87 is a true and correct copy of the ESPN article entitled "Athletes donating brains for injury study" published on October 12, 2010.

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 87 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 196:** Admit that You read the article attached as Exhibit 87.

> **<u>Response:</u>** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 87.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 197:** Admit that Exhibit 88 is a true and correct copy of the Atlanta Journal Constitution article entitled "Chris Benoit's father: Murderous rampage resulted from brain damage, not steroids" published on October 16, 2010.

> **<u>Response:</u>**  Plaintiff objects as determining the accuracy of Exhibit 88 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 198:** Admit that You read the article attached as Exhibit 88.

> **<u>Response:</u>** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 88.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 199:** Admit that Exhibit 89 is a true and correct copy of the ESPN article entitled "Head games" published on November 22, 2010.

> <u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 89 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 200:** Admit that You read the article attached as Exhibit 89.

> <u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 89.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 201:** Admit that Exhibit 90 is a true and correct copy of the PW Torch published on November 27, 2010.

> <u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 90 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to

their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 202:** Admit that You read the publication attached as Exhibit 90.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 90.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 203:** Admit that Exhibit 91 is a true and correct copy of the Pittsburgh City Paper article entitled "Heavyweight Champions" published on December 02, 2010.

<u>Response</u>:  Plaintiff objects as determining the accuracy of Exhibit 91 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 204:** Admit that You read the article attached as Exhibit 91.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as

Exhibit 91.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 205:** Admit that there was extensive media coverage throughout 2007, 2008, 2009, and 2010 reporting that Chris Benoit had CTE caused by head trauma sustained while wrestling.

<u>Response</u>:   Plaintiff objects because this is duplicative of Request Nos. 120, 150, and 181; vague and ambiguous; beyond the scope of the Discovery order; and irrelevant to the parties' claims and defenses.

**Request No. 206:** Admit that You were aware of media reports that Chris Benoit had CTE caused by head trauma sustained while wrestling not later than January 1, 2011.

<u>Response</u>:   Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 207:** Admit that there was extensive media coverage throughout 2009 and 2010 reporting that Andrew Martin had CTE caused by head trauma sustained while wrestling.

<u>Response</u>:   Plaintiff objects because this is duplicative of Request No. 183 and 184, vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 208:** Admit that You were aware of media reports that Andrew Martin had CTE caused by head trauma sustained while wrestling not later than January 1, 2011.

> **Response:**   Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.

**Request No. 209:** Admit that Exhibit 92 is a true and correct copy of the National Public Radio article entitled "Brain Injuries Haunt Football Players Years Later" published on January 21, 2011.

> **Response:**   Plaintiff objects as determining the accuracy of Exhibit 92 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 210:** Admit that You read the article attached as Exhibit 92.

> **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 92.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 211:** **Admit that Exhibit 93 is a true and correct copy of the Newsday article entitled "Concussion awareness; Undiagnosed injuries endanger young athletes; Nowinski dedicated to spreading word, research" published on January 31, 2011.**

> **Response:**   **Plaintiff objects as determining the accuracy of Exhibit 93 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.**

**Request No. 212:** **Admit that You read the article attached as Exhibit 93.**

> **Response:** **Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 93.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.**

**Request No. 213:** **Admit that Exhibit 94 at file "simmons_2011-03-08-145009-3953-0-3-0.32.mp3" is a true and correct copy of the ESPN Radio broadcast of the show entitled "ESPN: The BS Report with Bill Simmons" broadcast on March 8, 2011.**

> **Response:**   **Plaintiff objects as determining the accuracy of Exhibit 94 and the 102 other exhibits served by WWE cannot be determined from reliable**

sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 214:** Admit that You listened to the March 8, 2011 broadcast of "ESPN: The BS Report with Bill Simmons."

**Response:** Plaintiff has no recollection of listening to this broadcast.

**Request No. 215:** Admit that Exhibit 95 is a true and correct copy of the Daily Telegraph article entitled "NRL player brains used in study" published on April 30, 2011.

**Response:**  Plaintiff objects as determining the accuracy of Exhibit 95 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 216:** Admit that You read the article attached as Exhibit 95.

**Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as

Exhibit 95.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 217:** Admit that Exhibit 96 is a true and correct copy of the Canadian Press article entitled "Boogaard one of many athletes contributing to study of brain trauma and sport" published in May 15-16 2011.

<u>Response</u>:   Plaintiff objects as determining the accuracy of Exhibit 96 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 218:** Admit that You read the article attached as Exhibit 96.

<u>Response</u>: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 96.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 219:** Admit that Exhibit 97 is a true and correct copy of the Calgary Herald article entitled "Rule, policy changes needed to stop concussions: expert" published on May 16, 2011.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 97 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

Request No. 220: Admit that You read the article attached as Exhibit 97.

**Response**: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 97.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

Request No. 221: Admit that Exhibit 98 is a true and correct copy of the Daily Herald article entitled "Hersey grad tackles brain trauma research" published on May 16, 2011.

**Response**:   Plaintiff objects as determining the accuracy of Exhibit 98 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled

these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 222:** Admit that You read the article attached as Exhibit 98.

>  **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 98.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 223:** Admit that Exhibit 99 is a true and correct copy of the Buffalo News article entitled "Racking their brains: Repeat concussions take a toll on athletes, such as Matthew Barnaby, causing confusion, pain and fear" published on May 23, 2011.

>  **Response:**   Plaintiff objects as determining the accuracy of Exhibit 99 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.   In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 224:** Admit that You read the article attached as Exhibit 99.

>  **Response:** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as

Exhibit 99.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 225:** Admit that Exhibit 100 is a true and correct copy of the Bleacher Report article entitled "WWE's Masked Plague: Why Chair Shots Should be Banned in Professional Wrestling" published on July 29, 2011.

Response:  Plaintiff objects as determining the accuracy of Exhibit 100 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.   Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 226:** Admit that You read the article attached as Exhibit 100.

Response: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 100.   Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 227:** Admit that Exhibit 101 is a true and correct copy of the National Public Radio article entitled "At Last, Football Faces Concussion Problems Head-On" published on August 14, 2011.

**Response**:  Plaintiff objects as determining the accuracy of Exhibit 101 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

Request No. 228: Admit that You read the article attached as Exhibit 101.

**Response**: Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 101.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

Request No. 229: Admit that Exhibit 102 is a true and correct copy of the Washington Post article entitled "In Chicago, education and prevention play key roles in plan to attack head injuries" published on August 22, 2011.

**Response**:  Plaintiff objects as determining the accuracy of Exhibit 102 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to

have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 230:** Admit that You read the article attached as Exhibit 102.

> **<u>Response:</u>** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 102.  Without waiving, and subject to, these and the general objections, Plaintiff responds that he has no recollection of reading this article.

**Request No. 231:** Admit that Exhibit 103 is a true and correct copy of the Orange County Register article entitled "Concussion crisis: Hard hits make big impact" published on November 14, 2011.

> **<u>Response:</u>**  Plaintiff objects as determining the accuracy of Exhibit 34 and the 102 other exhibits served by WWE cannot be determined from reliable sources or without imposing undue hardship.  Subject to the foregoing general and specific objections, Plaintiff has no independent information about the processes used for compiling these exhibits and cannot speak to their accuracy.  In as much as counsel for WWE appears to have compiled these exhibits from a variety of sources, they would be in the best position to authenticate them.

**Request No. 232:** Admit that You read the article attached as Exhibit 103.

> **<u>Response:</u>** Plaintiff objects to this Request as there is no reasonable description of the timeframe for when he read the article attached as Exhibit 103.  Without waiving, and subject to, these and the general

**objections, Plaintiff responds that he has no recollection of reading this article.**

**Request No. 233:** **Admit that there was extensive media coverage throughout 2007, 2008, 2009, 2010, and 2011 reporting that Chris Benoit had CTE caused by head trauma sustained while wrestling.**

> **Response:** **Plaintiff objects because this is duplicative of Request Nos. 120, 150, 181, and 205; vague and ambiguous; beyond the scope of the Discovery order; and irrelevant to the parties' claims and defenses.**

**Request No. 234:** **Admit that You were aware of media reports that Chris Benoit had CTE caused by head trauma sustained while wrestling not later than January 1, 2012.**

> **Response:** **Plaintiff objects because this is vague and ambiguous, beyond the scope of the Discovery order, and irrelevant to the parties' claims and defenses.**

**Request No. 235:** **Admit that there was extensive media coverage throughout 2009, 2010, and 2011 reporting that Andrew Martin had CTE caused by head trauma sustained while wrestling.**

> **Response:** **Plaintiff objects because this is duplicative of Request Nos. 183, 184, and 207; vague and ambiguous; beyond the scope of the Discovery order; and irrelevant to the parties' claims and defenses.**

**Request No. 236:** **Admit that You were aware of media reports that Andrew Martin had CTE caused by head trauma sustained while wrestling not later than January 1, 2012.**

**Response**:  Plaintiff objects because this is duplicative of Request Nos. 183, 184, 207, and 208; vague and ambiguous; beyond the scope of the Discovery order; and irrelevant to the parties' claims and defenses.

**Request No. 237:** Admit that You knew not later than January 1, 2010 that Chris Benoit and Andrew Martin had been diagnosed as having CTE caused by head trauma sustained while wrestling.

**Response:** Plaintiff objects as this is irrelevant to the parties' claims and defenses, but subject, and without waiving, these and the General Objections, Plaintiff states that he had read about the autopsy for Chris Benoit and Andrew Martin.

Dated:  April 14, 2016                     Respectfully Submitted,

*s/ Konstantine Kyros*
**Konstantine W. Kyros**
**KYROS LAW OFFICES**
**17 Miles Rd.**
**Hingham, MA 02043**
**Telephone: (800) 934-2921**
**Facsimile: 617-583-1905**
**kon@kyroslaw.com**

**Charles J. LaDuca**
**CUNEO GILBERT & LADUCA, LLP**
**8120 Woodmont Avenue, Suite 810**
**Bethesda, MD 20814**
**Telephone: (202) 789-3960**
**Facsimile: (202) 789-1813**
**charles@cuneolaw.com**

**Michael J. Flannery**
**CUNEO GILBERT & LADUCA, LLP**
**7733 Forsyth Boulevard, Suite 1675**
**St. Louis, MO  63105**
**Telephone:      (314) 226-1015**
**Facsimile: (202) 789-1813**
**mflannery@cuneolaw.com**

**William M. Bloss**
**Federal Bar No: CT01008**
**KOSKOFF, KOSKOFF & BIEDER**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Telephone: 203-336-4421**
**Facsimile: 203-368-3244**

**Robert K. Shelquist**
**Scott Moriarity**
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
**100 Washington Ave., S., Suite 2200**
**Minneapolis, MN 55401-2179**
**Telephone: (612) 339-6900**
**Facsimile: (612) 339-0981**
**rkshelquist@locklaw.com**
**samoriarity@locklaw.com**

**Harris L. Pogust, Esquire**
**Pogust Braslow & Millrood, LLC**
**Eight Tower Bridge**
**161 Washington Street Suite 940**
**Conshohocken, PA 19428**
**Telephone: (610) 941-4204**
**Facsimile: (610) 941-4245**
**hpogust@pbmattorneys.com**

**Erica Mirabella**
**CT Fed. Bar #: phv07432**
**MIRABELLA LAW LLC**
**132 Boylston Street, 5th Floor**
**Boston, MA 02116**
**Telephone: 617-580-8270**
**Facsimile: 617-580-8270**
**Erica@mirabellaLLC.com**

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2016, a copy of foregoing PLAINTIFF VITO LOGRASSO'S OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST SET OF REQUESTS FOR ADMISSION was served in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

> Jeffrey Mueller, Esquire
> Day Pitney
> 242 Trumbull Street
> Hartford, CT 06103-1212
>
> Jerry S. McDevitt, Esquire
> K&L Gates
> 210 Sixth Avenue
> Pittsburgh, PA 15222-2613

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

*s/ Konstantine Kyros*
**Konstantine W. Kyros**
