# App. Tab 13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **EVAN SINGLETON and VITO LOGRASSO,** | |
| **Plaintiffs,** | |
| **v.** | **Lead Case No. 3:15-cv-1074-VLB** |
| **WORLD WRESTLING ENTERTAINMENT, INC.,** | |
| **Defendant** | |

**PLAINTIFF VITO LOGRASSO'S SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
FIRST AND SECOND SET OF INTERROGATORIES**

   NOW COMES Plaintiff Vito LoGrasso, by and through his undersigned attorneys, and herein submits the following supplemental objections and responses to Defendant World Wrestling Entertainment Inc.'s ("WWE") First and Second Set of Interrogatories Directed to Plaintiff Vito LoGrasso under verification pursuant to the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

   1.   Plaintiff objects to the definitions and instructions set forth in the Interrogatories propounded by WWE.   Plaintiff objects to the instructions on the ground that the relevant provisions of the Federal Rules of Civil Procedure provide all instructions recognized under federal law with respect to answering or responding to Interrogatories.   In answers to these Interrogatories, all words have been defined pursuant to their common English definition.   These Interrogatories will be responded to pursuant to the instructions set forth by the Federal Rules of Civil Procedure.

2.	Plaintiff objects to the Interrogatories to the extent they seek witnesses and/or information that is protected from disclosure by various privileges or immunities, including attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.

3.	Plaintiff objects to the Interrogatories to the extent that are improper and seek to impose discovery obligations on the Plaintiff broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure or any other applicable rules.

4.	Plaintiff objects to the Interrogatories to the extent that they are contention interrogatories that are premature at this stage of the litigation as discovery has not yet been completed.

5.	The Interrogatories are overly broad, not properly limited in time, unduly burdensome and/or seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

6.	Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible, requiring Plaintiff to engage in conjectures as to their meaning.

7.	Plaintiff objects to the Interrogatories to the extent that they seek legal or medical conclusions from Plaintiff, who is not an attorney or doctor and has never received any legal or medical education or training.

8.	Plaintiff objects to these Interrogatories to the extent that they are outside the scope of the Court's January 15, 2016 Order that partially lifted the stay in discovery to permit discovery relevant to WWE's liability, specifically the three questions enumerated in the Court's Order.

9.      All General Objections apply to each individual Interrogatory without reiteration in the response thereto.   Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Interrogatory.

10.      In providing these responses, Plaintiff specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referenced to in any request or response.   Rather, Plaintiff expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**   Identify all of the dates on which You claim to have suffered a TBI while You performed for WWE or any other wrestling organization, the persons involved in any matches in which each injury occurred, the location or venue where each such injury occurred, and how each such injury occurred.

**Response:** *See* **General Objections 5, 6, 7 & 8.**

**Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information or requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.  Consistent with the Court's January 15, 2016 Order, Plaintiff is limiting his answer to only those relevant dates, 2005 or later, during which he was performing for WWE.  Plaintiff claims that he suffered a TBI on multiple occasions during this time frame of his employment with WWE as a result of being (1) hit in the head, (2) slammed headfirst into the turnbuckle, (3) thrown out of the ring, (4) body slammed, and/or (5) on the receiving end of other maneuvers that involved forceful blows to his head.  Plaintiff cannot recall every match or date where he suffered a TBI during the relevant time period, but he can identify the following matches and dates:**

> **Vito vs MVP, Regal, and Dave Taylor on January 16, 2007 in Little Rock, Arkansas;**

> **Vito vs Mr. Kennedy on January 30, 2007 in Houston, Texas;**

> **Vito vs William Regal on August 29, 2006 in Reading, Pennsylvania;**

**Vito vs. William Regal on September 12, 2006 in Worcester, Massachusetts;**

**Vito vs. William Regal on October 10, 2006 in Jacksonville, Florida.**

**Interrogatory No. 2:** **Identify and describe in detail all treatment You sought for each TBI identified in Interrogatory No. 1, including, who You sought treatment from, the date You sought treatment, and the treatment prescribed to You. If You did not seek treatment for a TBI identified in Interrogatory No. 1, please set forth in detail Your reasons for failing to seek treatment.**

**Response:** *See* **General Objections 5, 6, 7 & 8.**

**Plaintiff states that he did not seek or receive any treatment immediately following those occasions identified in the previous response. At the time, Plaintiff did not understand the nature or severity of his head injuries when they occurred. Moreover, Plaintiff did not have an understanding about the symptoms or repercussions of a concussion. WWE did not educate Plaintiff or other wrestlers about concussions and/or TBI, and WWE's on-site doctor, Dr. Ferdinand Rios, and trainers did not evaluate Plaintiff for a concussion on any of these occasions. Moreover, WWE's on-site doctor and trainers downplayed occasions where a TBI could have been suffered, suggesting instead that it was mere wooziness that could be shaken off. Accordingly, Plaintiff did not get contemporaneous medical attention and, instead, continued to wrestle after suffering head injuries in the matches identified *supra*. It was not until the persistent symptoms discussed in Interrogatory No. 6 developed that Plaintiff sought medical treatment.**

**Interrogatory No. 3:**   **Identify all health care providers who have examined or treated You since You began your career as a professional wrestler.**

**Response:**   *See* **General Objections 5, 6 & 8.**

**Consistent with the Court's January 15, 2016 Order, Plaintiff is limiting his answer to only those relevant dates, 2005 or later, during which he was performing for WWE.   Subject to and without waiving these objections, Plaintiff states that during his employment with WWE from 2005 on, he currently recalls being treated by WWE's Dr. Ferdinand Rios as well as:**

**Dr. Daniel Stein, 5602 Marquesas Circle, Suite 108, Sarasota, FL 34233;**

**Dr. Anthony DiMarco, 950 S. Octorara Trail, Parkesburg, PA, 19365;**

**Dr. Joseph Handler, 1011 West Baltimore Pike, Suite 101, West Grove, PA 19390;**

**Dr. Robert Cavoto, 152 Garrett Rd, Upper Darby, PA 19082;**

**Dr. Jeffry Tambor, 265 Mason Ave, Staten Island, NY 10305;**

**Dr. Bradford Smith, MD, 100 E. Lancaster Ave, 33 Lankenau Medical Building West, Wynnewood, PA 19096; and**

**Marie Kerr, Human Services, 410 Boot Rd, Downington, PA 19335;**

**Dr. Joseph L. Smith II, 80 W Welsh Pool Rd # 103, Exton, PA 19341;**

**Robert Satriale, 213 Reeceville Rd, Ste 36, Coatesville, PA 19320;**

**Dr. Joe Snyder, address unknown.**

**Pursuant to Rule 33(d), Plaintiff refers WWE to any and all medical records to be produced by Plaintiff and/or in WWE's possession for the identity of other health care providers who treated Plaintiff during that time period.**

**Interrogatory No. 4:**   **Identify all policies of insurance You have obtained providing medical or health care coverage, including, but not limited to, any policy You obtained to comply with Section 9.12(a) and (d) of the Booking Contract You signed with WWE on or about June 17, 2005.**

> **Response:** *See* **General Objection 5 & 8.**

> **Subject to and without waiving these objections, Plaintiff states that he did not have any health insurance coverage until 2014 when he qualified for Medicaid.**

**Interrogatory No. 5:**   **Identify and describe in detail each medical treatment that You received from WWE or WWE's Talent Wellness Program, including, who provided each treatment, the date(s) of each treatment, and a detailed description of each treatment.**

> **Response:**  *See* **General Objections 6, 7 & 8.**

> **Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information or requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.   Subject to and without waiving these objections, Plaintiff states that he never received medical treatment from WWE or WWE's Talent Wellness Program related to instances where he suffered TBI.   On various occasions, Dr. Ferdinand Rios did provide Plaintiff with some pain management treatment and B12 shots, and also assisted Plaintiff with the administration of Plaintiff's testosterone replacement therapy shots.   Plaintiff does not believe that he received any medical treatment from or as a result of WWE's Talent Wellness**

Program. Plaintiff also refers WWE to his response to Interrogatory No.
2.

**Interrogatory No. 6:**  Identify all symptoms You have experienced since Your
relationship with WWE ended which You contend are associated with TBI sustained
while performing for WWE, including the date of onset of the symptoms, the length of
the symptoms, and the identity of all health care providers who examined or treated
You for such symptoms.

> **Response:** *See* General Objections 6, 7 & 8.
>
> Plaintiff further objects to the extent this Interrogatory seeks premature
> disclosure of experts and expert information or requires Plaintiff to disclose
> analyses, comparative analyses, opinions, or theories that will be the
> subject of expert testimony.   Subject to and without waiving these
> objections, Plaintiff states that he presently recalls having suffered from
> severe headaches, hearing loss, post-concussion syndrome, memory
> problems, disorientation, loss of concentration, confusion, trouble
> sleeping, sleep apnea, Temporomandibular Joint Disorder (TMJD), anxiety,
> and depression both before and after his employment with WWE ended.
> These symptoms have been chronic since the time of their inception in
> approximately 2007.   Plaintiff presently recalls being treated by those
> doctors identified *supra* for these symptoms with the exception of Dr.
> Ferdinand Rios.  Pursuant to Rule 33(d), Plaintiff refers WWE to the medical
> records he is producing in this matter.

**Interrogatory No. 7:**  Identify all communications You had with WWE after Your
contractual relationship ended regarding Your health or medical condition, including

the date of each communication, the person(s) communicated with, and the substance of each communication.

     **Response**: *See* General Objections 5, 6, & 8.

     Subject to and without waiving these objections, Plaintiff states that he has spoken to John Laurinaitis, Bill DeMott, and Bruce Prichard following his employment with WWE to discuss potential employment with WWE as a trainer.  Plaintiff believes that his health may have been one topic of discussion, but he cannot presently recall the exact dates or statements made during these conversations. Plaintiff also refers WWE to his responses to Interrogatory Nos. 2 and 5.

**Interrogatory No. 8:**  Identify all instances where You received concussive or sub-concussive blows while engaged in activities other than performing for WWE including, but not limited to, when performing for other wrestling promotions, or doing mixed martial arts, or while in the military.

     **Response**: *See* General Objection 7, & 8.

     Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and is not related to the limited discovery permitted and enumerated in Court's January 15, 2016 Order.

**Interrogatory No. 9:**  Identify the locale of the match referenced in ¶ 134 of the Second Amended Complaint where You struck Your head against concrete steps.

     **Response**: Upon information and belief, the match referenced in paragraph 134 of the Second Amended Complaint is believed to have occurred during

a Smackdown matchup with William Regal filmed on October 10, 2006 in Jacksonville, Florida at Veterans Memorial Arena.  The matchup aired on October 13, 2006, and Plaintiff hit his head against the ring-side steps, which may have been made of metal rather than concrete.

**Interrogatory No. 10:** Identify all experts You intend to rely upon to raise issues of fact regarding any of the three issues set forth in the Court's order of January 15, 2016 and the subject matter and basis for all testimony to be offered by such experts.

>    **Response:**  *See* General Objections 2, 3, & 8.

>    Plaintiff objects to this Interrogatory as it is premature and seeks the current mental impressions of Plaintiff's attorneys as well as the premature disclosure of experts and expert information.

**Interrogatory No. 11:** Identify each and every "deceptive public statement [ ] and published article [ ]" of or by WWE which You contend "downplayed known long-term health risks of concussions to Plaintiff[s]", as alleged in ¶¶ 222 & 230 of the Second Amended Complaint.

>    **Response:**  *See* General Objections 3 & 8.

>    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

>        As stated in Plaintiff's Second Amended Complaint, WWE publicly attacked findings that an NFL player's suicide was attributable to head injuries and that WWE wrestler Chris Benoit suffered from severe concussion-related symptoms.  SAC ¶¶ 68-69.  WWE's Chief Brand Officer Stephanie Levesque testified before the United States House of Representatives Committee on Oversight and Government Reform that

there were no documented concussions during WWE's matches.  SAC ¶ 64. And during an appearance on the NFL Network in March 2015, Dr. Maroon stated, "The problem of CTE, although real, is its being over-exaggerated.'" SAC ¶ 55.

In 2007, WWE wrestler Shawn Michaels suffered what WWE described as a "severe concussion" during a match with Randy Orton. Despite acknowledging that this was a serious injury, WWE suggested in its article publicizing the match's outcome that Mr. Michaels might continue wrestling.  It also discussed Mr. Michaels's long history of head injuries, glorified his "decisions" to return to the ring after each one, and highlighted scripted matches in which "opponents" targeted Mr. Michaels's head specifically because of his existing head injuries.

Plaintiff also refers WWE to the publications served on March 21, 2016 in response to WWE's First Set of Requests for Production.

**Interrogatory No. 12:** Identify everything You contend was done by WWE to discredit the studies in ¶ 66 of the Second Amended Complaint, as alleged in ¶ 67 of the Second Amended Complaint, including in Your answer when and how You first learned of each act or statement identified.

**Response**:  *See* General Objections 3 & 8.

Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory No. 11.

**Interrogatory No. 13:** Identify all persons employed by WWE who You contend "actively" misrepresented facts or "repeatedly made material misrepresentations" to You about the lack of evidence linking concussions to CTE, as alleged in ¶¶ 154, 156,

166, & 168 of the Second Amended Complaint, including in Your answer the date, place, and substance of each material misrepresentation made to You.

**Response:**   *See* General Objections 3 & 8.

Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.

Subject to and without waiving the foregoing objections, Mr. LoGrasso was repeatedly told by WWE employee Bill Dumott that the injuries he suffered were part of "paying his dues." These statements occurred regularly during training sessions with Mr. Dumott.In addition, Mr. LoGrasso was treated by Dr. Rios, who simply administered B-12 shots when he suffered head injuries and allowed Mr. LoGrasso to return to the ring. Dr. Rios never advised Mr. LoGrasso of the long-term risks of these head injuries.

**Interrogatory No. 14:** Identify in detail who at WWE specifically stated "that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE," as alleged in ¶¶ 178 & 185 of the Second Amended Complaint, including in Your answer the date, place and persons making such a statement and how and when such statements first came to Your attention.

**Response:**   *See* General Objections 3 & 8.

Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory Nos. 11 and 13.

**Interrogatory No. 15:** Identify in detail who at WWE criticized "the legitimate scientific studies," as alleged in ¶¶ 193 & 208 of the Second Amended Complaint, including in

Your answer the date, place, and person(s) rendering the criticism, and how and when the criticism first came to Your attention.

      <u>Response</u>:   *See* General Objections 3 & 8.

      Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory Nos. 11 and 13.

<u>Interrogatory No. 16:</u> Identify all alleged omissions or misrepresentations made by WWE to You, and for each alleged omission or misrepresentation, (a) detail the specific statement or omission; (b) identify the speaker of the statement or person responsible for the omission; (c) state where and when the statement was made or the context of the omission, and the manner in which it misled you; and (d) explain why the statement or omission was fraudulent or negligent.

      <u>Response</u>:   *See* General Objections 3 & 8.

      Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss. Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory Nos. 11 and 13.

**SPECIFIC OBJECTIONS AND RESPONSES TO**
**SECOND SET OF INTERROGATORIES**

**Interrogatory No. 1:**   **State whether You contend that You were an employee and not an independent contractor of WWE and, if so, state all facts that and bases for Your contention.**

>**Response:**   *See* **General Objections 2, 3, 4, 7 & 8.**
>
>**Plaintiff further objects because this calls for a legal analysis and/or mental impressions of Plaintiff's counsel and is also a premature contention Interrogatory.  Subject to and without waiving these objections, Plaintiff states that WWE controlled all aspects of his performances while at WWE; the outcome, place, and location of the matches; and who his opponents would be.  WWE provided referees, constructed the ring, and directed and controlled the safety of the moves performed.**

Dated:  March 30, 2016                    Respectfully Submitted,

                                          _s/ Michael J. Flannery_____
                                          Michael J. Flannery
                                          CUNEO GILBERT & LADUCA, LLP
                                          7733 Forsyth Boulevard, Suite 1675
                                          St. Louis, MO  63105
                                          Telephone:      (314) 226-1015
                                          Facsimile: (202) 789-1813
                                          mflannery@cuneolaw.com

                                          Konstantine W. Kyros
                                          KYROS LAW OFFICES
                                          17 Miles Rd.
                                          Hingham, MA 02043
                                          Telephone: (800) 934-2921
                                          Facsimile: 617-583-1905
                                          kon@kyroslaw.com

                                          Charles J. LaDuca
                                          CUNEO GILBERT & LADUCA, LLP
                                          8120 Woodmont Avenue, Suite 810
                                          Bethesda, MD 20814
                                          Telephone: (202) 789-3960
                                          Facsimile: (202) 789-1813
                                          charles@cuneolaw.com

                                          William M. Bloss
                                          Federal Bar No: CT01008
                                          KOSKOFF, KOSKOFF & BIEDER
                                          350 Fairfield Avenue
                                          Bridgeport, CT 06604
                                          Telephone: 203-336-4421
                                          Facsimile: 203-368-3244

                                          Robert K. Shelquist
                                          Scott Moriarity
                                          LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                          100 Washington Ave., S., Suite 2200
                                          Minneapolis, MN 55401-2179
                                          Telephone: (612) 339-6900
                                          Facsimile: (612) 339-0981
                                          rkshelquist@locklaw.com
                                          samoriarity@locklaw.com

                                          Harris L. Pogust, Esquire
                                          Pogust Braslow & Millrood,LLC

**Eight Tower Bridge**
**161 Washington Street Suite 940**
**Conshohocken, PA 19428**
**Telephone: (610) 941-4204**
**Facsimile: (610) 941-4245**
**hpogust@pbmattorneys.com**

**Erica Mirabella**
**CT Fed. Bar #: phv07432**
**MIRABELLA LAW LLC**
**132 Boylston Street, 5th Floor**
**Boston, MA 02116**
**Telephone: 617-580-8270**
**Facsimile: 617-580-8270**
**Erica@mirabellaLLC.com**

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2016, a copy of foregoing PLAINTIFF VITO LOGRASSO'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST AND SECOND SET OF INTERROGATORIES was served in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

Jeffrey Mueller, Esquire
Day Pitney
242 Trumbull Street
Hartford, CT 06103-1212

Jerry S. McDevitt, Esquire
K&L Gates
210 Sixth Avenue
Pittsburgh, PA 15222-2613

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

*s/ Michael J. Flannery*
Michael J. Flannery

## VERIFICATION

I, Vito Lograsso, being duly sworn, hereby verify that I have reviewed the above Supplemental Objections and Responses to WWE's First Set of Interrogatories and Requests for Production, and they are true, accurate, and complete to the best of my knowledge.

Date: 3/30/16

Vito Lograsso