# Exhibit 1

**From:** Katie Van Dyck <kvandyck@cuneolaw.com>
**Date:** June 15, 2016 at 11:46:33 PM EDT
**To:** "McDevitt, Jerry" <Jerry.McDevitt@klgates.com>, "Mueller, Jeff" <jmueller@daypitney.com>, "Krasik, Curtis B. (Curtis.Krasik@klgates.com)" <Curtis.Krasik@klgates.com>
**Cc:** "Andrew Sciolla (asciolla@pbmattorneys.com)" <asciolla@pbmattorneys.com>, "Anthony Norris (anorris@kyroslaw.com)" <anorris@kyroslaw.com>, Bill Bloss <BBloss@KOSKOFF.com>, Charles LaDuca <charles@cuneolaw.com>, Erica Mirabella <erica@mirabellallc.com>, "Harris L. Pogust" <hpogust@pbmattorneys.com>, Konstantine Kyros <kon@kyroslaw.com>, Michael Flannery <mflannery@cuneolaw.com>, "Peterson, Rebecca A." <rapeterson@locklaw.com>, "Robert K. Shelquist (rkshelquist@locklaw.com)" <rkshelquist@locklaw.com>, Clint Woods <cwoods@audetlaw.com>
**Subject: Singleton & LoGrasso v. WWE**

Counsel,

In accordance with the Court's order on WWE's motion to compel, I am attaching Plaintiffs' second supplemental responses to WWE's first set of interrogatories. We have no additional responsive documents, privileged or otherwise, given the restrictions of the Court's order.

Regards,

Katie

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO,<br><br>   Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>   Defendant | Lead Case No. 3:15-cv-1074-VLB |

**PLAINTIFF EVAN SINGLETON'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S <u>FIRST SET OF INTERROGATORIES</u>**

  Plaintiff Evan Singleton ("Plaintiff"), hereby submits the following second supplemental objections and responses to Defendant World Wrestling Entertainment Inc.'s ("WWE") First and Second Set of Interrogatories Directed to Plaintiff Evan Singleton under verification pursuant to the Federal Rules of Civil Procedure. Plaintiff incorporates by reference the general and specific objections set forth in his initial and first supplemental responses and is limiting his responses to information that is "relevant to the question of Plaintiffs' knowledge of TBI." Plaintiff reserves the right to alter, supplement, or modify his responses based upon the discovery of additional facts, documents, witnesses, and information, in accordance with Federal Rule of Procedure 26(e).

<b>SPECIFIC RESPONSES AND OBJECTIONS TO<br><u>FIRST SET OF INTERROGATORIES</u></b>

**<u>Interrogatory No. 12.</u>:** Identify each and every "deceptive public statement [ ] and published article [ ]" of or by WWE which You contend "downplayed known long-

1

term health risks of concussions to Plaintiff[s]", as alleged in ¶¶ 222 & 230 of the Second Amended Complaint.

> Response: Subject to the objections already made and in addition to the deceptive public statements and published articles identified by Plaintiff in his initial and supplemental interrogatory responses, Plaintiff responds that Dr. Maroon's presentations, which Plaintiff continues to deny attending or otherwise viewing, downplayed the risks of concussions to WWE's wrestlers, and Dr. Maroon's public statements relating to concussions, CTE, and long-term health risks of concussions downplayed the risks to Plaintiff. Further, Christopher Nowinski's public statements regarding how effective WWE's ImPACT Testing is at monitoring and treating wrestlers downplayed the risks that Plaintiff faced and continues to face. Both Stephanie McMahon's Congressional testimony stating her unawareness of concussions in WWE wrestlers and Vince McMahon's Congressional testimony downplayed known long-term health risks of concussions to Plaintiffs. Plaintiff also refers WWE to the publications served on March 21, 2016 in response to WWE's First Set of Requests for Production; Christopher Nowinski's published book, Head Games; and Mr. Nowinski's public statements and presentations to WWE wrestlers that further downplayed the known long-term health risks of concussions to Plaintiff.

**Interrogatory No. 13.** Identify everything You contend was done by WWE to discredit the studies in ¶ 66 of the Second Amended Complaint, as alleged in ¶ 67

of the Second Amended Complaint, including in Your answer when and how You first learned of each act or statement identified.

> **Response**: Subject to objections already made and in addition to the information already set forth in Plaintiff's initial and supplemental responses, Plaintiff has no specific information relevant to this Interrogatory and has no recollections of the specific instances when WWE discredited the studies, as WWE never informed Plaintiff of the relevance of the studies to the injuries he suffered and the long-term risks he now knows he faces as a result. Plaintiff also refers WWE to his response to Interrogatory No. 12 and further states that he relied on WWE to inform him of any information related to how his wrestling career with WWE might impact his short-term and long-term health, and WWE specifically omitted this information when misrepresenting the risks associated with WWE wrestling to Plaintiff.

**Interrogatory No. 15.**: Identify in detail who at WWE specifically stated "that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE," as alleged in ¶¶ 178 & 185 of the Second Amended Complaint, including in Your answer the date, place and persons making such a statement and how and when such statements first came to Your attention.

> **Response**: Subject to objections already made and in addition to the information already set forth in Plaintiff's initial and supplemental responses, Plaintiff has no specific information relevant to this Interrogatory. However, in the previously recorded presentations served on Plaintiff by WWE as part of discovery in this matter, Bill Demott, Dr. Joseph

>  Maroon, Chris Nowinski, Stephanie McMahon, and the other presenters each significantly downplayed the long-term risks of concussive and sub-concussive blows, particularly the risks faced by WWE wrestlers in both the main and developmental rosters.

**Interrogatory No. 16**: Identify in detail who at WWE criticized "the legitimate scientific studies," as alleged in ¶¶ 193 & 208 of the Second Amended Complaint, including in Your answer the date, place, and person(s) rendering the criticism, and how and when the criticism first came to Your attention.

> **Response**: Subject to objections already made, in addition to the information already set forth in Plaintiff's initial and supplemental responses, and consistent with the Court's May 19, 2016 Order, Plaintiff is limiting his response to where Plaintiff can identify a statement or speaker in response to this interrogatory. Subject to the foregoing, Plaintiff states that he has no recollection of a specific person who downplayed the legitimate scientific studies, as WWE failed to relate the studies to Plaintiff and inform him of the risks promoted by the scientific studies which would indicate Plaintiffs' injuries.

**Interrogatory No. 17.:** Identify all alleged omissions or misrepresentations made by WWE to You, and for each alleged omission or misrepresentation, (a) detail the specific statement or omission; (b) identify the speaker of the statement or person responsible for the omission; (c) state where and when the statement was made or the context of the omission, and the manner in which it misled you; and (d) explain why the statement or omission was fraudulent or negligent.

4

**Response**: Subject to objections already made and in addition to the information already set forth in Plaintiff's initial and supplemental responses, Plaintiff responds that WWE has made numerous omissions or representations to him during his career with WWE, particularly representations that WWE would provide medical care and treatment for in-ring injuries, a WWE-endorsed statement that was reiterated in WWE's 30(b)(6) deposition, that WWE maintained injury reports and monitored its wrestlers' health, safety and performance, and would prevent Plaintiffs from wrestling if injured. Plaintiff was misled by the failure of WWE to affirmatively state that WWE would not provide care and treatment for in-ring injuries if those injuries were long-term, that WWE did not monitor its wrestlers' health and safety, and by clearing Mr. Singleton to return to the wrestling ring.

Plaintiff further responds that WWE, through agents such as Bill DeMott, encouraged him to wrestle after suffering a head injury and failed to correctly warn him of the risk of increased injury and failed to inform him that, by continuing to wrestle after suffering a head injury and returning to the ring before the brain had healed, he would suffer increased injuries and long-term risks of degenerative neurological conditions resulting from the repetitive blows to the head. Bill Demott failed to inform Plaintiff of the evidence linking concussions to CTE. Finally, WWE failed to educate Mr. Singleton, a member of its developmental roster, in the same manner it educated the more prominent main wrestler rosters. Specifically, Mr.

5

**Singleton does remember attending or otherwise viewing the various presentations made by Dr. Maroon to WWE's main roster regarding concussions.**

Dated:  June 15, 2016                              Respectfully Submitted,

<u>*s/ Konstantine Kyros*</u>
**Konstantine W. Kyros**
**KYROS LAW OFFICES**
**17 Miles Rd.**
**Hingham, MA 02043**
**Telephone: (800) 934-2921**
**Facsimile: 617-583-1905**
**kon@kyroslaw.com**

**Charles J. LaDuca**
**CUNEO GILBERT & LADUCA, LLP**
**8120 Woodmont Avenue, Suite 810**
**Bethesda, MD 20814**
**Telephone: (202) 789-3960**
**Facsimile: (202) 789-1813**
**charles@cuneolaw.com**

**Michael J. Flannery**
**CUNEO GILBERT & LADUCA, LLP**
**7733 Forsyth Boulevard, Suite 1675**
**St. Louis, MO  63105**
**Telephone:      (314) 226-1015**
**Facsimile: (202) 789-1813**
**mflannery@cuneolaw.com**

**William M. Bloss**
**Federal Bar No: CT01008**
**KOSKOFF, KOSKOFF & BIEDER**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Telephone: 203-336-4421**
**Facsimile: 203-368-3244**

**Robert K. Shelquist**
**Scott Moriarity**
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust, Esquire
Pogust Braslow & Millrood,LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
hpogust@pbmattorneys.com

Erica Mirabella
CT Fed. Bar #: phv07432
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 617-580-8270
Facsimile: 617-580-8270
Erica@mirabellaLLC.com

*Attorneys for Plaintiffs*


# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2015, a copy of foregoing SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST SET OF INTERROGATORIES was served in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

Jeffrey Mueller, Esquire
Day Pitney
242 Trumbull Street
Hartford, CT 06103-1212

    **Jerry S. McDevitt, Esquire**
    **K&L Gates**
    **210 Sixth Avenue**
    **Pittsburgh, PA 15222-2613**

**I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.**

                                          *s/ Katherine Van Dyck*
                                          **Katherine Van Dyck**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO,<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>    Defendant | Lead Case No. 3:15-cv-1074-VLB |

**PLAINTIFF VITO LOGRASSO'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S <u>FIRST SET OF INTERROGATORIES</u>**

Plaintiff Vito Lograsso ("Plaintiff"), hereby submits the following second supplemental objections and responses to Defendant World Wrestling Entertainment Inc.'s ("WWE") First and Second Set of Interrogatories Directed to Plaintiff Vito Lograsso under verification pursuant to the Federal Rules of Civil Procedure. Plaintiff incorporates by reference the general and specific objections set forth in his initial and first supplemental responses and is limiting his responses to information that is "relevant to the question of Plaintiffs' knowledge of TBI." Plaintiff reserves the right to alter, supplement, or modify his responses based upon the discovery of additional facts, documents, witnesses, and information, in accordance with Federal Rule of Procedure 26(e).

**<u>SPECIFIC RESPONSES AND OBJECTIONS TO<br>FIRST SET OF INTERROGATORIES</u>**

**<u>Interrogatory No. 6.</u>:** Identify all symptoms You have experienced since Your relationship with WWE ended which You contend are associated with TBI sustained while performing for WWE, including the date of onset of the symptoms,

1

the length of the symptoms, and the identity of all health care providers who examined or treated You for such symptoms.

> **Response:** Subject to the objections already made and in addition to the information already set forth in Plaintiff's initial and supplemental responses, Plaintiff states that he presently recalls having suffered from severe headaches, hearing loss, post-concussion syndrome, memory problems, disorientation, loss of concentration, confusion, trouble sleeping, sleep apnea, Temporomandibular Joint Disorder (TMJD), anxiety, and depression both before and after his employment with WWE ended. These symptoms have been chronic since their inception in approximately 2007. Plaintiff presently recalls being treated by those doctors already identified, with the exception of Dr. Ferdinand Rios. Pursuant to Rule 33(d), Plaintiff refers WWE to the medical records already produced in this matter.

**Interrogatory No. 11:** Identify each and every "deceptive public statement [ ] and published article [ ]" of or by WWE which You contend "downplayed known long-term health risks of concussions to Plaintiff[s]", as alleged in ¶¶ 222 & 230 of the Second Amended Complaint.

> **Response:** Subject to the objections already made and in addition to the information already provided in Plaintiff's initial and supplemental responses, Plaintiff refers WWE to the publications served on March 21, 2016 in response to WWE's First Set of Requests for Production; Dr. Maroon's public statements regarding the risks of concussions and CTE in professional sports; Christopher Nowinski's published book, Head Games;

and Mr. Nowinski's public statements favorably discussing WWE's policies and protocols in treating its wrestlers, and the McMahons' Congressional testimony.

Additionally, Plaintiff refers WWE to the statements by Christopher Nowinski during his employment with WWE on November 9, 2006 to PW Insider, *available at* http://www.pwinsider.com/ViewArticle.php?id=21346&p=1, and from September 2006 with Inside Pulse, *available at* http://insidepulse.com/2006/09/01/50689/.

**Interrogatory No. 12:** Identify everything You contend was done by WWE to discredit the studies in ¶ 66 of the Second Amended Complaint, as alleged in ¶ 67 of the Second Amended Complaint, including in Your answer when and how You first learned of each act or statement identified.

**Response:** Subject to objections already made and in addition to the information already set forth in Plaintiff's initial and supplemental responses, Plaintiff refers WWE to its response to Interrogatory No. 11. Further, Plaintiff states that WWE never discussed the importance or relevance of the studies to his career or his short- and long-term health.

**Interrogatory No. 14.:** Identify in detail who at WWE specifically stated "that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE," as alleged in ¶¶ 178 & 185 of the Second Amended Complaint, including in Your answer the date, place and persons making such a statement and how and when such statements first came to Your attention.

3

**Response:** Subject to objections already made and in addition to the information already set forth in Plaintiff's initial and supplemental responses, Plaintiff refers WWE to the publications served on March 21, 2016 in response to WWE's First Set of Requests for Production; Dr. Maroon's public statements regarding the risks of concussions and CTE in professional sports; Christopher Nowinski's published book, <u>Head Games</u>; Mr. Nowinski's public statements favorably discussing WWE's policies and protocols in treating its wrestlers; and the McMahons' Congressional testimony.

Additionally, Plaintiff was repeatedly told by WWE employee Bill DeMott that the injuries he suffered were part of "paying his dues." These statements occurred regularly during training sessions with Mr. DeMott. In addition, Plaintiff was treated by Dr. Rios, who simply administered B-12 shots when he suffered head injuries and allowed Plaintiff to return to the ring. Dr. Rios never advised Plaintiff of the long-term risks of these head injuries. By not treating Plaintiff's head injuries, Plaintiff was not informed of the connection between wrestling and his long-term injuries.

**Interrogatory No. 15.:** Identify in detail who at WWE criticized "the legitimate scientific studies," as alleged in ¶¶ 193 & 208 of the Second Amended Complaint, including in Page 13 of 17 Your answer the date, place, and person(s) rendering the criticism, and how and when the criticism first came to Your attention.

**Response:** Subject to objections already made, in addition to the information already set forth in Plaintiff's initial and supplemental responses, and

4

consistent with the Court's May 19, 2016 Order, Plaintiff is limiting his response to where Plaintiff can identify a statement or speaker in response to this interrogatory. Plaintiff refers WWE to his response to Interrogatory No. 14.

**Interrogatory No. 16.:** Identify all alleged omissions or misrepresentations made by WWE to You, and for each alleged omission or misrepresentation, (a) detail the specific statement or omission; (b) identify the speaker of the statement or person responsible for the omission; (c) state where and when the statement was made or the context of the omission, and the manner in which it misled you; and (d) explain why the statement or omission was fraudulent or negligent.

**Response:** Subject to objections already made and in addition to the information already set forth in Plaintiff's initial and supplemental responses Plaintiff refers WWE to its response to Interrogatory Nos. 11, 13, and 14.

Plaintiff further responds that WWE has made numerous omissions or representations to him during his WWE career, particularly representations that WWE would provide medical care and treatment for in-ring injuries, a WWE-endorsed statement that was reiterated in WWE's 30(b)(6) deposition, that WWE maintained injury reports and monitored its wrestlers' health, safety and performance, and would prevent Plaintiff from wrestling if injured. Plaintiff was misled by WWE's failure to affirmatively state that it would not provide care and treatment for in-ring injuries if those injuries were long-term; that WWE did not monitor its wrestlers' health and safety, particularly through re-evaluations of Plaintiff's baseline and ongoing injuries; and by

5

failing to properly evaluate Plaintiff prior to his return to the ring after being injured.

Plaintiff further responds that WWE encouraged him to wrestle after suffering head injuries, failed to adequately warn him of the risk of increased injury, and failed to warn him that, by continuing to wrestle after suffering a head injury and returning to the ring before his brain had healed, he would suffer increased injuries and face long-term risks of degenerative neurological conditions resulting from the repetitive blows to the head.

Additionally, Plaintiff states that WWE misrepresented its ongoing duties to the Plaintiff, who believed that WWE continued to monitor his health and safety through ongoing research into the injuries suffered by its wrestlers' in-ring, and through the public statements that WWE made pledging support to its wrestlers. The Wellness Program letters provided to Plaintiff led him to believe that WWE had concern for former wrestlers' health and well being. Plaintiff also states he was told by Nicole D'orazio that both house show and injury reports were maintained by WWE.

Dated:  June 15, 2016                         Respectfully Submitted,

*s/ Konstantine Kyros*
Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Rd.
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP

6

8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com

Michael J. Flannery
**CUNEO GILBERT & LADUCA, LLP**
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO  63105
Telephone:      (314) 226-1015
Facsimile: (202) 789-1813
mflannery@cuneolaw.com

William M. Bloss
Federal Bar No: CT01008
**KOSKOFF, KOSKOFF & BIEDER**
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244

Robert K. Shelquist
Scott Moriarity
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust, Esquire
Pogust Braslow & Millrood,LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
hpogust@pbmattorneys.com

Erica Mirabella
CT Fed. Bar #: phv07432
**MIRABELLA LAW LLC**
132 Boylston Street, 5th Floor
Boston, MA 02116

7

        Telephone: 617-580-8270
        Facsimile: 617-580-8270
        Erica@mirabellaLLC.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2015, a copy of foregoing **SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST SET OF INTERROGATORIES** was served in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

Jeffrey Mueller, Esquire
Day Pitney
242 Trumbull Street
Hartford, CT 06103-1212

Jerry S. McDevitt, Esquire
K&L Gates
210 Sixth Avenue
Pittsburgh, PA 15222-2613

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

        *s/ Katherine Van Dyck*
        **Katherine Van Dyck**