# Exhibit 3

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated,**<br><br>                              **Plaintiffs,**<br><br>**vs.**<br><br>**WORLD WRESTLING ENTERTAINMENT, INC.,**<br><br>                              **Defendant.** | **LEAD CONSOLIDATED CASE NO. 3:15-cv-01074-VLB**<br><br><br><br><br>**JANUARY 27, 2016** |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
FIRST SET OF INTERROGATORIES DIRECTED
<u>TO PLAINTIFF VITO LOGRASSO</u>**

        Defendant World Wrestling Entertainment, Inc. ("WWE") hereby propounds the following First Set of Interrogatories (the "Interrogatories") to Plaintiff Vito LoGrasso ("LoGrasso") to be answered in writing within thirty (30) days of service hereof.  The following definitions and instructions apply to these Interrogatories in addition to the obligations set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure.

<u>**DEFINITIONS**</u>

        A.    **"WWE" shall refer to World Wrestling Entertainment, Inc., and any officer, director, employee, associate, agent, predecessor, successor or affiliate thereof.**

        B.    **"You" or "Your" shall refer to Plaintiff Vito LoGrasso.**

        C.    **"Singleton" shall refer to Plaintiff Evan Singleton.**

**D.**     "LoGrasso" shall refer to Plaintiff Vito LoGrasso.

**E.**     "Second Amended Complaint" and/or "SAC" shall refer to the Second Amended Complaint Plaintiffs filed in this consolidated action on June 15, 2015 (*Singleton/LoGrasso* Dkt. 72).

**F.**     "CTE" shall mean Chronic Traumatic Encephalopathy.

**G.**      "Injury" or "injuries" or "damage" shall mean any illness, disease, condition, harm, loss, or matter for which You seek compensation in this lawsuit.

**H.**     "TBI" shall mean Traumatic Brain Injury.

**I.**     The terms "Communication," "Document," "Identify" (with respect to persons), "Identify" (with respect to documents or electronically stored information), "Person" and "Concerning" shall have the definitions set forth in Rule 26(c) of the Local Rules of Civil Procedure for the District of Connecticut.

**J.**     The term "describe" or "describe the facts and circumstances" of an act, event, or occurrence shall mean to state the substance of each act, event, or occurrence, state when and where it occurred, identify all persons with the most knowledge thereof, identify each person participating therein and the extent of each person's participation, and identify each document which refers or relates thereto.

**K.**     The term "including" shall mean "including without limitation."

**L.**     The terms "relate", "refer", "reflect" and any forms thereof shall be construed in the broadest sense to mean constituting, reflecting, representing, supporting, contradicting, referring to, relevant to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, or

evaluating.  As indicated, the terms necessarily include information that is in opposition as well as in support of your position(s) and claim(s) in this action.

M.      The rules of construction set forth in Rule 26(d) of the Local Rules of Civil Procedure for the District of Connecticut shall apply to these Requests.

## INSTRUCTIONS

1.      With respect to each of the following interrogatories, unless otherwise stated in a particular interrogatory, the information sought is that which is current to the date of Your answer thereto.  Furthermore, these interrogatories are of a continuing nature.  You are required to serve supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2.      Answers are to be provided by You under oath.

3.      With respect to the answer to each interrogatory or subpart, thereof, identify the source of the information given therein, with as much particularity as is reasonably possible, including, without limitation, the nature, designation, and location of any files that contain such information and the custodian of the files, and identify each document which supports, in whole or in part, the answer to each interrogatory.

4.      If You object to any Interrogatory, or any subparagraph or subpart of any Interrogatory, on the basis of privilege (attorney-client communications, work product or any other alleged privilege), for each objection state:

        (a)      the date and place of the communication and/or document;

(b)     the identity of each person who was present at or who participated in such communication or the author(s) and recipient(s) of the document;

(c)     the type of communication;

(d)     the general subject matter of the communication or document;

(e)     the Interrogatory seeking the communication or document; and

(f)     the nature of the privilege or other reason for not producing the communication or document.

5.     If You elect to avail yourself of the procedure for answering interrogatories authorized by Rule 33(d) of the Federal Rules of Civil Procedure, for each interrogatory and subpart thereof, specify the particular documents responsive to that specific interrogatory and subpart thereof and, for each document, specify its source (i.e., from whose and what files it was taken), and its author, recipients, and the date of the preparation, if not apparent from the face of the document.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all of the dates on which You claim to have suffered a TBI while You performed for WWE or any other wrestling organization, the persons involved in any matches in which each such injury occurred, the location or venue where each such injury occurred, and how each such injury occurred.

### Response

**INTERROGATORY NO. 2**

**Identify and describe in detail all treatment You sought for each TBI identified in Interrogatory No. 1, including, who You sought treatment from, the date You sought treatment, and the treatment prescribed to You.  If You did not seek treatment for a TBI identified in Interrogatory No. 1, please set forth in detail Your reasons for failing to seek treatment.**

**Response**

**INTERROGATORY NO. 3**

**Identify all health care providers who have examined or treated You since You began Your career as a professional wrestler.**

**Response**

**INTERROGATORY NO. 4**

**Identify all policies of insurance You have obtained providing medical or health care coverage, including, but not limited to, any policy You obtained pursuant to Section 9.12(a) and (d) of the Booking Contract You signed with WWE on or about June 17, 2005.**

**Response**

**INTERROGATORY NO. 5**

**Identify and describe in detail each medical treatment that You received from WWE or WWE's Talent Wellness Program, including, who provided each treatment, the date(s) of each treatment, and a detailed description of each treatment.**

**Response**

**INTERROGATORY NO. 6**

**Identify all symptoms You have experienced since Your relationship with WWE ended which You contend are associated with TBI sustained while performing for WWE, including the date of onset of the symptoms, the length of the symptoms, and the identity of all health care providers who examined or treated You for such symptoms.**

**Response**

**INTERROGATORY NO. 7**

**Identify all communications You had with WWE after Your contractual relationship ended regarding Your health or medical condition, including the date**

of each communication, the person(s) communicated with, and the substance of each communication.

**Response**

**INTERROGATORY NO. 8**

Identify all instances where You received concussive or sub-concussive blows while engaged in activities other than performing for WWE including, but not limited to, when performing for other wrestling promotions, or doing mixed martial arts, or while in the military.

**Response**

**INTERROGATORY NO. 9**

Identify the locale of the match referenced in ¶ 134 of the Second Amended Complaint where You struck Your head against concrete steps.

**Response**

**INTERROGATORY NO. 10**

Identify all experts You intend to rely upon to raise issues of fact regarding any of the three issues set forth in the Court's order of January 15, 2016 and the subject matter and basis for all testimony to be offered by such experts.

**Response**

**INTERROGATORY NO. 11**

Identify each and every "deceptive public statement[ ] and published article[ ]" of or by WWE which You contend "downplayed known long-term health risks of concussions to Plaintiff[s]", as alleged in ¶¶ 222 & 230 of the Second Amended Complaint.

**Response**

**INTERROGATORY NO. 12**

Identify everything You contend was done by WWE to discredit the studies in ¶ 66 of the Second Amended Complaint, as alleged in ¶ 67 of the Second Amended Complaint, including in Your answer when and how You first learned of each act or statement identified.

**Response**

**INTERROGATORY NO. 13**

Identify all persons employed by WWE who You contend "actively" misrepresented facts or "repeatedly made material misrepresentations" to You about the lack of evidence linking concussions to CTE, as alleged in ¶¶ 154, 156,

166, & 168 of the Second Amended Complaint, including in Your answer the date, place, and substance of each material misrepresentation made to You.

**Response**

## INTERROGATORY NO. 14

Identify in detail who at WWE specifically stated "that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE," as alleged in ¶¶ 178 & 185 of the Second Amended Complaint, including in Your answer the date, place and persons making such a statement and how and when such statements first came to Your attention.

**Response**

## INTERROGATORY NO. 15

Identify in detail who at WWE criticized "the legitimate scientific studies," as alleged in ¶¶ 193 & 208 of the Second Amended Complaint, including in Your answer the date, place and person(s) rendering the criticism, and how and when the criticism first came to Your attention.

**Response**

**INTERROGATORY NO. 16**

**Identify all alleged omissions or misrepresentations made by WWE to You, and for each alleged omission or misrepresentation, (a) detail the specific statement or omission; (b) identify the speaker of the statement or person responsible for the omission; (c) state where and when the statement was made or the context of the omission, and the manner in which it misled you; and (d) explain why the statement or omission was fraudulent or negligent.**

**Response**

 

 

**Respectfully Submitted,**

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.**

By:   /s/ Jerry S. McDevitt
**Jerry S. McDevitt (pro hac vice)**
**Terry Budd (pro hac vice)**
**Curtis B. Krasik (pro hac vice)**
**K&L GATES LLP**
**K&L Gates Center**
**210 Sixth Avenue**
**Pittsburgh, PA 15222**
**Phone: (412) 355-6500**
**Fax: (412) 355-6501**
**Email: jerry.mcdevitt@klgates.com**
**Email: terry.budd@klgates.com**
**Email: curtis.krasik@klgates.com**

**Thomas D. Goldberg (ct04386)**
**Jonathan B. Tropp (ct11295)**
**Jeffrey P. Mueller (ct27870)**
**DAY PITNEY LLP**

**242 Trumbull Street**
**Hartford, CT 06103**
**Phone: (860) 275-0100**
**Fax: (860) 275-0343**
**Email: tgoldberg@daypitney.com**
**Email: jbtropp@daypitney.com**
**Email: jmueller@daypitney.com**

**Its Attorneys.**

## VERIFICATION

I, Vito LoGrasso, being duly sworn, hereby verify that I have reviewed the above responses to WWE's First Set of Interrogatories and they are true, accurate, and complete.

_____
**Vito LoGrasso**

<u>**CERTIFICATION OF SERVICE**</u>

      **I hereby certify that, on January 27, 2016, a copy of foregoing was served on the following counsel of record via email and regular mail.**

**William M. Bloss**
**KOSKOFF KOSKOFF & BIEDER**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Telephone: 203-336-4421**
**Facsimile: 203-368-3244**
**bbloss@koskoff.com**

**Charles J. LaDuca**
**Brendan Thompson**
**CUNEO GILBERT & LADUCA, LLP**
**8120 Woodmont Avenue, Suite 810**
**Bethesda, MD 20814**
**Telephone: (202) 789-3960**
**Facsimile: (202) 789-1813**
**charles@cuneolaw.com**
**brendant@cuneolaw.com**

**Konstantine W. Kyros**
**KYROS LAW OFFICES**
**17 Miles Rd.**
**Hingham, MA 02043**
**Telephone: (800) 934-2921**
**Facsimile: 617-583-1905**
**kon@kyroslaw.com**

**Erica Mirabella**
**MIRABELLA LAW LLC**
**132 Boylston Street, 5th Floor**
**Boston, MA 02116**
**Telephone: 617-580-8270**
**Facsimile: 617-580-8270**
**Erica@mirablleaLLC.com**

**Robert K. Shelquist**
**Scott Moriarity**
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
**100 Washington Ave., S., Suite 2200**
**Minneapolis, MN 55401-2179**
**Telephone: (612) 339-6900**
**Facsimile: (612) 339-0981**
**rkshelquist@locklaw.com**
**samoriarity@locklaw.com**

**Harris L. Pogust**
**POGUST BRASLOW & MILROOD LLC**
**Eight Tower Bridge**
**161 Washington Street Suite 940**
**Conshohocken, PA 19428**
**Telephone: 610-941-4204**
**Facsimile: 610-941-4245**
**hpogust@pbmattorneys.com**

        */s/ Jeffrey P. Mueller*_____
        **Jeffrey P. Mueller**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **RUSS McCULLOUGH, a/k/a "Big Russ McCullough," RYAN SAKODA, and MATTHEW R. WIESE, a/k/a "Luther Reigns," individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**WORLD WRESTLING ENTERTAINMENT, INC.,**<br><br>**Defendant.** | **LEAD CONSOLIDATED CASE NO. 3:15-cv-01074-VLB**<br><br><br>**JANUARY 27, 2016** |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S**
**FIRST SET OF INTERROGATORIES DIRECTED**
**TO PLAINTIFF EVAN SINGLETON**

Defendant World Wrestling Entertainment, Inc. ("WWE") hereby propounds the following First Set of Interrogatories (the "Interrogatories") to Plaintiff Evan Singleton ("Singleton") to be answered in writing within thirty (30) days of service hereof. The following definitions and instructions apply to these Interrogatories in addition to the obligations set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure.

### DEFINITIONS

A.     "WWE" shall refer to World Wrestling Entertainment, Inc., and any officer, director, employee, associate, agent, predecessor, successor or affiliate thereof.

B.     "You" or "Your" shall refer to Plaintiff Evan Singleton.

C.     "Singleton" shall refer to Plaintiff Evan Singleton.

D.      "LoGrasso" shall refer to Plaintiff Vito LoGrasso.

E.      "Second Amended Complaint" and/or "SAC" shall refer to the Second Amended Complaint Plaintiffs filed in this consolidated action on June 15, 2015 (*Singleton/LoGrasso* Dkt. 72).

F.      "CTE" shall mean Chronic Traumatic Encephalopathy.

G.       "Injury" or "injuries" or "damage" shall mean any illness, disease, condition, harm, loss, or matter for which You seek compensation in this lawsuit.

H.      "TBI" shall mean Traumatic Brain Injury.

I.      The terms "Communication," "Document," "Identify" (with respect to persons), "Identify" (with respect to documents or electronically stored information), "Person" and "Concerning" shall have the definitions set forth in Rule 26(c) of the Local Rules of Civil Procedure for the District of Connecticut.

J.      The term "describe" or "describe the facts and circumstances" of an act, event, or occurrence shall mean to state the substance of each act, event, or occurrence, state when and where it occurred, identify all persons with the most knowledge thereof, identify each person participating therein and the extent of each person's participation, and identify each document which refers or relates thereto.

K.      The term "including" shall mean "including without limitation."

L.      The terms "relate", "refer", "reflect" and any forms thereof shall be construed in the broadest sense to mean constituting, reflecting, representing, supporting, contradicting, referring to, relevant to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, or

2

evaluating.  As indicated, the terms necessarily include information that is in opposition as well as in support of your position(s) and claim(s) in this action.

M.     The rules of construction set forth in Rule 26(d) of the Local Rules of Civil Procedure for the District of Connecticut shall apply to these Requests.

## INSTRUCTIONS

1.     With respect to each of the following interrogatories, unless otherwise stated in a particular interrogatory, the information sought is that which is current to the date of Your answer thereto.  Furthermore, these interrogatories are of a continuing nature.  You are required to serve supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2.     Answers are to be provided by You under oath.

3.     With respect to the answer to each interrogatory or subpart, thereof, identify the source of the information given therein, with as much particularity as is reasonably possible, including, without limitation, the nature, designation, and location of any files that contain such information and the custodian of the files, and identify each document which supports, in whole or in part, the answer to each interrogatory.

4.     If You object to any Interrogatory, or any subparagraph or subpart of any Interrogatory, on the basis of privilege (attorney-client communications, work product or any other alleged privilege), for each objection state:

(a)     the date and place of the communication and/or document;

(b)     the identity of each person who was present at or who participated in such communication or the author(s) and recipient(s) of the document;

(c)     the type of communication;

(d)     the general subject matter of the communication or document;

(e)     the Interrogatory seeking the communication or document; and

(f)     the nature of the privilege or other reason for not producing the communication or document.

5.     If You elect to avail yourself of the procedure for answering interrogatories authorized by Rule 33(d) of the Federal Rules of Civil Procedure, for each interrogatory and subpart thereof, specify the particular documents responsive to that specific interrogatory and subpart thereof and, for each document, specify its source (i.e., from whose and what files it was taken), and its author, recipients, and the date of the preparation, if not apparent from the face of the document.

## INTERROGATORIES

**INTERROGATORY NO. 1**

**Identify all persons who provided information used in drafting the SAC, including in Your response the specific information provided by each person.**

**Response**

**INTERROGATORY NO. 2**

**Identify and describe in detail all treatment You sought for any injury and/or TBI You claim to have suffered while performing for WWE, including, who You sought treatment from, the date You sought treatment, and the treatment prescribed to You.**

**Response**

**INTERROGATORY NO. 3**

**Identify all health care providers who have examined or treated You from the date you entered high school until the present time.**

**Response**

**INTERROGATORY NO. 4**

**Identify all policies of insurance You have obtained providing medical or health care coverage, including, but not limited to, any policy You obtained to comply with Section 9.12(a) and (d) of the Booking Contract You signed with WWE on November 28, 2011.**

**Response**

**INTERROGATORY NO. 5**

**Identify all drugs, including but not limited to prescription drugs and performance enhancing drugs such as anabolic steroids and Human Growth Hormone, which You have taken since commencing high school, including the dates of use; the dosages; the duration and the identity of the persons who prescribed and/or supplied such drugs.**

**Response**

**INTERROGATORY NO. 6**

**Identify all places where You have resided since Your relationship with WWE ended, including in Your response the address and whether You were a party to a lease.**

**Response**

**INTERROGATORY NO. 7**

Identify all symptoms You have experienced which You contend are associated with TBI sustained while performing for WWE, including the date of onset and cessation of each symptom, the length of the symptoms, and the identity of all health care providers who examined or treated You for such symptoms.

**Response**

**INTERROGATORY NO. 8**

Identify all persons who have examined and/or treated You for psychiatric, psychological, and/or emotional issues at any time in Your life, including in Your answer any diagnosis made by each person so identified and the date such diagnosis was provided to You.

**Response**

**INTERROGATORY NO. 9**

Identify all instances where You received concussive or sub-concussive blows while engaged in activities other than performing for WWE including, but not limited to, high school wrestling, when performing for other professional wrestling promotions, doing mixed martial arts, or otherwise.

**Response**

7

**INTERROGATORY NO. 10**

**Identify all sources of income You have had or sought since Your relationship with WWE ended, including in Your answer the identification of all employment applications You have submitted.**

**Response**

**INTERROGATORY NO. 11**

**Identify all experts You intend to rely upon to raise issues of fact regarding any of the three issues set forth in the Court's order of January 15, 2016 and the subject matter and basis for all testimony to be offered by such experts.**

**Response**

**INTERROGATORY NO. 12**

**Identify each and every "deceptive public statement[ ] and published article[ ]" of or by WWE which You contend "downplayed known long-term health risks of concussions to Plaintiff[s]", as alleged in ¶¶ 222 & 230 of the Second Amended Complaint.**

**Response**

**INTERROGATORY NO. 13**

Identify everything You contend was done by WWE to discredit the studies in ¶ 66 of the Second Amended Complaint, as alleged in ¶ 67 of the Second Amended Complaint, including in Your answer when and how You first learned of each act or statement identified.

**Response**


**INTERROGATORY NO. 14**

Identify all persons employed by WWE who You contend "actively" misrepresented facts or "repeatedly made material misrepresentations" to You about the lack of evidence linking concussions to CTE, as alleged in ¶¶ 154, 156, 166, & 168 of the Second Amended Complaint, including in Your answer the date, place, and substance of each material misrepresentation made to You.

**Response**


**INTERROGATORY NO. 15**

Identify in detail who at WWE specifically stated "that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE," as alleged in ¶¶ 178 & 185 of the Second Amended Complaint, including in

Your answer the date, place and persons making such a statement and how and when such statements first came to Your attention.

**Response**


**INTERROGATORY NO. 16**

Identify in detail who at WWE criticized "the legitimate scientific studies," as alleged in ¶¶ 193 & 208 of the Second Amended Complaint, including in Your answer the date, place, and person(s) rendering the criticism, and how and when the criticism first came to Your attention.

**Response**


**INTERROGATORY NO. 17**

Identify all alleged omissions or misrepresentations made by WWE to You, and for each alleged omission or misrepresentation, (a) detail the specific statement or omission; (b) identify the speaker of the statement or person responsible for the omission; (c) state where and when the statement was made or the context of the omission, and the manner in which it misled you; and (d) explain why the statement or omission was fraudulent or negligent.

**Response**

Respectfully Submitted,


DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.


By:   /s/ Jerry S. McDevitt
Jerry S. McDevitt (pro hac vice)
Terry Budd (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: terry.budd@klgates.com
Email: curtis.krasik@klgates.com

**Thomas D. Goldberg (ct04386)**
**Jonathan B. Tropp (ct11295)**
**Jeffrey P. Mueller (ct27870)**
**DAY PITNEY LLP**
**242 Trumbull Street**
**Hartford, CT 06103**
**Phone: (860) 275-0100**
**Fax: (860) 275-0343**
**Email: tgoldberg@daypitney.com**
**Email: jbtropp@daypitney.com**
**Email: jmueller@daypitney.com**

**Its Attorneys.**

## <u>VERIFICATION</u>

I, Evan Singleton, being duly sworn, hereby verify that I have reviewed the above responses to WWE's First Set of Interrogatories and they are true, accurate, and complete.

_____
**Evan Singleton**

## CERTIFICATION OF SERVICE

     **I hereby certify that, on January 27, 2016, a copy of foregoing was served on the following counsel of record via email and regular mail.**

William M. Bloss
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244
bbloss@koskoff.com

Charles J. LaDuca
Brendan Thompson
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
charles@cuneolaw.com
brendant@cuneolaw.com

Konstantine W. Kyros
KYROS LAW OFFICES
17 Miles Rd.
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

Erica Mirabella
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 617-580-8270
Facsimile: 617-580-8270
Erica@mirablleaLLC.com

Robert K. Shelquist
Scott Moriarity
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave., S., Suite 2200
Minneapolis, MN 55401-2179
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
samoriarity@locklaw.com

Harris L. Pogust
POGUST BRASLOW & MILROOD LLC
Eight Tower Bridge
161 Washington Street Suite 940
Conshohocken, PA 19428
Telephone: 610-941-4204
Facsimile: 610-941-4245
hpogust@pbmattorneys.com

                                 */s/ Jeffrey P. Mueller*_____
                                  Jeffrey P. Mueller