# EXHIBIT 46

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO,<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>    Defendant | Lead Case No. 3:15-cv-1074-VLB |

**PLAINTIFF EVAN SINGLETON'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S <u>FIRST AND SECOND SET OF INTERROGATORIES</u>**

NOW COMES Plaintiff Evan Singleton, by and through his undersigned attorneys, and herein submits the following supplemental objections and responses to Defendant World Wrestling Entertainment Inc.'s ("WWE") First Set of Interrogatories Directed to Plaintiff Evan Singleton under verification pursuant to the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

1. Plaintiff objects to the definitions and instructions set forth in the Interrogatories propounded by Defendant. Plaintiff objects to the instructions on the ground that the relevant provisions of the Federal Rules of Civil Procedure provide all instructions recognized under federal law with respect to answering or responding to Interrogatories. In answers to these Interrogatories, all words have been defined pursuant to their common English definition. These Interrogatories will be responded to pursuant to the instructions set forth by the Federal Rules of Civil Procedure.

**2.     Plaintiff objects to the Interrogatories to the extent they seek witnesses and/or information that is protected from disclosure by various privileges or immunities, including attorney-client privilege, the work product doctrine, or any other legally recognized privilege and/or immunity.**

**3.     Plaintiff objects to the Interrogatories to the extent that are improper and seek to impose discovery obligations on the Plaintiff broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure or any other applicable rules.**

**4.     Plaintiff objects to the Interrogatories to the extent that they are contention interrogatories that are premature at this stage of the litigation as discovery has not yet been completed.**

**5.     The Interrogatories are overly broad, not properly limited in time, unduly burdensome and/or seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.**

**6.     Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, and/or incomprehensible, requiring Plaintiff to engage in conjectures as to their meaning.**

**7.     Plaintiff objects to the Interrogatories to the extent that they seek legal or medical conclusions from Plaintiff, who is not an attorney or doctor and has never received any legal or medical education or training.**

**8.     Plaintiff objects to these Interrogatories to the extent that they are outside the scope of the Court's January 15, 2016 Order that partially lifted the stay in discovery to permit discovery relevant to Defendant's liability, specifically the three questions enumerated in the Court's Order.**

9. **All General Objections apply to each individual Interrogatory without reiteration in the response thereto. Reference to a General Objection in a response is not intended to be, and shall not be deemed to be, a waiver of applicability of that or any other General Objection to any Interrogatory.**

10. **In providing these responses, Plaintiff specifically does not intend to stipulate to the admissibility of any statement or subject matter contained or referenced to in any request or response. Rather, Plaintiff expressly reserves and does not waive all available objections as to competency, relevance, materiality, privilege and admissibility of this information for any purpose in any further proceeding in this action.**

## SPECIFIC OBJECTIONS AND RESPONSES TO
## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Identify All persons who provided information used in drafting the SAC, including in Your response the specific information provided by each person.

>   **Response:**   *See* General Objections 2, 3, 5, & 8.
>
>   Subject to and without waiving these objections, Plaintiff states that the statements, claims and allegations of the SAC were the products of information collected, reviewed and/or otherwise known by Plaintiffs and Plaintiffs' attorneys.  Plaintiff also refers Defendant to the various citations that appear within the SAC for the sources of some of the information.  Any further information about the manner in which Plaintiffs and Plaintiffs' counsel drafted and/or formed the SAC are protected by attorney-client privilege and/or the attorney work product doctrine.

**Interrogatory No. 2:** Identify and describe in detail all treatment You sought for any injury and/or TBI you claim to have suffered while performing for WWE, including, who You sought treatment from, the date you sought treatment, and the treatment prescribed to You.

>   **Response:**   *See* General Objections 3, 5, 6, 7 & 8.
>
>   Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information or requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.  Subject to and without waiving these objections, Plaintiff states that the only injury for which treatment was

sought was the TBI that occurred on September 27, 2012. Regarding that treatment, Plaintiff refers Defendant to Paragraphs 104 to 117 of the Second Amended Complaint. Additionally, Plaintiff states that he was treated for his TBI and associated symptoms at points between 2012 to present from the following health providers: WWE's Drs. Mark Lovell, Christopher Amann, and Joseph Maroon as well as Dr. Mark Greenberg, Dr. Nancy T. Rodgers-Neame, Dr. Darren Rothschild, Dr. Karen Milo, Dr. Garry Mueller, and Dr. Wen Wu-Chen (information provided below). Subject to Rule 33(d), Plaintiff refers WWE to the medical records from these physicians for the specific dates, tests, and treatments provided by these physicians.

**Interrogatory No. 3:** Identify all health care providers who have examined or treated You entered high school until the present time.

**Response:** *See* General Objections 5, 6 & 8.

Subject to and without waiving these objections, Plaintiff incorporates by reference his answer to Interrogatory No. 2. WWE should be in possession of the last known address and place of employment for WWE's Drs. Mark Lovell, Christopher Amann, and Joseph Maroon. For the other physicians identified above, Plaintiff provides the following:

> Dr. Mark Greenberg - University South FL Medical Grp, 2 Tampa General Cir. Tampa, FL 33606;
>
> Dr. Nancy T. Rodgers-Neame - Florida Comprehensive Epilepsy and Seizure Disorders Program 3000 E Fletcher Ave, Ste 250  Tampa, FL 33613;
>
> Dr. Darren Rothschild - 1931 Nebraska Ave, Palm Harbor, FL 34683;

>    **Dr. Karen Milo - Psychology Center of Tampa Bay, 13357 North 56th Street Tampa, FL  33617;**
>
>    **Dr. Garry L Mueller – Oyster Point Family Health Center, 3045 Marietta Ave, Lancaster, PA 17601;**
>
>    **Dr. Wen Wu-Chen - Neurology & Stroke Associates, PC 640 E. Oregon Road Lititz, PA, 17543.**

**Interrogatory No. 4:** **Identify all policies of insurance You have obtained providing medical or health care coverage, including, but not limited to, any policy You obtained to comply with Section 9.12(a) and (d) of the Booking Contract You signed with WWE on November 28, 2011.**

>    **Response:** *See* **General Objection 5 & 8.**
>
>    **Subject to and without waiving these objections, Plaintiff states that he was insured under his father's Blue Cross Blue Shield health insurance policy as of November 28, 2011.  That policy was provided to Plaintiff's father, Mitchell A. Singleton, through his employment with Alcoa, Inc.**

**Interrogatory No. 5:** **Identify all drugs, including but not limited to prescription drugs and performance enhancing drugs such as anabolic steroids and Human Growth Hormone, which You have taken since commencing high school, including the date of use; the dosages; the duration and the identity of the persons who prescribed and/or supplied the drugs.**

>    **Response:**  *See* **General Objections 3, 5, & 8.**
>
>    **Subject to and without waiving these objections, Plaintiff states that, to the best of his knowledge, he never took any drugs, prescription or performance enhancing drugs, prior to his employment with the WWE. Moreover, Plaintiff denies having ever taken any form of performance**

enhancing drugs. Since suffering his TBI on September 27, 2012, Plaintiff has been prescribed a myriad of prescription drugs. Pursuant to Rule 33(d), Plaintiff refers WWE to his medical and pharmacy records for the names, dates, and dosages of the prescription drugs that were prescribed by the physicians identified *supra*.

**Interrogatory No. 6:** Identify all places where You have resided since Your relationship with WWE ended, including in Your response the address and whether You were a party to a lease.

**Response:** *See* General Objections 3, 5, & 8.

Subject to and without waiving these objections, Plaintiff identifies the following residential locations at which he has lived.

    8647 Mallard Reserve Drive, Tampa, FL 33614

    121 Lepore Drive, Lancaster, PA 17602

    5201 Summerfield Drive, Mount Joy, PA 17552

The only residence for which Plaintiff was a party to a lease was the apartment on Mallard Reserve Drive in Tampa.

**Interrogatory No. 7:** Identify all symptoms You have experienced You contend are associated with TBI sustained while performing for WWE, including the date of onset and cessation of each symptom, the length of the symptoms, and the identity of all health care providers who examined or treated You for such symptoms.

**Response:** *See* General Objections 5, 6, 7 & 8.

Plaintiff further objects to the extent this Interrogatory seeks premature disclosure of experts and expert information or requires Plaintiff to disclose

>analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony.  Subject to and without waiving these objections, Plaintiff states that he presently recalls having suffered from severe migraine headaches, depression, suicidal thoughts, muscle spasms, twitching, loss of motor function, disorientation, confusion, memory loss, severe anxiety, night terrors, dizziness, loss of balance, trouble sleeping, mood swings, loss of concentration, agitation, easily frustrated and angry, light sensitivity, sound sensitivity, and weight gain after his TBI on September 27, 2012.  These symptoms all began within two to three months following the TBI, and they have persisted to present day.  Plaintiff identifies the following health providers as treating all or some of these symptoms: WWE's Drs. Mark Lovell, Christopher Amann, and Joseph Maroon as well as Dr. Mark Greenberg, Dr. Nancy T. Rodgers-Neame, Dr. Darren Rothschild, Dr. Karen Milo, Dr. Garry Mueller, and Dr. Wen Wu-Chen (information provided supra).

**Interrogatory No. 8:** Identify all persons who have examined and/or treated You for psychiatric, psychological, and/or emotional issues at any time in Your life, including in Your answer any diagnosis made by each person so identified and the date such diagnosis was provided to you.

>**Response**:  *See* General Objections 3, 5, & 8.
>
>Subject to and without waiving these objections, Plaintiff identifies the following health care providers, all of whom have only treated Plaintiff since his TBI on September 27, 2012:

> **Dr. Darren Rothschild**, a psychiatrist, who diagnosed and treated Plaintiff for depression;
>
> **Dr. Karen Milo**, a psychologist, who diagnosed and treated Plaintiff for depression;
>
> **Dr. Nancy Rodgers-Neame**, a neurologist, who diagnosed and treated Plaintiff for his TBI and various related symptoms;
>
> **Dr. Garry Mueller**, a primary care physician, who treats Plaintiff's depression; and
>
> **Dr. Wen Wu-Chen**, a neurologist, who treats various symptoms related to Plaintiff's TBI.

**Interrogatory No. 9:** Identify all instances where You received concussive or sub-concussive blows while engaged in activities other than performing for WWE including, but not limited to, high school wrestling, when performing for other professional wrestling promotions, doing mixed martial arts, or otherwise.

> **Response:** *See* General Objection 8.
>
> Plaintiff further objects because this impermissibly seeks premature disclosure of experts and expert information; requires Plaintiff to disclose analyses, comparative analyses, opinions, or theories that will be the subject of expert testimony; and is not related to the limited discovery permitted and enumerated in Court's January 15, 2016 Order.

**Interrogatory No. 10:** Identify all sources of income You have had or sought since Your relationship with WWE ended, including in Your answer the identification of all employment applications You have submitted.

> **Response:** *See* General Objection 8.

**Plaintiff further objects because this Interrogatory is not related to the limited discovery permitted and enumerated in Court's January 15, 2016 Order.**

**Interrogatory No. 11:** **Identify all experts You intend to rely upon to raise issues of fact regarding any of the three issues set forth in the Court's order of January 15, 2016 and the subject matter and basis for all testimony to be offered by such experts.**

**Response:** *See* **General Objections 2, 3, & 8.**

**Plaintiff further objects to this Interrogatory as it is premature and seeks the current mental impressions of Plaintiff's attorneys.**

**Interrogatory No. 12:** **Identify each and every "deceptive public statement [ ] and published article [ ]" of or by WWE which You contend "downplayed known long-term health risks of concussions to Plaintiff[s]", as alleged in ¶¶ 222 & 230 of the Second Amended Complaint.**

**Response:** *See* **General Objections 3 & 8.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

**As stated in Plaintiff's Second Amended Complaint, WWE publicly attacked findings that an NFL player's suicide was attributable to head injuries and that WWE wrestler Chris Benoit suffered from severe concussion-related symptoms. SAC ¶¶ 68-69. WWE's Chief Brand Officer Stephanie Levesque testified before the United States House of Representatives Committee on Oversight and Government Reform that there were no documented concussions during WWE's matches. SAC ¶ 64.**

Page 10 of 17

>And during an appearance on the NFL Network in March 2015, Dr. Maroon stated, "The problem of CTE, although real, is its being over-exaggerated.'" SAC ¶ 55.
>
>In 2007, WWE wrestler Shawn Michaels suffered what WWE described as a "severe concussion" during a match with Randy Orton. Despite acknowledging that this was a serious injury, WWE suggested in its article publicizing the match's outcome that Mr. Michaels might continue wrestling. It also discussed Mr. Michaels's long history of head injuries, glorified his "decisions" to return to the ring after each one, and highlighted scripted matches in which "opponents" targeted Mr. Michaels's head specifically because of his existing head injuries.
>
>Plaintiff also refers WWE to the publications served on March 21, 2016 in response to WWE's First Set of Requests for Production.

**Interrogatory No. 13:**   Identify everything You contend was done by WWE to discredit the studies in ¶ 66 of the Second Amended Complaint, as alleged in ¶ 67 of the Second Amended Complaint, including in Your answer when and how You first learned of each act or statement identified.

>**Response:**   *See* General Objections 3 & 8.
>
>Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory No. 12.

**Interrogatory No. 14:**   Identify all persons employed by WWE who You contend "actively" misrepresented facts or "repeatedly made material misrepresentations" to You about the lack of evidence linking concussions to CTE, as alleged in ¶¶

154, 156, 166, & 168 of the Second Amended Complaint, including in Your answer the date, place, and substance of each material misrepresentation made to You.

Response:   *See* General Objections 3 & 8.

Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.

Subject to and without waiving the foregoing objections, Bill Dumott. Plaintiff refers WWE to its response to Interrogatory No. 12 for the specific misrepresentations made by these individuals.

Interrogatory No. 15:   Identify in detail who at WWE specifically stated "that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE," as alleged in ¶¶ 178 & 185 of the Second Amended Complaint, including in Your answer the date, place and persons making such a statement and how and when such statements first came to Your attention.

Response:   *See* General Objections 3 & 8.

Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory Nos. 12 and 14.

Interrogatory No. 16:   Identify in detail who at WWE criticized "the legitimate scientific studies," as alleged in ¶¶ 193 & 208 of the Second Amended Complaint, including in Your answer the date, place, and person(s) rendering the criticism, and how and when the criticism first came to Your attention.

Response:   *See* General Objections 3 & 8.

Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss.

Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory Nos. 12 and 14.

**Interrogatory No. 17:** Identify all alleged omissions or misrepresentations made by WWE to You, and for each alleged omission or misrepresentation, (a) detail the specific statement or omission; (b) identify the speaker of the statement or person responsible for the omission; (c) state where and when the statement was made or the context of the omission, and the manner in which it misled you; and (d) explain why the statement or omission was fraudulent or negligent.

**Response:** *See* General Objections 3 & 8.

Plaintiff further objects because this is irrelevant to the parties' claims and defenses following the Court's recent ruling on WWE's motion to dismiss. Subject to and without waiving the foregoing objections, Plaintiff refers WWE to its response to Interrogatory Nos. 12 and 14.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## SECOND SET OF INTERROGATORIES

**Interrogatory No. 1:** State whether You contend that You were an employee and not an independent contractor of WWE and, if so, state all facts that and bases for Your contention.

    **Response:**   *See* General Objections 2, 3, 4, 7 & 8.

    Plaintiff further objects because this calls for a legal analysis and/or mental impressions of Plaintiff's counsel and is also a premature contention Interrogatory.  Subject to and without waiving these objections, Plaintiff states that WWE controlled all aspects of his performances while at WWE; the outcome, place, and location of the matches; and who his opponents would be.  WWE provided referees, constructed the ring, and directed and controlled the safety of the moves performed.

| | |
|---|---|
| **Dated:  March 30, 2016** | **Respectfully Submitted,** |
| | *s/ Michael J. Flannery*  |
| | **Michael J. Flannery** |
| | **CUNEO GILBERT & LADUCA, LLP** |
| | **7733 Forsyth Boulevard, Suite 1675** |
| | **St. Louis, MO  63105** |
| | **Telephone:     (314) 226-1015** |
| | **Facsimile: (202) 789-1813** |
| | **mflannery@cuneolaw.com** |

**Konstantine W. Kyros**
**KYROS LAW OFFICES**
**17 Miles Rd.**
**Hingham, MA 02043**
**Telephone: (800) 934-2921**
**Facsimile: 617-583-1905**
**kon@kyroslaw.com**

**Charles J. LaDuca**
**CUNEO GILBERT & LADUCA, LLP**
**8120 Woodmont Avenue, Suite 810**
**Bethesda, MD 20814**
**Telephone: (202) 789-3960**
**Facsimile: (202) 789-1813**
**charles@cuneolaw.com**

**William M. Bloss**
**Federal Bar No: CT01008**
**KOSKOFF, KOSKOFF & BIEDER**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Telephone: 203-336-4421**
**Facsimile: 203-368-3244**

**Robert K. Shelquist**
**Scott Moriarity**
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
**100 Washington Ave., S., Suite 2200**
**Minneapolis, MN 55401-2179**
**Telephone: (612) 339-6900**
**Facsimile: (612) 339-0981**
**rkshelquist@locklaw.com**
**samoriarity@locklaw.com**

**Harris L. Pogust, Esquire**
**Pogust Braslow & Millrood,LLC**

**Eight Tower Bridge**
**161 Washington Street Suite 940**
**Conshohocken, PA 19428**
**Telephone: (610) 941-4204**
**Facsimile: (610) 941-4245**
**hpogust@pbmattorneys.com**

**Erica Mirabella**
**CT Fed. Bar #: phv07432**
**MIRABELLA LAW LLC**
**132 Boylston Street, 5th Floor**
**Boston, MA 02116**
**Telephone: 617-580-8270**
**Facsimile: 617-580-8270**
**Erica@mirabellaLLC.com**

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2016, a copy of foregoing PLAINTIFF EVAN SINGLETON'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S FIRST AND SECOND SET OF INTERROGATORIES was served in accordance with Federal Rule of Civil Procedure Rule 5, via electronic mail to the following counsel of record:

Jeffrey Mueller, Esquire
Day Pitney
242 Trumbull Street
Hartford, CT 06103-1212

Jerry S. McDevitt, Esquire
K&L Gates
210 Sixth Avenue
Pittsburgh, PA 15222-2613

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

                                                *s/ Michael J. Flannery*
                                                Michael J. Flannery