UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


- - - - - - - - - - - - - - - -X
RUSS MCCOLLOUGH, ET AL.        |
            Plaintiffs,
                              |    3:15-cv-01074 (VLB)
 v.
                              |   January 24, 2017

WORLD WRESTLING ENTERTAINMENT, |
INC.,
            Defendants         |
- - - - - - - - - - - - - - - -X
                                  Abraham A. Ribicoff
                                  Federal Building
                                  450 Main Street
                                  Hartford, Connecticut




STATUS CONFERENCE



  Held Before:
        The Honorable Robert A. Richardson, USMJ




FALZARANO COURT REPORTERS, LLC
4 Somerset Lane
Simsbury, CT  06070
860.651.0258
falzaranocourtreporters.com

<u>APPEARANCES</u>:


<u>For the Plaintiffs</u>:


    KOSKOFF, KOSKOFF & BIEDER, PC
    350 Fairfield Avenue
    Bridgeport, CT  06604
    203.336.4421
    bbloss@koskoff.com
    By:  WILLIAM M. BLOSS, ESQ.



    KYROS LAW OFFICES
    17 Miles Road
    Hingham, MA  02043
    800.934.2921
    kon@kyroslaw.com
    Anorris@kyroslaw.com
    By:  KONSTANTINE KYROS, ESQ.
        ANTHONY NORRIS, ESQ.



    CUNEO GILBERT & DELUCA, LLP-DC
    4725 Wisconsin Avenue, NW, Suite 200
    Washington, DC  20016
    202.789.1813
    Kvandyck@cuneolaw.com
    By:  KATHERINE VAN DYCK, ESQ.



    TOOHER, WOCL & LEYDON, LLC
    80 Fourth Street
    Stamford, CT  06905
    203.324.6164
    bleydon@tooherwocl.com
    By:  Brenden P. Leydon, Esq.

APPEARANCES  (continued)


        DAY PITNEY, LLP
        242 Trumbull Street
        Hartford, CT   06103-1212
        860.275.0164
        Jmueller@daypitney.com
        By:  JEFFREY P. MUELLER, ESQ.



        For the Defendants:

        K & L GATES, LLP
        K & L Gates Center
        210 Sixth Avenue
        Pittsburgh, PA   15222-2613
        412.355.6500
        jerry.mcdevitt@klgates.com
        curtis.krasik@klgates.com
        By:  JERRY S. MCDEVITT, ESQ.
             CURTIS B. KRASIK, ESQ.

```
 1                    (Commenced:  10:46 a.m.)

 2

 3              THE COURT:  Good morning.  Please be

 4         seated.  We are here this morning on

 5         McCullough v. World Wrestling Entertainment,

 6         Inc., No. 15-cv-01074 (VLB).  I'm Judge

 7         Robert Richardson.  Will counsel please

 8         identify themselves for the record, starting

 9         with the plaintiffs?

10              MR. KYROS:  Konstantine Kyros, your

11         Honor, for the plaintiffs.

12              MR. NORRIS:  Anthony Norris for the

13         plaintiffs.

14              MR. LEYDON:  Good morning, your Honor.

15         Brenden Leydon for the plaintiffs in the

16         Laurinaitis matter.

17              MS. VAN DYCK:  Good morning, your Honor.

18         Katherine Van Dyck on behalf of plaintiffs

19         Evan Singleton and Vito LoGrasso.

20              MR. BLOSS:  I'm William Bloss, your

21         Honor, counsel for the plaintiffs in the

22         earlier cases, pre-Laurinaitis.

23              THE COURT:  All right.  Thank you.

24         Defense counsel?

25              MR. MUELLER:  Good morning, your Honor.
```

1        Jeffrey Mueller of Day Pitney on behalf of

2        the defendants, and with me today are Jerry

3        McDevitt and Curt Krasik from K & L Gates,

4        who has been admitted pro hac vice in this

5        matter, and Mr. McDevitt will speak on behalf

6        of the defendants today.

7            MR. MCDEVITT:  Good morning, your Honor.

8            THE COURT:  All right.  So we are here

9        for a status conference, during which I want

10       to discuss both the status of the case as

11       well as schedule some hearing dates because I

12       know we have a couple of matters that we need

13       to resolve.

14           I've read all the pleadings in the

15       case; I've looked at the pending motions.  It

16       doesn't appear as though everybody gets along

17       with each other all the time, I have to say;

18       but this is a status conference, and I am

19       hopeful we will all get along for today and

20       get through this civilly and peacefully

21       without necessarily getting too deep into the

22       weeds.  Today is a status conference.

23           We have a few motions that need to get

24       resolved.  The first thing I want to talk

25       about is your Rule 26(f) report, at least

```
 1              with respect to the Laurinaitis case.  The
 2              parties need to do a Rule 26(f) report, and
 3              they need to do it soon.  You are past the
 4              deadline on the Rule 26(F) report.  I
 5              understand there is some disagreement or at
 6              least an argument that the discovery should
 7              be on hold, and the Rule 26(f) deadlines
 8              maybe should be on hold in light of certain
 9              dispositive motions; but the way things
10              typically work is you have to do a Rule 26(f)
11              report, you need to do the scheduling order,
12              and if there is going to be a motion to stay
13              discovery that one side wants to file with
14              Judge Bryant, they can do so.  But in the
15              meantime, you guys need to get together and
16              do your Rule 26(f) report.  I am going to
17              tell you that I have the form for the Rule
18              26(f) report, which my law clerk, John, will
19              give to each of you once I get off the bench
20              and adjourn court today, and you guys can
21              certainly start doing it at any time you
22              want.  I am going to order that you get that
23              report done by Tuesday, January 31st, which
24              is one week, and that needs to be done.  Even
25              if you are unable to reach agreement on the
```

1    stipulated facts, I imagine you can at least

2    reach some agreements with respect to the

3    parties; and then you can report that you

4    were unable to reach agreement on other

5    matters.  It would be nice if you could reach

6    agreement on other matters, but you need to

7    get your Rule 26(f) report done.  You have

8    until Tuesday, January 31st, to get it done.

9         MR. MCDEVITT:  Your Honor, may I address

10   that briefly?  I know there's been a big

11   record in this case, and I don't know how

12   familiar your Honor is with some of the

13   earlier orders of Judge Bryant; but in this

14   case, earlier on, the judge issued a stay of

15   discovery in the consolidated cases, which

16   Laurinaitis is now part of the consolidated

17   cases.  Her original order entering a stay

18   was entered in November of 2015, and we can

19   give you the docket number, that's Docket 89.

20   We could actually give you copies of the

21   orders, your Honor.

22        Then what she did is, January 15th of

23   2016, she issued an order partially lifting

24   the stay of discovery in only one of the

25   cases, which is the LoGrasso case, for a very

1          limited period of time to conduct very

2          specific discovery in that case only.  It has

3          never been modified since then for any other

4          cases.  There has been no suggestion by the

5          counsel in this case that the stay does not

6          apply to the Laurinaitis case, and frankly,

7          if there had been, we would have went back to

8          Judge Bryant and asked her to reaffirm the

9          stay does in fact apply in the Laurinaitis

10         case.

11              Every complaint that they have filed so

12         far has been dismissed on motion to dismiss.

13         They've all been subject to the stay.  This

14         case has now been extensively briefed,

15         motioned to dismiss, and frankly, your Honor,

16         if there was any suggestion that the stay

17         didn't apply, we would have asked Judge

18         Bryant to reaffirm what I believe the case

19         is, that there is an existing order staying

20         discovery, which is why there has been no

21         Rule 26, because frankly, there's nothing to

22         talk about while the motions to dismiss are

23         pending and the judge decides them.  That's

24         why there has been nothing happening on them.

25              THE COURT:  Well, but you still need to

1        have your dates set forth, even if you've got

2        discovery stayed.  You still need to have a

3        date.  You can always get extensions of time

4        on the discovery in light of the fact your

5        discovery has been stayed, but you need to

6        have the scheduling order for when discovery

7        will be complete when summary judgment

8        motions will be filed.  I know that you have

9        motions filed when your joint trial

10       memorandum is going to be done and when the

11       case will be trial ready.

12            MR. MCDEVITT:  Your Honor, the current

13       schedule right now on the Laurinaitis case,

14       which is what we're here for, we originally

15       moved to dismiss and filed sanction motions

16       which the judge has referred to you.  The

17       sanction motion, not the motion to dismiss.

18       After we filed that, the original motion to

19       dismiss and sanction motion, they amended the

20       complaint.  We have subsequently moved to

21       dismiss that and filed a second sanctions

22       motion, neither of which Judge Bryant has yet

23       referred to you.  They recently asked for an

24       extension of time to even move in response to

25       that motion to dismiss, which is very fulsome

1           at 95 pages; and I think that due date is

2           March 15th.  If Judge Bryant goes on normal

3           course, we won't get a decision on this

4           motion to dismiss until probably late this

5           year, if then.  It's impossible to come up

6           with any deadlines.  The complaint is, like,

7           all over the place.  It has four closed

8           claims in it; it has claims she has already

9           decided that aren't meritorious.  It would be

10          impossible, frankly, to frame a discovery

11          schedule with that complaint until the judge

12          issues guidance of what, if any of it,

13          remains.

14               I would point out, your Honor, that so

15          far, every complaint they have filed has been

16          dismissed outright with one exception being

17          the LoGrasso case.  Ninety percent of that

18          complaint has gone out.  Only one count

19          survived, and Judge Bryant was skeptical of

20          that in her own opinion.  She said she was

21          skeptical of that and gave a very limited

22          period of time for discovery.  So it would be

23          very prejudicial for us to have to go through

24          trying to figure out a discovery plan in a

25          case like this where every complaint has been

```
 1              thrown out, and there's an existing discovery
 2              stay.
 3                   If your Honor needs to, we'll be more
 4              than glad to file another motion to stay, if
 5              that's what is needed.  We thought coming in
 6              here there was an existing stay ordered by
 7              Judge Bryant.  It's a matter of record, and
 8              they haven't suggested otherwise.  In fact,
 9              when they recently moved for an extension to
10              respond to our motion to dismiss, they told
11              Judge Bryant, "These extensions of time,
12              given the expansive nature of the three
13              motions filed on December 23rd, are not
14              likely to cause undue delay in any other
15              consolidated matters in this case.  Further,
16              as no Rule 26(f) conference has taken place
17              and no litigation schedule has been
18              established, there will be no undue burden on
19              the parties or the Court if these extensions
20              are granted."  That's what they told Judge
21              Bryant a week or so ago when they were
22              getting their extension until March to even
23              move on our motions to dismiss.
24                   So I ask if your Honor would perhaps
25              reconsider whether we should go through the
```

1      Rule 26 exercise when there are massive

2      motions to dismiss pending, and every one to

3      date has been granted.

4           THE COURT:  Okay.  Thank you.

5           MR. KYROS:  Thank you, your Honor.  This

6      is the first I've heard that that's their

7      position, that there's a stay on the

8      Laurinaitis case.  We've filed our 26(f)

9      report.  They refused to meet and confer with

10      us about the Rule 26(f) report, and we asked

11      for discovery in that 26(f) report.  I

12      believe that was filed in September,

13      September 2nd.  And I assumed that they would

14      raise at this conference a further motion to

15      stay discovery pending presumably, you know,

16      a ruling or something on the pleadings in the

17      motion to dismiss.  We were forced to get

18      these deadlines.  That's because they have

19      not met and conferred with us.  So we have

20      communicated with them, and they have

21      communicated with us only to the extent that

22      we've sort of been trading deadlines back and

23      forth; but there has been no meeting of the

24      minds with respect to coming up with sort of

25      any kind of discovery or schedule or anything

```
1          else related to the case, so it's sort of
2          been in limbo.  So I very much appreciate the
3          Court suggesting that we file a 26(f) report,
4          and we are prepared to propose a discovery
5          schedule, and, you know, we'll rebut in a
6          hearing or whatever form the Court orders to,
7          you know, make our case for the discovery in
8          the Laurinaitis case.
9              THE COURT:  Thank you.  Anything
10         further?
11             MR. MCDEVITT:  Your Honor, I would just
12         point out that this motion -- the first time
13         it was pointed out in the motion for status
14         conference that there was a stay of
15         discovery.  This isn't new to them; they've
16         known that for months now, and they haven't
17         even attempted to do any discovery because of
18         the discovery stay placed by Judge Bryant.
19             THE COURT:  Anything else further for
20         the plaintiffs?
21             MR. KYROS:  As you said, it is a
22         complicated docket; so it was unclear to us
23         whether or not that consolidated order
24         applied.  We didn't think so.  We thought
25         that when we filed the Laurinaitis case, we
```

1          believed that it was a separate matter, and

2          we proceeded on those grounds.  The Court

3          didn't rule until September 27th that it was

4          part of the consolidated case, so they failed

5          to meet and confer with the Rule 26(f)

6          report, you know, within the deadline, as far

7          as I can tell.  Thank you.

8               THE COURT:  Thank you.  All right.  So

9          as to the Rule 26(f) report, it's unclear to

10         me whether the stay applies to Laurinaitis as

11         well; but I happen to know Judge Bryant's

12         chambers, and it's easy for me to figure that

13         out, and I will do so with a phone call.  And

14         so I will hold my current order in abeyance

15         while I figure out the answer to the

16         question.

17              I think, while I appreciate that

18         scheduling becomes difficult in the event

19         that the stay does apply to the Laurinaitis

20         matter, I think there is still a preference,

21         though, to try to come up with the dates that

22         are in the Rule 26(f) report.  They can

23         always be moved, but the point of having

24         dates is to have something that at least

25         allows you to stay on task, and Judge Bryant

```
1              is very much about staying on task on her
2              cases.
3                   So there are two options, and I will
4              determine which one to go with, having --
5              after I talk to Judge Bryant in light of the
6              defendant's position that the stay does in
7              fact apply to Laurinaitis and the plaintiff's
8              position that it doesn't.  If I determine in
9              short order that it does apply, then this
10             issue may be academic; if it doesn't apply,
11             then I think the defendant will need to file
12             a motion to that effect.  I think the parties
13             will then need to have the Rule 26(f)
14             conference or it may be that I set a schedule
15             which can be pushed back with motions for
16             continuance, if it's necessary.  If the
17             parties feel that they can't set a schedule,
18             I might be able to impose a schedule on you
19             after conferring with Judge Bryant,
20             understanding that some of the things are
21             certainly outside of your control.  So we'll
22             hold off on the Rule 26(f) for the moment
23             because I think the big question is to what
24             extent does the stay apply to Laurinaitis,
25             and at the moment, there is no definitive
```

1     answer just by the positions of the parties;

2     and the best way for me to get a definitive

3     answer is to speak with Judge Bryant as

4     opposed to each of you since you take

5     different positions on this.  So hold that

6     thought.

7          We have motions for sanctions in

8     Singleton, LoGrasso, and Laurinaitis that are

9     pending; and I guess my question is to the

10    extent that each of those appears to request

11    oral argument, number one, how long do you

12    think oral argument would take on those

13    motions?

14         MR. MCDEVITT:  Would it be your Honor's

15    intention to have them both on the same day?

16         THE COURT:  That was going to be

17    question number two.  So number one, how long

18    do you think the oral argument would take on

19    the various motions?  Number two, would you

20    want them all to occur on the same day, which

21    may be convenient for the lawyers in terms of

22    travel but may not be convenient in terms of

23    preparation.  So I'd like to hear, one, on

24    length, and two, on whether it makes sense to

25    do them all in one day, at the same time or

```
 1          separate days.
 2               MR. MCDEVITT:  From our standpoint, your
 3          Honor, which may be different from the
 4          plaintiffs because they -- the one case
 5          sanctions motion is LoGrasso, which has
 6          different counsel, although I think, quite
 7          frankly, the way that sanctions motion ends
 8          up being cut at the end of the day is really
 9          against Mr. Kyros and not against Mr. Bloss
10          or the other co-counsel in that case because
11          of the way that shaped up as to the briefing.
12          And in the Laurinaitis case, they're not even
13          involved in this case, so I don't know if
14          they even want to be here for the whole
15          hearing.  We can do it either way.  If you
16          want to split it, we can split it.  If you
17          want to do it the same day, we can do it the
18          same day.  Whatever works for you.
19               In terms of how much time to argue, I
20          would guesstimate about an hour-and-a-half,
21          your Honor, and I can probably do it quicker
22          than that, frankly.  I assume the Court will
23          have read the briefs very thoroughly.
24          They're very specific.  I think I can do it
25          in an hour-and-a-half or less.
```

```
1                    THE COURT:  Okay.  All right.  I try to,
2          having been -- I used to be a trial lawyer,
3          so I try to work things out with trial
4          counsel, and whatever works best for you.  If
5          it's within reason, I will do my best to
6          accommodate.
7               MR. KYROS:  I think the same day would
8          be fine with us.
9               THE COURT:  Okay.  And how much time do
10         you think you would need?
11              MR. KYROS:  Time proportionate to what
12         is presented.  I think the sanctions motions
13         are pretty well briefed, so I wouldn't think
14         they would take very much time.  I don't
15         think it would take near an hour-and-a-half,
16         but if the Court, you know, is scheduling it,
17         I would ask for a sufficient amount of time
18         to -- the same amount of time they take to
19         present their case.
20              THE COURT:  Okay.  So I have a bench
21         trial that has been postponed, or they've
22         given me the last two days are free that
23         starts -- I have January 22nd and January
24         23rd open.  Otherwise, I am going to push
25         into March.
```

```
 1              MR. BLOSS:  You meant February, your
 2         Honor?  I heard January.  We're already past
 3         that.
 4              THE COURT:  Yes, February.  Sorry.
 5         February 22nd and February 23rd.  Thank you.
 6         Or March 2nd or March 3rd.
 7              MR. MCDEVITT:  From our standpoint, I
 8         can tell you March is better than the
 9         February date.
10              THE COURT:  Okay.
11              MR. MCDEVITT:  What were the dates your
12         Honor suggested?  March --
13              THE COURT:  March 2nd or March 3rd.
14              MR. MCDEVITT:  Either of those work from
15         our standpoint.
16              MR. KYROS:  March 2nd or 3 would work,
17         your Honor.
18              THE COURT:  All right.  Let's go with
19         March 2nd, oral argument on the motions for
20         sanctions.  Anybody have a preference as to
21         morning or afternoon?  I happen to have the
22         2nd wide open.
23              MR. KYROS:  Afternoon?
24              MR. MCDEVITT:  We'll come up the night
25         before anyway.  It doesn't matter to us, your
```

1          Honor.  Whatever is best for you.

2              THE COURT:  Can we do -- let's do one

3          o'clock.  That should give you plenty of time

4          by the end of the day, whether it's a

5          90-minute estimate or not.  So we'll send out

6          an order scheduling that, March 2nd, one

7          o'clock.

8              We then have a motion to withdraw

9          admissions, which I guess is Singleton and

10         LoGrasso; and it's not clear to me, even

11         though that motion has been referred to me,

12         whether I will be handling that or whether

13         Judge Bryant will be handling that.  It is

14         currently referred to me, although I will

15         confide in you that it would seem to me that

16         that might make more sense for Judge Bryant

17         to handle, especially since there is a domino

18         effect with respect to the pending motion for

19         summary judgment, which Judge Bryant is going

20         to decide; and it would seem to me to make

21         sense for her to be the one who rules on

22         that.  But in the event that it stays with

23         me, and I'm ruling on it, let me ask you, the

24         parties have not indicated, at least as far

25         as I have seen in reading the relevant

```
 1              pleadings, whether they want oral argument on

 2              that.  Do the parties want oral argument on

 3              the motion to withdraw the admissions?

 4                   MR. MCDEVITT:  Their motion first.  I

 5              don't know what their --

 6                   MR. BLOSS:  Can we just have a moment,

 7              your Honor?

 8                   THE COURT:  Sure.

 9                   MR. KYROS:  Maybe we can do it in the

10              morning on the 2nd.  It's a full day, but

11              it's a related...

12                   THE COURT:  Okay.  Well, it sounds like

13              counsel will be here in the morning.  They

14              wanted the morning, I think, on the 2nd for

15              the other one.  Let me ask you, first of all,

16              how long do you think that would take?

17                   MR. KYROS:  I think it's a fairly

18              straightforward issue, so probably a half an

19              hour.

20                   THE COURT:  All right.

21                   MR. MCDEVITT:  First of all, your Honor,

22              I definitely agree with your comments that it

23              probably should be best decided by Judge

24              Bryant, given the interplay with the summary

25              judgment motion; but if she wants you to hear
```

```
 1              it, we can do that probably in a half an hour
 2              too.
 3                   THE COURT:  Okay.  Do you have any
 4              objection to doing it on the same day?  I
 5              don't want to overload anyone's plate, with
 6              respect.
 7                   MR. MCDEVITT:  We'll come up the night
 8              before anyway, your Honor, so if it works for
 9              you, that's fine with us.
10                   THE COURT:  So why don't I tentatively
11              schedule the -- why don't I schedule the
12              motion to withdraw the admissions at 11:30 --
13              well, 11 o'clock.  I think that should be
14              relatively short.  That gives us time to do
15              the oral argument on the motion to withdraw,
16              take a lunch break, and then you guys can get
17              ready for the one o'clock argument on the
18              sanctions.  I will confer with Judge Bryant,
19              and if she decides that she should handle the
20              motion to withdraw the admissions, then I
21              will let you know.  We'll see to what extent
22              she can accommodate you on a different day or
23              maybe on that same day to handle that so that
24              maybe you can get them both done on the same
25              day.  As I said, though, I do really think
```

```
 1          that that's probably better in her hands than
 2          in my hands.  Not that I'm not interested in
 3          hearing it, but I just think whoever decides
 4          that motion has to decide it in the context
 5          of it's going to affect the pending summary
 6          judgment motion, and she's ruling on that one
 7          for sure.
 8              MR. MCDEVITT:  Your Honor, could I ask,
 9          in terms of the logistics in the sanctions
10          motion, do you have the ability or will we
11          have the ability to play videotape for you?
12              THE COURT:  You probably -- I think you
13          will be.  Not in this courtroom, but there's
14          enough time for me to get somebody else's
15          courtroom, whether it's Judge Bryant's or
16          Judge Covello's courtroom or Courtroom 3.
17          Those are the high-tech courtrooms, I believe
18          in those you will be able to do so.  I will
19          look into that, try to secure another
20          courtroom, and let you guys know when the
21          order --
22              MR. MCDEVITT:  All right.  There's some
23          audiovisual I think will help you understand
24          our position.
25              THE COURT:  That would be great.  Thank
```

```
1                you.
2                     All right.  We have a motion to seal
3                exhibits pending, and that one is a little
4                bit confusing to me, to be perfectly honest.
5                It looks like on October 20, 2016, Judge
6                Bryant ordered the defendant to file properly
7                redacted exhibits.  On November 8th, the
8                defendants did file redacted exhibits.  I
9                understand that the plaintiff then filed a
10               motion to compel, arguing that the exhibits
11               were noncompliant or were too heavily
12               redacted, and that motion is still pending.
13               So it's unclear to me what the status is on
14               that one, and I can check in with Judge
15               Bryant.  I guess my question is, have the
16               defendants, in light of the plaintiffs'
17               pending motion to compel compliance,
18               reconsidered whether they want to change any
19               of the redactions and refile, or you are set
20               in terms of, we've done all we think we need
21               to do?
22                    MR. MCDEVITT:  Mr. Krasik can address
23               that for you, your Honor.
24                    MR. KRASIK:  If I may, your Honor, we
25               agree with you that the situation's
```

 1          confusing.  We believe the motion to seal has
 2          been rendered moot by the subsequent
 3          developments.  We believe that we did fully
 4          comply with Judge Bryant's October 20 order,
 5          and our time to file an opposition to the
 6          plaintiffs' motion for compliance has not yet
 7          run.  I believe that runs on January 31st,
 8          and we intend to file an opposition to that
 9          motion.
10               THE COURT:  Very good.  Thank you.  All
11          right.  I'm guessing I will get that
12          opposition.
13               All right.  Lastly, I guess the only
14          other item that I think I would address while
15          we're all here is whether you guys have any
16          interest in talking settlement with a
17          magistrate judge.  It doesn't have to be with
18          me.  We have many good magistrate judges here
19          in Connecticut, whether it is Judge Martinez,
20          who is down the hall, or Judge Merriam, who
21          is down in New Haven.  I could do it,
22          although I'm going to be ruling on some of
23          your motions, so you may not want that, not
24          that I wouldn't be happy to spend the time
25          with you.  But I throw it out there in the

```
 1            event that both parties have any interest in
 2            discussing settlement with a magistrate
 3            judge.  We have magistrate judges who are
 4            here and very able and very capable.  It
 5            sounds like this litigation has been going on
 6            for a while, since 2015.  It sounds like it's
 7            going to continue to go on at least for a
 8            while longer, depending on how motions get
 9            resolved; but I would encourage you that it's
10            never a bad idea to talk settlement with a
11            third party.  It doesn't mean that anyone is
12            surrendering on any position, but it gives
13            you at least a third party's view of things,
14            and maybe helps you get the case resolved a
15            lot faster and more efficiently.  I throw
16            that out more as a public service message
17            than anything else, so feel free, if you guys
18            decide you want to talk settlement with
19            somebody, to send in a joint request; and it
20            will be granted, I'm sure.
21                 Anything else we need to address while
22            we're here?
23                 MR. MCDEVITT:  Not from our side, your
24            Honor.
25                 THE COURT:  Plaintiffs?
```

Falzarano Court Reporters

```
1            MR. KYROS:  No.  Thank you, your Honor.
2            THE COURT:  All right.  With that, I
3       want to thank you all for being very
4       professional and courteous.  I appreciate
5       that, and thank you for braving the weather
6       to make it here to Hartford.
7            I will confer with Judge Bryant on the
8       issues that we just discussed.  I will send
9       out an order after I talk to her and get a
10      little clarification on some of the other
11      matters, and I'll try to get that order out
12      by the end of the day.  It might not be until
13      tomorrow, depending on Judge Bryant's
14      availability.  But thank you once again for
15      traveling.  Thank you for being professional.
16           The Court stands in recess.
17
18           (Adjourned:  11:14 a.m.)
19
20
21
22
23
24
25
```

CERTIFICATE


I hereby certify that the foregoing 27 pages are
a complete and accurate computer-aided transcription of
my original stenotype notes taken of the Hearing in
the Matter of Russ McCollough, et al., v. World
Wrestling Entertainment, Inc., held before the
Honorable Robert A. Richardson, held at the
United States District Court, District of Connecticut,
450 Main Street, Hartford, Connecticut, on
January 24, 2017.


                         _____/s/ KT_____
                         Kirsten Telhiard, LSR
                         Notary Public


My Commission Expires:
             November 30, 2017