UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS MCCULLOUGH, et al., : | |
|     Plaintiffs, : | |
| : | No. 3:15-cv-01074 (VLB) |
| v. : | Lead Case |
| : | |
| WORLD WRESTLING : | |
| ENTERTAINMENT, INC., : | March 24, 2017 |
|     Defendant. : | |
| : | |

| | |
|---|---|
| EVAN SINGLETON and VITO : | |
| LOGRASSO, : | |
|     Plaintiffs, : | No. 3:15-cv-00425 (VLB) |
| : | Consolidated Case |
| v. : | |
| : | |
| WORLD WRESTLING : | March 24, 2017 |
| ENTERTAINMENT, INC., : | |
|     Defendant. : | |

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 188]

Defendant World Wrestling Entertainment ("WWE") has moved for summary judgment on Plaintiffs Evan Singleton's and Vito LoGrasso's claims for fraud by omission—the only claims that survived the Defendant's Motion to Dismiss [Dkt. No. 43]. Along with its summary judgment motion, Defendant submitted a 60-page Local Rule 56(a)1 statement. [Dkt. No. 191[1]] Plaintiffs submitted a 125-page Local Rule 56(a)1 statement in response. [Dkt. No. 210].

---

[1] Defendant does not appear to have filed an un-redacted version of their statement of facts under seal, but provided the Court with a courtesy copy of this statement. Defendant is directed to either file on the docket an unredacted version of their original Rule 56(a) statement, or provide the Clerk with a copy for filing under seal.

1

For the reasons that follow, Defendant's Motion for Summary Judgment is DENIED without prejudice.

"The purpose of [a Rule 56(a) statement] is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed. Without such statement, the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties." *Coger v. Connecticut*, 309 F. Supp. 2d 274, 277 (D. Conn. 2004), *aff'd sub nom.*, *Coger v. Connecticut Dep't of Pub. Safety*, 143 F. App'x 372 (2d Cir. 2005) (quotations omitted); *see also In re Espanol*, 509 B.R. 422, 426 (Bankr. D. Conn. 2014) ("The purpose of Local Rule 56(a) is to assist the Court in the efficient determination of motions for summary judgment and thereby conserve limited and valuable judicial resources."). The parties frustrate this purpose by submitting unnecessarily voluminous Rule 56(a) statements.

This case revolves around a single question: "Did the WWE become aware of and fail to disclose to Singleton and LoGrasso information concerning a link between repeated head trauma and permanent neurological conditions or specialized knowledge concerning the possibility that its wrestlers could be exposed to a greater risk for such conditions," [Dkt. No. 116]. Instead of submitting "*concise* statements of each *material fact*," L. R. Civ. P. 56(a) (emphasis added), the parties have buried the Court in extraneous information, a substantial portion of which is argument and not fact.

Moreover, the length of each party's Rule 56(a) statement evidences a transparent attempt to sidestep Chambers page limits, which bar submissions

longer than 46 pages.  The entirety of the Defendant's factual background section, for example, reads:

> The undisputed facts supporting WWE's motion for summary judgment are set forth in WWE's Local Rule 56(a)(1) Statement that is being filed concurrently herewith and is incorporated by reference herein.  Due to length restrictions, only some facts can be discussed herein.

[Dkt. No. 188-1 at 6].  As a result, the Defendant's brief effectively balloons from 46 to 106 pages, violating both Rule 56(a) and Chambers Practices.

Because the parties' Rule 56(a) statements are unnecessarily long and argumentative, and reviewing them in full would be wasteful of the Court's scarce resources:

1. Within 21 days of the date of this Order, Defendant is required to submit revised briefing, including a Rule 56(a)1 statement of no more than 30 pages.

2. Within 14 days after Defendants file their revised briefing, Plaintiffs are required to file a response, including a Rule 56(a)2 statement that (1) responds to each of the separately numbered paragraphs in Defendant's Rule 56(a)1 statement with a simple admission or denial, and a citation to the record; and (2) includes a separate section of no more than 30 pages listing all disputed issues of material fact.

Given the parties' familiarity with the record in this case, these deadlines provide the parties' adequate time to complete their revised briefing.

3

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge


Dated at Hartford, Connecticut:  March 24, 2017