UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, a/k/a "Big Russ McCullough", *et al,* : | CIVIL ACTION NO. |
| : | 3:15-cv-001074 (VLB) |
| Plaintiffs, : | |
| : | Lead Case |
| v. : | |
| : | |
| WORLD WRESTLING : | |
| ENTERTAINMENT, INC., : | |
| Defendant. : | |

| | |
|---|---|
| JOSEPH M. LAURINAITIS, et al. : | |
| : | CIVIL ACTION NO. |
| Plaintiffs, : | 3:15-cv-01305 (VLB) |
| : | |
| v. : | Consolidated Case |
| : | |
| WORLD WRESTLING : | |
| ENTERTAINMENT, INC., : | |
| Defendant. : | |

April 4, 2017

**ORDER DENYING MOTION TO COMPEL COMPLIANCE WITH THE COURT'S OCTOBER 20, 2016 ORDER [DKT. 275] AND DENYING MOTION TO UNSEAL DEPOSITIONS OF PAUL LEVESQUE, STEPHANIE MCMAHON, AND VINCENT K. MCMAHON [DKT. 276]**

Plaintiffs seek to seek to unseal deposition transcripts and other exhibits, redacted versions of which were submitted by Plaintiffs in support of their Motions for Sanctions [Dkt. Nos. 250, 263, 267] and Motions to Dismiss [Dkt. No. 251, 264, 268]. First they argue that Defendants' redaction is misleading to the Court, and second, they argue that having filed the redacted exhibits they have

1

waived the documents' confidentiality. Plaintiffs are wrong on both prongs. Plaintiffs correctly contend that judicial records are presumptively subject to public inspection. *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995) ("*Amodeo II*"); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). Further, they are correct in stating that the presumption is strongest when a document has been submitted in support of a motion. *See Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982), *cert denied sub nom., CityTrust v. Joy*, 460 U.S. 1051 (1983). Here, full deposition transcripts were not submitted in support of any motion. Defendants only submitted excerpts in support of their motion, and filed redacted versions of the sealed documents. To the extent that Plaintiffs believe the redacted excerpts are misleading, they may cite to the redacted portions of the depositions in opposition to the motion, as the Court can review unredacted, sealed depositions. With respect to other exhibits, Plaintiffs do not offer any support for their claim that any of the redacted material is not confidential. By contrast, Defendants have cited countervailing considerations of confidentiality, and have persuasively argued that private interests outweigh the public interest in disclosure because of the confidential, proprietary nature of the sealed material. *See Amodeo II*, 71 F.3d at 1050.

                IT IS SO ORDERED.

                _____/s/_____
                Hon. Vanessa L. Bryant
                United States District Judge

Dated at Hartford, Connecticut: April 4, 2017