UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS MCCULLOUGH, RYAN SAKODA, and MATTHEW ROBERT WIESE,<br>individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>  Defendant. | CIVIL ACTION NO.<br>3:15-cv-001074 (VLB)<br>Lead Case |
| JOSEPH M. LAURINAITIS, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC. *et al.*,<br><br>  Defendants. | CIVIL ACTION NO.<br>3:16-CV-01209 (VLB)<br>Consolidated Case |

**MOTION TO DEEM DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S STATEMENTS ADMITTED**

**I. INTRODUCTION**

On September 20, 2017, Plaintiffs served World Wrestling Entertainment, Inc. ("WWE") with Requests for Admission ("Plaintiffs' RFAs") which requested responses to fifty specific statements. *See* Plaintiffs' RFAs, Exhibit A. Defendants provided a non-responsive Answer ("Answer") on October 20, 2017 which relied on one generalized objection for all fifty statements. *See* Answer, Exhibit B. The Defendants failed to deny any of the fifty statements as they are required to under

1

the Rule if in fact they deny any of the Plaintiffs' RFAs. Since avoidance is not a denial, the Rules are clear that each statement must be deemed admitted.

## II.   WWE WAS REQUIRED TO RESPOND TO PLAINTIFFS' RFAS

Requests for Admission are not "discovery" devices under the federal rules. In this District, Requests for Admission are devices designed to limit the scope of discovery by framing the issues of a case through the removal of undisputed facts from argumentative discourse. *See Concerned Citizens v. Belle Haven Club*, 223 FRD 39, 44 (D. Conn. 2004); *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 FRD 38, 42-43 (S.D.N.Y. 1997) (noting that Rule 36 is not a discovery device, but is designed to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact); *Nekrasoff v. U.S. Rubber Co.*, 27 F. Supp. 953 (D.N.Y. 1939) (ruling a party may simultaneously examine his adversary before trial and require him to respond to a request for admission concerning the same matters, thereby providing precedent for admissions to run on an alternative track from discovery).

Plaintiffs' RFAs were properly served on WWE as requests for admission and therefore have no relation to discovery scheduling orders. *McLaughlin v. Dracket Products Co.*, 20 Fed. R. Serv. 2d 1081 (D. Mass. 1975) (ruling that the fact that notice to admit facts was filed several months after ruling that no discovery would be allowed does not excuse a party from responding to request for admission of facts because valuable trial time will be saved and because notice to admit facts is not discovery). Plaintiffs have already engaged in a Rule 26

2

conference and a stay of discovery has not issued. WWE is bound by the Rules of Civil Procedure, and has ignored the Rules at its peril. WWE's one general objection is not a denial. 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u>, § 1278, pp. 644-645 (3d. Ed. 2004) (dictating that an affirmative defense, once forfeited, is excluded from the case).

III. THE STATEMENTS SHOULD BE DEEMED ADMITTED

A. WWE's One General Objection.

The Defendants rely solely on the "objection" that they have no responsibility to respond to Plaintiffs' RFAs because there is no operative complaint, or as Rule 36 states, a pending action. *See* **Fed. R. Civ. P. 36(a)** ("…<u>*for purposes of the pending action only*</u>, the truth of any matters within the scope of Rule 26(b)(1)…") (emphasis added). However, this is factually and procedurally inaccurate as the Court specifically did not make a substantive ruling on Plaintiffs' First Amended Complaint and Plaintiffs' actions are still pending. 9.29 Order, at 18, n.1 (noting "…the Court defers judgment on whether such allegations are legally sufficient to permit the cases of wrestlers who retired before 2005 to proceed").

In fact, every single one of Defendants' cited cases rely on the fact that the complaint had been *<u>previously</u>* dismissed or terminated or the action concluded. *Frigerio v. United States*, No. 10-cv-9086, 2011 U.S. Dist. LEXIS 87470 (S.D.N.Y. Aug. 5, 2011) (dismissed complaint prior to discovery ruling); *In re Flash Memory Antitrust Litig.*, No. 07-cv-0086, 2007 U.S. Dist. LEXIS 95869 (N.D. Cal., Dec. 24, 2007) (discovery denied where the consolidated class case lacked a filed consolidated complaint and the individual complaints had been dismissed); *Gifford*

3

*v. Puckett*, No. 2:16-cv-00955, 2017 U.S. Dist. LEXIS 53887 (E.D. Cal., Apr. 6, 2017) (dismissed amended complaint with opportunity to file amended complaint); *Hardwick v. Senato*,[1] No. 15-326, 2016 U.S. Dist. LEXIS 105947 (D. Del., Aug. 11, 2016) (motion to dismiss granted in part and opportunity to file altered amended pleadings); *Banks v. Rodgers*, No. 3:14-cv-65, 2015 U.S. Dist. LEXIS 21851 (M.D. Fla., Feb. 20, 2015) (dismissed complaint left no operative pleadings); *Mather v. First Hawaiian Bank*, No. 14-00091, 2014 U.S. Dist. LEXIS 117140 (D. Hi., Aug. 22, 2014) (summary judgment ruling and formal conclusion of case removed parties ability to file an amended complaint due to *res judicata* and the Feldman doctrine, thereby precluding discovery); *Ballard v. People R Us Boarding Home*, No. 10-5334, 2014 U.S. Dist. LEXIS 56236 (E.D. Pa., Apr. 22, 2014) (pertaining in no way to admissions or discovery but goes to Defendants' wishful thinking that the Court will at some future point dismiss Plaintiffs' case); *Garcia v. IRS*, No. 12-cv-01824, 2013 U.S. Dist. LEXIS 98438 (D. Col., Mar. 22, 2013) (substantive judgment against the complaint by striking the first amended complaint); *Moon v. Junious*, No. 1:12-cv-00096, 2012 U.S. Dist. LEXIS 154273 (E.D. Cal., Oct. 26, 2012) (second amended complaint dismissed prior to request for discovery); *Dietrich v. Wis. Dep't of Corr.*, No. 11-cv-0352, 2011 U.S. Dist. LEXIS 140484, at *6 (E.D. Wis. Dec. 6, 2011) (dismissed complaint prior to discovery ruling).

The primary case the Defendants rely on is *In re Flash Memory Antitrust Litig.*, No. 07-cv-0086, at *27-28. This case is clearly distinguishable from

---

[1] Additionally distinguishable, *Hardwick* had an active stay of discovery, where here the Court denied Defendants' request to stay discovery in *Laurinaitis* and the previous Stay was ruled to not apply to the *Laurinaitis* Plaintiffs by Judge Richardson.

*Laurinaitis* because in *In re Flash Memory*, the court determined discovery was not timely because the case had just been consolidated, the individual cases had been terminated, and the plaintiffs had yet to file an amended consolidated case in the newly formed action. For these reasons, the court determined that no operative complaint existed which is very different from the *Laurinaitis* case where the Plaintiffs' First Amended Complaint was specifically *not dismissed* in the Court's 9.29 Order. 9.29 Order, p. 18, n.1 (delaying merit-based rulings). The Plaintiffs' operative complaint was actively pending when the Defendants received Plaintiffs' RFAs and remained active throughout the Defendants' thirty-day responsibility to adequately respond.

    B. WWE Failed to Deny Plaintiffs' RFAs.

It was at the WWE's peril that it chose not to deny Plaintiffs' RFAs, if a denial would square with the facts. *See Young v. Leon*, 2015 U.S. Dist. LEXIS 70771, 3:14-cv-01337 (CSH), *7-8 (D. Conn., June 2, 2015), *quoting Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (establishing a "failure to respond or object to a discovery request in a timely manner waives any objection which may have been available"). WWE failed to timely deny the Plaintiffs' RFAs, and is now bound by the results of that choice.

WWE did not object to the Plaintiffs' RFAs being set forth "simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification". *Henry v. Champlain Enters.*, 212 FRD 73, 77 (N.D.N.Y., 2003); *see Booth Oil Site Admin. Group v. Safety-*

*Kleen Corp.*, 194 FRD 76, 79 (WDNY 2000); *Diederich v. Department of the Army*, 132 FRD 614, 619 (SDNY 199); *T. Rowe Price v. Small-Cap Fund v. Oppenheimer & Co.*, 174 FRD at 42.  WWE's denial was not "forthright, specific and unconditional". *Booth Oil Site Admin. Group.*, 194 FRD at 80; Rule 36(a). In fact, it is entirely absent. Its interposed objection was not directed at and specifically related to a particular request. *Henry v. Champlain Enters.*, 212 FRD at 78. "General objections without any reference to a specific request to admit are meritless." *Id.*, (quoting *Diedrich v. Dept. of the Army*, 132 FRD at 616).  WWE's generalized objection, therefore, is meritless. *Id.*

There is no evidence that WWE made a "reasonable inquiry, a reasonable effort, to secure information that is readily available from persons and documents within the responding party's relative control". *Concerned Citizens v. Belle Haven Club*, 223 FRD 39, 44 (D. Conn. 2004), *quoting Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y., 2003); *see also* <u>Moore's Fed. Pract.</u>, p. 36.11[5][d].  Instead, the one general objection was premised on a skewed vision of this case's procedural history with no legal basis.  WWE's Answer was knowingly inadequate and was only intended to further stonewall Plaintiffs' abilities to seek redress for their injuries. WWE could have made any objection, then proceeded to deny the RFP's if appropriate. Of course, it is Plaintiffs' contention that there can be no good faith denial.

IV.   CONCLUSION

For the reasons stated above the RFP's should be deemed as admitted.

**Dated: January 17, 2018.**

                    **Respectfully submitted,**

                    **/s/ Konstantine W. Kyros**
                    **Konstantine W. Kyros, Esq.**
                    **Bar No. ct30132**
                    **KYROS LAW OFFICES**
                    **17 Miles Road**
                    **Hingham, MA 02043**
                    **Telephone: (800) 934-2921**
                    **Facsimile: 617-583-1905**
                    **kon@kyroslaw.com**

                    **Anthony M. Norris, Esq.**
                    **KYROS LAW OFFICES**
                    **17 Miles Road**
                    **Hingham, Massachusetts 02043**
                    **Telephone: (603) 995-1792**
                    **Facsimile: (617) 583-1905**
                    **anorris@kyroslaw.com**

                    **S. James Boumil, Esq.**
                    **BOUMIL LAW OFFICES**
                    **120 Fairmount Street**
                    **Lowell, Massachusetts 01852**
                    **Telephone: (978) 458-0507**
                    **SJBoumil@Boumil-Law.com**

                    **Brenden P. Leydon, Esq.**
                    **TOOHER WOCL & LEYDON LLC**
                    **80 4th Street**
                    **Stamford, Connecticut 06905**
                    **Telephone: (203) 517-0456**
                    **Facsimile: 203-324-1407**
                    **BLeydon@tooherwocl.com**

                    **Erica C. Mirabella, Esq.**
                    **MIRABELLA LAW LLC**
                    **132 Boylston Street, 5th Floor**
                    **Boston, Massachusetts 02116**
                    **Telephone: (617) 580-8270**
                    **Facsimile: (617) 583-1905**
                    **erica@mirabellaLLC.com**

>R. Christopher Gilreath, Esq.
>GILREATH & ASSOCIATES
>200 Jefferson Avenue, Suite 711
>Memphis, Tennessee 38103
>Telephone: (901) 527-0511
>Facsimile: (901) 527-0514
>chrisgil@sidgilreath.com
>
>*Counsel for Plaintiffs.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2018, a copy of the foregoing Request to Deem Admitted was served via this Court's electronic case filing system.

                                      */s/ Konstantine W. Kyros*
                                      **Konstantine W. Kyros**