UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, *et al.*, | : NO. 3:15-cv-01074-VLB |
| | : LEAD CASE |
| Plaintiffs, | : |
| vs. | : |
| WORLD WRESTLING ENTERTAINMENT, INC. | : |
| Defendant. | : |

| | |
|---|---|
| JOSEPH M. LAURINAITIS, *et al.*, | : NO. 3:16-CV-01209-VLB |
| | : CONSOLIDATED CASE |
| Plaintiffs, | : |
| vs. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., *et al.*, | : |
| Defendants. | : FEBRUARY 7, 2018 |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO DEEM WWE'S STATEMENTS ADMITTED</u>**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this memorandum in opposition to Plaintiffs' Motion to Deem WWE's Statements Admitted (Doc. 368) (the "Motion").

I. <u>BACKGROUND</u>

Instead of permitting the Court to evaluate whether he had complied with the Court's Order of September 29, 2017, which he did not, Plaintiffs' lead counsel, Konstantine Kyros ("Kyros"), has once again decided to burden the Court and WWE with the time and expense of dealing with another frivolous

motion filed for an improper purpose. The subject matter, timing, and collateral use of the Motion leave little doubt of its true and improper purpose.

The subject matter involves Requests for Admission ("RFAs") served on WWE on September 20, 2017 while comprehensive motions to dismiss, for sanctions, and for a stay of discovery were pending before the Court in the *Laurinaitis* case, which is the latest defective lawsuit filed to date in a string of defective lawsuits filed by Kyros over the last three years. Nine days after Kyros served WWE with the RFAs, the Court issued a comprehensive opinion rejecting the defective pleadings which had been filed in the *Laurinaitis* case and giving Kyros one last chance to remedy his practice of defective pleadings and avoid sanctions for his documented pattern of misconduct and ignoring prior Court orders.

In the September 29, 2017 Order on Defendants' motions to dismiss and for sanctions (Doc. 362) (the "Order"), the Court "reserve[d] judgment on these motions pending the filing of amended pleadings consistent with this Order." (Order at 2). In doing so, the Court found that the amended complaint filed by the *Laurinaitis* Plaintiffs "includes numerous allegations that a reasonable attorney would know are inaccurate, irrelevant, or frivolous" — many of which are the subject of the RFAs at issue — and "does not specify which claims apply to which plaintiffs or how or why they do." (*Id.* at 7-8). The Court further stated that the amended complaint

> remains unnecessarily and extremely long, with an overwhelming number of irrelevant allegations. Parsing each of the *Laurinaitis* Plaintiffs' asserted claims to figure out exactly which claims might be legally and factually supportable would be both a waste of judicial

2

> resources. It would also be unduly prejudicial to the WWE and McMahon, because the precise contours of the *Laurinaitis* Plaintiffs' claims are so amorphous that the WWE and McMahon would be at a loss to determine how to defend against them.

(*Id.* at 20). In light of its rejection of the pleadings filed by Kyros, the Court ruled that "discovery would be wasteful and unnecessary" where parties have "asserted no facts establishing that they are entitled to discovery" and because "[a] pleading cannot be filed without any factual support on vague hopes that discovery will possibly unearth helpful facts." (*Id.* at 16, 19).

Thus, the Court ordered that, within 35 days of the date of the Order, the *Laurinaitis* Plaintiffs were to file an amended complaint which "compl[ies] with Federal Rules of Civil Procedure 8 and 9 and which set[s] forth the factual basis of their claims . . . clearly and concisely in separately numbered paragraphs" and "submit for *in camera* review affidavits signed and sworn under penalty of perjury, setting forth facts within each plaintiff's . . . personal knowledge that form the factual basis of their claim," including the information specified in the Order. (*Id.* at 20). The Court concluded that, if Plaintiffs did not comply with the Order, then "the *Laurinaitis* complaint will be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b)," and "pursuant to Rule 11(c)(3), the court will *sua sponte* revisit whether to award attorney's fees as a sanction on the *Laurinaitis* Plaintiffs' counsel." (*Id.* at 21-22).

Upon receipt and review of the Order, counsel for WWE sought confirmation from Kyros on October 2, 2017 that the RFAs were withdrawn and that WWE would not have to incur the time and expense of drafting a formal response to the RFAs. Despite the fact that a court order had issued only four

3

days beforehand squarely indicating that discovery would not be appropriate, Kyros took the position on October 3, 2017 that "we are within our rights to insist on your Responses" to the RFAs. Therefore, on October 20, 2017, WWE timely responded to Plaintiffs' RFAs and objected to each request on the grounds that "the Court's rulings . . . make clear that Plaintiffs are not entitled to discovery at this time and that responding to the Requests for Admission would cause WWE to incur a needless burden and expense." (Doc. 368-2 at 3). WWE also cited abundant legal authorities for the proposition that, because the scope of discovery under Fed. R. Civ. P. 26 is limited to matters relevant to a party's claims or defenses, Plaintiffs were not entitled to discovery since there was no complaint defining the claims in this case and the Court would eventually determine whether the amended complaint to be filed by Kyros complied with the Order.[1] (*See id.* at 3-5).

At no time in the ensuing months did Kyros or any of his co-counsel have any communications with WWE's counsel regarding the objections interposed by WWE to the RFAs. They neither sought, nor had, any meet and confer with WWE's counsel. Then, out-of-the-blue on January 17, 2018, Kyros filed the Motion, evidently to burden the Court, harangue WWE, and create more grist for his internet blog which he uses to promulgate false, misleading, and incomplete statements about the conduct of the litigation, the Court's rulings, and WWE positions on certain issues.[2]

---

[1] On November 3, 2017, Plaintiffs filed their second amended complaint (Doc. 363), which Defendants do not believe complies with the Order. (*See* Doc. 365).

[2] Despite the Court's repeated criticism that Kyros makes filings which "appear aimed at an audience other than this Court" (Order at 6-7 (quoting Doc. 116 at

4

## II. ARGUMENT

### A. Plaintiffs Are Not Entitled to Discovery Until the Court Determines Whether They Have Complied with the Order

The Court's Order made clear that Plaintiffs were not entitled to discovery and that the Court would determine if Kyros and his co-counsel complied with the Order as the next step in the process. In the Order, the Court specifically recognized that it would be "unduly prejudicial to the WWE and McMahon" to attempt to "[p]ars[e] each of the *Laurinaitis* Plaintiffs' asserted claims to figure out exactly which claims might be legally and factually supportable." (Order at 20). The Court further noted that "discovery would be wasteful and unnecessary" where parties have "asserted no facts establishing that they are entitled to discovery." (*Id.* at 19). Due to such findings, the Court held that Defendants' Motion to Stay Discovery was moot. (*See* Doc. 362) (docket text).

Notably, the Motion completely fails to address or even mention the Court's specific finding made nine days after the RFAs were served that they were not entitled to discovery. Nothing has changed since the Court issued its Order, and the Court still has the issues on which it reserved judgment under consideration.

### B. Because WWE Timely Responded to the RFAs, There Is No Basis to Deem Them Admitted In Any Event

Despite conceding — as they must — that WWE in fact responded by

---

13)), less than 24 hours after filing the Motion, Kyros posted the Motion on his blog at http://wweconcussionlawsuitnews.com along with the following statement that misrepresents WWE's obligations under the Federal Rules and WWE's actual responses to the RFAs: "On January 17, 2018 the plaintiffs filed a motion to deem fifty statements of fact admitted by the WWE. The WWE's lawyers had responded evasively by objecting to the requests which are required to be admitted or denied under the Federal Rules. The purpose of these rules is to get facts on the record in the lawsuit something which the WWE does not want to do."

objecting to the RFAs, Plaintiffs nevertheless erroneously assert that the RFAs should be deemed admitted because WWE failed "to timely deny the Plaintiffs' RFAs." (Motion at 5-6). Rule 36, however, requires no such thing. On the contrary, Rule 36(a)(1)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer <u>or objection addressed to the matter</u> and signed by the party or its attorney" (emphasis added). Based on this plain language, courts in this District have interpreted Rule 36 to provide "that a party responding to requests for admission may <u>either</u> admit, deny, <u>object to the request with the reasons therefor</u>, or set out in detail the reasons why he or she cannot respond." *Valley Housing Ltd. P'ship v. City of Derby*, No. 3:06CV1319 (RNC), 2008 WL 178587, at *1 (D. Conn. Jan. 17, 2008) (emphasis added). Indeed, the very authorities cited in Plaintiffs' Motion hold likewise. *See* Motion at 5 (citing *Young v. Leon*, No. 3:14-cv-01337 (CSH), 2015 WL 3476822, at *3 (D. Conn. June 2, 2015) (quoting *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011)) ("failure to respond <u>or object</u> to a discovery request in a timely manner waives any objection which may have been available") (emphasis added)).

Significantly, courts in this Circuit and elsewhere have specifically rejected the identical argument Plaintiffs assert here. *See Synventive Molding Solutions, Inc. v. Husky Injection Molding Systems, Inc.*, No. 2:08-CV-136, 2010 WL 11537874, at *3 (D. Vt. Feb. 10, 2010) ("Because Synventive timely objected, Husky's motion is denied insofar as Husky wants its requests deemed 'admitted.'") (citing *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 226 n.26

(E.D.N.Y. 2007)); *see also Whitney v. City of Milan*, No. 1:09-cv-01127-JDB-egb, 2014 WL11398537, at *6 (W.D. Tenn. Feb. 25, 2014) (rejecting plaintiff's motion to have requests for admission as facts deemed admitted because "[t]he Court finds Plaintiff's interpretation of Rule 36 untenable in light of the Rule's plain language . . . . [Defendant] complied with the Rule, and avoided triggering automatic admissions, by timely serving Plaintiff with 'objections addressed to' the various matters asserted in the requests."); *Stipp v. Allen*, No. CIV A4:98-CV-82 (JRE), 1999 WL 1332379, at *1 (M.D. Ga. Dec. 13, 1999) (denying plaintiff's motion to deem admitted requests for admission because defendant served timely objections). In emphatic terms, one court characterized a motion for summary judgment based on the defendant's purported failure to respond to requests for admissions as "completely frivolous" because it was "based solely on a blatant misrepresentation to the Court that the [defendant] has not responded to her First Request for Admissions. In fact, the [defendant] responded to the request with an objection. . . . As such, [plaintiff's] Motion for Partial Summary Judgment is wholly without merit." *Stipp*, 1999 WL 1332379, at *1.

C. **Plaintiff's Motion Should Also Be Denied For Failure to Satisfy the Meet and Confer Requirement Under Local Rule 37(a)**

In violation of Local Rule 37(a), Plaintiffs' counsel filed the Motion without making <u>any</u> attempt to confer with WWE's counsel regarding the discovery issues addressed by the Motion. Local Rule 37(a) provides that:

> <u>No motion pursuant to Rules 26 through 37</u>, Fed.R.Civ.P. shall be filed unless counsel making the motion has <u>conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort</u> to eliminate or reduce the area of controversy, and to arrive at a mutually

7

> satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion <u>shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party</u> in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.

D. Conn. L. Civ. R. 37(a) (emphasis added). As Plaintiffs' motion challenging WWE's objections to the RFAs is made pursuant to Rule 36, it must satisfy the requirements of Local Rule 37(a). *See Young v. Long,* No. 3:08-CV-501, 2009 WL 1929083, at *2 (D. Conn. July 2, 2009) (holding that parties must comply with Rule 37(a) requirement to confer in good faith in an attempt to narrow their dispute regarding requests for admissions); *Brown v. UConn Med. Grp.*, No. 3:12-CV-1305(JBA), 2014 WL 2804345, at *2-3 (D. Conn. June 20, 2014) (denying motion to compel responses to requests for admissions and interrogatories, in part, because plaintiff did not comply with Local Rule 37 requirements).

"The failure to follow the meet and confer requirement is a sufficient basis for denying the motion to compel." *Brown v. Clayton*, No. 3:11-CV-714(JCH), 2013 WL 1409884, at *2 (D. Conn. Apr. 8, 2013). Courts have routinely denied discovery motions for failure to comply with the meet and confer requirement under Local Rule 37(a). *See id.; Doe v. Mastolini*, 307 F.R.D. 305, 313-14 (D. Conn. 2015) (denying motion to compel because "we cannot conclude that Plaintiffs have made a good faith effort to resolve the discovery disputes on their own before seeking the assistance of the Court."); *Saliga v. Chemtura Corp.*, No. 3:12-CV-832(VAB), 2015 WL 851849, at *1-2 (D. Conn. Feb. 26, 2015) (denying motion to compel where "plaintiff made no genuine, good faith effort to narrow and/or

8

resolve the discovery dispute before seeking judicial intervention").

In this case, Plaintiffs' counsel made no attempt to confer with WWE's counsel in the <u>three months</u> since they received WWE's objections to the RFAs — much less actually discuss the issues presented by WWE's objections prior to filing their Motion. Moreover, Plaintiffs could not and did not include in their Motion the required affidavit certifying that they had conferred in good faith with WWE's counsel in an attempt to resolve the dispute. The failure to do so is yet another example of Kyros' failure to comply with basic and fundamental rules regarding motion practice, and evidences that his real purpose was to create misleading content for his internet blog.

As a result of Plaintiffs' failure to meet and confer as required by Local Rule 37(a) and the improper purpose behind the Motion, WWE should be awarded its attorney's fees and costs incurred in connection with the Motion. *See Saliga*, 2015 WL 851849, at *2 (awarding defendant its reasonable attorney's fees and costs where plaintiff filed motion to compel without complying with the meet and confer requirement); *Brown*, 2013 WL 1409884, at *2 n.3 ("failure to hold a good faith conference is ground for the award of attorney's fees and other sanctions") (internal quotations omitted).

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion should be denied and WWE should be awarded its attorney's fees and costs incurred in connection with the Motion.

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,**

By: __/s/  Jerry S. McDevitt_____
    **Jerry S. McDevitt (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com**

    **Jonathan B. Tropp (ct11295)
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com**

**Its Attorneys.**

## CERTIFICATION

I hereby certify that on February 7, 2018 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                        */s/ Jeffrey P. Mueller*