# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, *et al.*, | : NO. 3:15-cv-01074-VLB |
| | : LEAD CASE |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| WORLD WRESTLING ENTERTAINMENT, INC., | : |
| | : |
| Defendant. | : |

| | |
|---|---|
| EVAN SINGLETON and VITO LOGRASSO, | : NO. 3:15-cv-00425-VLB |
| | : CONSOLIDATED CASE |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| WORLD WRESTLING ENTERTAINMENT, INC., | : |
| | : |
| | : MARCH 22, 2018 |
| Defendant. | |

## DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FEBRUARY 22, 2018 RECOMMENDED RULING ON DEFENDANT'S MOTIONS FOR SANCTIONS

Jonathan B. Tropp (ct11295)
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Jerry S. McDevitt (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

*Counsel for Defendant*
*World Wrestling Entertainment, Inc.*

# TABLE OF CONTENTS

**Page**

I.     **INTRODUCTION** ................................................................................. 1

II.    **RELEVANT BACKGROUND** ........................................................... 7

III.   **ARGUMENT** .................................................................................... 8

      A.     **Standard of Review** ............................................................. 8

      B.     **Kyros Admits in His Objections that He Intentionally Chose Not to Comply with the Court's May 19, 2016 Order** ........................... 9

      C.     **Kyros' Proposed Supplementation of the Interrogatory Responses Is A Continuation of His Fraudulent and Dishonest Conduct** ........................................................... 12

      D.     **The Recommended Ruling Appropriately Required Kyros to Pay WWE's Legal Fees Incurred In Connection with the Motion for Sanctions** ............................................................. 17

IV.   **CONCLUSION** ............................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bathrick v. Astrue*, No. 3:11-CV-00101-VLB, 2015 WL 3870268
(D. Conn. June 23, 2015) ............................................................................. 9

*Beck v. Astrue*, No. 3:11-CV-1185 (JCH), 2013 WL 3853444
(D. Conn. July 24, 2013)............................................................................... 9

*Braham v. Perelmuter*, No. 3:15CV1094(JCH), 2016 WL 1305118
(D. Conn. Apr. 1, 2016)................................................................................. 11

*Combs v. Rockwell Int'l Corp.*, 927 F.2d 486 (9th Cir. 1991) ..................... 20

*Hansel v. Shell Oil Corp.*, 169 F.R.D. 303 (E.D. Pa. 1996) .................... 10-11

*Lawrence v. Richman Grp. Of Conn., LLC*, No. 3:03CV850 (JBA),
2006 WL 3841808 (D. Conn. Dec. 29, 2006)........................................... 8-9

*Lyondell-Citgo Refining, L.P. v. Petroleos de Venezuela, S.A.*,
No. 02 Civ. 0795(CBM), 2005 WL 1026461 (S.D.N.Y. May 2, 2005)....... 9

*Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*,
No. A-11-CV-542-LY, 2013 WL 2607589 (W.D. Tex. June 10, 2013) .......... 11

*Morales v. Cancun Charlie's Rest.*, No. 3:07CV1836(CFD),
2009 WL 3682449 (D. Conn. Oct. 30, 2009) ...................................... 10-11

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d Cir. 1990)......... 8

*United States v. Livoti*, 22 F. Supp. 2d 235 (S.D.N.Y. 1998) ..................... 20

**Statutes**

28 USCS § 636 .............................................................................................. 8

**Other Authorities**

*Moore's Federal Practice* § 33.102[3] (3d ed. 2015)................................... 11

ii

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this response (the "Response") to the objections (the "Objections," Doc. 372) filed solely by Plaintiffs' lead counsel, Konstantine Kyros, to Magistrate Judge Richardson's February 22, 2018 Recommended Ruling (the "Recommended Ruling," Doc. 371) on Defendant's Motion for Sanctions (the "Motion for Sanctions," Doc. 198) for Failure to Comply with the Court's May 19, 2016 Order on WWE's Motion to Compel (the "May 19, 2016 Order" or "Compulsion Order," Doc. 144). Notably, none of the eight other attorneys representing Plaintiffs in this matter, including Plaintiffs' local counsel, William M. Bloss, signed on to Kyros' Objections.

## I.     INTRODUCTION

Kyros does not cite <u>any</u> bona fide reason for objecting to Judge Richardson's Recommended Ruling, much less a reason sufficient to satisfy the heavy burden required to overturn a magistrate's discovery order. On the contrary, Kyros remarkably admits that he intentionally chose not to comply with the Court's May 19, 2016 Order, which required Plaintiffs to provide supplemental responses to certain of WWE's interrogatories. More remarkably, Kyros blames the Court for his considered and willful refusal to do so.

The interrogatories at issue were designed to flesh out the specifics of any statements or omissions made to or relied upon by Plaintiffs Evan Singleton and Vito LoGrasso, which were contended to have been fraudulent. In the main, the interrogatories were based on specific allegations asserted in Plaintiffs' Second Amended Complaint regarding acts, statements or omissions attributed to WWE,

but which WWE believes were fabricated allegations. In this regard, the Court's Compulsion Order specifically instructed that where a "Plaintiff is unable to identify a statement or speaker in response to an interrogatory, Plaintiff must state that fact." (Doc. 144).

In his Objections, Kyros argues that he was "substantially justified" in choosing not to comply with the Court's May 19, 2016 Order because it supposedly "require[d] Plaintiffs to respond to discovery requests using the opposing party's skewed formulaic responses that do not properly address Plaintiffs' claims." (Doc. 372 at 4-5). Seeking to relitigate the Court's underlying Compulsion Order, Kyros maintains that "[f]orcing the Plaintiffs to only respond to the interrogatories in Court-adopted language created by the opposing party is inherently prejudicial and is an abuse of discretion." (*Id.* at 5). Thus, Kyros asserts that Judge Richardson's Recommended Ruling "is clearly erroneous and contrary to law given Plaintiffs' substantial justification to provide their own Responses." (*Id.*). In essence, Kyros argues that Judge Richardson's Recommended Ruling should be overturned because this Court's Compulsion Order was an abuse of Judge Bryant's discretion in the first instance and Judge Richardson committed another abuse of discretion by recommending that Kyros be sanctioned for refusing to comply with her Order.

Kryos' argument is based on an entirely false premise — the Court did not prescribe any language by which Plaintiffs were required to respond to WWE's interrogatories; it merely required Plaintiffs to provide responsive answers and to state when they are unable to identify a speaker or statement in response to an

interrogatory. Kyros' objection is really to that aspect of the Court's Order which operates to flesh out whether he lacked a factual basis for particular allegations of the Second Amended Complaint. In reality, he did not have a basis for the allegations which were the subject of the interrogatories and tried to avoid essentially having to admit to even more Rule 11 violations through the incomplete, evasive and non-responsive answers to the interrogatories on which WWE moved to compel. Moreover, Kyros' position that he was "substantially justified" in unilaterally choosing not to comply with the Court's May 19, 2016 Order, and should not have been sanctioned for his noncompliance, reveals his profound misunderstanding of how civil litigation works under the Federal Rules of Civil Procedure and is plainly an insufficient reason to overturn Judge Richardson's Recommended Ruling.

Although meritless, the Objections also continue to demonstrate the fraudulent and deceptive conduct for which both Judge Bryant and Judge Richardson have admonished Kyros. Indeed, despite Judge Richardson's strong warning that further acts of dishonesty by Kyros would warrant dismissal (Doc. 371 at 3 n.2), Kyros' first filing thereafter reflects more dishonesty and intent not to comply with orders. Thus, Kyros now pronounces that he will supplement the interrogatory responses on a schedule announced by him, not by any court. According to Kyros, this effective "do over" of his prior willful noncompliance with the Court's May 19, 2016 Order should be in lieu of the sanctions

recommended by Judge Richardson. (*See* Doc. 372 at 6-10).[1] Yet, as the proposed and untimely supplemental responses asserted in the Objections make clear, Kyros intends to continue supplying incomplete, evasive and non-responsive answers regarding the fraud allegations because, as demonstrated in WWE's pending summary judgment papers, the fraud allegations were themselves fraudulent with no good faith basis in the first place. For example, with respect to LoGrasso's alleged symptoms of traumatic brain injury, Kyros continues the pattern of falsely suggesting that reference to LoGrasso's medical records will reveal the date of the onset of the symptoms he now claims to have been experiencing. Kyros knows full well, however, that LoGrasso did not report any of the symptoms of traumatic brain injury from which he now claims to have been suffering to any physician until after he responded to Kyros' solicitations to join a lawsuit about CTE. Additionally, Kyros' Objections include supplemental information that this Court has already ruled cannot be a basis for Plaintiffs' fraudulent omission claims, such as (i) statements about concussions or specific incidences of concussions during WWE activities, and not about alleged knowledge of a link between wresting activity and permanent degenerative neurological conditions (*see* Doc. 160 (text order)); and (ii) statements made after Plaintiffs stopped performing for WWE, including statements made after this lawsuit had already been filed (*see* Doc. 116 at 58).

Although Judge Richardson's Recommended Ruling denied WWE's

---

[1] Kyros unilaterally proclaims that Plaintiffs will supplement their interrogatory responses by March 31, 2018, even though WWE's motion for summary judgment is fully briefed and under advisement, and therefore any additional supplemental responses would have no consequence to the pending dispositive motion.

request for the dismissal of this case, Judge Richardson expressly warned Kyros that "any further suggestion of dishonesty throughout this litigation could, and likely should, result in much more dramatic sanctions up to and including the dismissal." (Doc 371 at 3 n.2). This warning addresses the escalating misconduct by Kyros in these consolidated proceedings at the time WWE filed its Motion for Sanctions, all of which was pointed out to Judge Richardson. In addition to defying the Court's Compulsion Order regarding the subject interrogatories in the Singleton/LoGrasso Action, Kyros had both Singleton and LoGrasso sign verified responses completely at odds with prior testimonial admissions both made in their depositions which negated numerous fabricated allegations made by Kyros. In the same time period, in the now consolidated *Laurinaitis* Action, Kyros filed another pleading at odds with this Court's repeated admonitions about his pleading practices and demonstrably got caught red-handed plagiarizing from the lawsuit against the NFL. As a result of such plagiarism, among other things, WWE was accused of making statements for wrestlers to rely upon that in fact were made by Roger Goodell, the commissioner of the NFL, and the text of scientific reports about the NFL and its players was altered to make it appear as if those reports were about WWE and wrestlers.[2]

Meanwhile, shortly after the briefing closed on WWE's Motion for Sanctions in this case, the Court granted WWE's motions to dismiss the consolidated *Frazier* and *James* Actions in their entirety. (*See* Doc. 253). In that memorandum

---

[2] In fact, Judge Richardson heard extensive evidence about Kyros' plagiarism scheme, as the Court initially referred WWE's motion for sanctions on that aspect of Kyros' misconduct to the magistrate also. (*See* Doc. 249).

of decision, the Court issued yet additional strong admonitions toward Kyros culminating with the following:

> Kyros' false and misleading statements, identified by WWE above, together with other statements the Court has examined - including Kyros' unprovable claim that deceased and, in at least one case, cremated former wrestlers had CTE 'upon information and belief' - are highly unprofessional. These misleading, deceptive, and baseless allegations are precisely the types of statements that many state bar associations have targeted in promulgating rules of professional conduct which demand that admitted attorneys speak with candor to the trier of fact. The Court admonishes Kyros and his co-counsel to adhere to the standards of professional conduct and to applicable rules and court orders lest they risk future sanction or referral to the Disciplinary Committee of this Court.

(*Id.* at 27-28). Most recently, in the Court's September 29, 2017 Order regarding WWE's motion for judgment on the pleadings in the *Windham* Action and motions to dismiss and for sanctions in the *Laurinaitis* Action, the Court again recounted certain of its prior admonitions of Kyros and observed that "[i]n spite of these instructions, Kyros has now filed a 335 page complaint with 805 paragraphs that includes numerous allegations that a reasonable attorney would know are inaccurate, irrelevant, or frivolous." (Doc. 362 at 7).

It was in the context of this continuing and escalating misconduct that Judge Richardson's Recommended Ruling warned that any future dishonesty may result in dismissal. (*See* Doc. 371 at 3 n.2). Now, in Kyros' very first filing following Judge Richardson's warning, Kyros has already engaged in the dishonest conduct described herein for which WWE submits the Court should consider whether the more drastic sanction of dismissal is warranted, together with and supplementing the entry of summary judgment on the merits in the *Singleton/LoGrasso* Action.

6

## II.    RELEVANT BACKGROUND

On May 19, 2016, the Court granted in part WWE's Motion to Compel and ordered Plaintiffs to serve supplemental responses to WWE's interrogatories that were directed to (1) factual information concerning the onset of LoGrasso's symptoms (*see* Doc. 144 as to A-12 of WWE's Motion to Compel); (2) factual details about specific fraudulent statements or actions that Plaintiffs alleged in the Second Amended Complaint (*see id.* as to A-2, A-4, A-5 and A-6); and (3) factual details about any alleged omissions or misrepresentations Plaintiffs assert WWE made to them (*see id.* as to A-1).  As noted by Judge Richardson, "[i]n so ruling, Judge Bryant implicitly deemed the previous responses to be inadequate."  (Doc. 371 at 3).

At fourteen minutes before midnight on June 15, 2016, the due date of Plaintiffs' supplemental interrogatory responses, Plaintiffs served Second Supplemental Objections and Responses to WWE's First Set of Interrogatories.[3] On August 8, 2016, WWE filed its Motion for Sanctions with respect to Plaintiffs' responses to eleven interrogatories on the grounds that Plaintiffs' Second Supplemental Objections and Responses failed to comply with the Court's May 19, 2016 Order.  (*See* Doc. 198-1).  WWE sought strong sanctions, including the dismissal of Plaintiffs' sole remaining claim of fraud by omission because

---

[3] At the time of service, Plaintiffs' Second Supplemental Objections and Responses were signed by Kyros but not verified by Plaintiffs, as required by Fed. R. Civ. P. 33.  Verifications were not provided to WWE's counsel until June 17, 2016.  Judge Richardson found that "[t]he timing surrounding the answers and the provision of the verifications raises questions regarding what Messrs. Singleton and LoGrasso knew about their sworn interrogatory responses."  (Doc. 371 at 3 n.2).

Plaintiffs engaged in perjury, and Plaintiffs' counsel suborned perjury, by providing sworn interrogatory responses that squarely conflicted with testimonial admissions of Singleton and LoGrasso in their depositions. (*See id.* at 15-22). WWE further argued that Plaintiffs' supplemental interrogatory responses continued to be incomplete, evasive and non-responsive. (*See id.* at 22-40).

Judge Richardson held oral argument on WWE's Motion for Sanctions on March 2, 2017. On February 22, 2018, Judge Richardson issued his Recommended Ruling "that plaintiffs' counsel be sanctioned for their failure to comply in any meaningful way with [the Court's] ruling regarding interrogatory responses." (Doc. 371 at 7).

### III. ARGUMENT

#### A. Standard of Review

As Kyros concedes, "[p]retrial orders of a magistrate under 28 USCS § 636(b)(1)(A) are reviewable under the clearly erroneous and contrary to law standard." (Doc. 372 at 3). Specifically, it is well-settled in the Second Circuit that "[m]onetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Lawrence v. Richman Grp. Of Conn., LLC*, No. 3:03CV850 (JBA), 2006 WL 3841808, at *2 (D. Conn. Dec. 29, 2006) ("Notwithstanding plaintiff's contention that the more stringent *de novo* standard of review is applicable to [a magistrate's ruling], the Second Circuit has rejected this higher standard of review in the context of a

ruling imposing sanctions under Fed. R. Civ. P. 37.") (citations omitted).  This

Court has found that "[g]iven such a highly deferential standard of review,

magistrate judges are afforded broad discretion[,] and reversal is appropriate

only if that discretion is abused." *Bathrick v. Astrue*, No. 3:11-CV-00101-VLB,

2015 WL 3870268, at *2 (D. Conn. June 23, 2015) (Bryant, J.) (quoting *Beck v.

Astrue*, 2013 WL 3853444 (D. Conn. July 24, 2013)) (internal citations omitted).

"Thus, a party seeking to overturn or modify a [magistrate's] discovery order

bears a heavy burden." *Lyondell-Citgo Refining, L.P. v. Petroleos de Venezuela,

S.A.*, No. 02 Civ. 0795(CBM), 2005 WL 1026461, at *3 (S.D.N.Y. May 2, 2005).  Kyros

does not come close to discharging that heavy burden.

**B.  Kyros Admits in His Objections that He Intentionally Chose Not to Comply
with the Court's May 19, 2016 Order**

There is no dispute that Kyros did not comply with the Court's May 19,

2016 Order.  Indeed, Kyros admits in his Objections that he intentionally chose

not to comply with the Court's Order.  Kyros maintains that he was "substantially

justified" in choosing not to comply with the Court's May 19, 2016 Order because

it supposedly "require[d] Plaintiffs to respond to discovery requests using the

opposing party's skewed formulaic responses that do not properly address

Plaintiffs' claims."  (Doc. 372 at 5).  According to this latest bizarre argument of

Kyros, "the mechanical responses required by the Court to these contention

interrogatories violated Plaintiffs' rights to answer their discovery Responses in a

manner that does not skew their claims improperly in favor of the Defendant's

position."  (*Id.* at 2).  Despite citing no authority for such a dubious proposition,

Kyros asserts that he was "substantially justified" in disregarding this Court's

Order because "[f]orcing the Plaintiffs to only respond to the interrogatories in Court-adopted language created by the opposing party is inherently prejudicial and is an abuse of discretion." (*Id.* at 5). Kyros further asserts that Judge Richardson's Recommended Ruling "is clearly erroneous and contrary to law given Plaintiffs' substantial justification to provide their own Responses." (*Id.*)

As an initial matter, it is simply false that the Court "forc[ed] the Plaintiffs to only respond to the interrogatories in Court-adopted language created by the opposing party" or with "mechanical responses required by the Court." Although Kyros does not identify this "Court-adopted language created by the opposing party" or "mechanical responses," he can only be referring to the requirement in the Court's May 19, 2016 Order that "[w]here Plaintiff is unable to identify a statement or speaker in response to an interrogatory, Plaintiff must state that fact." (Doc. 144). It is indisputable, though, that neither this directive nor anything in the Court's Order prescribes language by which Plaintiffs were required to respond to any interrogatory. In point of fact, Kyros is objecting to the Court's requirement that he essentially acknowledge where he lacks any factual basis for particular allegations of the Second Amended Complaint. This is precisely what he tried to avoid through the evasive and non-responsive answers to the interrogatories on which WWE moved to compel.

It was entirely proper for the Court to enter an Order seeking to prevent such tactics. In fact, Judge Bryant merely ordered Kyros to do what the rules governing interrogatories require. *See Morales v. Cancun Charlie's Rest.*, No. 3:07CV1836(CFD), 2009 WL 3682449, at *6 (D. Conn. Oct. 30, 2009) ("If a party is

unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information.") (quoting *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996)); *Braham v. Perelmuter*, No. 3:15CV1094(JCH), 2016 WL 1305118, at *2-3 (D. Conn. Apr. 1, 2016) ("If a party is unable to reply because it lacks knowledge or information, the party may not simply refuse to answer.  Rather, the party must respond in a way that lets the requesting party know the information is unavailable.") (quoting *Moore's Federal Practice* § 33.102[3] (3d ed. 2015)); *see also Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *5 (W.D. Tex. June 10, 2013) (holding that plaintiff must identify the particular misrepresentations upon which his allegations are based and that if he is unable to provide the requested details regarding the alleged misrepresentations, "he must state that specifically").

Kyros seems to be operating under the misapprehension that he can make allegations in a pleading with no basis in fact and then refuse to respond to discovery requests seeking to ascertain the basis for them.  To be sure, this is not the way that litigation works under the Federal Rules of Civil Procedure and no reasonable lawyer would contend otherwise.  Indeed, none of the other lawyers representing LoGrasso or Singleton signed on to the Objections making such a nonsensical argument.

While Kyros' Objections should be denied because they are based on the false premise that the Court prescribed language by which Plaintiffs were required to respond to WWE's interrogatories, the Objections also should be

denied because Kyros clearly was not "substantially justified" in refusing to comply with this Court's May 19, 2016 Order. Indeed, Kyros' Objections are essentially an untimely — by nearly two years — motion for reconsideration of Judge Bryant's Compulsion Order. Having never moved for reconsideration or otherwise challenged the May 19, 2016 Order, however, Kyros' argument that Judge Richardson's Recommended Ruling is clearly erroneous and contrary to law because Kyros supposedly was "substantially justified" in unilaterally refusing to comply with the Court's Order defies credulity and frankly cannot be asserted in good faith. Kyros' position means that any litigant could unilaterally decide not to comply with a court order if they subjectively believe that such noncompliance is substantially justified. Not surprisingly, Kyros has cited no authority for such a proposition that would radically undermine the courts' authority. Indeed, this again demonstrates Kyros' fundamental misapprehension of counsel's obligations in federal court litigation.

C.    Kyros' Proposed Supplementation of the Interrogatory Responses Is A Continuation of His Fraudulent and Dishonest Conduct

Kyros' proposed supplementation of the Interrogatory Responses is a continuation of the fraudulent and dishonest conduct for which both Judge Bryant and Judge Richardson have admonished Kyros. The proposed supplemental responses set forth in Kyros' Objections are rife with yet additional incomplete, evasive and non-responsive information designed to continue to obscure the lack of factual basis for Plaintiffs' fraud allegations. As Judge Richardson pertinently noted in his Recommended Ruling, "[a]n apparent pattern has emerged in most of plaintiffs' interrogatory responses. When confronted

12

with their own allegations taken from their own complaint, plaintiffs simply direct the WWE to multiple documents and assert that the answer to the interrogatory is located somewhere within these documents, or the plaintiffs refer vaguely to a public statement without providing any specifics to WWE."  (Doc. 371 at 11).  The proposed supplemental responses are more of the same.

For example, regarding LoGrasso Interrogatory No. 6, Kyros claims he "intends to provide detailed symptoms that [LoGrasso] has suffered from since his relationship with WWE ended" but "cannot pinpoint the exact date of the onset of these symptoms."  (Doc 372 at 6).  From the beginning, Kyros has avoided admitting that LoGrasso never actually reported any symptoms of traumatic brain injury to physicians before taking up Kyros' internet solicitations to join in a lawsuit.  Although specifically requested by Interrogatory No. 6, LoGrasso's First Supplemental Response did not identify the date of onset of any alleged symptoms, the length of the symptoms, or the identity of all health care providers who examined or treated LoGrasso for such symptoms.  Instead, the response merely "refer[red] WWE to the medical records he is producing in this matter."  (Doc. 198-1 at 23-24).  Despite the entry of Judge Bryant's Compulsion Order following this improper response, LoGrasso's Second Supplemental Response was identical to the First Supplemental Response, except it referred WWE to medical records "already produced" as opposed to medical records LoGrasso "is producing."  (*Id.*).  When questioned by Judge Richardson at oral argument on WWE's Motion for Sanctions as to whether "the medical records that were produced actually identified specific symptoms, other than the hearing

loss . . . [t]hat are consistent with the concussion symptoms," Plaintiffs' counsel responded "[t]he ones we've produced do discuss the symptoms, yes, your Honor. I believe they do." (3/2/17 Tr. at 128-29). This representation was then reflected in Judge Richardson's Recommended Ruling (Doc. 371 at 8) ("However, counsel later indicated that the requested information on symptoms was indeed located somewhere within the medical documents produced in this case.").

Plaintiffs' counsel's representation to Judge Richardson was misleading to the extent it suggested LoGrasso's medical records evidenced him complaining about such symptoms following his release from WWE and prior to this litigation. A review of the medical records that were produced demonstrates that LoGrasso had dozens of medical appointments after leaving WWE and prior to filing this lawsuit and there is not a single notation in any of his pre-litigation records of LoGrasso seeking treatment for any of the symptoms of traumatic brain injury from which he now claims to have been suffering. Knowing full well that LoGrasso did not report any such symptoms prior to being recruited by Kyros' solicitations to file suit, Kyros' statement in his Objections that he "cannot pinpoint the exact date of the onset of these symptoms" is yet another deceptive half-truth of the kind this Court has noted previously are part of Kyros' modus operandi.[4]

---

[4] Kyros' proposed supplemental response to Interrogatory No. 6 also references LoGrasso's description of his alleged symptoms in his deposition. (Doc. 372 at 6). As explained in WWE's summary judgment papers, LoGrasso actually perjured himself in his deposition by stating that his symptoms, including headaches, supposedly started in response to a head injury he swore he received in a specific October 10, 2006 match against William Regal when his head hit steel steps. After being shown video footage of that match, however, LoGrasso

With regard to LoGrasso Interrogatory No. 11 and Singleton Interrogatory No. 12, Kyros deceptively mischaracterizes the actual information sought by those interrogatories.  Kyros asserts that they concern WWE's alleged "history of downplaying head injuries in its performances."  (Doc. 372 at 7).  In reality, however, those interrogatories ask Plaintiffs to identify "each and every 'deceptive public statement [ ] and published article [ ]' of or by WWE which You contend 'downplayed <u>known long-term health risks of concussions to Plaintiff[s],</u>' as alleged in ¶¶ 222 and 230 of the Second Amended Complaint" (emphasis added).  (Doc. 371 at 9).  Those allegations were taken from the NFL lawsuit, and are part of longstanding fabrications advanced by Kyros.  Rather than admit that WWE has not, for example, ever published <u>any</u> articles downplaying known long-term health risks of concussions, Kyros proposes to supplement his non-response with three more non-responsive answers.  (*See* Doc. 372 at 7).

With regard to LoGrasso Interrogatory No. 14 and Singleton Interrogatory No. 15, the supplemental information asserted in Kyros' Objections plainly does not identify "'who at WWE specifically stated 'that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE,' as alleged in ¶¶ 178 & 185 of the Second Amended Complaint, including in Your answer the date, place and persons making such a statement and how and when such statements first came to Your attention."  (Doc. 198-1 at 15).  The conspicuous absence of the information actually requested by the interrogatories is yet another example of Kyros attempting to obscure the fact that he does not

_____

was later forced to admit that his head never actually hit the steps as he had previously testified. (Doc. 333 at ¶ 19).

15

have, and never had, a factual basis for the referenced allegations.[5]  Further

demonstrating the absurdity of Kyros' proposed supplemental interrogatory

responses, the supplemental information asserted in the Objections includes an

alleged statement from <u>July 1, 2015 after the Second Amended Complaint in this</u>

<u>case had already been filed</u>.  (*See* Doc. 372 at 9).

      With regard to LoGrasso Interrogatory No. 16 and Singleton Interrogatory

No. 17, all of the so-called "evidence" cited in Kyros' Objections of alleged

statements from 2013,[6] 2015, and 2016 were made long after LoGrasso and

Singleton last performed for WWE.  In citing such "evidence," Kyros has once

again ignored Judge Bryant's admonition that "a reasonable attorney" would

know that statements made at a time when the plaintiff(s) are no longer

performing for WWE are "irrelevant or frivolous."  (*See* Doc. 362 at 7 ("referencing

a study published in October 2015 despite the fact that none of the *Laurinaitis*

Plaintiffs were still performing at that time"); *see also* Doc. 116 at 58 (noting that

complaints do not allege facts indicating that any plaintiff relied upon a statement

allegedly made by Dr. Maroon to the NFL Network in March 2015 — after the first

complaint in these consolidated proceedings had already been filed)).

      Kyros does not even attempt to assert supplemental information in

response to LoGrasso Interrogatory No. 12 and Singleton Interrogatory No. 13 or

---

[5] The referenced December 9, 2009 statement expressly noted that "WWE has
been asking to see the research and test results in the case of Mr. Benoit for
years and has not been supplied with them" — a fact Kyros already knew was
true because the correspondence seeking such information from the Sports
Legacy Institute and Dr. Julian Bailes is part of the summary judgment record and
proves that WWE's statements were entirely accurate.   (*See* Doc. 333 at ¶ 50).

[6] Kyros' Objections refers to the date "May 17, 2003," but the referenced press
release actually was issued in "2013."

in response to LoGrasso Interrogatory No. 15 and Singleton Interrogatory No. 16, which also were part of the Court's May 19, 2016 Order and Judge Richardson's Recommended Ruling.

**D.    The Recommended Ruling Appropriately Required Kyros to Pay WWE's Legal Fees Incurred In Connection with the Motion for Sanctions**

Kyros appears to argue that it was wrong for him to "be[ ] singled out and required to solely pay WWE's attorneys' fees."  (Doc. 372 at 11).  It was entirely appropriate for Judge Richardson to require Kyros and his Law Offices to pay all of the legal fees that WWE reasonably incurred in connection with the Motion for Sanctions.  Indeed, given Kyros' history, he should be happy that only counsel fees were awarded as a sanction instead of dismissal.

As Judge Richardson aptly noted, "Plaintiffs' counsel, specifically Attorney Kyros, has been on notice that plaintiffs need to comply with Court orders and the Federal Rules of Civil Procedure throughout this litigation."  (Doc. 371 at 15).  Judge Richardson went on to detail some (but not all) of the specific admonitions of Kyros by this Court, including:

- "During a June 8, 2015 status conference Judge Bryant expressed concerns over the quality and content of plaintiffs' filings.  Judge Bryant spoke in clear terms regarding the federal rules, pleading standards, and her own expectations for this litigation going forward.  Counsel was reminded that 'you've got to have a good faith belief in the claim that you file at the time you file[ ] it.' (Transcript of Status Conference, 3:15-cv-425-VLB, Dkt. 73 at 47.)  Counsel was instructed to file an amended complaint which did not have 'any scrivener errors, hyperbolic, inflammatory opinions and references to things that don't have any relevance' to the claims being made.  (*Id.*)  Judge Bryant pointed out that '[a] complaint should be a clear and concise statement of the facts that form the basis of [the] claims.' (*Id.* at 61.)  Counsel was warned that anything beyond the facts necessary to establish a claim 'is just window dressing.'  (*Id.*)."

- "In a subsequent ruling Judge Bryant noted that plaintiffs excessively long complaint contains 'precious few allegations which detail specific instances of conduct that have wronged' the named plaintiffs. (Ruling on Def. Mot. to Dismiss, Dkt. 116 at 7.) Adding that some allegations are 'patently false' and 'copied and pasted in whole cloth from one complaint to another.'"

- "Lastly, Judge Bryant has noted that Attorney Kyros and co-counsel have 'declined to heed the Court's admonition to edit the unnecessary verbiage, irrelevant allegations, conclusory statements and inflammatory language in the original complaints.' (Ruling on Def. Mot. to Dismiss and for Sanctions, Dkt. #253 at 9.) Further the Court stated that Attorney 'Kyros' false and misleading statements, identified by WWE above, together with other statements the Court has examined — including [Attorney] Kyros' unprovable claim that deceased and, in at least one case, cremated former wrestlers had CTE 'upon information and belief' — are highly unprofessional.' (*Id.* at 27.) Specifically Judge Bryant admonished '[Attorney] Kyros and his co-counsel to adhere to the standards of professional conduct and to applicable rules and court orders lest they risk future sanction or referral to the Disciplinary Committee of this Court.' (*Id.* at 27-28)."

(Doc. 371 at 15-16 n.6). Judge Richardson's recitation of the Court's prior admonitions of Kyros was only a sampling. Some of the other notable admonitions involving deception by Kyros include:

- Kyros has a "habit of deceptive and inflammatory rhetoric in Plaintiffs' filings throughout these consolidated wrestling cases." (Doc. 253 at 23).

- "Kyros' allegation of a twenty-two year career is deceptive and misleading — it suggests that Osborne wrestled for WWE for twenty-two years as opposed to approximately two years." (*Id.* at 23).

- "Kyros' half-truths undermine his credibility and the credibility of the filings submitted by Plaintiffs' counsel." (*Id.*).

- Kyros has repeatedly mischaracterized the testimony of Stephanie McMahon Levesque and continued to do so even after being admonished by this Court for "misrepresent[ing] both the substance and meaning" of her testimony. (Doc. 116 at 58-59; Doc. 253 at 24).

- "The Court's March 21, 2016 decision also criticized the wrestlers' counsel Konstantine Kyros for filing 'excessively lengthy' complaints

that included 'large numbers of paragraphs that offer content unrelated to the Plaintiffs' causes of action' . . . . [Dkt. No. 116 at 13]. This was not the first time that the Court admonished Kyros for his failure to comply with the pleading standard set forth in the Federal Rules of Civil Procedure . . . . For example, at a June 8, 2015 scheduling conference in the *Singleton* action, the Court told Kyros that the complaint was neither concise nor accurate, as it contained language copied from other lawsuits filed by other attorneys on behalf of athletes who played other sports, and that it included 'superfluous, hyperbolic, inflammatory opinions and references to things that don't have any relevance.' [Dkt. No. 263-2 at 60]. . . . In spite of these instructions, Kyros has now filed a 335 page complaint with 805 paragraphs that includes numerous allegations that a reasonable attorney would know are inaccurate, irrelevant, or frivolous." (Doc. 362 at 6-8).

- "Once again, Kyros' deliberately misleading language suggesting that WWE directly contested a specific CTE study in 2005 further undermines his and Plaintiffs' credibility." (Doc. 253 at 24).

In addition to the Court's admonitions specifically directed toward Kyros, the briefing on WWE's Motion for Sanctions demonstrated that Kyros was the sole attorney involved in drafting the false and evasive interrogatory responses at issue, and that he suborned perjury by procuring the Plaintiffs' sworn answers to interrogatories that are directly at odds with their prior sworn testimony at their depositions which he also personally attended.[7] In the Opposition to WWE's Motion for Sanctions, there was no indication that any lawyer other than Kyros was involved in the procurement of the false and evasive answers supplied in Plaintiffs' Second Supplemental Objections and Responses. Indeed, Kyros submitted an affidavit in opposition to WWE's Motion for Sanctions that acknowledged that he "discussed" Plaintiffs' responses with them by phone

---

[7] Judge Richardson did not address whether Kyros had suborned perjury or whether the interrogatory responses were perjurious in light of the antecedent testimony of both Plaintiffs, choosing instead to decide that the responses were evasive and not responsive.

(although there are no particulars like the date and duration of any such discussions); that copies of the responses and verification page were first provided to Plaintiffs the day <u>after</u> WWE had been served with the responses; and, although he did not state that there was any actual discussion about the responses, Plaintiffs supposedly "confirmed" that his responses were accurate and then signed the verifications. (*See* Doc. 216-1).

Significantly, Kyros did not dispute that the answers to interrogatories he procured differed in material respects from their sworn deposition testimony and is fortunate that Judge Richardson chose not to decide that issue. Kyros flat out admitted in his affidavit in opposition to WWE's Motion for Sanctions that he had "synergized" the facts provided during their depositions (which denied knowledge or reliance on certain alleged statements or omissions) with his view of the evidence to supplement Plaintiffs' otherwise non-existent "firsthand knowledge." (Doc. 216 at 2-3). In doing so, Kyros materially altered their actual testimony to claim knowledge neither man actually possesses. By procuring interrogatory responses which he knew directly contradicted Plaintiffs' sworn admissions denying knowledge of things Kyros had alleged to be fraudulent, Kyros personally is subject to strong sanctions. *See Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488-89 (9th Cir. 1991); *United States v. Livoti*, 22 F. Supp. 2d 235, 249 (S.D.N.Y. 1998). And his involvement in disregarding this Court's Compulsion Order and serving evasive and non-responsive interrogatory answers is undisputed. Notwithstanding Kyros' desire to throw his co-counsel "under the bus" for his actions, Judge Richardson's Recommended Ruling

sanctioning only Kyros is plainly correct and not clear error.

IV.     CONCLUSION

For all of the foregoing reasons, Kyros' Objections should be overruled and this Court should adopt Judge Richardson's Recommended Ruling awarding WWE its legal fees incurred in connection with the Motion for Sanctions. Additionally, WWE respectfully submits that in light of Judge Richardson's express warning to Kyros that "any further suggestion of dishonesty throughout this litigation could, and likely should, result in much more dramatic sanctions up to and including the dismissal" (Doc 371 at 3 n.2), the Court should consider whether Kyros' new and further dishonesty in his Objections warrants the dismissal of this case as a sanction, in addition to the dismissal on the merits sought by WWE pursuant to its summary judgment motion.

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.,


By:  _/s/  Jerry S. McDevitt_____
     Jerry S. McDevitt (pro hac vice)
     Curtis B. Krasik (pro hac vice)
     K&L GATES LLP
     K&L Gates Center
     210 Sixth Avenue
     Pittsburgh, PA 15222
     Phone: (412) 355-6500
     Fax: (412) 355-6501
     Email: jerry.mcdevitt@klgates.com
     Email: curtis.krasik@klgates.com

     Jonathan B. Tropp (ct11295)
     Jeffrey P. Mueller (ct27870)
     DAY PITNEY LLP
     242 Trumbull Street
     Hartford, CT 06103

Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Its Attorneys.

## **CERTIFICATION**

I hereby certify that on March 22, 2018 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey P. Mueller*