UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSS MCCULLOUGH, RYAN SAKODA, and MATTHEW ROBERT WIESE, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>   Defendant. | : : : : : : : : : : : : : : | CIVIL ACTION NO.<br>3:15-cv-001074 (VLB)<br>Lead Case |
| EVAN SINGLETON and VITO LOGRASSO,<br><br>   Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>   Defendant. | : : : : : : : : : : : : : | CIVIL ACTION NO.<br>3:15-CV-00425 (VLB)<br>Consolidated Case<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFFS SINGLETON AND LOGRASSO'S REPLY TO WWE'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE RICHARDSON'S FEBRUARY 22, 2018 RECOMMENDED RULING, DKT. NO. 371**

In light of this Court's March 31, 2018 Ruling granting WWE's Motion for Summary Judgment, Dkt. No. 374, Plaintiffs assert that these sanctions over discovery should be denied as any additional discovery at this stage in this matter is now moot. Therefore, Plaintiffs' respectfully submit this Reply to WWE's Response to Plaintiffs' Objection to Magistrate Judge Richardson's February 22, 2018 Ruling Regarding Their Interrogatory Responses, Dkt. No. 371.

1

A. **Plaintiffs Complied with the Court's Compulsion Order.**

Nowhere did Plaintiffs admit their non-compliance with the Court's Compulsion Order. In fact, Plaintiffs specifically stated the opposite: "Plaintiffs believed they had complied with Judge Bryant's Order (Dkt. No. 144) when they did supplement their interrogatory responses." Opposition, p. 2. Plaintiffs sought to demonstrate their compliance within the bounds of the Rules, while also demonstrating the validity of their claims. *See* Opp., § III.B (describing, for example, the symptoms Plaintiffs suffered from that WWE witnessed during Plaintiffs' careers).[1]

Unlike WWE, Plaintiffs' arguments did not rely on facts outside the scope of this Rule 37 issue. Plaintiffs are not going to address the personal attacks against Attorney Kyros and his firm that have become central to WWE's defense. These overzealous disparagements bear no weight in this proceeding. *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (holding "that the sanctions must be just; and the sanction must relate to the particular claim to which the discovery order was addressed").

---

[1] WWE's skewing of Plaintiffs' allegations continues. It falsely asserts that "Kyros has avoided admitting that LoGrasso never actually reported any symptoms of traumatic brain injury to physicians before taking up Kyros' internet solicitations to join a lawsuit." Response, p. 13. Mr. LoGrasso's claim is based on the lack of knowledge he had until recently on the symptoms that he suffered from. WWE knew he would leave a performance feeling loopy, or would have headaches, and would need B-12 shots because he was lethargic. These are some of the symptoms that demonstrated WWE's awareness of his brain trauma; symptoms that Mr. LoGrasso did not connect to his worsening symptoms of sleep apnea, inability to sleep soundly, emotional instability, and severe migraines after he retired. As WWE continued to learn more information about the severity of brain trauma received during its performances through the years, it admittedly has refused to take any action to help its former performers understand that connection.

B. **WWE's Sought-After Request Has Been Granted.**

Given the Ruling granting WWE's Motion for Summary Judgment, Dkt. No. 374, and considering WWE argued that any supplemental discovery "would have no consequence to the pending dispositive motion", (Response, p.4, n.1) any granted sanctions now would not serve its intended purpose of facilitating ongoing discovery proceedings.

Therefore, Plaintiffs respectfully request the Court deny the Recommended Ruling, Dkt. No. 371, for the reasons set forth in Plaintiffs' Opposition, Dkt. No. 372, and because discovery at this stage in this matter is now moot.

Dated: April 2, 2018.

        Respectfully Submitted,

        */s/ Konstantine Kyros*
        Konstantine W. Kyros
        Bar No. ct30132
        Anthony M. Norris
        KYROS LAW OFFICES
        17 Miles Rd.
        Hingham, MA 02043
        Telephone: (800) 934-2921
        Facsimile: 617-583-1905
        kon@kyroslaw.com
        anorris@kyroslaw.com

        *Attorneys for Plaintiffs.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of April, 2018, a copy of the foregoing was served via this Court's electronic case filing system.

                                      */s/ Konstantine Kyros*
                                      Konstantine Kyros