UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSS MCCULLOUGH, et al., | : | |
|     Plaintiffs, | : | |
| | : | No. 3:15-cv-01074 (VLB) |
| v. | : | Lead Case |
| | : | |
| WORLD WRESTING | : | |
| ENTERTAINMENT, INC., | : | |
|     Defendant. | : | |
| | : | |

| | | |
|---|---|---|
| EVAN SINGLETON and VITO | : | |
| LOGRASSO, | : | |
|     Plaintiffs, | : | No. 3:15-cv-00425 (VLB) |
| | : | Consolidated Case |
| v. | : | |
| | : | |
| WORLD WRESTING | : | July 22, 2018 |
| ENTERTAINMENT, INC., | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION
ADOPTING RECOMMENDED RULING ON DEFENDANT'S MOTION FOR
SANCTIONS [DKT. NO. 371]**

## I. Introduction

Now before the Court is the Objection of Plaintiffs Evan Singleton and Vito LoGrasso to the Recommended Ruling [Dkt. No. 371] on Defendant World Wrestling Entertainment's ("WWE's") Motion for Sanctions [Dkt. No. 198]. Magistrate Judge Robert A. Richardson heard oral argument on the sanctions motion on March 2, 2017, and on February 22, 2018 issued a recommendation that this motion be granted in part. [Dkt. No. 371 at 1, 17]. Shortly after Judge Richardson issued his recommendation, the Court granted WWE's Motion for Summary Judgment [Dkt. No. 330] and instructed the Clerk to terminate Singleton

1

and LoGrasso as parties to this action. [*See* Dkt. No. 374 at 20]. Thus, Judge Richardson's recommendation that certain of Plaintiffs' interrogatory responses be stricken and that Plaintiffs provide an additional round of supplemental discovery responses is MOOT. However, Judge Richardson also recommended that Attorney Konstantine Kyros and his Law Offices pay all of the legal fees that WWE reasonably incurred in connection with its motion for sanctions. This issue remains in dispute.

## II. Background

On January 27, 2016, WWE served Plaintiffs with interrogatories, to which Plaintiffs responded on March 7, 2016. [Dkt. No. 122-1 at 11]. The parties met and conferred regarding these interrogatories and other discovery issues throughout March 2016. *Id.* at 11-14. The Court held a discovery conference with the parties on April 6, 2016, and authorized WWE to file a motion to compel. *Id.* at 14. WWE filed its motion to compel on April 20, 2016. [Dkt. No. 122]. The Court granted in part and denied in part WWE's motion, and ordered Plaintiffs to supplement several interrogatories. [Dkt. No. 144]. The Court specifically noted that "[w]here Plaintiff is unable to identify a statement or speaker in response to an interrogatory, Plaintiff must state that fact." *Id.* On August 8, 2016, WWE filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, arguing that Plaintiffs failed to comply with the Court's order in its supplemental responses to six interrogatories. [Dkt. No. 198]. WWE sought dismissal with prejudice and the award of attorney's fees.

The Court referred the sanctions motion to Judge Richardson, who issued his recommendation on February 22, 2018. In his recommended ruling, Judge Richardson noted that Plaintiffs' responses to one interrogatory that the Court ordered Plaintiffs to supplement was essentially unchanged. [Dkt. No. 371 at 7]. Judge Richardson also stated that "[w]hen confronted with their own allegations taken from their own complaint, plaintiffs simply direct WWE to multiple documents and assert that the answer to the interrogatory is located somewhere within these documents, or the plaintiffs refer vaguely to a public statement without providing any specifics to WWE." *Id.* at 11. For example, in response to an interrogatory asking Plaintiffs to:

> Identify each and every 'deceptive public statement [ ] and published article [ ]' of or by WWE which You contend 'downplayed known long-term health risks of concussions to Plaintiff[s]', as alleged in ¶¶ 222 & 230 of the Second Amended Complaint,

[Dkt. No. 198-4 at 9], Plaintiffs referred WWE to

> 'Dr. Maroon's public statements regarding risks of concussions,' the entire book *Head Games* written by Chris Nowinski, and congressional testimony of Stephanie McMahon Levesque, which Judge Bryant had already admonished the Plaintiffs for mischaracterizing.

[Dkt. No. 371 at 10-11].

Judge Richardson rejected Plaintiffs' argument that directing WWE to previously supplied documents or to records in WWE's possession complied with Rule 33(d). He noted instead that "Rule 33 does not permit a party to avoid specific responses to interrogatories by reference to undifferentiated masses of documents," and that the Plaintiffs had an obligation to "point to specific statements in the supplied documents that are responsive to the specific inquiry." *Id.* at 13.

3

Judge Richardson was also troubled by Plaintiffs' decision to "steer WWE to random publications and documents with little specificity or guidance" when WWE sought information regarding Plaintiffs' specific allegation that WWE affirmatively stated that "WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE." *Id.* at 13 (citing Pl. Second Am. Compl. ¶¶ 178, 185). He noted that after reviewing the briefing and hearing oral argument, Plaintiffs appeared "unable to find documentation to back up their assertion." [Dkt. No. 371 at 13]. They therefore should have stated that they were unable to identify a statement or speaker, as required by the Court's Order on WWE's Motion to Compel. *Id.* (referring to Dkt. No. 144).

In addition to recommending that Plaintiffs supplement these deficient interrogatory responses, Judge Richardson reminded the parties that "[t]he Court has admonished plaintiffs' counsel on several occasions but declined to impose sanctions after threatening to impose them" and stated that Plaintiffs' attorney Konstantine Kyros "has been on notice that plaintiffs need to comply with Court orders and the Federal Rules of Civil Procedure." [Dkt. No. 371 at 15]. Accordingly, while Judge Richardson held that the sanction of dismissal was unwarranted, monetary sanctions were required to "dissuade further abuse of the discovery process and promote thorough compliance with court orders moving forward." *Id.* at 15, 17.

Judge Richardson recommended that "Attorney Kyros and his Law Offices pay all of the legal fees that the defendant reasonably incurred in connection with this motion for sanctions." *Id.* at 17. Judge Richardson then instructed Attorney

4

Kyros that the fees were to be paid by his firm and not by his client or subtracted from "any judgment rendered in this or future related litigation" and that plaintiffs' counsel must provide this recommended ruling and any subsequent ruling related to the motion for sanctions to their clients.  *Id.* at 17-18.  Finally, Judge Richardson stated that "plaintiffs and their counsel are now on notice that any further noncompliance during the remainder of this litigation may result in dismissal of the case."  *Id.* at 18.

Plaintiffs timely filed an objection to Judge Richardson's recommended ruling [Dkt. No. 372], to which WWE responded [Dkt. No. 373].

### III. Legal Standard

#### A. Standard of Review

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide" the Court must review timely objections to the magistrate judge's recommendation on that nondispositive issue, and "modify or set aside any part of the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); Local R. Civ. P. 72.2.  "Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard."  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  The heightened "de novo" standard of review for dispositive claims is only applied to sanctions motions if the "sanction itself can be considered dispositive of a claim."  *Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc.*, 174 F.R.D.

5

301, 303-04 (S.D.N.Y. 1997). The parties agree that because Judge Richardson did not recommend dismissal of the case, and instead recommended imposing monetary sanctions, the Court must evaluate his findings and recommendations using the standard set forth in Rule 72(a).

### B. Rule 37 Sanctions

"[T]he text of the [Rule 37(b)(2)(A)] requires only that the district court's orders be 'just,' . . . and . . . the district court has 'wide discretion in imposing sanctions under Rule 37.'" *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting Rule 37(b)(2)(A) and *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)). Additionally, Rule 37(b)(2)(C) requires the Court to order "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with the Court's discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The disobedient party bears the burden of proving that his failure was substantially justified or that it would be unjust for some other reason to impose compensatory monetary sanctions. Fed. R. Civ. P. 37(b)(2) advisory committee's note (1970).

## IV. Discussion

Plaintiffs ask the Court to reject Judge Richardson's Recommended Ruling because: (1) the Court's discovery order improperly required Plaintiffs to specifically identify statements or speakers in their interrogatory responses; (2) Plaintiffs intend to further supplement their responses so no monetary sanction

6

is required; and (3) Judge Richardson unfairly singled out Attorney Kyros and his Law Offices for monetary sanctions. None of these arguments succeed in showing that Judge Richardson's ruling was clearly erroneous or contrary to law, or that Plaintiffs' failure to comply with the Court's discovery order was substantially justified or that the imposition of sanctions would be unjust.

Plaintiffs argue first that the Court's ruling on WWE's motion to compel and Judge Richardson's recommended ruling were "inherently prejudicial" and represented an "abuse of discretion" because they restricted permissible interrogatory responses to "specific people" or "specific statements," and a fraud by omission claim does not require such specificity. [Dkt. No. 372 at 4-5]. This argument is wholly without merit, because the interrogatories at issue called for specificity. When an interrogatory requests that the Plaintiffs identify "each and every 'deceptive public statement'" or that the Plaintiffs "identify in detail who at WWE specifically stated 'that WWE wrestlers with diagnosed brain trauma did not receive these injuries as a result of wrestling for WWE,'" the interrogatory requires the Plaintiffs to identify statements or speakers or to state that such information is unknown. Responding vaguely that an individual made public statements, without providing these statements, is both non-responsive, contrary to the essential purposes of discovery, and a violation of the Court's ruling on Defendants' motion to compel.

To the extent Plaintiffs take issue with the Court's instruction to state when a specific statement or speaker was unknown in its responses, the Court notes that Judge Richardson was tasked with deciding whether Plaintiffs'

supplemented interrogatory responses complied with the Court's order on WWE's motion to compel.  It was not determining whether the initial discovery order was correct.  If Plaintiffs believed that the Court erred when it instructed Plaintiffs to indicate when a specific speaker or statement was unknown, Plaintiffs' only recourse was to move for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) within a reasonable time.  *See* Fed. R. Civ. P. 60(b)-(c).  Plaintiffs did not avail themselves of this option, and the Court cannot imagine circumstances under which a motion for reconsideration of the discovery order would have succeeded.

Plaintiffs argue second that they should not be sanctioned because they intend to supplement their interrogatory responses, and they suggest that this intention is a natural consequence of their "affirmative duty" to supplement. [Dkt. No. 372 at 6].  A party is required to supplement his discovery responses "(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."  Fed. R. Civ. P. 26(e).  Plaintiffs do not present a situation in which they uncovered new information and are voluntarily supplementing responses to apprise WWE of this information.  Rather, the Court ordered Plaintiffs to supplement their patently deficient discovery responses, the resulting supplemental responses were then judged deficient, and Judge Richardson recommended that the Court order further supplementation as a sanction for failure to comply with the original

discovery order. Plaintiffs' intent to supplement is therefore irrelevant to the issue now before the Court: whether Judge Richardson clearly erred when he found that Plaintiffs violated the discovery order.

Attorney Kyros next takes issue with the sanction of attorney's fees. He argues that Judge Richardson's ruling "fails to explain the basis for the fine specifically imposed against Attorney Kyros and his Law Offices in this particular matter." [Dkt. No. 372 at 11]. To the contrary, Judge Richardson cited several examples in which the Court had previously chastised Attorney Kyros for failing to comply with the Court's orders and the Federal Rules of Civil Procedure. [*See* Dkt. No. 371 at 15-16 n.6]. Judge Richardson's determination that an additional warning would not be sufficient to deter future abuses was therefore not clearly erroneous.

Finally, Attorney Kyros suggests that a monetary sanction is inappropriate because Defendants failed to meet and confer before filing the motion for sanctions. While Rule 37(a) requires that the parties confer in good faith in attempt to resolve their discovery dispute prior to filing a motion to compel, Rule 37(b) contains no such requirement. This is undoubtedly because such negotiations will already have taken place prior to the filing of a motion to compel, and because a failure to comply with an order compelling discovery is not only a serious breach of an obligation to the opposing party; it is a serious breach of an obligation to the Court and to the judicial process. The imposition of Rule 37(b) sanctions, despite the movant's failure to meet and confer before seeking sanctions, is therefore not contrary to law.

9

V.  **Conclusion**

For the foregoing reasons, the Court ADOPTS the Recommended Ruling on Defendant's Motion for Sanctions [Dkt. No. 371], as Judge Richardson's conclusions are neither clearly erroneous nor contrary to law.  This Order does not preclude Attorney Kyros and his Law Offices from seeking contribution from other appearing co-counsel.

IT IS SO ORDERED.

_____/s_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut:  July 22, 2018