UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RUSS McCULLOUGH**, *et al.*, | : NO. 3:15-cv-01074-VLB |
| | : LEAD CASE |
| Plaintiffs, | : |
| vs. | : |
| **WORLD WRESTLING ENTERTAINMENT, INC.**, | : |
| Defendant. | : |

| | |
|---|---|
| **EVAN SINGLETON** and **VITO LOGRASSO**, | : NO. 3:15-cv-00425-VLB |
| | : CONSOLIDATED CASE |
| Plaintiffs, | : |
| vs. | : |
| **WORLD WRESTLING ENTERTAINMENT, INC.**, | : |
| | : AUGUST 2, 2018 |
| Defendant. | : |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
APPLICATION FOR ATTORNEYS' FEES ORDERED BY THE COURT**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this application (the "Application") for attorneys' fees and costs incurred in connection with its Motion for Sanctions for Failure to Comply with Court's Order on Motion to Compel dated August 8, 2016 (Doc. 198) pursuant to the Court's Recommended Ruling on Defendant's Motions for Sanctions dated February 22, 2018 (the "Recommended Ruling," Doc. 371), and the Court's Memorandum of Decision Adopting Recommended Ruling on Defendant's Motion

for Sanctions dated July 22, 2018 (the "Memorandum of Decision," Doc. 376).

This Application is supported by the attached declarations of Curtis B. Krasik (Exhibit 1) and Jeffrey P. Mueller (Exhibit 2).

A. **Relevant Background**

1. Judge Richardson's Recommended Ruling recommended that "Attorney Kyros and his Law Offices pay all of the legal fees that the defendant reasonably incurred in connection with this motion for sanctions." (Doc. 371 at 17). Judge Bryant's Memorandum of Decision adopted Judge Richardson's recommendation in this regard, with the modification that "[t]his Order does not preclude Attorney Kyros and his Law Offices from seeking contribution from other appearing co-counsel." (Doc. 376 at 10).

2. The legal fees that WWE was forced to incur in connection with the Motion for Sanctions were significant because of the extensive efforts by Plaintiffs' counsel to avoid complying with the Court's May 19, 2016 Order granting in part WWE's Motion to Compel responses to various interrogatories. (Doc. 144).

3. First, following entry of the Court's May 19, 2016 Order, on June 15, 2016, WWE was served with Singleton's and LoGrasso's Second Supplemental Objections and Responses to WWE's First Set of Interrogatories, which WWE was required to review and analyze. As Judge Richardson found in his Recommended Ruling, Plaintiffs' supplemental responses "continued to be either incomplete, unchanged in any material way, or evasive." (Doc. 371 at 4).

4. Second, as a result of the continuing deficiencies of Plaintiffs'

interrogatory responses, WWE was constrained to prepare and file the voluminous Motion for Sanctions.  WWE's memorandum of law in support of the Motion for Sanctions was 41 pages with an additional 62 pages of exhibits.  After Plaintiffs' counsel filed an opposition to the sanctions motion, WWE also had to draft and file a 12-page reply brief.

5.      Third, on March 2, 2017, Judge Richardson conducted a lengthy hearing on the Motion for Sanctions lasting over three (3) hours.  The materials that WWE presented at the hearing involved an audiovisual PowerPoint presentation including excerpts of the videotaped depositions of Singleton and LoGrasso juxtaposed against the text of Plaintiffs' deficient interrogatory responses.  These materials required a significant amount of time and effort to prepare and assemble into the presentation given to the Court.

6.      Fourth, rather than accept Judge Richardson's Recommended Ruling, Plaintiffs' counsel instead chose to trigger another round of briefing by filing an objection to the Recommended Ruling.  (Doc. 372).  WWE was then compelled to prepare and file a 21-page reply in response to Plaintiffs' objection.  (Doc. 373).

7.      Fifth, following entry of the Court's Memorandum of Decision adopting the Recommended Ruling, WWE prepared and filed this Application and the supporting declarations of Curtis B. Krasik and Jeffrey P. Mueller along with the documentation attached to their declarations.

B.      <u>Reasonableness of the Fees</u>

8.      A full description of the fees charged by WWE's counsel, K&L Gates

LLP and Day Pitney LLP, in connection with the Motion for Sanctions is set forth in the attached declarations of Curtis B. Krasik (Exhibit 1) and Jeffrey P. Mueller (Exhibit 2).

9. WWE is seeking reimbursement of $174,408.50 in legal fees (K&L Gates LLP — $154,745.50; Day Pitney LLP — $19,663) that it has incurred in connection with the Motion for Sanctions. Notably, this figure does not include the full amount of the legal fees charged by K&L Gates LLP and Day Pitney LLP to WWE in connection with the Motion for Sanctions. In this Application WWE has excluded numerous time entries, and prorated the fees associated with the March 2, 2017 hearing before Judge Richardson based on an allocation of the time spent on the Motion for Sanctions at the hearing, in an effort to be as conservative as possible with respect to the legal fees for which it is seeking reimbursement. WWE also is not seeking reimbursement for the time of additional attorneys who did limited work related to the Motion for Sanctions.

10. WWE also incurred costs associated with the travel and lodging of its outside counsel from K&L Gates LLP in order to appear at the March 2, 2017 hearing held by Judge Richardson. For Jerry S. McDevitt and Curtis B. Krasik, those costs were $2078.24. WWE is not seeking reimbursement for costs associated with the travel and lodging (or time) of Stefanie M. Lacy, who also attended the March 2, 2017 hearing on behalf of WWE.

11. In sum, WWE is seeking reimbursement of $176,486.74 in legal fees and costs that it has incurred in connection with the Motion for Sanctions.

12. As described at length in the Krasik and Mueller declarations, the

fees charged by K&L Gates LLP and Day Pitney LLP to WWE in connection with the Motion for Sanctions were reasonable for the services provided, particularly given the quality of the services provided and the results obtained.

13. The hourly rates charged by K&L Gates LLP and Day Pitney LLP are similar to the rates charged by attorneys at comparable firms in Connecticut. In fact, a recent decision by the Honorable Alvin W. Thompson of the U.S. District Court for the District of Connecticut specifically found that the hourly rates charged by Day Pitney LLP for Mr. Mueller's services and those of several of its other professionals were reasonable. *See Wells Fargo Bank, N.A. v. Konover*, No. 3:05-CV-1924, 2014 WL 3908596, at *4-19 (D. Conn. Aug. 8, 2014).

14. WWE has reviewed and approved all of the invoices submitted by K&L Gates LLP and Day Pitney LLP in this matter and has paid all such invoices. WWE is a sophisticated commercial client that has maintained active involvement in this matter and the invoices of outside counsel are reviewed by the General Counsel of WWE.

15. Under Connecticut law, where attorneys' fees have been paid by the client, the amount paid is presumed to be reasonable, especially if the client is sophisticated. *See Konover*, 2014 WL 3908596, at *5 ("under Connecticut law, evidence of the fees and expenses [a party] actually incurred creates a presumption that such costs were reasonable"); *id.* at *5 ("there is a strong presumption that the rate a paying client actually did pay during the course of the litigation is reasonable"); *id.* at *6 ("the cases demonstrate that when a sophisticated client pays attorneys' fees that it does not know it will necessarily

recover, the rate paid is presumptively reasonable"); *id.* at *10 ("The presumption of reasonableness under [Connecticut law] applies to the hours worked as well as the hourly rates charged.").

WHEREFORE, Attorney Konstantine Kyros and his Law Offices should be ordered to pay WWE $176,486.74 in legal fees and costs that WWE has incurred in connection with the Motion for Sanctions.

        DEFENDANT WORLD WRESTLING
        ENTERTAINMENT, INC.,

        By: **/s/ Jerry S. McDevitt**
            Jerry S. McDevitt (pro hac vice)
            Curtis B. Krasik (pro hac vice)
            K&L GATES LLP
            K&L Gates Center
            210 Sixth Avenue
            Pittsburgh, PA 15222
            Phone: (412) 355-6500
            Fax: (412) 355-6501
            Email: jerry.mcdevitt@klgates.com
            Email: curtis.krasik@klgates.com

            Jonathan B. Tropp (ct11295)
            Jeffrey P. Mueller (ct27870)
            DAY PITNEY LLP
            242 Trumbull Street
            Hartford, CT 06103
            Phone: (860) 275-0100
            Fax: (860) 275-0343
            Email: jbtropp@daypitney.com
            Email: jmueller@daypitney.com

            Its Attorneys.

**CERTIFICATION**

      I hereby certify that on August 2, 2018 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                   */s/ Jeffrey P. Mueller*