UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS MCCULLOUGH, RYAN SAKODA, and MATTHEW ROBERT WIESE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>3:15-cv-001074 (VLB)<br>Lead Case |
| EVAN SINGLETON and VITO LOGRASSO,<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>3:15-CV-00425 (VLB)<br>Consolidated Case<br><br>ORAL ARGUMENT REQUESTED |

RESPONSE IN OPPOSITION TO DEFENDANT'S
APPLICATION FOR ATTORNEYS' FEES, DKT. NO. 378

Plaintiffs' Counsel hereby respond in opposition to Defendant World Wrestling Entertainment, Inc.'s ("WWE") Application for Attorneys' Fees, Dkt. No. 378.

I.      INTRODUCTION

The Defendant's Fee Application arises out of a discovery dispute over six different interrogatory responses by two professional wrestlers who alleged they had sustained brain injuries in WWE matches.

1

**WWE had filed the underlying Rule 37 Motion for Sanctions against Plaintiffs' Counsel disputing Plaintiffs' responses to these six different interrogatories, despite Plaintiffs attempting to supplement their responses in light of the Court's Order and after the taking of depositions where many of the very questions at issue in the Motion to Compel had been asked, thus mooting any perceived prejudice against WWE.**

**A hearing was held on March 2, 2017 before Judge Robert A. Richardson, which included WWE's Motion for Rule 37 Sanctions (the hearing also included WWE's Rule 11 Sanctions in a separate matter and Plaintiffs' Request to Withdraw Admissions which WWE sought to admit because they were served one day late). After which the case was fully briefed for Summary Judgment in April 2017.**

**On February 22, 2018, Judge Richardson argued against dismissal on sanctions grounds and recommended the wrestlers' Counsel further supplement their responses in "good faith, be specific and must address the issues raised in the specific interrogatories" (Dkt. No. 371, at 17) and recommended for an award of WWE's legal fees "reasonably incurred in connection with this motion for sanctions".[1] (Dkt. No. 371, at 17). On March 8, 2018, the Plaintiffs filed an Objection to the Recommended Ruling (Dkt. No. 372), in which, significantly, they did not challenge the portion of Judge Richardson's ruling on filing supplemental answers, agreed to provide them, prepared the further supplemental responses per the**

---

[1] Although the Recommended Ruling required Attorney Kyros and his Law Offices to bear the full burden of these sanctions, Judge Bryant noted, and Attorney Kyros intends, to seek contribution from other appearing co-counsel.

2

Court's recommendation, and intended to serve them by March 31, 2018 per Dkt. 372, at 11.

However, on March 28, 2018, the Court granted WWE's Motion for Summary Judgment rendering the entire issue on the supplemental responses moot. (Dkt. No. 376, at 2). On July 22, 2018, the Court awarded WWE monetary sanctions pursuant to only that portion of Judge Richardson's recommended ruling. On August 2, 2018, WWE filed an Application for Attorney's Fees (Dkt. No. 378) which Plaintiffs' Counsel now seek review of.

WWE asks the Court to grant the windfall award of $176,486.74 purportedly racked up in the pursuit of this Motion for Sanctions to supplement discovery responses to which they had already asked deposition questions about and about which were largely irrelevant as this Court's Order did not require any further supplementation. A staggering 322.10 hours were allegedly spent pursuing sanctions against Plaintiffs' Counsel regarding these six different interrogatory responses.

After careful review of the provided time entries it becomes clear that WWE's Application for Fees must be rejected as unreasonable and in far excess of the District of Connecticut's typical fee awards.

II.     STANDARD OF REVIEW

The Second Circuit has an established record of reducing fees where the amounts requested are excessive, redundant, or unnecessary. *See In re Big R Food Warehouses v. Local 338 RWDSU*, 896 F. Supp. 292, 297 (E.D.N.Y. 1995) (noting a "court is allowed to reduce a request for attorney's fees to an amount it considers

3

reasonable"). "As a rule of fairness, when counsel fees are to be charged to the opposing party, services should be charged at the rate of the available person who can most cheaply qualify to complete the task: cost-conscious clients would expect such practices". *Id., quoting Browning v. Peyton*, 123 F.R.D. 75, 79 (S.D.N.Y. 1988). "The court uses the time records submitted as a benchmark and should exclude any hours expended that are excessive, duplicative, or inadequately documented". *Id., referencing Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993), on remand, 852 F. Supp. 542 (S.D. Miss. 1994), aff'd, 49 F.3d 728 (5th Cir. 1995).

Although the notion that the fees requested seems reasonable because it is represented WWE paid the bills submitted by defense counsel, the argument loses much of its persuasiveness when it is noted that WWE has sought attorneys' fees for the entirety of the motion, including the pursuit of arguments which were not successful. The mere fact that WWE paid for the work does not bridge the gap to show it is entitled to be reimbursed on claims that were actually won. Moreover, WWE may not have scrutinized the bills thinking that non-payment of a portion of the bill may reflect poorly on the threatened motion for sanctions. *See In re Big R Food Warehouses*, 896 F. Supp., at 297 (finding a party, "in anticipation of attorney's fees, may have been more willing to pay the bill as charged, instead of scrutinizing the hours spent on each task…").

Out-of-district Counsel are subject to the hourly rates consistent within the District of Connecticut. *See Simmons v. New York City Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (noting out-of-district counsel should use the hourly rates used in the district where the reviewing court sits, otherwise known as the forum rule).

**The usual rates attributable to the filing of three standard motions and one hearing revolving around six interrogatory responses do not approach $176,486.74 in the District of Connecticut, or in any district for that matter.**

WWE had to keep contemporaneous billing records to be awarded its reasonable fees. *See N.Y. State. Ass's for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d. Cir. 1983) (finding that although substantial documentation was submitted, contemporaneous time records were only included for a small fraction of the total hours claims and holding that this was not enough as "contemporaneous time records are a prerequisite for attorney's fees in this Circuit"). This District considers the requirement firm, and "from which attorneys may deviate only in the rarest of cases." *Scott v. City of New York*, 626 F.3d 130, 133 (2d. Cir. 2010) (noting even "a district court's 'personal observation' of an attorney's work is not by itself a sufficient basis for permitting a deviation and awarding fees in the absence of contemporaneous records".

Where WWE utilized block-billing, or "the practice of aggregating multiple tasks into one billing entry", the legal fees should be reduced. *See L.V. v. New York City Dep't of Educ.*, 700 F. Supp. 510, 526 (S.D.N.Y. 2010). This is because block-billing makes it "exceedingly difficult for courts to assess the reasonableness of the hours billed." *Wise v. Kelly*, 620 F. Supp. 2d 435, 450 (S.D.N.Y. 2008). "[B]lock-billing 'renders it difficult to determine whether, and/or the extent to which, the work done by … attorneys is duplicative or unnecessary...'" *Aiello v. Town of Brookhaven*, 2005 U.S. Dist. LEXIS 11462, at *10-11 (E.D.N.Y. 2005). Accordingly, courts reduce fee awards for block-billing. S*ee, e.g. Rates Tech., Inc. v. Mediatrix*

*Telecom, Inc.*, 2011 WL 1322520, at *6 (E.D.N.Y. 2011) (reducing fees by 25% for block-billing); *L.V.*, 700 F. Supp., at *12 (reducing fees by 15% for block-billing).

"A time entry is vague if it lacks sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed." *Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444, *34 (S.D.N.Y. 2015) (internal citations omitted) (quoting "[w]here billing records are vague, a [percentage] reduction in fees is … appropriate"). "When time records reflect vague and duplicative entries, and entries for attorneys performing ministerial tasks, the Court may order a reduction in attorneys' fees". *Id.*, at *34, n.18 (internal citations omitted).

"[I]nformation that is presented in a form that is redundant, does little to aid in the Court's understanding of the evidence, or could have been effectively presented through less effective means are not properly taxed." *Crandall v. City & County of Denver*, 594 F. Supp. 2d 1245 (D. Col., 2009); *Alonso v. Union Oil Co.*, 71 F.R.D. 523, 524 (S.D.N.Y. 1976) (noting that fees were not recoverable where a tool was "merely cumulative of the other evidence offered").  Additionally, any expedited service fees, appearance fees, and copies of transcripts fees are not recoverable and should not be permitted by this Court. *See PPC Broadband, Inc. v. Corning Optical Communs. RF, LLC*, 2017 U.S. Dist. LEXIS 15223, *4-5 (N.D.N.Y., 2017).

The primary purpose of Rule 37 sanctions is compensation for reasonable work performed. *See Miltope Corp. v. Hartford Casualty Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995), *quoting J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338,

6

352, n.11 (D. Conn. 1981) (holding the "typical discovery sanction under Rule 37 is an assessment of costs and fees payable to the victimized party. The purpose of such sanction is largely compensatory."). Here, WWE's request for fees is not compensatory, but grossly inflated in an attempt to stifle Plaintiffs' ability to pursue their valid cases against WWE. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d. Cir. 1983) (holding "attorney's fees are to be awarded with an 'eye to moderation', seeking to avoid either the reality or the appearance of awarding 'windfall fees') (internal quotations omitted).

III. **WWE'S UNREASONABLE ATTORNEYS' FEES**

   A. **WWE's Unconscionable Application for Windfall Fees**

The $176,486.74 application is only surpassed by the 322.10 hours spent by WWE pursuing a Motion for Sanctions to force additional answers to six interrogatory responses. These numbers are beyond the pale of reasonableness. *Id.* Indeed, comparing answers received in deposition testimony to what was provided on paper necessarily went into the crafting of a motion where Defendant claimed that it was entirely missing critical information. When broken down by motion and hearing, the amounts sought by WWE become even more ludicrous.

- **WWE's Motion for Sanctions:** WWE seeks $50,596.00 for just the drafting and filing of its motion. *See* Affidavits of Attorneys Krasnik and Mueller, Dkt. No. 378-1 and 378-2, respectively. This is due to WWE's Counsel relegating 68.4 hours to the satellite motion. *Id.*

- **WWE's Reply to Plaintiffs' Opposition to Sanctions:** WWE requests $14,386.50 for 28.9 hours spent drafting and filing a basic Reply. *Id.*

- **WWE's Hearing Preparation:** WWE requests $46,662 for its preparation for the hearing regarding sanctions for six disputed interrogatory responses. This is for 89.5 hours of billed time, or just under 15 hours per interrogatory response of preparation. *Id.*

7

- o *The $21,736.50 PowerPoint Presentation*: 54.5 hours of the above prep time were spent creating a PowerPoint Presentation for the hearing, that emphasized unnecessary and unsubstantiated accusations against Plaintiffs' Counsel and Plaintiffs, including the crime-fraud exception and subornation of perjury, both of which were rejected by the Court. *Id.*

- **The March 2, 2017 Hearing**: WWE is asking for $11,097.00 for 21.8 hours. This is a 30% reduction of K&L Gates purported accrued fees, though there is no evidence if Day Pitney has reduced its fees under the same calculus, as section III.D., *infra*, describes. *Id.*

- **WWE's Response to Plaintiffs' Opposition to the Recommended Ruling**: WWE is seeking an extraordinary $48,409.00 for its Response to Plaintiffs' Opposition to the Recommended Ruling, a grossly disproportionate 80.1 hours, a seeming increase of billable hours after WWE anticipated receiving fees from opposing counsel. *Id.*

The magnitude of hours dedicated to pursuing this satellite litigation seeking supplementation to many questions asked at the depositions and for information totally unnecessary to the summary judgment motion filed months before is unreasonable on its face and must be significantly reduced. *In re Big R Food Warehouses v. Local 338 RWDSU*, 896 F. Supp., at 297; *Simmons v. New York City Trans. Auth.*, 575 F.3d., at 174. 95.7 hours spent to draft one Motion for Sanctions falls far afield from accepted practice and should be reduced. *Id.* An additional 28.9 hours on a Reply on duplicative issues already researched and alleged in the underlying Motion should be stricken. The brazen request to receive $21,736.50 in fees for a PowerPoint presentation is undeniably abusive. *Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444, at *34, n.18. A PowerPoint can be created and billed as "clerical work", not work billed at an attorney's rate, and certainly does not take 54.5 hours to undertake. *Id.*

In fact, the PowerPoint itself was merely cumulative of the evidence already before the Court. Judge Richardson could have fully understood the facts of the case and the issues presented without such an expensive and unnecessary tool. *See Alonso v. Union Oil Co.,* 71 F.R.D. 523, 524 (S.D.N.Y. 1976) (finding the physical use of a standard tool did not aid the jury in comprehending its function, operation, and proper handling, and therefore the costs of renting the tool were not recoverable due it its unnecessary cumulative effect with evidence already before the jury). The PowerPoint should not be recoverable as it was wholly unnecessary and should be stricken from the Application for Fees.

The entirety of WWE's Application for Fees is grossly disproportionate to the underlying issues regarding compliance with responding to six interrogatory requests. The description and amount of fees indicates excessive and duplicative time entries and the Court should drastically reduce and/or strike WWE's requested fees. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d. Cir. 1983). There simply is no rational way the litigation of this issue should have taken so much time.

B. **Unjustifiably Excessive Time Entries Following Judge Richardson's Recommended Ruling**

Particularly troubling is WWE's Counsel's willingness to "overbill" after the Recommended Ruling, seemingly in anticipation of receiving fees from Plaintiffs' Counsel. *See* WWE's Application for Fees, Dkt. No. 378-1 and 378-2 (spending roughly 27.4% of all billed time between March 8, 2018 and March 22, 2018); *In re Big R Food Warehouses*, 896 F. Supp., at 297. The Response itself is mostly

duplicative of WWE's prior filings, and the amount of hours spent is patently unreasonable.

Despite WWE's Counsel's argument that because WWE paid the fees, the Court should consider the continuous use of sanctions by WWE seeking awards of attorneys' fees, and once the Court had acquiesced to WWE's request, the anticipation of such fees caused an increased flurry of activity on standard motion practice that could and should have been accomplished at a lower rate and in far fewer hours. *Id.* The fees relating to WWE's Response to Plaintiffs' Opposition to the Recommended Ruling should be stricken and a more reasonable calculus accepted by the Court should be put into place.

### C. Tainted Time Entries Due to Illegitimate and Abusive Claims Denied by the Court

After June 23, 2016, all generic time sheet references to the sanctions motions should be reduced as these records include unsubstantiated and irrelevant claims alleging the crime-fraud exception and subornation of perjury which were solely designed to abuse Plaintiffs' Counsel and never meant to succeed in Court.[2]

The Court denied these claims against Plaintiffs and their inclusion in the Motion for Sanctions should not be rewarded. *Miltope Corp. v. Hartford Casualty Ins. Co.,* 163 F.R.D., at 195. Rule 37 sanctions are meant to provide compensation awarded by the Court, and these baseless accusations fall far afield from any

---

[2] The PowerPoint also includes substantial reference to these unnecessary and irrelevant accusations against Plaintiffs and their Counsel, and such fees should be equally reduced if not stricken entirely.

reasonable claims accounted for in the Court's Ruling. *Id.*; *see also Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444, at *34.[3]

Where the time records indicate block-billing for the motion as a whole and do not specify what elements are being billed, then the fees should be reduced to account for this. *Aiello v. Town of Brookhaven*, 2005 U.S. Dist. LEXIS 11462, at *10-11.

D. Day Pitney, LLP's Unexplained Billing Procedures and Ministerial Work

Attorney Mueller's time sheets are less than transparent and certainly do not meet the strict requirements for requesting attorneys' fees. *N.Y. State. Ass's for Retarded Children, Inc. v. Carey*, 711 F.2d, at 1147; *Scott v. City of New York*, 626 F.3d, at 133. By his own admission it appears that Attorney Mueller has engaged in after-the-fact reductions that should be further reduced by the Court given the failure to provide contemporaneous records. *See* Affidavit of Jeffrey Mueller, Dkt. No. 378-2, pp. 3-4 ("Where only portions of the daily time entries related to the motion for sanctions, I have estimated the amount of time spent in connection with that motion, and these allocated amounts are indicated on the invoices."); *L.V. v. New York City Dep't of Educ.*, 700 F. Supp., at 526; *Wise v. Kelly*, 620 F. Supp. 2d, at 450.

This "estimate" adjusting downward the "amount of time spent in connection with" the sanctions motion is no different than starting at zero and estimating upwards to arrive at an amount of time purportedly spent on the Motion

---

[3] Additionally, all direct references to either the crime-fraud exception or subornation of perjury should be stricken in their entirety from the fee award for the same reasons.

11

for Sanctions, which courts universally reject in fee applications such as this one because the resulting estimates are not the required contemporaneous records.

Additionally, a portion of Attorney Mueller's work, a Partner at Day Pitney, involved administrative and ministerial work. Dkt. No. 378-2, Ex. A.  This included the filing of motions, providing chambers copies, and collecting the transcript of the hearing. Fees should be consistent with the quality of the work provided, and awarding Partner's fees for administrative and ministerial work is unreasonable. *Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444, at *34, n.18; *Browning v. Peyton*, 123 F.R.D., at 79.  Therefore, the Court should reduce these fees as well.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs' Counsel respectfully requests this Court deny Defendant's Application for Attorneys' Fees, reduce any fee award consistent with the work required to handle six different interrogatory responses, and hold a hearing on these matters.

**Dated: August 23, 2018.**

                                    Respectfully Submitted,

                                    */s/ Konstantine Kyros*
                                    Konstantine W. Kyros
                                    Bar No. ct30132
                                    Anthony M. Norris
                                    KYROS LAW OFFICES
                                    17 Miles Rd.
                                    Hingham, MA 02043
                                    Telephone: (800) 934-2921
                                    Facsimile: 617-583-1905
                                    kon@kyroslaw.com
                                    anorris@kyroslaw.com

**Charles J. LaDuca**
**CUNEO GILBERT & LADUCA, LLP**
**8120 Woodmont Avenue, Suite 810**
**Bethesda, MD 20814**
**Telephone: (202) 789-3960**
**Facsimile: (202) 789-1813**
**charles@cuneolaw.com**

**Michael J. Flannery**
**CUNEO GILBERT & LADUCA, LLP**
**7733 Forsyth Boulevard, Suite 1675**
**St. Louis, MO  63105**
**Telephone: (314) 226-1015**
**Facsimile: (202) 789-1813**
**mflannery@cuneolaw.com**

**William M. Bloss**
**Federal Bar No: CT01008**
**KOSKOFF, KOSKOFF & BIEDER**
**350 Fairfield Avenue**
**Bridgeport, CT 06604**
**Telephone: 203-336-4421**
**Facsimile: 203-368-3244**

**Robert K. Shelquist**
**Scott Moriarity**
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
**100 Washington Ave., S., Suite 2200**
**Minneapolis, MN 55401-2179**
**Telephone: (612) 339-6900**
**Facsimile: (612) 339-0981**
**rkshelquist@locklaw.com**
**samoriarity@locklaw.com**

**Harris L. Pogust, Esquire**
**Pogust Braslow & Millrood, LLC**
**Eight Tower Bridge**
**161 Washington Street Suite 940**
**Conshohocken, PA 19428**
**Telephone: (610) 941-4204**
**Facsimile: (610) 941-4245**
**hpogust@pbmattorneys.com**

**Erica Mirabella**
**CT Fed. Bar #: phv07432**
**MIRABELLA LAW LLC**

13

**132 Boylston Street, 5th Floor**
**Boston, MA 02116**
**Telephone: 617-580-8270**
**Facsimile: 617-580-8270**
**Erica@mirabellaLLC.com**

*Attorneys for Plaintiffs.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2018, a copy of the foregoing was served via this Court's electronic case filing system.

*/s/ Konstantine Kyros*
**Konstantine Kyros**