# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS McCULLOUGH, *et al.*, | : NO. 3:15-cv-01074-VLB |
| | : LEAD CASE |
| Plaintiffs, | : |
| vs. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., | : |
| Defendant. | : |

| | |
|---|---|
| JOSEPH M. LAURINAITIS, *et al.*, | : NO. 3:16-CV-01209-VLB |
| | : CONSOLIDATED CASE |
| Plaintiffs, | : |
| vs. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., *et al.*, | : |
| Defendants. | : May 13, 2019 |

## MOTION TO SUPPLEMENT THE RECORD
## WITH THE AFFIDAVITS FILED *IN CAMERA* IN ACCORDANCE
## WITH THE COURT'S SEPTEMBER 29, 2017 ORDER

Pursuant to Rule 10(e)(2) of the Federal Rules of Appellate Procedure, World Wrestling Entertainment, Inc. ("WWE") respectfully moves this Court to supplement the record with, and grant WWE access to, the affidavits that were filed *in camera* in accordance with the Court's September 29, 2017 Order (the "9/29/17 Order").

In its 9/29/17 Order, the Court stated its rationale for ordering the *Laurinaitis* Plaintiffs' counsel to file the affidavits as follows: "In order to assist

1

Plaintiffs' counsel to meet their heretofore unsatisfied pleading obligation — as noted in the Court's prior rulings — and to mitigate any potential further prejudice to the Defendants, the Court . . . required the Wrestlers' counsel to demonstrate that they had conducted factual due diligence in preparation for filing an amended complaint by submitting for *in camera* review affidavits signed and sworn under penalty of perjury, setting forth the facts within each plaintiff's or [declaratory judgment] defendant's personal knowledge that form the factual basis of their claim and defenses." (Doc. 383 at 2). After reviewing the affidavits from each wrestler, the Court found that "Wrestlers' counsel did not comply with the [9/29/17] Order" and, as a result, among other things, sanctions were warranted. (*Id.* at 3).

The *Laurinaitis* Plaintiffs' counsel, Konstantine Kyros and his law offices (collectively, "Kyros"), have appealed the Court's sanctions order in the *Laurinaitis* case. In connection with this appeal, WWE determined that the affidavits that Kyros filed *ex parte* on behalf of the *Laurinaitis* Plaintiffs and *Windham* Defendants are not part of the record that was transmitted to the Second Circuit. Because the Court considered and relied upon the affidavits in, among other things, issuing the sanctions order in the *Laurinaitis* case against Kyros, the affidavits should be made part of the record on appeal.

In further support of this Motion, WWE states as follows:

## Standard of Review

1. FRAP 10(e)(2) provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or

misstatement may be corrected and a supplemental record may be certified and forwarded (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals." The Second Circuit has stated with regard to FRAP 10(e)(2) that "[i]n our view, parties should generally seek relief initially from the district court." *U.S. v. Zichettello*, 208 F.3d 72, 93 (2d Cir. 2000).

2. "The purpose of [FRAP 10(e)(2)] is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what was considered by this Court." *Rubin v. Brady*, No. 89 CIV. 0157 (LMM), 1992 WL 350749, at *1 (S.D.N.Y. Nov. 17, 1992). Where "exhibits were placed before the Court for its consideration and the Court in fact considered at least some of them," the exhibits "should be made part of the record." *Libaire v. Kaplan*, No. CIV.A.06-1500, 2010 WL 2301197, at *4 (E.D.N.Y. Jun. 7, 2010).

**Relevant Background**

3. On September 29, 2017, the Court issued its Order Regarding WWE's Motion for Judgment on the Pleadings against the *Windham* Defendants and WWE and Vincent K. McMahon's Motions to Dismiss the *Laurinaitis* action on the merits and as a sanction for Rule 11 violations. (*See* Doc. 362). Specifically, the Court "reserve[d] judgment on these motions pending the filing of amended pleadings consistent with this Order." (*Id.* at 2).

4. As to the *Laurinaitis* Plaintiffs, the Court found that the *Laurinaitis* First Amended Complaint "remains unnecessarily and extremely long, with an

3

overwhelming number of irrelevant allegations. Parsing each of the *Laurinaitis* Plaintiffs' asserted claims to figure out exactly what claims might be legally and factually supportable would be both a waste of judicial resources [and] . . . unduly prejudicial to the WWE and McMahon, because the precise contours of the *Laurinaitis* Plaintiffs' claims are so amorphous that the WWE and McMahon would be at a loss to determine how to defend against them." (*Id.* at 20). Thus, "the Court granted Plaintiffs one final opportunity to file a complaint that complied with the Federal Rules of Civil Procedure, giving notice that failure to do so would result in dismissal with prejudice and the imposition of sanctions." (Doc. 383 at 13).

5. As to the *Windham* Defendants, the Court noted that it had thoroughly evaluated the issues in the consolidated cases and determined that the claims of wrestlers who had stopped performing prior to 2005 were barred, and that the *Windham* Defendants had not offered any indication that their claims deviate from the claims previously asserted by others which had been dismissed. (*See* Doc. 362 at 18-19).

6. Based on the Court's findings, the 9/29/17 Order set forth two directives: First, the Court ordered the "*Windham* Defendants and *Laurinaitis* Plaintiffs [to] file amended pleadings which comply with Federal Rules of Civil Procedure 8 and 9 and which set forth the factual basis of their claims . . . clearly and concisely in separately numbered paragraphs." (*Id.* at 20). Second, the Court ordered each of the "*Windham* Defendants and *Laurinaitis* Plaintiffs [to] submit for in camera review affidavits signed and sworn under penalty of perjury,

setting forth facts within each plaintiff's or DJ defendant's personal knowledge that form the factual basis of their claim or defense." (*Id.* at 20).

7. With regard to the substance of the affidavits, the Court ordered the *Laurinaitis* Plaintiffs and *Windham* Defendants to spell out in detail what specific WWE employees or agents said or did that forms the basis of each and every one of the claims or defenses in the wrestler's pleading, including (a) when and where such act occurred or such statement was made; (b) the identities of any and all persons present at the time of the act or statement; and (c) all facts establishing knowledge by WWE that wrestling caused any traumatic brain injuries, including CTE. (*Id.* at 21). The Court also mandated that the affidavits include references to the specific paragraphs of the complaint where the required information could be found. (*See Id.*).

8. The Court concluded the 9/29/17 Order by directing that "[i]f the *Windham* Defendants or *Laurinaitis* Plaintiffs fail to comply with the Court's order, . . . (1) WWE's Motion for Judgment on the Pleadings will be GRANTED, and declaratory judgment as to the fraudulent omission claim will be entered in favor of WWE; (2) the *Laurinaitis* complaint will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and (3) pursuant to Rule 11(c)(3), the court will *sua sponte* revisit whether to award attorney's fees as a sanction on the *Laurinaitis* Plaintiffs' counsel." *Id.* at 22.

9. On November 3, 2017, the *Laurinaitis* Plaintiffs filed the Second Amended Complaint in the *Laurinaitis* case and the *Windham* Defendants filed a second amended answer in the *Windham* case. Kyros, as counsel for the

5

*Laurinaitis* Plaintiffs and *Windham* Defendants, also submitted for *in camera* review affidavits from each wrestler involved in those cases.

10. On September 17, 2018, the Court issued its Memorandum of Decision granting Defendants' motion to dismiss the *Laurinaitis* case and motion for judgment on the pleadings in the *Windham* case, and granting in part Defendants' Motion for Sanctions in the *Laurinaitis* case. (*See* Doc. 383). Among other things, the Court held that "The Wrestlers' counsel also submitted for *in camera* review affidavits from each Wrestler. After reviewing each of these submissions, and for the reasons that follow, the Court finds that Wrestlers' counsel did not comply with the [9/29/17] Order and that declaratory judgment, dismissal and sanctions are warranted." (*Id.* at 3). On the Motion for Sanctions, the Court ordered Kyros and his law offices to pay all of the legal fees and costs incurred in connection with Defendants' Motions for Sanctions with respect to both the Original and First Amended Complaints. (*Id.* at 38).

11. Kyros appealed the Court's sanctions order in the *Laurinaitis* case to the Second Circuit.

12. The affidavits that Kyros filed *in camera* on behalf of the *Laurinaitis* Plaintiffs and *Windham* Defendants in accordance with the 9/29/17 Order were not docketed and consequently are not part of the record on appeal.

13. The affidavits should be made part of the record because, as described above, the Court considered and relied upon them in, among other things, issuing the sanctions order in the *Laurinaitis* case against Kyros. *See Libaire*, 2010 WL 2301197, at *4.

14. In addition to being made part of the record, WWE requires access to the affidavits to be able to fully and fairly brief Kyros' appeal of the Court's sanctions order.

15. WWE requires the affidavits to be part of the record to support the Court's finding that the affidavits failed to comply with the 9/29/17 Order. (*See* Doc. 383 at 3). Kyros has publicly released certain of the affidavits, in whole or in part, when criticizing the Court's rulings on his blog site at http://wweconcussionlawsuitnews.com. Those affidavits do not come close to complying with the 9/29/17 Order. WWE seeks to demonstrate that the balance of the affidavits likewise fail to comply with the 9/29/17 Order.

16. Additionally, WWE believes that the affidavits will further support the Court's sanctions order against Kyros by, among other things, demonstrating that (a) Kyros failed to comply with the 9/29/17 Order, despite the Court's repeated admonitions of Kyros throughout the consolidated proceedings and specific warning in the 9/29/17 Order that failure to comply may result in the Court *sua sponte* revisiting whether to award Rule 11 sanctions; and (b) Kyros never had a factual basis for the allegations asserted in the complaints filed in the *Laurinaitis* case.

17. WWE has repeatedly asked Kyros for his position on the relief requested by this Motion; however, Kyros has refused to state his position. Specifically, WWE's counsel emailed Kyros on April 18, 2019, April 24, 2019, April 26, 2019, and April 30, 2019, inquiring as to his position on providing WWE with access to the affidavits and making them part of the appellate record. In one non-

response to such inquiries, Kyros refused to state his position but asked WWE what it was proposing and if there was a draft motion that WWE wanted him to review or consent to. Despite Kyros' invitation for WWE to send him a draft motion to review, WWE sent Kyros a draft of this Motion on May 8, 2019 and asked for his position by the close of business on May 10, 2019, but Kyros has failed to respond in any way.

WHEREFORE, pursuant to FRAP 10(e)(2), WWE respectfully requests that the Court (a) supplement the record with the affidavits that Kyros filed in camera in accordance with the Court's 9/29/17 Order; and (b) grant WWE access to such affidavits. Because the affidavits were filed confidentially for the Court's in camera review, the affidavits should be docketed under seal to preserve such confidentiality.

    DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,

    By:   /s/ Jerry S. McDevitt
        Jerry S. McDevitt (pro hac vice)
        Curtis B. Krasik (pro hac vice)
        K&L GATES LLP
        K&L Gates Center
        210 Sixth Avenue
        Pittsburgh, PA 15222
        Phone: (412) 355-6500
        Fax: (412) 355-6501
        Email: jerry.mcdevitt@klgates.com
        Email: curtis.krasik@klgates.com

        Jonathan B. Tropp (ct11295)
        Jeffrey P. Mueller (ct27870)
        DAY PITNEY LLP
        242 Trumbull Street
        Hartford, CT 06103
        Phone: (860) 275-0100

Fax: (860) 275-0343
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

**Its Attorneys.**

**CERTIFICATION**

      I hereby certify that on May 13, 2019 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                 /s/ *Jeffrey P. Mueller*