

# K&L GATES

Jerry S. McDevitt
jerry.mcdevitt@klgates.com
T 412 355 8608
F 412 355 6501

September 11, 2019

**FILED ON CM/ECF**

Honorable Jeffrey A. Meyer
Richard C. Lee U. S. Courthouse
United States District Court
141 Church Street
New Haven, CT 06510

RE:  *Russ McCullough et al. v. World Wrestling Entertainment, Inc.*, No. 3:15-cv-01074-JAM

Your Honor:

I represent World Wrestling Entertainment, Inc. ("WWE") in the above-referenced consolidated action. Pursuant to the Court's September 6, 2019 Order, I write to advise the Court as to WWE's position regarding the status of matters at the district court level pending resolution of Plaintiffs' appeals before the Second Circuit. While your Honor's understanding is correct that this action currently is in abeyance at the district court level, WWE notes that a matter remains pending before the Honorable Robert A. Richardson with respect to the determination of the amount of attorneys' fees and costs that Plaintiffs' lead counsel, Konstantine Kyros, must pay to WWE pursuant to two sanctions orders issued against him by Judge Bryant.

The first sanctions order concerns Judge Bryant's July 22, 2018 memorandum of decision (Doc. No. 376) adopting Magistrate Judge Richardson's recommended ruling (Doc. No. 371) that Attorney Kyros pay WWE's reasonable legal fees incurred in connection with WWE's August 8, 2016 motion for sanctions. That sanctions decision resulted from the *Singleton* plaintiffs' failure to comply with the district court's May 19, 2016 compulsion order granting WWE's motion to compel responses to interrogatories. The interrogatories at issue sought to expose the lack of a factual basis for certain key allegations of plaintiffs' complaint in the *Singleton* case. In accordance with Judge Bryant's sanctions order, on August 2, 2018, WWE submitted an application for attorneys' fees with supporting affidavits seeking $176,486.74 in attorneys' fees

K&L GATES LLP
K&L GATES CENTER  210 SIXTH AVENUE  PITTSBURGH  PA 15222-2613
T +1 412 355 6500  F +1 412 355 6501  klgates.com
303746095 v1

klgates.com

and costs. (Doc. No. 378.) Judge Bryant referred WWE's application to Magistrate Judge Richardson (Doc. No. 384), who scheduled a hearing to establish the amount of the legal fees to be paid by Attorney Kyros for January 8, 2019. (Doc. No. 388.)

As for the second sanctions order, Judge Bryant granted WWE's Rule 11 motions for sanctions with respect to both the original and first amended complaints in the *Laurinaitis* case, ordering Attorney Kyros to "pay all of the legal fees that the Defendants reasonably incurred in connection with both of their Motions for Sanctions." (Doc. 383 at 38.) Pursuant to this sanctions order, on October 4, 2018, WWE again submitted an application for attorneys' fees with supporting affidavits demonstrating the amounts incurred in litigating the two sanctions motions in the *Laurinaitis* case. (Doc. No. 386.) WWE is seeking $357,439.70 in legal fees and costs in that application. (*Id.*). This application was also referred to Magistrate Judge Richardson (Doc. No. 387), and was also scheduled for a hearing on January 8, 2019. (Doc. No. 388.)

Just four days after Magistrate Judge Richardson scheduled the January 8, 2019 hearing on WWE's two applications for attorneys' fees, Attorney Kyros purported to appeal the sanctions orders to the Second Circuit. (Doc. Nos. 395 & 396.) WWE contends that these appeals were filed prematurely, and the Second Circuit lacks jurisdiction over the appeals, on the grounds that the sanctions orders are not "final decisions" within the meaning of 28 U.S.C. § 1291 because the district court did not determine the amount of sanctions that Attorney Kyros must pay to WWE. *See Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) ("[W]e need not consider further this or any other argument regarding application of Rule 11 sanctions or defendant's request for attorney's fees and costs because the district court did not fix the amount of sanctions to be awarded. As such, the order is not final within the meaning of 28 U.S.C. § 1291 as to either the Rule 11 sanctions or the attorney's fees and costs."); *Klapper v. Verizon Commc'ns, Inc.*, 70 F. A'ppx 44, 45 (2d Cir. 2003) ("The district court's sanction is not a 'final decision' under 28 U.S.C. § 1291 because the amount of the sanction has yet to be fixed."); *Cooper v. Salomon Bros, Inc.*, 1 F.3d 82, 84 (2d Cir. 1993) ("The district court imposed Rule 11 sanctions on [plaintiff] but has not yet reduced the liability to a sum certain. We hold that we lack jurisdiction to review the district court's determination of liability under Rule 11 before it has assessed the amount of the sanctions."). Based on the foregoing controlling precedent, WWE filed motions to dismiss the appeals of the two sanctions orders. (Case No. 18-3326, Doc. No. 31; Case No. 18-3330, Doc. No. 28.) By Order dated April 4, 2019, the Second Circuit referred the motions to dismiss to the panel that will determine the merits of the appeal. (Case No. 18-3278, Doc. No. 158.)

In light of Attorney Kyros' filing—prematurely in WWE's view—of appeals of the sanctions orders with the Second Circuit, Magistrate Judge Richardson *sua sponte* decided to postpone the January 8, 2019 hearing. (Doc. No. 403.) Following a telephonic hearing held at WWE's request in which WWE urged Magistrate Judge Richardson to go forward with the hearing as scheduled, Magistrate Judge Richardson maintained his decision to postpone the hearing and to reschedule it following the Second Circuit's decision on the motions to dismiss the appeals—a decision the

# K&L GATES

Honorable Jeffrey A. Meyer
September 11, 2019
Page 3

parties believed at the time would be imminent, not knowing that the motions to dismiss would be referred to the panel that will determine the merits of the appeal. (Doc. No. 407.) Magistrate Judge Richardson further instructed the parties to notify the Court after they receive a ruling from the Second Circuit on the motions to dismiss, which WWE naturally will do.

We stand ready to address any questions your Honor may have regarding these matters.

Very truly yours,


/s/ Jerry S. McDevitt