UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS MCCULLOUGH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Defendant. | Civil Action No. <br> 3:15-cv-01074 <br> Lead Case |
| EVAN SINGLETON and VITO LOGRASSO, <br><br> Plaintiffs, <br><br> v. <br><br> WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Defendant. | Civil Action No. <br> 3:15-cv-00425 |
| JOSEPH M. LAURINAITIS, *et al.*, <br><br> v. <br><br> WORLD WRESTLING ENTERTAINMENT, INC., *et al.*, <br><br> Defendants. | Civil Action No. <br> 3:16-cv-01209 <br> Consolidated Case |

**PLAINTIFF WRESTLERS AND THEIR COUNSEL'S MOTION TO STRIKE DEFENDANTS' ATTORNEYS' JERRY S. MCDEVITT'S AND JEFFREY P. MUELLER'S SUPPLEMENTAL DECLARATIONS TO DEFENDANTS' APPLICATIONS FOR ATTORNEYS' FEES, DKT. NOS. 449-450.**

1

Plaintiff Wrestlers and Their Counsel in the above-captioned matters hereby move to strike Defendants' Attorneys' Jerry S. McDevitt's and Jeffrey P. Mueller's Supplemental Declarations to Defendants' Applications for Attorneys' Fees, Dkt. Nos. 449-450, as these documents improperly assert legal arguments and factual averments, voice irrelevant opinions on the merits and history of the WWE Litigation, and were not authorized by this Court despite offers to supplement the record during the March 29, 2021 Hearing. In support of this Motion, Plaintiff Wrestlers and Their Counsel submit the following:

I. ATTORNEY MCDEVITT'S SUPPLEMENTAL DECLARATION IS IMPROPER TO ADVANCE LEGAL ARGUMENTS AND FACTUAL AVERMENTS AND MUST BE STRICKEN

1. Attorney McDevitt spends paragraphs 2 – 5 of his Supplemental Declaration[1] advancing the legal position that the Forum Rule should not apply to WWE's Counsel's Applications for Fees. These arguments stem from Judge Richardson's questioning during the March 29, 2021 Hearing where WWE's Counsel failed to adequately address why the Forum Rule should not apply in the District of Connecticut.

2. Legal arguments must be set forth in a memorandum of law, not in an attorney affirmation. *See* Local Civ. R. 7(a)(1) (stating "any motion involving disputed issues of law shall be accompanied by a memorandum of law"); *Curran v. Aetna Life Ins. Co.*, 2016 U.S. Dist. LEXIS 90383, *27-28 (SDNY July 11, 2016) (recognizing "declarations of counsel are generally… [used] not to advance factual averments or legal arguments") (internal citations omitted).

3. This is a poorly veiled attempt by Attorney McDevitt to supplement the record with novel arguments in a plainly improper document. "This type of declaration is improper and

---

[1] Although titled "Supplemental Declaration", this "Supplement" refers to the initial Application for Fees, Dkt. No. 386, filed October 4, 2018, two and a half years ago and where Attorney McDevitt never provided an Affidavit in support of those Fees.

2

inadmissible." *Altman v. Inc. Vill. of Lynbrook*, 2020 U.S. Dist. LEXIS 63503, *24 (EDNY March 31, 2020).

      4.      As a result, the entire Declaration should be stricken and disregarded, or in the alternative, paragraphs 2 – 5 should be stricken and disregarded. *Curran v. Aetna Life Ins. Co.*, 2016 U.S. Dist. LEXIS 90383, *27-28 (SDNY July 11, 2016) (holding that the court will not consider any legal arguments contained in attorney declarations because inclusion of legal arguments in declarations is improper).

II.    THE FORUM RULE APPLIES TO K&L GATES' FEES AND THE REMAINDER OF ATTORNEY MCDEVITT'S SUPPLEMENTAL DECLARATION FAILS TO ADDRESS THE REASONABLENESS OF HIS FEES

      5.      Should the Court consider Attorney McDevitt's improper arguments, Plaintiff Wrestlers and Their Counsel respectfully stand on their previous filings that the Forum Rule applies to K&L Gates' fees and the fees sought are patently unreasonable in this District. *See* Opp. to Applications for Fees, Dkt. Nos. 378 and 386, and Opp. to Supp. Fees, Dkt. No. 447. Nevertheless, the novel arguments and newly asserted cases are briefly addressed to provide clarity to Attorney McDevitt's mischaracterizations of Second Circuit precedent.

      6.      Rule 11 is not a compensation device. *Brandt v. Schal Assocs.*, 131 FRD 512, 518 (ND Ill. 1990) (noting Rule 11 and § 1927 are sanctions rules, not compensation devices). Judge Bryant specifically limited the award to fees necessary for the successful Motions for Sanctions. *See* Dkt. Nos. 376 and 383. Attorney McDevitt's own referenced case, *On Time Aviation v. Bombardier Capital, Inc.*, 354 Fed. Appx. 448 (2d Cir. 2009), held:

> Toward this object, the district court only considered the hours defense counsel spent answering plaintiff's attorney's own sanctions motion and used rates significantly lower than those actually charged by defendant's attorneys. We do not identify any abuse of discretion in the district court's award in this case.

*Id.*, at 452 (internal citations omitted).

7. By specifically limiting the sanction amount to those fees necessary to accomplish the Motions for Sanctions, Judge Bryant omitted fees for substantive research and motion practice. Attorney McDevitt's recounting of both his *curriculum vitae* and his version of the WWE Litigation fails to address whether his hourly rate is reasonable for garden variety Motions for Sanctions and a motion to compel.

8. This District specifically separates substantive elements from Rule 11 sanctions. *Bishop v. City of Suffolk*, 2019 U.S. Dist. LEXIS 149800, *28 (EDNY Aug. 31, 2019) ("'Thus, 'the imposition of sanctions is an issue collateral to and independent from the underlying case,' as sanctions decisions are 'not a judgment on the merits of an action.'""), *quoting Schalifr Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333, *quoting Cooter & Gell v. Hartmarx*, 496 U.S. 384, 395-96.  WWE's Counsel's recitations are not relevant here.

9. Attorney McDevitt's long history with the McMahons is not in question.  Nor is his strident position defending them. "[A] firmly held conviction of the correctness of one's position does not authorize collateral attack on an opponent's legal arguments by resort to Rule 11". *Bailey v. Interbay Funding, LLC*, 2020 U.S. Dist. LEXIS 108219, *20 (June 19, 2020), *quoting On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 Fed. Appx. 448 (2d Cir. 2009).

10. Although it appears Attorney McDevitt seeks an enhancement to the lodestar calculus, a "fee applicant seeking an enhancement must produce 'specific evidence' that supports the award." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The argumentative detailing of his expertise on the merits and his self-proclaimed knowledge of CTE and relationships with Drs. Omalu and Maroon have no bearing on the issue here. *See Ceglia v. Zuckerberg*, 2012 U.S. Dist. LEXIS 18438 (WDNY Feb. 14, 2012).[2]

---

[2] It is unclear whether WWE's Counsel intends to seek supplemental fees for these improper filings as they previously filed Supplemental Applications for Fees hoping to receive over $39,000 for a status conference and a one-day

11. This Circuit allows discretion in limiting fees to a reasonable number. *Id.*, *citing Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp., Inc.*, 28 F.3d at 266 (recognizing court discretion in determining reasonable fee under Rule 11); *see also Yu Sen Chen v. MG Wholesale Distrib.*, 2018 U.S. Dist. LEXIS 76259, *4 (EDNY May 4, 2018) (holding "[t]he case law under Rule 11 also reflects the exercise of [judicial] discretion to award only that portion of a defendant's attorney's fee thought reasonable to serve the sanctioning purpose of the Rule."), *quoting Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir. 1987); *referencing On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 Fed. Appx. 4487, 452 (2d Cir. 2009).

12. Contrary to Attorney McDevitt's position, the subject Motions were "garden variety", should not have involved over 600 hours of legal work, and certainly do not justify a $950 hourly rate. Regardless, argumentative factual averments are improper for attorney declarations. *Altman v. Inc. Vill. of Lynbrook*, 2020 U.S. Dist. LEXIS 63503, *24 (EDNY March 31, 2020). Attorney McDevitt's Supplemental Declaration should be stricken and disregarded.

13. Plaintiff Wrestlers and Their Counsel respectfully submit this discussion should have already concluded as the Court heard both sides argument and considered the matter closed and ripe for determination. As such, the Court should utilize the Forum Rule and significantly lower K&L Gates' unreasonable hourly rates. *See In re Big R Food Warehouses v. Local 338 RWDSU*, 896 F. Supp. 292, 297 (EDNY 1995) (noting a "court is allowed to reduce a request for attorney's fees to an amount it considers reasonable").

---

settlement conference. This would be improper and WWE's Counsel's continued expansion to litigate these matters should not be rewarded. *See* Dkt. No. 447; *Lloyd v. Schlag*, 884 F.2d 409, 414-15 (9th Cir. July 24, 1989).

III. **ATTORNEY MUELLER'S SUPPLEMENTAL DECLARATION ASSERTS NEW, CONTRADICTORY FACTS AND FAILS TO PROVIDE EVIDENCE ATTORNEY MCDEVITT'S FEES ARE REASONABLE AND SHOULD BE STRICKEN**

14. Attorney Mueller's Supplemental Declaration provides no benefit to this Court's assessment of K&L Gates' Applications for Fees. By listing two litigation partners' hourly rates without any additional information, Attorney Mueller fails to justify the reasonableness of Attorney McDevitt's rates *in this matter*.

15. Absent additional information including what was specifically billed, whether their work involved appellate filings, and even whether the fees were accepted by the clients, this Court nor opposing Counsel can properly determine whether these fees are reasonable.

16. Although previously swearing $450 is a reasonable rate for Day Pitney partners, and thus a reasonable rate in the District of Connecticut, this sudden contradiction without sufficient material facts should not be accepted and Attorney Mueller's Supplemental Declaration should be stricken.

WHEREFORE Plaintiff Wrestlers and Their Counsel respectfully move this Court to strike Attorneys Jerry S. McDevitt's and Jeffrey P. Mueller's Supplemental Declarations, Dkt. Nos. 449-450.

Dated: April 30, 2021.

    Respectfully Submitted,

    /s/ Konstantine W. Kyros
    Konstantine W. Kyros, Esq.
    Kyros Law
    17 Miles Road
    Hingham, Massachusetts 02043
    Telephone: (617) 833-3727
    Email: kon@kyroslaw.com

                                        Anthony M. Norris, Esq.
                                        Kyros Law
                                        17 Miles Road
                                        Hingham, Massachusetts 02043
                                        Telephone: (617) 396-4159
                                        Email: anorris@kyroslaw.com

## CERTIFICATE OF COMPLIANCE

      I hereby certify that on April 30, 2021, a copy of the foregoing was served via this Court's electronic case filing system.

                                        /s/ Konstantine Kyros
                                        Konstantine W. Kyros. Esq.