UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSS MCCULLOUGH, ET AL., *Plaintiffs*, v. WORLD WRESTLING ENTERTAINMENT, INC., *Defendant*. | No. 3:15-cv-1074 (JAM) CONSOLIDATED CASE |
| EVAN SINGLETON AND VITO LOGRASSO, *Plaintiffs*, v. WORLD WRESTLING ENTERTAINMENT, INC., *Defendant*. | No. 3:15-cv-425 (JAM) CONSOLIDATED CASE |
| JOSEPH LAURINAITIS, ET AL., *Plaintiffs*, v. WORLD WRESTLING ENTERTAINMENT, INC., ET AL., *Defendants*. | No. 3:15-cv-1209 (JAM) CONSOLIDATED CASE |

**ORDER DENYING MOTION TO ALTER AND FOR RELIEF FROM JUDGMENT**

Plaintiffs and their counsel have filed a motion to alter and/or for relief from judgment under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). They argue that: (1) the Court should have based its Rule 11 sanctions award on the defendants' motion for sanctions rather than *sua sponte* revisiting whether to award attorney fees; (2) the Court should have issued a clear prior order to show cause before granting sanctions; (3) the Court impermissibly relied on statements made by defendant World Wrestling Entertainment, Inc. ("WWE") in a sanctions motion without the

benefit of findings by a magistrate judge ruling on that motion; (4) the Court overlooked WWE's failure to put plaintiffs' counsel on notice of some grounds for sanction; and (5) each of Judge Bryant's proffered reasons for granting sanctions was deficient.

I will deny the motion for substantially the reasons stated in defendants' preliminary response, because the motion does not satisfy the standards for relief under Rule 59(e) or Rule 60(b). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc*., 970 F.3d 133, 142 (2d Cir. 2020). Rather than pointing to any change in controlling law or new evidence, the motion essentially asks me to re-hear issues that were already decided by or could have been presented to Judge Bryant, such that it impermissibly seeks to use Rule 59 as "a vehicle for relitigating old issues, … securing a rehearing on the merits, [and] otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).

Rule 60(b) "allows relief from a judgment or order when evidence has been newly discovered or for any other reason 'justifying relief from the operation of the judgment.'" *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020). Rule 60(b)(6)'s "catch-all provision" is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Metzle*r, 970 F. 3d at 143. But the motion does not show extraordinary circumstances or an extreme and undue hardship justifying relief from judgment.

The Court therefore DENIES the motion to alter and/or for relief from judgment (Doc. #458). It is so ordered.

Dated at New Haven this 24th day of November 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge